AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Government of the United States Virgin Islands ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:22-cv-10904-JSR |
| JPMorgan Chase Bank, N.A. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Cathy Alexander

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: A mutually convenient location in or near Jeffreys Bay, South Africa (remotely) | Date and Time: Within 30 days after service of Subpoena |
|---|---|

The deposition will be recorded by this method: videographically and stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/20/2023

*CLERK OF COURT*

OR

_____          /s/Linda Singer
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Government of the United States Virgin Islands , who issues or requests this subpoena, are:
Linda Singer, Motley Rice LLC, 401 9th Street NW, Suite 630, Washington, DC 20004, (202) 386-9626, lsinger@motleyrice.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:22-cv-10904-JSR

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

**THIS EXHIBIT MAY INCLUDE THE NAMES OF INDIVIDUALS WHO ARE VICTIMS OF HUMAN TRAFFICKING OR SEXUAL ABUSE, AND THEREFORE SHOULD BE TREATED AS CONFIDENTIAL AND NOT PUBLICLY DISCLOSED.**

# EXHIBIT A

**I.      Definitions**

Unless otherwise specified, the documents specified below are required to be produced for the time period commencing January 1, 1998 and continuing through the present. Where production of account data is provided in electronic format or media the preferred software format to incorporate the data into is Microsoft Excel.

As used herein, the following terms are defined as indicated:

1. "All/Each." The term "all" and "each" shall be construed as all and each.

2. "And/Or." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The terms "Document" or "Documents" are defined to be synonymous and equal in scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, any written, drawn, printed, typed, photographed or other graphic or electronically or computerized recorded data or compilations of any kind or nature prepared or received by, or in the possession, custody or control of the answering party, its agents, servants, employees or other representatives. Originals, drafts and all non-identical copies are separate documents within the meaning of this term.

5. "Referring to", "relating to", "reflecting", "regarding" or "with respect to" mean, without limitation the concepts: pertain to, deal with, concern, reflect, record, report, constitute, contain, mention, describe, discuss, analyze, evaluate, estimate, study, survey, project,

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

assess, support, modify, contradict, criticize, summarize, comment, or otherwise involve, in whole or in part.

6. "You" and "Your" shall mean Cathy Alexander. These terms also shall be deemed to include all agents and other persons acting or authorized to act on her behalf.

## II.      **Instructions**

1. When providing Your responses, indicate the Request to which each Document or answer responds in the metadata field, RequestNo.

2. Documents produced pursuant to these Requests shall be produced as they are kept in the ordinary course of business.

3. For each Document that You produce, produce the current version together with all earlier editions or predecessor Documents during the relevant time period, even though the title of earlier Documents may differ from current versions. Format for Documents produced electronically:

    a. Data shall be produced in single page TIFFs at a 300 DPI resolution which are named for the Bates Number of the page. There shall be no more than 1000 images per folder. Bates numbers, confidentiality designations, and redactions shall be burned into the TIFF image file so as not to unreasonably obstruct any information on the page.

    b. Document Unitization. Each page of a Document shall be electronically converted into an image as described above. If a Document is more than one page, the unitization of the Document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image file and appropriately designated in the load files. The corresponding parent/attachment relationships, to the extent possible, shall be provided in the load files furnished with each production.

    c. Include Document level text files containing optical character recognition ("OCR") or extracted text named with the Bates Number of the first page of the Document.

    d. Include data load files containing all of the metadata fields (both system and

Case 1:22-cv-10904-JSR   Document 27-2   Filed 01/20/23   Page 6 of 9

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

| | |
|---|---|
| | application – see list below) from the original Native Documents with extension.dat for Concordance. |
| e. | Include the database field name in the first line of the metadata file, in such a manner that it is clear how the metadata is organized in the file. |
| f. | Include an image loadfile for Concordance – such as .opt. |
| g. | All hidden text (*e.g.*, track changes, hidden columns, comments, notes, etc.) shall be expanded, extracted, and rendered in the .TIFF file. |
| h. | Documents created in Excel (spreadsheets), .CSV files, Access (databases), and audio and video media files shall be produced in Native format. The extractable metadata and text shall be produced in the same manner as other Documents that originated in electronic form (as described herein) to the extent that metadata exists or is reasonably accessible. |
| i. | Email attachments and embedded files or links shall be mapped to their parent. |
| j. | Produce all attachments to responsive Documents attached to the responsive Documents. |
| k. | De-duplicate prior to production. To the extent that exact duplicate Documents (based on MD5 or SHA-1 hash values at the Document level) reside within a party's data set, each party is only required to produce a single copy of a responsive Document, so long as there is a data field that identifies each custodian who had a copy. In addition, Documents may be de-duplicated in such a way as to eliminate earlier or incomplete chains of emails, and produce only the most complete iteration of an email chain so long as there is a data field that identifies each custodian who had a copy. |

REQUIRED METADATA FIELDS:

| | |
|---|---|
| BEGDOC | ENDDOC |
| BEGATTACH | ENDATTACH |
| ATTCOUNT | ATTACH |
| CUSTODIAN | AUTHOR |
| FROM | TO |

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

| CC | BCC |
|---|---|
| FILESIZE | PGCOUNT |
| DATERECD | TIMERECD |
| DATESENT | TIMESENT |
| CRTDATE | CRTTIME |
| LASTMODDATE | LASTMODTIME |
| LASTACCDATE | LASTACCTIME |
| TITLE | SUBJECT |
| EMAILSUBJECT | FILENAME |
| FILEEXT | MD5HASH |
| ORGANIZATION | FULLPATH |
| RECORD_TYPE | VERSION |
| VOLUME | COMMENT |
| PRINTEDDATE | ENTRYID |
| ATTLST | ITEMTYPE |
| PSTINSIDEPATH | ITEMCREATIONTIME |
| REQATTANDEES | REMINDERTIME |
| REPLYTIME | APPOINTMENTSTARTDATE |
| APPOINTMENTDURATIONTIME | APPOINTMENTCONTACT |
| CATEGORY | KEYWORDS |
| MANAGER | LASTAUTHOR |
| ENCRYPTED | FAMILYDATE |

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

| NATIVELINK | TEXTPATH |
|---|---|
| REQUESTNO | |

4. Format for hard copies of Documents produced in response to this Request:

    a. Re-type the question or request to which the Documents respond and firmly attach the Documents to the re-typed request;

    b. Number all Documents consecutively, consistently with the numbers used for the Documents produced electronically.

5. Unless otherwise indicated, the relevant time period for this Request for Production of Documents is January 1, 1998 to the present.

6. If no Documents responsive to a particular request exist, so state.

7. As to any Document which no longer exists but which You are aware existed at one time, identify such Document with as much particularity as possible, and in addition, identify the last known location of the Document, the reason the Document is no longer in existence, and the person responsible for the Document's disposition.

8. For information that You withhold on the basis of privilege, provide a descriptive list of each Document stating the grounds for Your refusal and providing the following information: the name or title of the Document; a description of the nature and subject matter of the Document sufficient to enable a meaningful challenge to the assertion of privilege; the date, author(s), sender(s), and recipient(s) of the Document; and the nature of the privilege.

9. These requests shall be deemed continuing in character so as to require prompt supplemental responses if additional Documents called for herein are obtained, discovered, or become known to You between the time of responding to the Requests and the final disposition of this action.

Subpoena to Testify at a Deposition in a Civil Action
United States District Court for the Southern District of New York
*Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*
Civil Action No. 1:22-cv-10904-JSR

10. Social Security numbers may be redacted from documents to the extent required by applicable law.

**III.       Requests for the Production of Documents**

1.      All Documents, Communications, and agreements related to Your employment by Jeffrey Epstein, including but not limited to:

    a.      Employment and severance agreements,

    b.      Non-disclosure agreements,

    c.      All payments, in any form, received from or on behalf of Jeffrey Epstein,

    d.      All Communications with Jeffrey Epstein, Ghislaine Maxwell, Bella Klein, Daphne Wallace, Harry Beller, Lesley Groff, Sarah Kellen a/ka Sarah Kensington a/k/a Sarah Vickers, Erika Kellerhals, Richard D. Kahn, and/or Darren K. Indyke.

.