## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | ) ) ) | Case Number: 1:22-cv-10904-JSR |
| PLAINTIFF, | ) ) | |
| V. | ) ) | |
| JPMORGAN CHASE BANK, N.A. | ) ) | |
| DEFENDANT. | ) | |

### MOTION FOR ISSUANCE OF LETTER OF REQUEST
### FOR DOCUMENT PRODUCTION

NOW COMES, the Plaintiff, in the above referenced action, and moves for the Issuance of a Letter of Request (Letter Rogatory) pursuant to F.R.C.P. 28 requesting an order requiring Barclays Bank PLC, located at 1 Churchill Place, London E14 5HP, United Kingdom, to produce discovery documents requested by Plaintiff, which are set forth in the Letter of Request for Document Production and Schedule A attached hereto, in digital and/or hard copy form.

As grounds for this Motion, the Plaintiff states the following:

The above captioned case is currently pending in the United States District Court for the Southern District of New York. The Government of the United States Virgin Islands ("Government") brought this civil action against JPMorgan Chase Bank, N.A. ("JPMorgan") as part of its ongoing effort to protect public safety and to hold accountable those who facilitated or participated in, directly or indirectly, the trafficking enterprise Jeffrey Epstein ("Epstein") helmed. The Government's investigation revealed that JPMorgan knowingly, negligently, and unlawfully provided and pulled the levers through which recruiters and victims were paid and was

1

Case 1:22-cv-10904-JSR   Document 34   Filed 01/26/23   Page 2 of 3

indispensable to the operation and concealment of the Epstein trafficking enterprise. Financial institutions can connect—or choke—human trafficking networks, and enforcement actions filed and injunctive relief obtained by attorneys general are essential to ensure that enterprises like Epstein's cannot flourish in the future.

Former JPMorgan senior executive Jes Staley ("Staley") developed a close relationship with Epstein when Staley was the head of JPMorgan's Private Bank. Between 2008 and 2012, Staley exchanged approximately 1,200 emails with Epstein from his JPMorgan email account. These communications show a close personal relationship between the two men, and that Staley nonetheless played a role in JPMorgan's compliance decisions with respect to Epstein. They also reveal that Staley corresponded with Epstein while Epstein was incarcerated and visited Epstein's Virgin Islands residence on multiple occasions. Staley left JPMorgan in 2013 and became the Chief Executive Officer of Barclays Bank PLC in 2015 until he resigned in November 2021 after the Financial Conduct Authority began a preliminary investigation into Staley's relationship with Epstein. It has been publicly reported that Barclays Bank PLC produced documents to the Financial Conduct Authority as part of its investigation into Staley's relationship with Epstein. These documents are equally applicable to the Government's case. This evidence will assist the Court in resolving the disputed issues presented in the civil action before it.

WHEREFORE Plaintiff respectfully requests that this Honorable Court allow this Motion and issue a Letter of Request for Document Production.  A proposed Letter of Request for Document Production is attached to this Motion as Exhibit 1.

Dated: January 26, 2023

**CAROL THOMAS-JACOBS, ESQ.**
**ACTING ATTORNEY GENERAL**

*/s/Linda Singer*
**LINDA SINGER** (NYS Bar #2473403)

2

Case 1:22-cv-10904-JSR   Document 34   Filed 01/26/23   Page 3 of 3

Admitted *Pro Hac Vice*
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com

**CAROL THOMAS-JACOBS** (NYS Bar #2941300)
Admitted *Pro Hac Vice*
Acting Attorney General of the United States
Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Islands 00802
Tel.: (340) 774-5666 ext. 10101
carol.jacobs@doj.vi.gov

**DAVID I. ACKERMAN** (NYS Bar #4110839)
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 849-4962
dackerman@motleyrice.com

**PAIGE BOGGS**
Admitted *Pro Hac Vice*
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 386-9629
pboggs@motleyrice.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2023, the foregoing Plaintiff's Motion for Issuance of

Letter of Request for Document Production was filed with the Clerk's Office using the CM/ECF

system. Notice of this filing will be sent to all parties of record by operation of, and parties may

access this filing through, the Court's CM/ECF system.

*/s/Linda Singer*
Linda Singer

# EXHIBIT 1

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | ) ) ) | Case Number: 1:22-cv-10904-JSR |
| PLAINTIFF, | ) ) | |
| V. | ) ) | LETTER OF REQUEST |
| JPMORGAN CHASE BANK, N.A. | ) ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S LETTER OF REQUEST FOR DOCUMENT PRODUCTION
IN THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

To the Central Authority of the United Kingdom of Great Britain and Northern Ireland:

The UNITED STATES DISTRICT COURT for THE SOUTHERN DISTRICT OF NEW YORK, (the "Court"), presents its greetings and compliments to the Judicial Authority of United Kingdom of Great Britain and Northern Ireland ("UK") and respectfully requests its assistance, through its competent judicial authority, in obtaining evidence in connection with a civil proceeding currently pending before this Court.

This request is being made pursuant to Article 3 of the *Hague Convention of 18 March 1970 on the Taking of Evidence in Civil and Commercial Matters*, which is codified at 28 U.S.T. 2555.

The Court asserts that the documents sought via this Request are directly relevant to the issues in dispute and are not discovery within the meaning of Article 23 of the Hague Evidence Convention; that is, merely testimony or documents intended to lead to relevant evidence for trial. Based on existing timetables, this Court has scheduled trial in this action for September 5, 2023. The deadline for obtaining evidence is currently set for April 24, 2023.

The particulars of this Hague Evidence Request are as follows:

1.  Sender and Requesting Judicial Authority:

Hon. Jed S. Rakoff
UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007
212-805-0401

2.  Central Authority of the Requested State:

The Legalisation Office
THE FOREIGN & COMMONWEALTH OFFICE
Norfolk House (West)
437 Silbury Boulevard
Milton Keynes MK9 2AH
UNITED KINGDOM
Telephone: +44 (0)1908 295 111

3.  a.  The Person to whom the executed request is to be returned:

Linda Singer (NYS Bar #2473403)
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 232-5504
lsinger@motleyrice.com

on behalf of:

Hon. Jed S. Rakoff
UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007
212-805-0401

b. If there is urgency in having this letter executed, explain the reason here. **This case is on an expedited trial schedule.  All discovery, including depositions, must be completed by April 24, 2023.**

4. Names and addresses of all parties and their representatives (including representatives in the UK):

    a.  Plaintiff:                          Government of the United States Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Island 00802

           Representatives:                Carol Thomas-Jacobs
Acting Attorney General
Virgin Islands Department of Justice
Office of the Attorney General
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Island 00802
Tel: (340) 774-5666 ex 10101
carol.jacobs@doj.vi.gov

Linda Singer
Motley Rice LLC
401 9th street, NW Suite 630
Washington, DC 20004
Tel: (202) 386-9626
lsinger@motleyrice.com

David Ackerman
Motley Rice LLC
401 9th street, NW Suite 630
Washington, DC 20004
Tel: (202) 849-4962
dackerman@motleyrice.com

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel: (860) 882-1676
bnarwold@motleyrice.com

Elizabeth Paige Boggs
Motley Rice LLC
401 9th street, NW Suite 630
Washington, DC 20004
Tel: (202) 386-9629
pboggs@motleyrice.com

b.  Defendant:                  JP Morgan Chase Bank, N.A.
                                270 Park Avenue
                                New York, New York 10017
                                Tel: (212) 270-6000

   Representatives:             Boyd Milo Johnson, III
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                7 World Trade Center
                                250 Greenwich St.
                                New York, NY 10007
                                Tel: (212) 230-8800
                                boyd.johnson@wilmerhale.com

                                Felicia H. Ellsworth
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                60 State Street
                                Boston, MA 02109
                                Tel: (617) 526-6000
                                felicia.ellsworth@wilmerhale.com

                                Robert Lee Boone
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                7 World Trade Center
                                New York, NY 10007
                                Tel: (212) 295-6314
                                robert.boone@wilmerhale.com

                                Ronald Machen
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                1875 Pennsylvania Avenue NW
                                Washington, DC 20006
                                Tel: (202) 663-6881
                                ronald.machen@wilmerhale.com

                                John Butts
                                Wilmer Cutler Pickering Hale and Dorr LLP
                                60 State Street

Boston, MA 02109
Tel: (617) 526-6515
john.butts@wilmerhale.com

Hillary Chutter-Ames
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Tel: (212) 230-8848
hillary.chutter-ames@wilmerhale.com

5.   Nature and Purpose of the Proceeding:

The Government of the United States Virgin Islands ("Government") brought this civil action against JPMorgan Chase Bank, N.A. ("JPMorgan") as part of its ongoing effort to protect public safety and to hold accountable those who facilitated or participated in, directly or indirectly, the trafficking enterprise Jeffrey Epstein ("Epstein") helmed. The Government's investigation revealed that JPMorgan knowingly, negligently, and unlawfully provided and pulled the levers through which recruiters and victims were paid and was indispensable to the operation and concealment of the Epstein trafficking enterprise. Financial institutions can connect—or choke— human trafficking networks, and enforcement actions filed and injunctive relief obtained by attorneys general are essential to ensure that enterprises like Epstein's cannot flourish in the future.

Former JPMorgan senior executive Jes Staley ("Staley") developed a close relationship with Epstein when Staley was the head of JPMorgan's Private Bank. Between 2008 and 2012, Staley exchanged approximately 1,200 emails with Epstein from his JPMorgan email account. These communications show a close personal relationship between the two men, and that Staley nonetheless played a role in JPMorgan's compliance decisions with respect to Epstein. They also reveal that Staley corresponded with Epstein while Epstein was incarcerated and visited Epstein's Virgin Islands residence on multiple occasions. Staley left JPMorgan in 2013 and became the Chief Executive Officer of Barclays Bank PLC in 2015 until he resigned in November 2021 after the Financial Conduct Authority began a preliminary investigation into Staley's relationship with Epstein. It has been publicly reported that Barclays Bank PLC produced documents to the Financial Conduct Authority as part of its investigation into Staley's relationship with Epstein. These documents are equally applicable to the Government's case.

6. Evidence to be obtained or other judicial action to be performed:

    I.      Request for Documents –

The evidence to be obtained consists of various documents, listed on the attached Schedule A, which are maintained by the Witness Barclays Bank PLC [1 Churchill Place, London E14 5HP, United Kingdom], which employed a former senior executive at JPMorgan with a close relationship to Epstein.  It is known that the Witness maintains these documents because it was publicly reported that Barclays produced documents to the Financial Conduct Authority as part of its Epstein-related investigation. This evidence will assist the Court in resolving the disputed issues presented in the civil action before it.

Accordingly, it is hereby requested that in the interest of justice that you cause by your usual and proper process, orders to be entered as the UK law permits such that the Witness Barclays Bank PLC is directed to produce the documents requested herein in digital and/or hard copy form. If any of these documents cannot be produced for this court, we request that you order the documents be delivered for inspection to a time and place of your choosing.

Additionally, it is hereby requested that the Court issue an order instructing the Witness Barclays Bank PLC that when it is ready to produce the requested documents it shall contact Linda Singer at the email address or phone number identified in Section 3(a) above, and Ms. Singer will then provide any necessary email information for delivery of the digital documents or a self-addressed, pre-paid FedEx label for shipping of the hard copy documents.

7. Special methods or procedures to be followed:

    I.      Requests for special methods:

        a.   When Barclays Bank PLC is ready to produce the requested documents, it shall contact Linda Singer at the email address or phone number identified in Section 3(a) above, and Ms. Singer shall then provide any necessary email information for delivery of the digital documents and/or a self-addressed, pre-paid FedEx label for shipment of the hard copy documents.

    II.     Privileges or Immunities and Procedures to be followed:

        a.   Attorney-client privilege

    b.  Attorney work product privilege

    c.  Bank examination privilege

    d.  Protections provided under the Bank Secrecy Act, 31 U.S.C. §§ 5311 to 5336

    e.  Rules 26 and 34 of the Federal Rules of Civil Procedure

8. Fees and costs incurred which are reimbursable under Articles 14 or 26 of the Convention will be borne by:

Government of the United States Virgin Islands
Linda Singer
Motley Rice, LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9626
Email: lsinger@motleyrice.com

9. This court recognizes that it is asking its UK counterpart to order the production of evidence that is potentially confidential, sensitive, or involves trade secrets. Accordingly, appended to this request is a protective order to assure the appropriate UK court and the UK witness that any and all disclosed information will be treated with the utmost respect and confidence.

U.S. District courts are authorized by statute, 28 U.S.C § 1782, to extend similar assistance to the UK courts in civil cases.

The Court extends to the judicial authorities of the UK the assurances of its highest consideration.

_____
Hon. Jed S. Rakoff
UNITED STATES DISTRICT COURT
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007
212-805-0401

Dated: This ___30th___ day of ___January___, 20 _23_____

      [Seal of the Court]

Attachments:
      Protective Order
      Other documents referenced within

# **SCHEDULE A**

## I.   **DOCUMENT REQUESTS**

1.     Barclays Bank PLC shall produce a copy of the Documents it provided to the Financial Conduct Authority regarding James E. Staley's relationship to Jeffrey E. Epstein with Barclays Bank PLC's letters dated February 3, 2020, February 13, 2020, and July 10, 2020, and a copy of the interviews or testimony Barclays Bank PLC provided to the Financial Conduct Authority in connection with the same matter.

2.     Barclays Bank PLC shall produce a copy of the Documents reflecting its investigation of James E. Staley's relationship with Jeffrey E. Epstein in connection with the hiring and departure of James E. Staley as Barclays Bank PLC's Chief Executive Officer. *See* Jes Staley reportedly exchanged 1,200 emails with Jeffrey Epstein in four years, Kalyeena Makortoff, The Guardian, November 12, 2021, https://www.theguardian.com/business/2021/nov/12/jess-staley-ex-barclays-boss-emails-jeffrey-epstein-reports.

3.     Barclays Bank PLC shall produce the report it received from the Financial Conduct Authority reflecting the Financial Conduct Authority's findings with regard to James E. Staley's relationship with Jeffrey E. Epstein. *See* Jes Staley: why did the FCA investigate and are its findings public?, Kayleena Makortoff, The Guardian, November 1, 2021, https://www.theguardian.com/business/2021/nov/01/jes-staley-why-is-there-an-fca-investigation-findings-barclays

## II.   **DEFINITIONS**

1.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

2.     The terms "Document" or "Documents" are defined to be synonymous and equal in

scope to the usage of these terms in Federal Rule of Civil Procedure 34(a), including, without limitation, any written, drawn, printed, typed, photographed or other graphic or electronically or computerized recorded data or compilations of any kind or nature prepared or received by, or in the possession, custody or control of the answering party, its agents, servants, employees or other representatives. Originals, drafts and all non-identical copies are separate Documents within the meaning of this term.

3.      "Referring to", "relating to", "reflecting", "regarding" or "with respect to" mean, without limitation the concepts pertain to, deal with, concern, reflect, record, report, constitute, contain, mention, describe, discuss, analyze, evaluate, estimate, study, survey, project, assess, support, modify, contradict, criticize, summarize, comment, or otherwise involve, in whole or in part.

4.      "Barclays Bank PLC" includes all predecessors, successors, subsidiaries, parents, branches, departments, divisions, or affiliates, including, without limitation, any organization or entity in which they have management or controlling interests, together with all present and former directors, officers, employees, agents, representatives, or any other persons acting, or purporting to act, on behalf of the identified entities.

2

# ATTACHMENT TO LETTER OF REQUEST FOR DOCUMENT PRODUCTION:

# PROTECTIVE ORDER

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

GOVERNMENT OF THE UNITED )
STATES VIRGIN ISLANDS )
                                 )
            PLAINTIFF, )
                                   )
     V. )
                                     )
JP MORGAN CHASE BANK, N.A. )
                                     )
           DEFENDANT. )

Case Number: 22-cv-10904

**ACTION FOR DAMAGES**

JURY TRIAL DEMANDED

## PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

     1.     Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

     2.     The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

           a.     previously nondisclosed financial information (including without

limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b.   previously nondisclosed confidential reporting to law enforcement agencies;

c.   previously nondisclosed material relating to ownership or control of any non-public company;

d.   previously nondisclosed business plans, product development information, or marketing plans;

e.   any information of a personal or intimate nature regarding any individual;

f.   any information maintained by JPMorgan Chase Bank, N.A. or its affiliates that is required to be kept confidential pursuant to the Bank Secrecy Act, 31 U.S.C. §§ 5311 to 5336, or its implementing regulations ("BSA") but for which the appropriate regulatory authority has authorized disclosure, including but not limited to the fact that no BSA information exists, ("BSA-Protected Information")[1] and any information that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations

---

[1] BSA-Protected Information maintained by other financial institutions are not within the scope of this Order and remain subject to the standard confidentiality requirements of the BSA and its implementing regulations.

Case 1:22-cv-10904-JSB   Document 34-1   Filed 01/16/23   Page 35 of 137

concerning potential suspicious activity ("SAR-Related Information"), is not permitted to be produced unless authorized by the appropriate regulatory authority ("SAR-Protected Information");

g.   any information that is confidential supervisory information ("CSI") of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency unless authorized by the appropriate regulatory authority ("CSI-Protected Information"); or

h.   any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.  For the avoidance of doubt, nothing herein is intended to prevent a party from designating the entirety of a given document as "Confidential" if the party reasonably believes the entire document falls within one or more of the categories in paragraph 2, above.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.     If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  If a party has disclosed such designated portion[s] of Discovery Material to anyone other than the individuals set forth in paragraph 5 below, that party shall make reasonable efforts to promptly retrieve such Discovery Material, and inform any recipient of the terms of the Order.

5.     With the exception of the qualifications pertaining to BSA-Protected

4

Information, SAR-Protected Information and/or CSI-Protected Information in paragraph 6, no person subject to this Order other than the producing person shall disclose any of the Discovery Material, designated by the producing person as Confidential excluding any material containing BSA-Protected Information, SAR-Protected Information and/or CSI-Protected Information to any other person whomsoever, except to:

  a. the parties to this action;

  b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action (including but not limited to professional jury or trial consultants, mock jurors, and persons or entities providing litigation support services – such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or

retrieving data in any form or medium – and their employees and subcontractors), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.    any mediator or other dispute-resolution personnel, or any employee thereof, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto;

    g.    insurers, reinsurers, insurance adjusters, and/or third party administrators of insurance policies that do or may provide insurance coverage applicable to this action;

    h.    stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action; and

    i.    the Court and its support personnel.

6.    No person subject to this Order shall disclose any BSA-Protected Information, SAR-Protected Information, and/or CSI-Protected Information to any other person whomsoever, except to the following persons, consistent with any authorization received from the appropriate regulatory authority:

    a.    the Government of the U.S. Virgin Islands and its counsel and JPMorgan Chase and its counsel, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b.    any witness employed or formerly employed by JPMorgan Chase who counsel for the Government of the U.S. Virgin Islands or

JPMorgan Chase in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    c.    any person retained by the Government of the U.S. Virgin Islands or JPMorgan Chase to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    d.    stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto; and

    e.    the Court and its support personnel.

7.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11.     Each person who has access to Discovery Material that has been

designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, including any privilege or immunity from production associated with BSA, SAR-Related Information, and/or CSI ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or such other applicable protection with respect to the Inadvertently Disclosed Information and its subject matter.  For avoidance of doubt, outside of authorization from an appropriate regulatory authority, the disclosure of BSA, SAR-Related Information and/or CSI shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or such other applicable protection with respect to such information.

13.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.     As with any information redacted or withheld, the receiving party may

9

move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.  For the avoidance of doubt, counsel of record in this action shall be permitted to keep copies of filings and work product that incorporates any Confidential Discovery Material, so long as counsel continues to treat such Confidential Discovery Material in accordance with this Order.

18.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Linda Singer
**LINDA SINGER**
Admitted *Pro Hac Vice*
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com

Dated: January 9, 2023

/s/ Boyd Johnson
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

Dated: January 9, 2023

**SO ORDERED**.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
1-10-23

# ATTACHMENT TO LETTER OF REQUEST FOR DOCUMENT PRODUCTION:

# RULES 26 AND 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 28 of 42
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 25 of 37
Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26

United States Code Annotated
   Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
     Title V. Disclosures and Discovery (Refs & Annos)

Federal Rules of Civil Procedure Rule 26

Rule 26. Duty to Disclose; General Provisions Governing Discovery [Rule Text & Notes of Decisions subdivisions I, II]

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 26 are displayed in multiple documents. >

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**(B)** *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

**(i)** an action for review on an administrative record;

**(ii)** a forfeiture action in rem arising from a federal statute;

**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

**(v)** an action to enforce or quash an administrative summons or subpoena;

**(vi)** an action by the United States to recover benefit payments;

**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;

**(viii)** a proceeding ancillary to a proceeding in another court; and

**(ix)** an action to enforce an arbitration award.

**(C)** *Time for Initial Disclosures--In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** *Time for Initial Disclosures--For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 30 of 42
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 27 of 37
**Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26**

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

(D) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

(E) *Supplementing the Disclosure*. The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 31 of 42
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 28 of 37
**Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26**

**(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials.*

**(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)** a written statement that the person has signed or otherwise adopted or approved; or

**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

**(A)** *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3) (A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

    **(i)** relate to compensation for the expert's study or testimony;

    **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

    **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

    **(i)** as provided in Rule 35(b); or

    **(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

**(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

    **(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

    **(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** *Claiming Privilege or Protecting Trial-Preparation Materials.*

**(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

    **(i)** expressly make the claim; and

**Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26**

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

## (c) Protective Orders.

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 35 of 42
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 32 of 37
**Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26**

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

## (d) Timing and Sequence of Discovery.

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B) When Considered Served.** The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

## (e) Supplementing Disclosures and Responses.

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

Case 1:22-cv-10904-JSR Document 37 Filed 01/30/23 Page 36 of 42
Case 1:22-cv-10904-JSR Document 34-1 Filed 01/26/23 Page 33 of 37
**Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26**

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)** *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

**(2)** *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**(B)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)** any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**(E)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)** *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 37 of 42
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 34 of 37
Rule 26. Duty to Disclose; General Provisions Governing Discovery..., FRCP Rule 26

**(A)** require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)** require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 28, 2010, effective December 1, 2010; April 29, 2015, effective December 1, 2015.)

Fed. Rules Civ. Proc. Rule 26, 28 U.S.C.A., FRCP Rule 26
Including Amendments Received Through 1-1-23

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

| United States Code Annotated |
| Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos) |
| Title V. Disclosures and Discovery (Refs & Annos) |

Federal Rules of Civil Procedure Rule 34

Rule 34. Producing Documents, Electronically Stored Information, and
Tangible Things, or Entering Onto Land, for Inspection and Other Purposes

Currentness

**(a) In General.** A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

**(b) Procedure.**

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

Case 1:22-cv-10904-JSR   Document 37   Filed 01/30/23   Page 40 of 43
Case 1:22-cv-10904-JSR   Document 34-1   Filed 01/26/23   Page 3 of 37

Rule 34. Producing Documents, Electronically Stored Information,..., FRCP Rule 34

**(A)** *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served or -- if the request was delivered under Rule 26(d)(2) -- within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

**(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

**(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

**(D)** *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form--or if no form was specified in the request--the party must state the form or forms it intends to use.

**(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

**(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

**(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

**(iii)** A party need not produce the same electronically stored information in more than one form.

**(c) Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007; April 29, 2015, effective December 1, 2015.)

Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A., FRCP Rule 34
Including Amendments Received Through 1-1-23

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

GOVERNMENT OF THE UNITED          )          Case Number: 1:22-cv-10904-JSR
STATES VIRGIN ISLANDS             )
                                  )
             PLAINTIFF,           )
                                  )
         V.                       )
                                  )
JPMORGAN CHASE BANK, N.A.         )
                                  )
             DEFENDANT.           )


### ORDER GRANTING MOTION FOR ISSUANCE OF
### LETTER OF REQUEST FOR DOCUMENT PRODUCTION

Upon consideration of the Motion for Issuance of Letter of Request for Document Production dated January 26, 2023, the exhibits annexed thereto, and any oppositions or replies filed with respect to the Motion, and it appearing that the production of documents in the possession of Barclays Bank PLC, a financial institution located in the United Kingdom, is material and necessary to the issues of this action, the Court hereby GRANTS the Motion and ORDERS as follows:

1.  The Court will sign and shall issue the Letter of Request for Document Production attached as Exhibit 1 to the Motion to facilitate the production of documents by Barclays Bank PLC as described in the Plaintiff's Motion and exhibits annexed thereto; and

2.  The Clerk of Court is hereby directed to take all necessary steps to ensure the Letter of Request for Production of Documents is transmitted to Plaintiff in a form sufficient to obtain the described documents.

1

**SO ORDERED.**

Dated:   1/30/23

New York, New York

_____
Hon. Jed S. Rakoff
UNITED STATES DISTRICT COURT
Southern District of New York

2