# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 1:22-cv-10904-JSR |

### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS' MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF SUBPOENA BY CERTIFIED MAIL UPON LESLIE WEXNER

NOW COMES the Government of the United States Virgin Islands, the Plaintiff in the above-captioned action, and moves pursuant to Fed. R. Civ. P. 45 for an Order authorizing the Government to provide alternative service by certified mail of a Subpoena to Produce Documents upon non-party Leslie Wexner. As grounds for this Motion, the Government states the following:

The Government brought this civil action against Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") as part of its ongoing effort to protect public safety and to hold accountable those who facilitated or participated in, directly or indirectly, the trafficking enterprise of Jeffrey Epstein ("Epstein"). The Government's investigation has revealed that JPMorgan knowingly, recklessly, and unlawfully provided and pulled the levers through which Epstein's recruiters and victims were paid and was indispensable to the operation and concealment of the Epstein trafficking enterprise. Financial institutions can connect—or choke—human trafficking networks, and enforcement actions filed and injunctive relief obtained by attorneys general are essential to ensure that enterprises like Epstein's cannot flourish in the future.

Among the many payments JPMorgan processed that the Government has identified as evidencing Epstein's wrongdoing was one by an ostensibly charitable organization of Epstein, Enhanced Education, in the amount of $124,232 to billionaire businessman Leslie Wexner ("Wexner"). First Amended Complaint ("FAC") (ECF 47-1), ¶68. Epstein and Wexner had a longstanding business and personal relationship until Wexner terminated Epstein in 2008, facts of which JPMorgan was well aware. *See* JPM-SDNYLIT-00036291-36299 (Ex. A) at 36296 (JPMorgan description of Epstein-Wexner relationship and termination).

Given Wexner's relationship with Epstein and interactions with JPMorgan, the Government is attempting to serve a Subpoena to Produce Documents (Ex. B) upon Wexner. The Government seeks documents concerning the transactions and relationship between Wexner and Epstein and communications with JPMorgan regarding Epstein. Subpoena at 6 (Requests 1-4).

The Government attempted to serve the Subpoena upon Wexner at his home on February 8, 2023 at 8:10am, but was prevented from doing so by a security guard, who would not allow the process server to access or communicate with Wexner. Affidavit of Due Diligence of Ericka Cremeans ("Cremeans Aff."). The Government then attempted to serve the Subpoena upon Wexner also on February 8, 2023 at 8:40am at the office of the Wexner Foundation, but was blocked from physical entry and was told via intercom that Wexner was not present and only comes in to the Foundation office two or three times per year. *Id.* The Government attempted again to serve the Subpoena upon Wexner at his home on February 11, 2023 at 2:00pm, but again was prevented from doing so by a security guard. *Id.*

On February 2, 2023, counsel for the Government, Linda Singer, emailed attorney John W. Zeiger of Zeiger, Tigges & Little LLP in Columbus, Ohio, who has represented Wexner on other matters. Declaration of Linda Singer ("Singer Decl."), ¶2. Attorney Singer asked Attorney Zeiger

2

if he would be authorized to accept service of the Government's Subpoena on Wexner's behalf. *Id.* Attorney Zeiger responded that he was unable to speak that day, to which Attorney Singer answered that the Government was sending the Subpoena to a process server but remained open to his accepting service. *Id.*, ¶3. She later placed two telephone calls to Attorney Zeiger, which were not returned. *Id.*, ¶4. On February 15, 2023, Attorney Singer spoke with attorney Marion Little of Attorney Zeiger's firm. *Id.* Attorney Little stated that he has represented Wexner as counsel. *Id.*, ¶5. Attorney Singer asked if he would accept service of the Government's Subpoena on Wexner's behalf, but he refused to do so without being given a detailed description of the Subpoena's contents. *Id.*, ¶6. Attorney Singer provided a general description and offered to email the Subpoena without requiring that this be deemed acceptance of service, *id.*, ¶7, but Attorney Little instructed her not to do so. *Id.*, ¶8.

This Court long has recognized that Fed. R. Civ. P. 45 permits alternative service of a subpoena by certified mail where a party is unable to provide personal service, "[i]n accordance with the interpretive principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Cordius Trust v. Kummerfeld*, 45 Fed. R. Serv. 3d 1151, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting Fed. R. Civ. P. 1). The Court has permitted alternative service where a party's repeated attempts at personal service have failed, *SEC v. David*, 2020 WL 703464, at *1-2 (S.D.N.Y. Feb. 12, 2020) (Rakoff, J.), or where there is an "approaching close of discovery." *In re Petrobras Securities Litig.*, 2016 WL 908644, at *1-2 (S.D.N.Y. March 4, 2016) (Rakoff, J.) (authorizing alternative service 56 days before April 29, 2016 discovery end date).

Both circumstances are present here. The Government has attempted to effectuate service seven times at two different locations and through Wexner's attorneys, but each time was

3

unsuccessful. Moreover, the fact-discovery end date is in 46 days, on April 4, 2023. In these circumstances, the Court should in the interest of securing just and expeditious resolution authorize the Government to provide alternative service by certified mail of its subpoena upon Mr. Wexner.

Dated: February 17, 2023                **CAROL THOMAS-JACOBS, ESQ.**
                                        **ACTING ATTORNEY GENERAL**

/s/ *Linda Singer*
Linda Singer (*pro hac vice*)
Mimi Liu (*pro hac vice* pending)
David I. Ackerman
Paige Boggs (*pro hac vice*)
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
Fax: (202) 232-5513
lsinger@motleyrice.com
mliu@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com

Carol Thomas-Jacobs (*pro hac vice*)
Acting Attorney General of the
United States Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Islands 00802
Tel: (340) 774-5666 ext. 10101
carol.jacobs@doj.vi.gov

*Attorneys for Plaintiff Government of the
United States Virgin Islands*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing Motion for Order Authorizing Alternative Service of Subpoena by Certified Mail Upon Leslie Wexner with the Clerk of the Court and served on counsel of record using the Court's CM/ECF system. Notice of this filing will be sent to all parties of record by operation of, and parties may access this filing through, the Court's CM/ECF system.

By: /s/ *Linda Singer*
Linda Singer