# EXHIBIT 2

| | |
|---|---|
| **From:** | Singer, Linda |
| **To:** | Butts, John; Ellsworth, Felicia H; dackerman@motleyrice.com; pboggs@motleyrice.com; Aguiniga, Sara; Carol Jacobs; bnarwold@motleyrice.com |
| **Cc:** | WHJPMCService |
| **Subject:** | RE: USVI v. JPMC -- Discovery Correspondence |
| **Date:** | Sunday, February 12, 2023 9:01:13 AM |

**EXTERNAL SENDER**

John:

We appreciate the effort to reach a compromise.  In that spirit, we are willing to withdraw our request for Matusow, McCleerey, and O'Hanlon.  That leaves three custodians in dispute:  Budhu, Cutler, and Dimon.

We provided a letter on Friday with regard to Mr. Dimon's unique personal knowledge and believe that JPMorgan is obligated to produce his documents.

Steven Cutler was also a key decisionmaker with respect to Epstein's accounts.  In one 2008 DDR, JPMorgan noted:  "Jes Staley conferred with Stephen Cutler and the decision was made to keep him [JEE] as a PB client." Mr. Cutler also was included in at least one Rapid Response meeting related to new information regarding Epstein's human trafficking.  Rapid Response emails noted: "[client] will require re-approval by Steve Cutler if it is determined that the relationship will be retained."  Mr. Cutler was also Vice Chairman of JPMorgan at a time when the bank's BSA/AML program would have been actively monitored in the follow up to the OCC's consent order and the Madoff scandal.   We therefore think there is non-privileged information regarding the handling of Epstein's accounts, Mr. Staley's role, and the bank's compliance program that is discoverable.  As you know, the Government has noticed Mr. Cutler's deposition.

Ms. Budhu was a Business Analyst & Reporting Specialist and conducted the security services review for Epstein DDRs in 2003, 2004, 2008, and 2011, among other Epstein entities.

Please let us know whether you will agree to produce documents for these custodians.  Otherwise, we should arrange to call Chambers on Monday to discuss how the Court would like to handle briefing on the disputed custodians.

Best,
Linda

**Linda Singer**  Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004

 o. 202.386.9626  f. 202.386.9622
lsinger@motleyrice.com

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Friday, February 10, 2023 7:26 PM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Singer, Linda <lsinger@motleyrice.com>; Ackerman, David <dackerman@motleyrice.com>; Boggs, Paige <pboggs@motleyrice.com>; Aguiniga, Sara <saguiniga@motleyrice.com>; Carol Jacobs <Carol.Jacobs@vi.gov>; Narwold, Bill <bnarwold@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>
**Subject:** RE: USVI v. JPMC -- Discovery Correspondence

CAUTION:EXTERNAL

Counsel,

Further to Felicia's email below, we are responding to the letter Plaintiffs sent earlier this week seeking additional JPMC ESI custodians.  As noted previously, we do not think any additional custodians are appropriate given the slate we previously proposed, the discovery JPMC will provide from centralized sources, and the aggressive discovery schedule.  Nevertheless, in the hope of avoiding a dispute, we propose the following additional custodians and time periods as a compromise.

- Ann Boroweic (2006-2010)
- John Duffy (2011-2013)
- Elizabeth Hogan (2006-2013)
- Prashant Khanjo (2006-2013)
- Bonnie Perry (2006-2013)
- Lisa Waters (2006-2013)
- Marcus Sheridan (2006-2013)
- Valerie-Leila Jaber (2012-2013)

We are happy to discuss it further on Tuesday's call.

John

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Wednesday, February 8, 2023 1:05 PM
**To:** lsinger@motleyrice.com; dackerman@motleyrice.com; pboggs@motleyrice.com; Aguiniga, Sara <saguiniga@motleyrice.com>; Carol Jacobs <Carol.Jacobs@vi.gov>; bnarwold@motleyrice.com
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>
**Subject:** USVI v. JPMC -- Discovery Correspondence

Counsel –

I am writing in response to various discovery issues.

1. **ESI Custodians / Search Terms**

We received your letter dated Monday, February 6, providing explanations for why you believe JPMC should expand the list of 12 ESI custodians in its search protocol to include an additional 13 custodians. Your unilateral deadline to resolve this issue by today and threat to contact Chambers if it is not, is not realistic, and seems aimed at needlessly trying to force issues to the Court that the parties should be able to resolve without burdening the Court.

Your demand is especially unwarranted in light of the fact that JPMC is the only party that has identified its custodians and search terms or produced any documents. To that end, please provide the custodians and search terms the USVI plans to use as soon as possible, and please confirm that USVI will be making its initial production of documents this week.

In response to your question regarding how JPMC developed this proposal, without addressing each custodian in detail, JPMC's initial proposal was the result of an effort to include a broad array of custodians in a variety of divisions and functions across JPMC who are likely to possess relevant documents. As you are aware, the goal of a reasonable search is not to identify every possible document that might bear some tangential relevance to an issue in this case (or to search the files of every individual who might possess a relevant document), but, instead, to develop a targeted and achievable set of custodians and search terms that will locate the most relevant and pertinent documents sought by plaintiffs while avoiding unnecessary duplication and burden. While we have not completed collection and cannot provide precise hit counts, based on what we have collected thus far, we estimate that the 12 custodians and approximately 70 search terms we proposed will capture more than 300,000 documents, which we estimate would require a review of approximately 2 million pages.

Reviewing such a substantial volume of documents is an extraordinary undertaking, particularly considering the discovery schedule in this case. JPMC cannot blindly double its custodian count and burden. That is especially so in a case in which the USVI has not identified any damages in its initial disclosures and we believe it has none (particularly after recovering $105 million from the Epstein estate and other defendants in the *Indyke* litigation).

Having said that, JPMC is not rejecting your proposed custodians out of hand. It is evaluating those requests as well as your assertions about their purported relevance. Although we believe JPMC's initial proposal was appropriate, we are looking into ways to expand our proposal and expect that we will accept a number of the requested custodians. One thing we are assessing is whether burden can be managed by individual time periods where, for example, a custodian interacted with Epstein accounts for only a portion of the period at issue.

We are working through those issues as quickly as we can and expect to have a counter proposal on custodians to you by Thursday, February 9. We propose a meet and confer on Friday, February 10, at which we can also discuss USVI's progress with respect to its discovery obligations, including when it will be producing documents and USVI's own proposed custodians and search terms, that we expect you will provide in advance as requested. Through further discussion we are confident that

the parties can narrow, if not resolve these issues. Any attempt by the USVI to burden the Court before the parties can reasonably complete these discussions is premature and inappropriate.

2. **Depositions**

The parties still need to reach an agreement on deposition limits and procedures, and we will be back in touch with both sets of Plaintiffs with regard to the proposal you made on Friday afternoon during the meet and confer.

In the meantime, we are looking for March dates for Mary Erdoes and will also do so for Mary Casey. As we stated, we do not believe that Jamie Dimon is an appropriate deponent.

With regard to the USVI's 30(b)(6) notice, which we received on Wednesday and discussed with you on Friday afternoon, it is objectionable in many respects, including that it seeks testimony on 28 topics (many of which have numerous sub-topics) and each spans 24 years. The breadth of the notice takes some time for us to evaluate, but we plan to have written responses and objections to you early next week.

Also, as we stated on Friday, we expect that the USVI and Doe plaintiffs would join any request for 30(b)(6) testimony such that both can be discussed at the same time.

3. **Privilege Logs**

As stated during Friday's meet and confer, JPMC disagrees with the USVI's characterization of the privilege logs JPMC provided in connection with the *Indyke* litigation that was pending in the USVI and is now resolved. Those privilege logs—provided under the rules that governed that action—complied fully with JPMC's obligations. The USVI (and you) have had those logs for well over a year and cannot reasonably ask JPMC to amend them now, particularly after the *Indyke* litigation has been resolved. JPMC will not do so.

JPMC is, however, willing to discuss privilege logs for newly produced documents in this matter (as opposed to a re-production of a production from another matter like the *Indyke* litigation). In that regard, we note that Local Rule 26.2 states that it is "presumptively proper" to provide categorical privilege logs. That presumption is especially appropriate here given the case schedule.

4. **Redactions**

We are assessing your proposal from Friday evening, and will be responding later this week.

Thank you,
Felicia


**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (o)
+1 617 501 5676 (c)

felicia.ellsworth@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.