# EXHIBIT 3

| | |
|---|---|
| **From:** | dackerman@motleyrice.com |
| **To:** | Butts, John |
| **Subject:** | RE: ESI Proposal/Jamie Dimon |
| **Date:** | Wednesday, February 22, 2023 4:49:34 PM |
| **Attachments:** | image001.png |

**EXTERNAL SENDER**

Sure – I'm free between now and 5:30.



**David Ackerman**  Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.849.4962  **c.** 202.997.1217
dackerman@motleyrice.com

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Wednesday, February 22, 2023 4:48 PM
**To:** Ackerman, David <dackerman@motleyrice.com>
**Subject:** RE: ESI Proposal/Jamie Dimon

CAUTION:EXTERNAL

5 is difficult, but do you have 10 minutes now?

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Wednesday, February 22, 2023 4:26 PM
**To:** Butts, John <John.Butts@wilmerhale.com>; DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

**EXTERNAL SENDER**

John,

Thank you. The call is short and the purpose is to advise the court that we need a new filing deadline in light of ongoing discussions.

As for custodial time frames, we propose the following:

1. Dimon – 7/2/2004 through 12/31/2019
2. Cutler – agree to your proposal of 2006-2014, provided you confirm he had no involvement in Epstein-related issues after 2014
3. Budhu – 2003 to 2011, subject to your confirmation that is the timeframe of her involvement and your agreement to adjust the timeframe if necessary
4. All other custodians – 1/1/2006 through 12/31/2019 with confirmation that JPMorgan will not contend any additional compliance activity occurred prior to 1/1/2006

We can agree to your proposal with respect to privilege logging for Cutler, but cannot agree on identifying new custodians. We have no plans at this juncture to request new custodians, but if documents or deposition testimony identify individuals who played significant roles, we may request their documents.

As for #4 – I don't understand what "topic-by-topic" means.

Why don't we plan to talk at 5:00 and then call the court at 5:30 if we don't have agreement?

David



**David Ackerman**  Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.849.4962  **c.** 202.997.1217
dackerman@motleyrice.com

---

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Wednesday, February 22, 2023 3:29 PM
**To:** Ackerman, David <dackerman@motleyrice.com>; DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

CAUTION:EXTERNAL

David,

If it's that short, we can do it at 5:30.  Please tell me what relief you will be requesting from the Court on the call.   I assume that it's only requesting a new filing deadline.

With regard to substance, your email did not address aspects of JPMC's proposal, namely that plaintiffs agree (i) there will be no additional custodians; and (ii) for Stephen Cutler, we only need to log privileged documents about Epstein.  Please let me know in advance of our call to Chambers.

Also, I told you yesterday that I'd get back to you on a start date for Jamie Dimon.  It is 7/2/04, which

is the date he joined JPMC through a merger.

As for your counter, we do not agree to ##1-3.  Among other things, we do not view custodian time periods as one size fits all.  Treating them that way, particularly over such a long period, imposes needless burden and expense by pulling in irrelevant information.  The mechanism you propose to address that problem does not work.  We should not be put to that burden and expense in the first place, and as a practical matter, do not believe there would be a realistic opportunity to return to the Court given the case schedule.

As for #4, we we're willing to discuss on topic-by-topic basis.  As I shared yesterday, we're willing to produce the policies we agreed to produce in response to the Rule 30(b)(6) through 2019.

John

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Wednesday, February 22, 2023 11:36 AM
**To:** Butts, John <John.Butts@wilmerhale.com>; DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

**EXTERNAL SENDER**

John,

We would like to call chambers this afternoon. There must be one person on your team who is available for a 10-minute call to chambers at some point this afternoon.

David



**David Ackerman**  Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.849.4962  **c.** 202.997.1217
dackerman@motleyrice.com

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Wednesday, February 22, 2023 11:29 AM
**To:** Ackerman, David <dackerman@motleyrice.com>; DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

CAUTION:EXTERNAL

David,

I cannot respond on that schedule, but will have a substantive response for you later today.  The time you suggested for a call to chambers does not work.  We could do tomorrow am, either right before or right after the EVCF call Andy just wrote about.  Please let me know.

Thanks,

John

**From:** Ackerman, David <dackerman@motleyrice.com>
**Sent:** Tuesday, February 21, 2023 10:25 PM
**To:** Butts, John <John.Butts@wilmerhale.com>; DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

EXTERNAL SENDER

Counsel,

We have considered your proposals conveyed earlier but cannot agree to them. The USVI continues to maintain that JPMC should be searching documents as follows:

1. JPMC will search all document custodians (including Dimon, Cutler, Budhu) for the time period from 1/1/2006 through 12/31/2019
2. JPMC will not contend that any additional compliance-related activity occurred prior to 1/1/2006
3. To the extent that document searches for the period after 1/1/2015 yield excessive numbers of false positives or non-responsive documents, JPMC will provide hit counts and appropriate metrics (i.e. % or # of documents reviewers deemed not responsive) and the USVI will agree to revisit or modify the time period and/or terms as appropriate
4. JPMC will produce non-custodial documents (including applicable policies and procedures) for the entire time period from 2002 through 12/31/2019

Given the language of Adam Kern's email on Friday, we believe we need to contact chambers again to obtain leave to file a motion if JPMC is unwilling to search consistent with these parameters. Please provide your availability for a call to chambers before noon tomorrow. We'd also like to alert the Court during that call that we may be presenting modifications to the protective order.

David



**David Ackerman** Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.849.4962  **c.** 202.997.1217
dackerman@motleyrice.com

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Tuesday, February 21, 2023 5:55 PM
**To:** DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com
**Subject:** RE: ESI Proposal/Jamie Dimon

CAUTION:EXTERNAL

Counsel,

As a compromise in the interest of moving things along:

1. If plaintiffs agree there will be no additional custodians, JPMC will accept the 3 additional custodians we have been speaking about: Jamie Dimon, Stephen Cutler and Vanessa Budhu. For Cutler, we will search 2006-2014. We do not believe he had any involvement with Epstein-related issues until after 2006, but will confirm and start the search sooner if that proves to be the case. For Budhu, we believe her involvement was limited to 2003-2011, but will confirm and adjust if necessary. For Dimon, I will have a start date shortly and we'll search through 2014.
2. Given the breadth of the discovery requests and the burdens of reviewing lawyers' emails, JPMC will only log Stephen Cutler's privileged documents about Epstein.
3. Where other custodians' ESI end date was 2013, we will extend it to 2014.
4. For the USVI matter, there will be an additional search as I delivered to David orally.

Please let me know.

Thanks,

John

**From:** Butts, John <John.Butts@wilmerhale.com>
**Sent:** Friday, February 17, 2023 2:06 PM
**To:** DoeService <DoeService@bsfllp.com>; DL - Motley Rice JPMC Service <DL-MotleyRiceJPMCService@motleyrice.com>
**Cc:** WHJPMCService <WHJPMCService@wilmerhale.com>; JPM-Doe@masseygail.com

**Subject:** ESI Proposal/Jamie Dimon

Counsel:

In advance of this afternoon's call, we're sending a package counter-offer to resolve all issues on custodial ESI and, at least temporarily, a potential deposition of Jamie Dimon.

As stated, we do not believe that any additional custodians or search terms are appropriate given the slate to which JPMC has previously agreed, the discovery it will provide from centralized sources, and the aggressive discovery schedule.  We are also very concerned about the substantial additional burden and expense plaintiffs' requests would impose as well as the request for Dimon's deposition, which we view as improper under the apex doctrine.

Nevertheless, as a compromise, JPMC proposes the following package, which Doe and the USVI would have to agree to as a resolution of these issues.

1. JPMC accepts the 3 custodians the USVI requested on Sunday (Dimon, Cutler, Budhu) for 2006-2013;
2. JPMC adds the lion's share of the additional search terms plaintiffs' requested, subject to the revisions marked on the attached, including:
    a. Terms highlighted in red are not added.  The rest are subject to limitations below.
    b. All "AND" connectors become w/5
    c. Individual search terms are modified as reflected in the second column.  (No modification where the cell is blank.)
3. The parties' defer discussion of the possibility of a Dimon deposition until after his emails are produced, with all sides reserving their rights; and
4. JPMC's privilege will be categorical and for Stephen Cutler's custodial documents, JPMC only has to log privileged documents about Epstein.

We can discuss any questions you have on our call.

Thanks,

John

**John J. Butts | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6515 (t)
+1 617 526 5000 (f)
[john.butts@wilmerhale.com](mailto:john.butts@wilmerhale.com)

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to

postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.