# EXHIBIT 4

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | ) ) | Case Number: 1:22-cv-10904-JSR |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A. | ) | |
| | ) | |
| DEFENDANT. | ) | |

**GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS'**
**OBJECTIONS AND RESPONSES TO JPMORGAN CHASE BANK, N.A.'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Government of the United States Virgin Islands ("Government") hereby provides these responses and objections to the Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") First Set of Interrogatories.

**GENERAL OBJECTIONS AND RESPONSES**

1.      The Government objects to the definition of "Government," "Plaintiff," "You," and "Your" to the extent it includes any agency other than the U.S. Virgin Islands Department of Justice ("DOJ") and the U.S. Virgin Islands Economic Development Authority ("EDA"). This is a civil law enforcement action brought by the DOJ. The only agency for which the DOJ is claiming damages is the EDA. As such, information from other agencies is outside the control of the Government for purposes of this litigation. *See, e.g., U.S. v. Novartis Pharmaceuticals Corp.*, 2014 WL 6655703 (S.D.N.Y. Nov. 24, 2014). Moreover, interrogatories seeking such information are neither relevant to any party's claim or defense nor proportional to the needs of this case. In answering these interrogatories, the Government responds only on behalf of the DOJ and the EDA.

2.      The Government objects to the Interrogatories to the extent they seek to impose on the Government obligations beyond what is required under the Federal Rules of Civil Procedure or any other applicable laws or rules.

3.      The Government objects to the Interrogatories to the extent they seek documents and information that are not relevant to any party's claim or defense and/or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit.

4.      The Government objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, the common interest privilege, the joint prosecution privilege, the law enforcement privilege, the deliberative process privilege, and/or any other applicable privilege or immunity that makes such information non-discoverable. If any privileged information is inadvertently produced, the Government does not waive or intend to waive the privilege pertaining to such information.

5.      The Government objects to the Requests to the extent they seek the production of documents and information that are not in the Government's possession, custody, or control, including documents that are in the possession of a Government agency that is not at issue in this litigation. Any response which provides that the Government will produce documents shall be deemed followed by the phrase "as are within the Government's possession, custody, or control."

6.      No response by the Government is, nor shall be deemed, an admission of any factual or legal contention contained in any Request or that the response is relevant to the claims

of any party. The Government reserves all rights to object to the competency, relevance, materiality, and admissibility of the information disclosed pursuant to these Requests. The Government expressly reserves the right to object to further discovery concerning the subject matter of any of JPMorgan's discovery requests as well as the introduction into evidence of any document or information produced pursuant hereto.

7.    The Government responds and objects to the Requests based on the best of its present knowledge, information, and belief. The Government's responses and objections are at all times subject to such additional or different information that discovery or further investigation may disclose. The Government reserves the right to amend, modify, supplement, or withdraw any response or objection set forth herein, but disclaims any agreement or obligation to do so.

Each of the foregoing General Objections is incorporated by reference into each of the responses below.

## RESPONSES AND OBJECTIONS TO REQUESTS

**INTERROGATORY NO. 1:**

Identify all persons with knowledge or information relevant to the subject matter of this action or the underlying facts, including any knowledge or information about:

a)    Plaintiff's involvement with Epstein, Epstein-Related Entities, and Epstein-Related Individuals;

b)    JPMorgan's involvement with Epstein, Epstein-Related Entities, and Epstein-Related Individuals;

c)    information about Epstein presented to Plaintiff including, but not limited to, information from law enforcement agencies or officers and news media;

d)      information about whether standard protocols for (1) customs, (2) immigration, or (3) investigations were broken in Plaintiff's dealings with Epstein;

e)      any alleged misconduct by JPMorgan, as alleged in the Amended Complaint or implied by the allegations underlying the Amended Complaint;

f)      any alleged conduct by any member of, any participant in, or any witness to the Epstein sex-trafficking venture described in the Amended Complaint, including:

     i.      the individuals interviewed by Plaintiff, *see* FAC ¶ 6;

     ii.     the "dozens of women and girls in and beyond the Virgin Islands" to whom Plaintiff alleges JP Morgan "facilitated and concealed wire and cash transactions," *see* FAC ¶ 6;

     iii.    the "clients that Epstein brought and promised to bring to the bank," *see* FAC ¶ 7;

     iv.     the "network of companies and individuals who participated in, directly or indirectly, and conspired with him..." *see* FAC ¶ 23;

     v.      the persons "required to marry other Epstein victims in order to maintain their immigration status and their availability to Epstein," *see* FAC ¶ 29;

     vi.     the "at least 20 individuals paid through JP Morgan accounts..." *see* FAC ¶ 42;

     vii.    the JPMorgan employees or agents who allegedly "participated in the [Epstein] sex-trafficking conspiracy," who allegedly "knew or [were] in reckless disregard of the fact that Epstein would use cash transactions and financial support" to further his sex-trafficking venture, and who obtained "financial benefits and career advancement" in "exchange for facilitating

4

and covering up Epstein's commercial sex trafficking," *see* FAC ¶¶ 94-95,

99-107.

g)        any investigation by the Government or a Federal Agency relating to Epstein, any

Epstein-Related Individual, or any Epstein-Related Entity;

h)        any alleged misconduct by any Epstein-Related Individual; and

i)        any person with knowledge that Epstein's JPMorgan accounts were allegedly used

to facilitate the Epstein sex-trafficking venture or were being used for

**RESPONSE TO INTERROGATORY NO. 1:**

The Government objects to this Interrogatory on the grounds that it constitutes multiple

interrogatories because it contains 15 separate and discrete subparts. The Government further

objects to this Interrogatory to the extent it seeks information subject to the attorney-client

privilege, attorney work-product doctrine, law enforcement investigatory privilege, deliberative

process privilege, common interest privilege, and/or any other applicable privilege or immunity

that makes such information non-discoverable. The Government's pre-lawsuit investigation of this

matter and any related matter, including ongoing government investigations, is protected under the

law enforcement privilege. *See Bryan v. United States*, No. 2010-CV-66, 2012 WL 5350376, at *3

(D.V.I. Oct. 30, 2012) (purpose of law enforcement privilege is to, among other things, "prevent

the disclosure of techniques, procedures, and sources" and "protect witnesses and others involved

in a law enforcement investigation"). The Government further objects to the extent this

Interrogatory requests that the Government identify victims of human trafficking, which the

Government is prohibited from doing pursuant to 14 V.I.C. § 142. The Government further objects

to this Interrogatory to the extent it seeks information from agencies in the Virgin Islands other

than the DOJ and the EDA. The Government further objects to subparts a, c, and d, since they are not relevant to any party's claim or defense and are not proportional to the needs of the case.

Subject to and without waiving the specific objections or the foregoing General Objections, the Government refers JPMorgan to its initial disclosures and response to RFP No. 46 for identification of individuals with discoverable information regarding one or more of the topics set forth above.

The Government reserves the right to supplement this response as discovery and its investigation continues.

**INTERROGATORY NO. 2:**

Identify each category of damages you claim to be compensable, the amount of compensable damages for each category and/or individual, and the specific method of computation used to arrive at the amount for each category and/or individual.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing General Objections, the Government states as follows:

The Government seeks the following damages from Defendant: compensatory, consequential, general, and nominal damages, as suffered by the Government and/or Jeffrey Epstein's victims, punitive and exemplary damages, all against JPMorgan in amounts to be awarded at trial; treble damages against Defendant in an amount to be determined at trial, including, but not limited to, treble damages of the at least $80.5 million in tax revenue lost to the Virgin Islands as a result of the fraud carried out by Epstein's entity Southern Trust Company (previously known as Financial Trust Co. Inc.); and restitution and disgorgement of all ill-gotten gains to the Government to protect the rights of victims and innocent persons in the interest of

justice in amounts to be determined at trial.

Although the Government recognizes that the following are not damages, the Government is also seeking: civil penalties, an injunction to prevent further illegal conduct and any concealment of illegal conduct, attorneys' fees and costs in amounts to be determined after trial; and any such other relief as the Court may deem just and proper.

The Government further states that certain information responsive to this interrogatory is in the possession of third parties and/or will be produced in discovery. The Government reserves the right to supplement this response as discovery and its investigation continue.

**INTERROGATORY NO. 3:**

Identify the existence, location, custodian, and general description of any documents or physical evidence relevant to the subject matter of the action, including, without limitation, any documents responsive to the Requests in JPMorgan's First Request for the Production of Documents to Plaintiff, dated January 13, 2023, and also including:

a)   any pertinent insurance agreements or other agreements related to the funding of Plaintiff's litigation;

b)   any documents related to Epstein's relationship or interactions with JPMorgan or Plaintiff;

c)   any documents related to Epstein's communications with JPMorgan or Plaintiff;

d)   any documents related to alleged victims of Epstein's human trafficking network's communications with Plaintiff;

e)   any documents related to alleged victims of Epstein's human trafficking network's communications with JPMorgan;

f)     any records or receipts of cash withdrawals, wire transfers, payments, or any other transfer or communication to alleged victims of Epstein's human trafficking network from Epstein, any Epstein-Related Individual, any Epstein-Related Entity, or any other person involved with Epstein or the Epstein sex-trafficking venture;

g)     any records that support how Plaintiff's "investigation revealed that JP Morgan knowingly, negligently, and unlawfully provided and pulled the levers through which recruiters and victims were paid," *see* FAC ¶ 3; including records that support Plaintiff's claim that "JP Morgan facilitated and concealed wire and cash transactions that raised suspicion of—and were in fact part of—a criminal enterprise," *see* FAC ¶ 6;

h)     any records that support the allegation that "[h]uman trafficking was the principal business of the accounts Epstein maintained at JP Morgan," *see* FAC ¶ 6;

i)     any records that support the allegation that Darren K. Indyke and Richard Kahn "authorized or directed many of the transactions in JP Morgan accounts held by Epstein or related entities," *see* FAC ¶ 31;

j)     any records of the "numerous press reports that Epstein sexually abused women and girls" between 2005 and 2013, *see* FAC ¶¶35–37, 40; and

k)     any investigation by the Government or a Federal Agency relating to Epstein, any Epstein-Related Individual, or any Epstein-Related.

**RESPONSE TO INTERROGATORY NO. 3:**

The Government objects to this Interrogatory on the grounds that it constitutes multiple interrogatories because it contains 11 separate and discrete subparts. The Government objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this

8

litigation to the extent the Interrogatory seeks production of "the existence, location, custodian, and general description of any documents or physical evidence relevant to the subject matter of the action, including, without limitation, any documents responsive to the Requests in JPMorgan's First Request for the Production of Documents to Plaintiff." Such a request essentially amounts to a request that the Government independently catalog and describe every document it will produce in this litigation. Such a task would violate attorney work-product protections and require a massive investment of resources to essentially perform Defendant's document review for them.

The Government further objects to this Interrogatory to the extent it seeks documents subject to the attorney-client privilege, attorney work-product doctrine, law enforcement investigatory privilege, deliberative process privilege, common interest privilege, and/or any other applicable privilege or immunity that makes such information non-discoverable. The Government further objects to this Interrogatory to the extent it seeks information from agencies in the Virgin Islands other than the DOJ and the EDA. The Government objects to subpart a in addition to the portions of subparts b and c that seek information regarding the Government's relationship, interactions, and communications with Epstein since they are not relevant to any party's claim or defense and not proportional to the needs of the case.

Subject to and without waiving the specific objections or the foregoing General Objections, the Government refers JPMorgan to its initial disclosures and response to RFP No. 46. The Government will produce documents in this action with appropriate metadata indicating the custodian, file name, date, and other pertinent information, to the extent such information may be automatically generated using reasonable efforts. To the extent Defendant seeks additional information, the Government is willing to meet and confer in order to ascertain whether Defendant

can meaningfully narrow this request into something that is proportional to the needs of this litigation.

Dated:  February 13, 2023

**CAROL THOMAS-JACOBS, ESQ.**
**ACTING ATTORNEY GENERAL**

By counsel,

/s/ *David I. Ackerman*
**DAVID I. ACKERMAN** (NYS Bar #4110839)
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 849-4962
dackerman@motleyrice.com

**CAROL THOMAS-JACOBS** (NYS Bar #2941300)
Admitted *Pro Hac Vice*
Acting Attorney General of the
United States Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Islands 00802
Tel.: (340) 774-5666 ext. 10101
carol.jacobs@doj.vi.gov

**LINDA SINGER** (NYS Bar #2473403)
Admitted *Pro Hac Vice*
**PAIGE BOGGS** (Admitted *Pro Hac Vice*)
**SARA AGUINIGA** (Admitted *Pro Hac Vice*)
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com
pboggs@motleyrice.com
saguiniga@motleyrice.com

## **VERIFICATION**

I, Carol Thomas-Jacobs, declare:

I am the Acting Attorney General for the United States Virgin Islands Department of Justice. I am authorized to make this verification on behalf of Plaintiff Government of the United States Virgin Islands ("Government").

The foregoing Government of the United States Virgin Islands' Objections and Responses to JPMorgan Chase Bank, N.A.'s First Set of Interrogatories represents a response on behalf of the Government, based on information, in part, assembled by the Government's employees and/or representatives. Because the matters stated in the document identified above constitute a collective response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of the Government's knowledge, true and correct. The Government reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at St. Thomas, United States Virgin Islands on this 13th day of February, 2023.

Carol Thomas-Jacobs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 13, 2023, the foregoing *Government of the United States Virgin Islands' Objections and Responses to JPMorgan Chase Bank, N.A.'s First Set of Interrogatories* was served by email upon the attorneys for the Defendant in the above-captioned action.

*/s/ David I. Ackerman*
David I. Ackerman