**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, <br><br> Plaintiff, <br><br> V. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant/Third-Party Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| JPMORGAN CHASE BANK, N.A. <br><br> Third-Party Plaintiff, <br><br> V. <br><br> JAMES EDWARD STALEY <br><br> Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case Number: 1:22-cv-10904-JSR

**GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS'
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO AMEND TO ADD 18 U.S.C. § 1591(d) OBSTRUCTION COUNT**

i

# TABLE OF CONTENTS

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ............................................................ 2

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170 (S.D.N.Y. 2014) ....... 3

*Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007) ......................................... 3

**Statutes**

14 V.I.C. §§ 601 *et seq* ................................................................................................................... 3

18 U.S.C. § 1591(a)(2) .................................................................................................................... 1

18 U.S.C. § 1591(d) ............................................................................................................. 1, 2, 3, 4

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................................ 3

Fed. R. Civ. P. 15(a)(1) .................................................................................................................. 2

Fed. R. Civ. P. 15(a)(2) .................................................................................................................. 2

Fed. R. Civ. P. 16 ............................................................................................................................ 3

Fed. R. Civ. P. 16(b)(4) .................................................................................................................. 3

**FACTUAL BACKGROUND**

Plaintiff, the Government of the United States Virgin Islands ("Government"), brought this civil action against Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") as part of its ongoing effort to protect public safety and to hold accountable those who facilitated or participated in, directly or indirectly, the trafficking enterprise of Jeffrey Epstein ("Epstein"). The Government's investigation has revealed that JPMorgan knowingly, recklessly, and unlawfully provided and pulled the levers through which Epstein's recruiters and victims were paid and was indispensable to the operation and concealment of the Epstein trafficking enterprise. Financial institutions can connect—or choke—human trafficking networks, and enforcement actions filed and injunctive relief obtained by attorneys general are essential to ensure that enterprises like Epstein's cannot flourish in the future.

The Government alleges in relevant part that JPMorgan violated the Trafficking Victims Protection Act ("TVPA"), specifically 18 U.S.C. § 1591(a)(2), by "concealing Epstein's criminal conduct by failing to comply with federal banking law." First Amended Complaint ("FAC") (ECF No. 47-1), ¶94; *see also id.*, ¶99 ("JPMorgan . . . concealed the fact that it was Epstein's pattern and practice to use the channels and instrumentalities of interstate commerce to recruit, entice harbor, transport, provide, obtain, and maintain young women and underage girls for purposes of causing them to engage in commercial sex acts in violation of 18 U.S.C. § 1591(a)(1)."); *id.*, ¶101 ("Despite this knowledge, JPMorgan intentionally . . . concealed . . . Epstein's and his co-conspirators' violations of 18 U.S.C. § 1591(a) . . . .").

The Government seeks leave to file the attached proposed Second Amended Complaint ("2AC") adding a count for violation of 18 U.S.C. § 1591(d), which prohibits obstruction,

attempted obstruction, interference with, or prevention of enforcement of the TVPA, through substantially the same conduct the Government already alleges. The Court has denied JPMorgan's motion to dismiss a TVPA obstruction claim by the Doe Plaintiff based on the same conduct. March 20, 2022 Order (ECF No. 90) at 3 (Doe Count X).

## ARGUMENT

After expiration of the period for amendment as of right under Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's consent or the court's leave[,]" which "[t]he court should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "In determining what constitutes 'prejudice,' we consider whether the assertion of a new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute[.]" *Id.*

The Government's proposed amendment threatens neither these nor any other type of prejudice to JPMorgan. The Government proposes to amend to add a claim for violation of 18 U.S.C. § 1591(d), 2AC, Count Five, ¶¶147-168, based on the same or materially the same facts as already alleged. *See id.*, ¶¶92-101 (additionally alleged facts). This additional claim based on the same alleged facts does not either require JPMorgan to expend additional resources on discovery or trial preparation or delay the resolution of this action. This conclusion is only underscored by the fact that Doe already is litigating a section 1591(d) obstruction claim against JPMorgan based on the same alleged facts in her case that is scheduled for a consolidated trial with this case. Since the Government's proposed amendment to add a section 1591(d) obstruction count does not

require additional discovery and does not change the scope of factual or legal questions to be tried, JPMorgan cannot demonstrate prejudice as required to prohibit leave to amend under Rule 15.

To the extent JPMorgan argues that Rule 16 prohibits amendment because a scheduling order has been entered, this argument would have no merit. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In assessing good cause under Rule 16:

> [T]he primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration. The district curt, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.

*Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "In other words, in deciding whether there is 'good cause' to amend under Rule 16(b), a trial court may consider not only the diligence of the moving party but also the prejudice to the opposing party." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014). Thus, "in appropriate circumstances, a district court has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." *Id.* at 176.

Here, the Court should grant leave to amend because the Government has been diligent and/or because Chase would not be prejudiced. The Government previously asserted a separate claim focused on JPMorgan's concealment of Epstein's trafficking in violation of federal banking laws under the Virgin Islands Criminally Influenced and Corrupt Organizations Act ("CICO"), 14 V.I.C. §§ 601 *et seq. See* FAC, Count Three. The Court dismissed that claim. March 20, 2022 Order (ECF No. 90) at 3. Within three days of the Court's Order dismissing the Government's CICO claim and denying dismissal of Doe's TVPA section 1591(d) obstruction claim, the

Government requested consent by JPMorgan to amend to conform its remaining TVPA claim with Doe's remaining TVPA claims based on the same fact allegations. When JPMorgan refused to consent, the Government sought leave of the Court. The Government thus acted with diligence. Moreover, even if it had not, it still should be granted leave to amend because JPMorgan cannot show prejudice. As discussed, the Government's concealment allegations on which its TVPA obstruction claim would be based already are part of the operative FAC and a TVPA obstruction claim already is part of the Doe case that is consolidated for trial. Moreover, both the Government and Doe already have served discovery pertaining to the facts on which the Government's proposed TVPA obstruction claim and Doe's existing TVPA obstruction claim is based.[1] Since JPMorgan cannot show prejudice, the Government should be granted leave to amend even if it had not been diligent in seeking leave (which it was).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the Government leave to amend to add a count for TVPA obstruction in violation of 18 U.S.C. § 1591(d).

Dated: April 3, 2023

**CAROL THOMAS-JACOBS, ESQ.**
**ACTING ATTORNEY GENERAL**

/s/ *Linda Singer*
Linda Singer (*pro hac vice*)
Mimi Liu (*pro hac vice*)
David I. Ackerman
Paige Boggs (*pro hac vice*)
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504 / Fax: (202) 232-5513

---

[1] Since the Court already has denied dismissal of Doe's TVPA obstruction claim, any motion to dismiss filed by JPMorgan for preservation purposes may be briefed and decided on an expedited basis consistent with the Revised Civil Case Management Plan (ECF No. 101), under which Third-Party Defendant James Edward Staley has until April 24, 2023 to answer or move to dismiss JPMorgan's third-party claim.

lsinger@motleyrice.com
mliu@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com

Carol Thomas-Jacobs (*pro hac vice*)
Acting Attorney General of the
United States Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Islands 00802
Tel: (340) 774-5666 ext. 10101
carol.jacobs@doj.vi.gov

*Attorneys for Plaintiff Government of the United States Virgin Islands*