**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

GOVERNMENT OF THE UNITED
STATES VIRGIN ISLANDS,

                Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

                Defendant.

Case No. 22-cv-10904 (JSR)

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS' MOTION FOR LEAVE AMEND**

**TABLE OF CONTENTS**

Page

I.  Legal Standard ........................................................................................................1

II.  USVI Has Unduly Delayed Seeking Leave to Amend ........................................1

III.  USVI's Amendment Would Be Futile...................................................................3

      A.  USVI Has No Cause Of Action For A Violation Of §1591(d)..............................3

      B.  USVI's Proposed Amended Complaint Fails To Sufficiently Plead Obstruction..................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Amusement Indus., Inc. v. Stern*, No. 07 CIV. 11586, 2014 WL 4460393
(S.D.N.Y. Sept. 11, 2014).................................................................................2

*Broidy Capital Management LLC v. Benomar*, 944 F.3d 436 (2d Cir. 2019) ................................1

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) ........................................2

*Doe v. Fitzgerald*, 2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ........................................4

*Eddystone Rail Co., LLC v. Bank of Am., N.A.*, No. 19 CIV. 9584, 2023 WL
2507059 (S.D.N.Y. Mar. 13, 2023) ...............................................................3

*Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112 (D. Colo. 2019)........................................4

*Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009) ..........................................................1

*MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956 (2d Cir. 1998)..................................2

*New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121
(S.D.N.Y. 2009)................................................................................2

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000)................................................3

*Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20 CIV. 1391, 2022 WL 45062
(S.D.N.Y. Jan. 5, 2022)................................................................................1

*United States v. Farah*, 766 F.3d 599 (6th Cir. 2014) ....................................................4

JP Morgan Chase Bank N.A. ("JPMC") respectfully submits that the Government of the United States Virgin Islands' ("USVI") motion for leave to file a Second Amended Complaint should be denied.[1]

## I.    LEGAL STANDARD

"[T]he Second Circuit has held that where a scheduling order governs amendments to the complaint, the 'lenient [amendment] standard under Rule 15(a)' must be 'balanced against' Rule 16(b)'s requirement of a showing of good cause." *Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20 CIV. 1391, 2022 WL 45062, at *11 (S.D.N.Y. Jan. 5, 2022) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)). Even under the Rule 15(a) standard, "[w]hile … leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Capital Management LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (cleaned up).

Because, in modifying the scheduling order established in the consolidated case, the Court determined that the deadline for USVI to file an amended complaint was January 11, 2023, *see* January 11, 2013, Minute Entry for proceedings held before Judge Jed Rakoff; *see also* Dkt. No. 5 (December 29, 2022, Order); *Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 16 (Civil Case Management Plan), USVI must establish good cause to vary from that order.

## II.    USVI HAS UNDULY DELAYED SEEKING LEAVE TO AMEND

This Court should deny Plaintiff's motion for leave to amend because it was "made after an inordinate delay" and Plaintiff offers "no satisfactory explanation" or good cause for the

---

[1] While USVI's proposed Second Amended Complaint includes Counts II, III, and IV, which were previously dismissed by this Court, Dkt. 90, USVI's motion does not seek leave to replead those counts, nor does it do so, so those counts remain dismissed.

delay.  *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).  Courts "measure

the delay from the time the [m]oving [p]art[y] became aware of the facts that serve as the basis

for [its] proposed claims," *Amusement Indus., Inc. v. Stern*, No. 07 CIV. 11586, 2014 WL

4460393, at *10 (S.D.N.Y. Sept. 11, 2014), and "may deny a motion to amend when the movant

knew or should have known of the facts upon which the amendment is based when the original

pleading was filed, particularly when the movant offers no excuse for the delay," *New*

*Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009)

(citation omitted).  "The burden to explain a delay is on the party that seeks leave to

amend." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998).

Here, USVI's motion for leave to amend comes far too late.  USVI initially sued the

Estate of Jeffrey Epstein and related entities in Virgin Islands Superior Court in January 2020.

Dkt 109, ¶ 3.  After JPMC responded to a wide-ranging third-party subpoena by producing

almost 100,000 pages of documents in 2021, USVI contacted JPMC in September 2022

suggesting that JPMC may have violated the Virgin Islands' Criminally Influenced and Corrupt

Organizations Act ("CICO").  *See id.*  JPMC was in the process of explaining to USVI why those

since-dismissed allegations lacked merit, when it was sued by Jane Doe 1 for alleged violations

of the TVPA in the now-consolidated case.  *See Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 1

(Nov. 24, 2022).  USVI then followed Doe's lead, filing suit in this Court, alleging (for the first

time) a TVPA violation.  Dkt. 1; *see also* Dkt 4 (Related Case Statement).

Now, months after this Court's January 11, 2023 deadline to file an Amended Complaint,

USVI once again tries to jump on the bandwagon.  This is an inordinate delay for which USVI

has not met its burden to satisfactorily explain.  USVI was aware of the facts that serve as the

basis for its proposed new claim when it filed both its initial Complaint on December 27, 2022,

Dkt. 1, and its First Amended Complaint on January 10, 2023, Dkt. 16. Yet USVI did not act "diligen[tly]" to assert an obstruction claim. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Eddystone Rail Co., LLC v. Bank of Am., N.A.*, No. 19 CIV. 9584, 2023 WL 2507059, at *5 (S.D.N.Y. Mar. 13, 2023) (denying motion for leave to amend filed after Court had decided motions to dismiss and where "Plaintiff appears to have had access to nearly all of the documents on which it relied for its amendments well before Plaintiff filed its original complaint"). At the very latest, USVI should have sought leave to amend immediately after January 13, 2023, when Doe asserted her claim alleging obstruction of the TVPA. *See Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 36. Yet USVI inexplicably waited months—while JPMC's motion to dismiss was briefed and argued—before it sought to assert its copycat claim. Indeed, USVI waited to piggyback on Doe's obstruction claim until after the Court's denial of JPMC's motion to dismiss that count in *Doe*. USVI has offered no satisfactory explanation for its monthslong delay.

USVI's motion should be denied based on its unwarranted delay, the additional burden imposed on all parties by introducing yet another claim in this already-sprawling case, and its gamesmanship in waiting until after motions to dismiss were fully briefed, argued, and decided to seek leave to amend.

III.   **USVI's Amendment Would Be Futile**

USVI's motion should be denied for futility because USVI has no cause of action under §1591(d). What is more, the Complaint fails to allege that JPMC knew of an ongoing investigation or prosecution of Jeffery Epstein for TVPA violations or that JPMC intentionally acted to obstruct, attempt to obstruct, interfere with, or prevent any such efforts.

A.   **USVI Has No Cause Of Action For A Violation Of §1591(d)**

Section 1595(d) does not create a civil claim for obstruction under §1591(d).  JPMC acknowledges that, in the Court's March 20, 2023 Order providing bottom-line rulings, the Court denied JPMC's Motion to Dismiss Doe's obstruction claim in *Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), and, in this case, deemed adequate USVI's allegations in support of its *parens patriae* claim for a violation of §1591(a).  Dkt. 90.  JPMC respectfully disagrees with those rulings but does not seek to relitigate them here.

USVI cannot bring an obstruction claim in its *parens patriae* capacity.  For the reasons stated in JPMC's Memoranda of Law in Support of its Motion to Dismiss, *see* Dkt. 40 at pp. 5-7; *see also* Dkt. 56 at pp. 2-3, USVI lacks standing under §1595(d), which also should not apply retroactively, *see* Dkt. 40 at pp. 4-5; *see also* Dkt. 56 at pp. 1-2.  Just as multiple courts have held that the "victim" of obstruction under §1591(d) is the investigating government entity (and not a private individual, *see Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 46 at 28 (citing *Doe v. Fitzgerald*, 2022 WL 425016, at *4 (C.D. Cal. Jan. 6, 2022) and *Gilbert v. U.S. Olympic Comm.*, 423 F. Supp. 3d 1112, 1143 (D. Colo. 2019)), the "Residents of [a] State" have no *parens patriae* "interest" in preventing TVPA enforcement.

### B.    USVI's Proposed Amended Complaint Fails To Sufficiently Plead Obstruction

Even if USVI had somehow alleged a *parens patriae* claim for obstruction—and it has not—it would have to allege that JPMC (1) was aware of an ongoing investigation into Epstein and (2) intentionally obstructed, attempted to obstruct, interfered with, or prevented that investigation or a prosecution based on that investigation.  *See United States v. Farah*, 766 F.3d 599, 612 (6th Cir. 2014).  Mindful of the Court's bottom-line ruling denying JPMC's motion to dismiss Doe's obstruction claim on a similar basis, JPMC respectfully submits that USVI has not alleged sufficient facts to make out an obstruction claim.

USVI's allegations do not make out obstruction.  Although the Government of the USVI had investigatory and enforcement authority over Epstein, it does not (and cannot) allege that JPMC obstructed a USVI-based investigation, and therefore disclaims any such investigation and focuses instead on alleged investigations by the FBI and various U.S. Attorneys' Offices.  *See* Dkt. 109, ¶ 151.  The mere existence of these investigations as pleaded, however, does not satisfy §1591(d)'s requirement to plead obstruction of "enforcement," which requires more than a general inquiry.  Thus, USVI's claim fails for failure to identify what actual *enforcement* efforts JPMC purportedly obstructed.

USVI's amended pleading is also self-defeating.  In support of this claim, USVI alleges that JPMC's "concealment" of Epstein's alleged "sex trafficking venture" constitutes obstruction of TVPA enforcement.[2]  *Id.* ¶ 163.  Yet USVI acknowledges ███████████████████████

███████████████████████████, *id.* ¶ 75, and in fact USVI admits that ███████████

███████████████████████████████████████ *id.* ¶ 97.  ███████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████. ███████████████████

███████████████████████████████████████████████████

██████████████████████████, *see id.* ¶¶ 97-100, 153-159, ████████████████

████████████████████████████████████████████████████

████████████████████. ███████████████████████████████

---

[2]    As above, JPMC incorporates by reference the arguments raised in its motion to dismiss Doe's First Amended Complaint regarding the deficiencies in the theory—echoed here by USVI—that a purported failure to file SARs regarding cash transactions is sufficient to plead obstruction of the TVPA.  *Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 46 at 29.

████████████████████████████████████████████████████

██████████████ ation as required to state a claim for a violation of §1595(d).

The motion for leave to amend should be denied.

Dated: April 4, 2023                              Respectfully submitted,

                                                  **WILMER CUTLER PICKERING
                                                      HALE AND DORR LLP**

                                                  /s/ Felicia H. Ellsworth
                                                  Felicia H. Ellsworth
                                                  John J. Butts
                                                  60 State Street
                                                  Boston, MA 02109
                                                  (t) (617) 526-6000
                                                  (f) (617) 526-5000
                                                  felicia.ellsworth@wilmerhale.com
                                                  john.butts@wilmerhale.com

                                                  Boyd M. Johnson III
                                                  Robert L. Boone
                                                  Hillary Chutter-Ames
                                                  7 World Trade Center
                                                  250 Greenwich Street
                                                  New York, NY 10007
                                                  (t) (212) 230-8800
                                                  (f) (212) 230-8888
                                                  boyd.johnson@wilmerhale.com
                                                  robert.boone@wilmerhale.com
                                                  hillary.chutter-ames@wilmerhale.com

                                                  *Attorneys for JPMorgan Chase Bank, N.A.*