# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

GOVERNMENT OF THE UNITED )
STATES VIRGIN ISLANDS )
                                           )
        Plaintiff, )
                                             )
V. )                              Case Number: 1:22-cv-10904-JSR
                                             )
JPMORGAN CHASE BANK, N.A. )
                                             )
        Defendant/Third-Party Plaintiff. )
_____ )
                                             )
JPMORGAN CHASE BANK, N.A. )
                                             )
        Third-Party Plaintiff, )
                                             )
V. )
                                             )
JAMES EDWARD STALEY )
                                             )
        Third-Party Defendant. )
_____ )

## ORDER REGARDING REVIEW OF VIDEOMATERIALS

Pursuant to Federal Rules of Civil Procedure 26(c) and the authority of this Court to administer its proceedings, and finding good cause established in the stipulated motion filed by Jane Doe 1 and the Government of the United States Virgin Islands, the Court orders that:

1.      The Epstein Estate shall review the Epstein Media to determine its responsiveness to the subpoenas that have been issued by Jane Doe 1 and other parties to the related litigations.

2.      If, during the course of that review, the Estate sees a particular recording that appears to contain possible CSAM, it shall promptly stop further review of that recording and notify the Federal Bureau of Investigation ("FBI") or such other agency or entity as the FBI may

direct of the recording's existence.  No CSAM shall be copied or transmitted to another party, except as directed by the FBI or other government agency.

3.      If no CSAM is observed during the review, the Responsive Media will be provided counsel for Jane Doe 1 and the Government in response to the relevant subpoena. To the extent Responsive Media is identified prior to the identification of possible CSAM, such materials also will be produced to counsel.  Counsel for Jane Doe 1 and any other recipient of Responsive Media may then use this material for the prosecution or defense of the above-captioned case and make such further disclosures as are required by civil discovery rules (e.g., appropriate disclosures to opposing counsel).

**SO ORDERED.**

JED S. RAKOFF, U.S.D.J.

Dated: ~~March~~ 4/5, 2023

New York, New York

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | Case Number: 1:22-cv-10904-JSR |
| JPMORGAN CHASE BANK, N.A. | ) ) ) | |
| Defendant/Third-Party Plaintiff. | ) ) | |
| JPMORGAN CHASE BANK, N.A. | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| V. | ) ) | |
| JAMES EDWARD STALEY | ) ) ) | |
| Third-Party Defendant. | ) ) | |

**STIPULATED MOTION FOR APPROVAL OF PROTOCOL FOR REVIEW OF VIDEOMATERIALS AND PHOTOGRAPHS FOR THE PRESENCE OF POTENTIAL CHILD SEX ABUSE MATERIALS AND FOR DISCLOSURE OF THOSE MATERIALS**

Plaintiffs Jane Doe 1 and the Government of the United States Virgin Islands ("Government"), by their respective counsel, move pursuant to Federal Rules of Civil Procedure 26(c), and the authority of the Court to administer proceedings before it, for approval of an agreed-upon protocol authorizing counsel for the Estate of Jeffrey E. Epstein (the "Epstein Estate") to review videorecorded materials and photographs in the possession, custody, or control of the Epstein Estate (the "Epstein Media") in response to subpoenas previously issued by Jane Doe 1 and, to the extent responsive to those subpoenas, disclose relevant portions of the Epstein Media

(the "Responsive Media") to Jane Doe 1's counsel and to other parties in the litigations pending before the Court involving claims related to Jeffrey Epstein.

## **Factual Background**

The Court is aware of the general nature of this case from earlier proceedings. For purposes of this Motion, it is relevant to note that Jane Doe 1 has alleged that she was the victim of coerced commercial sex trafficking by Jeffrey Epstein and his co-conspirators. Jane Doe 1 has issued a subpoena to the Epstein Estate, seeking certain videorecorded materials and photographs within the Epstein Media, and the Estate has agreed to produce Responsive Media in the Estate's possession to the extent that the production is not inconsistent with federal or state law, and to the extent that the videos or photographs were not downloaded or otherwise obtained at the time through publicly-available sources.[1]

On March 14, 2023, counsel for the Epstein Estate notified counsel for Jane Doe 1 that it had located materials within the Epstein Media that may be responsive to her subpoenas. The Estate also advised counsel for the Government and Jane Doe 1 of its concern that some of the Epstein Media might contain child sex abuse imagery (CSAM[2]). The knowing accessing, possession, or distribution of CSAM is forbidden by federal law. *See* 18 U.S.C. §§ 2252, 2252A. The Estate has expressed concern that its counsel's review of the Epstein Media could subject counsel to criminal investigation or charges or civil claims in light of the possibility that the review

---

[1] Videos or photographs that were not obtained at the time through publicly-available sources is meant to include Responsive Media that may consist of movies or You Tube videos, for example, but does not extend to Responsive Media relating to Epstein activities or properties that may have been publicly disclosed at any time.

[2] In this motion, the parties use the term "child sex abuse imagery" or CSAM as a synonym for the inappropriate term, "child pornography." *See United States v. Larson*, No. 5:19-CR-50165-RAL, 2023 WL 196171, at *1 (D.S.D. Jan. 17, 2023) ("Pornography connotes a certain aspect of consent that is impossible when the images or videos depict children.").

of the Epstein Media could involve accessing CSAM. The Epstein Estate has advised that it does not have any specific knowledge that any of the Epstein Media does, in fact, contain CSAM, but wishes to put in place an appropriate procedure in case its counsel encounters such material.

### Proposed Review Protocol

Against that backdrop, counsel for the Government and Jane Doe 1 and the Epstein Estate have conferred and have agreed that the Government and Jane Doe 1 would move the Court for the entry of an order approving the following protocol for the Epstein Estate's review of the Epstein Media for potential production to parties in the litigations pending before the Court:

1.     The Epstein Estate shall review the Epstein Media to determine its responsiveness to the subpoenas that have been issued by Jane Doe 1 and other parties to the related litigations.

2.     If, during the course of that review, the Epstein Estate sees a particular recording that appears to contain possible CSAM, it shall promptly stop further review of that recording and notify the Federal Bureau of Investigation ("FBI") or such other agency or entity as the FBI may direct of the recording's existence.  No CSAM shall be copied or transmitted to another party, except as directed by the FBI or other government agency.

3.     If no CSAM is observed during the review, the Responsive Media will be provided to counsel for Jane Doe 1 and the Government in response to the relevant subpoena. To the extent Responsive Media is identified prior to the identification of possible CSAM, such materials also will be produced to counsel.  Counsel for Jane Doe 1 and any other recipient of Responsive Media may then use this material for the prosecution or defense of the above-captioned case and make such further disclosures as are required by civil discovery rules (e.g., appropriate disclosures to opposing counsel).

The attached proposed Order reflecting this protocol is intended to:

1.      Provide the Epstein Estate with an approved protocol for reviewing the Epstein

Media for purposes of this litigation only without fear of criminal or civil liability;

2.      Provide Jane Doe 1 with Responsive Media that may be relevant to her case;

3.      Protect against disclosure or dissemination of CSAM; and

4.      Follow the directive of 18 U.S.C. 3509(m) against reproduction of CSAM.

<u>**Conclusion**</u>

This Motion has been agreed to by the parties.

Date: March 27, 2023

Respectfully submitted,

<table>
<tr><td>

/s/ *Linda Singer*
Linda Singer (*pro hac vice*)
Mimi Liu (*pro hac vice*)
David I. Ackerman
Paige Boggs (*pro hac vice*)
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
Fax: (202) 232-5513
lsinger@motleyrice.com
mliu@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com

Carol Thomas-Jacobs (*pro hac vice*)
Acting Attorney General of the
United States Virgin Islands
Virgin Islands Department of Justice
34-38 Kronprindsens Gade
St. Thomas, U.S. Virgin Islands 00802
Tel: (340) 774-5666 ext. 10101
carol.jacobs@doj.vi.gov

*Counsel for Plaintiff Government*
*of the United States Virgin Islands*

</td><td>

/s/ *Bradley Edwards*
Bradley J. Edwards
EDWARDS POTTINGER LLP
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Tel: (954) 524-2820
Fax: (954) 524-2822
brad@epllc.com

Brittany N. Henderson
EDWARDS POTTINGER LLP
1501 Broadway, Floor 12
New York, NY
Tel: (954) 524-2820
Fax: (954) 524-2822
brittany@epllc.com

David Boies
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY
Tel: (212) 446-2300
Fax: (212) 446-2350
dboies@bsfllp.com
avillacastin@bsfllp.com

</td></tr>
</table>

Sigrid McCawley (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Tel: (954) 356-0011
Fax: (954) 356-0022
smccawley@bsfllp.com

*Counsel for Plaintiff Jane Doe 1*

**STIPULATED AND AGREED TO BY:**

*/s/John Butts*
John Butts
Felicia H. Ellsworth
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
john.butts@wilmerhale.com
felicia.ellsworth@wilmerhale.com

*Counsel for Defendant
JPMorgan Chase Bank, N.A.*

*/s/ Zachary K. Warren*
Zachary K. Warren (*pro hac vice* pending)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5252
Fax: (202) 434-5029
zwarren@wc.com

*Counsel for Third-Party Defendant
James Edward Staley*