

50 East Washington St.  
Suite 400  
Chicago, IL 60602

1000 Maine Avenue, SW  
Suite 450  
Washington, DC 20024

April 7, 2023

The Honorable Jed S. Rakoff  
Judge, United States District Court  
Southern District of New York  
Via ECF

   Re: *Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*,  
      1:22-cv-10904-JSR (S.D.N.Y).

Dear Judge Rakoff:

  JPMorgan Chase Bank, N.A. files this response to the motion by James E. "Jes" Staley, seeking reconsideration of the Court's denial of his motion to sever JPMC's claims against Staley. Staley primarily asserts that severance is required because he is prejudiced by the court's schedule. As discussed below, Staley fails to provide any reason to reconsider the Court's decision.

## THE COURT SHOULD NOT RECONSIDER ITS DECISION TO REFRAIN FROM SEVERING JPMC'S THIRD-PARTY COMPLAINT AGAINST STALEY.

  This Court has twice denied Staley's request to sever JPMC's third-party complaint against him. Staley's reconsideration request, therefore, faces a particularly high threshold. "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

  In addition, a party moving for severance bears the burden of demonstrating that "severance is needed to avoid prejudice or confusion and to promote the ends of justice." *Bey v. City of N.Y.*, 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009). As this Court has recognized, "the joinder of claims is 'strongly encouraged,' . . . and, concomitantly, severance should generally be granted only in 'exceptional circumstances.'" *Compania Embotelladora del Pacifico v. Pepsi Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y. 2009) (citations omitted). There is no basis upon which to grant reconsideration of the Court's previous orders here.

  As this Court heard in open court the first time it considered Doe's motion to sever (to which Staley merely indicated non-opposition), courts consider five factors in deciding a motion to sever: (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) whether severance would cause or avoid prejudice to the parties, and (5) whether the claims involve different witnesses and evidence. *See Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co.,* 2004 WL 1586429 at *1 (S.D.N.Y. July 15, 2004). All of the factors require denial of Staley's request.

**DRAFT- PRIVILEGED ATTORNEY WORK PRODUCT**

Staley makes little effort to show that factors 1, 2, and 5 favor severance. Nor could they. JPMC's claims arise out of the same transactions and occurrences as the Plaintiffs' claims (factor 1), they concern common questions of fact and law (factor 2), and involve many of the same witnesses and evidence (factor 5). In particular, JPMC's third party complaint against Staley seeks indemnification and contribution, as well as damages for fiduciary duty breaches and faithless servant conduct. And Staley's alleged conduct and knowledge form a significant part of the Plaintiffs' claims. Doe's amended complaint mentions him ninety-seven times and repeatedly alleges that JPMC knew of or participated in Epstein's sex trafficking venture "through Staley." *See, e.g.*, Dkt. 36, FAC, ¶¶ 135, 164, 200, 205–206, 230–231, 239, 327–328, 360. And the USVI's amended complaint mentions Staley thirty-nine times, citing (and reproducing) numerous emails between Staley and Epstein to provide a basis for its claims *against JPMC*. *See, e.g.*, Dkt. 17, USVI FAC, ¶¶ 52–63. Not surprisingly, JPMC's claims against Staley involve the very same alleged conduct and knowledge, and will therefore involve substantially overlapping witnesses and evidence. *See* Dkt. 59, Doe Third-Party Complaint, ¶¶ 22–33; Dkt. 70, USVI Third-Party Complaint, ¶¶ 22–33.

Staley's assertion that his defenses "raise different issues and require broader discovery" (Staley Ltr., at 3) is puzzling. Staley's employment at JPMC is not a new issue: Both Doe and the USVI seek to impute Staley's conduct and knowledge to JPMC. JPMC's request for additional damages due to Staley's disloyalty does not change the fact that its underlying claims against Staley turn on the same facts as Plaintiffs' claims against JPMC, and it does not warrant two separate trials with the same evidence and witnesses. Indeed, severance will not serve judicial economy (factor 3), but instead will result in duplicative and wasteful litigation.

Staley's assertion of prejudice does not justify reconsideration. Indeed, his complaint is primarily with the *schedule* set by the Court and not with the concept of joining the litigation. *See, e.g.*, Staley Ltr., 3 ("Mr. Staley is severely prejudiced by the schedule"); *id*. ("the current schedule deprives Mr. Staley of basic procedural rights"). But this Court is fully capable of exercising its discretion to set a schedule that accommodates the interest of all parties; indeed, it already has. And while Staley continues to complain that he is a recent entry to the case, he was already involved with (and faced potential legal jeopardy from) Doe's allegations. Facing legal consequences for his alleged relationship with Epstein is also not new to Staley, as he had already been subject to rigorous and ongoing investigations well before this case was filed. He also produced documents to the USVI in its prior case against Epstein's estate. Both complaints contain serious accusations against Staley, and the parties to this case had already sought his testimony and scheduled his deposition by agreement – all before JPMC impleaded him. Staley was no mere witness among many; he was the central focus of both Doe's and USVI's claims. The Court should therefore deny Staley's motion.

Sincerely,

/s/ Leonard A. Gail

Leonard A. Gail