UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 1, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

  -v-

JP MORGAN CHASE BANK, N.A.,

    Defendant/Third-Party Plaintiff,

  -v-

JAMES EDWARD STALEY,

    Third-Party Defendant.

22-cv-10019 (JSR)

---

GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,

    Plaintiff,

  -v-

JP MORGAN CHASE BANK, N.A.,

    Defendant/Third-Party Plaintiff,

  -v-

JAMES EDWARD STALEY,

    Third-Party Defendant.

22-cv-10904 (JSR)

<u>MEMORANDUM ORDER</u>

---

JED S. RAKOFF, U.S.D.J.:

    Third-Party defendant James Staley, joined by plaintiff Jane Doe 1, moves for reconsideration of his previously denied motion for

1

severance, as well as reconsideration of the Court's scheduling order. See Conference of March 16, 2023, Tr. 25:13-18 (denying Staley's motion for severance); ECF No. 74 (entering scheduling order).[1] Stripped of its heated rhetoric, Staley's motion identifies no issue that was not previously considered by the Court, which by itself would warrant denial of the motion for reconsideration. See, e.g., Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). Independently, however, the Court has once again considered the issue de novo, and once again concludes that severance must be denied.

Though not always identified by name, Staley is a key figure in the allegations made in the plaintiff's and co-plaintiff's complaints, as well as the sole defendant named in the third-party complaint filed by defendant JPMorgan Chase Bank, N.A ("JP Morgan"). Regardless of any putative severance, he and the facts relating to him will therefore be a prominent focus of the trial of the underlying case between plaintiff Jane Doe 1, co-plaintiff the Government of the United States Virgin Islands, and JP Morgan. Under these circumstances, it would make no sense to sever the case against Staley.

More generally, the Court has once again reviewed the five factors ordinarily considered on a motion to sever. See, e.g., Bos. Post Rd.

---

[1] Unless otherwise specified, all ECF numbers refer to the docket of Jane Doe v. JP Morgan Chase Bank, N.A., 22-cv-10019.

2

Med. Imaging, P.C. v. Allstate Ins. Co., No. 03 CIV. 3923 (RCC), 2004 WL 1586429, at *1 (S.D.N.Y. July 15, 2004) (providing these factors); Preferred Med. Imaging, P.C. v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004) (same). The first factor -- whether the claims arise out of the same transactions or occurrences -- is clearly the case here, and thus favors denial of severance. The second factor -- whether the claims present common questions of law or fact -- is likewise plainly met here, and thus favors denial of severance. The third factor -- whether severance would serve judicial economy -- is once again obviously true here, and thus favors denial of severance. And, skipping over the fourth factor for a minute, the fifth factor -- whether the claims involve different witnesses or evidence -- is patently not the case here, and thus again favors denial of severance.

Not surprisingly, therefore, Staley largely focuses on the fourth, remaining factor -- whether severance would cause or avoid prejudice to the parties -- and in particular emphasizes the supposed need of his 400-attorney law firm, "recognized as one of the world's premier litigation firms,"[2] for more time to prepare. Although skeptical of this allegation, the Court, when initially denying severance, nonetheless extended the trial date by more than six weeks to give Staley more time to prepare. See Conference of March 16, 2023, Tr. 25: 13-16 (extending the trial date from September 5, 2023 to October 23, 2023). While in the Court's view, this was more than

---

[2] See Williams & Connolly LLP (Apr. 10, 2023), https://www.wc.com/.

sufficient to satisfy any reasonable needs Staley might have in this regard, nevertheless, in light of Staley's further complaints on this score in his current letter motion, the Court will now extend further courtesies to Staley's counsel by modifying the pre-trial schedule to extend certain of the interim deadlines and other interim requirements of which he complains. But none of Staley's whines remotely warrants either a severance or a change in the joint trial date.

As for Jane Doe 1, she now argues for severance of Staley on the ground that JP Morgan's "true reason for bringing Staley into the lawsuit is to harass and intimidate not only Jane Doe but also other Epstein victims," by "forc[ing] her to share private medical records and her most intimate communications with one of her abusers." See ECF No. 80, at 1. But quite aside from the fact that JP Morgan unequivocally denies this unsupported accusation about why it sued Staley, Jane Doe 1 cannot have been blind to fact that in bringing a lawsuit that accuses JP Morgan of facilitating Mr. Epstein's alleged sex trafficking of her and others, sensitive matters would necessarily have to be the subject of discovery. The proper way to handle this is by making such discovery subject to confidential treatment, and, indeed, JP Morgan represents that it "has therefore agreed to every request to make matters confidential" made by Jane Doe. See ECF No. 81, at 1.

In short, while the instant motion for severance could be denied on the ground that it simply rehashes arguments that Staley previously made and Jane Doe could have made, the Court, after a de novo review

of the motion, denies it once again. The trial of these closely related claims, previously set for October 23, 2023, will not be moved.

In an excess of liberality, the Court has also chosen to construe Staley's motion as an additional motion for modification of the pre-trial discovery schedule, and on that basis will permit fact discovery by Mr. Staley's counsel (now scheduled to be completed by May 30) to continue for an additional seven weeks, i.e., until July 18, 2023. Similarly, the date for filing by Mr. Staley's counsel of Requests to Admit will be moved an additional seven weeks, i.e., until May 26, 2023. Finally, with respect to any witness who was deposed by other parties before March 16, 2023, Mr. Staley's counsel may, if they wish, take the further deposition of any such witness for up to five hours in duration.

The Clerk is respectfully directed to close entries 79 and 80 on the docket of Jane Doe v. JP Morgan Chase Bank, N.A., 22-cv-10019, and entry 113 on the docket of Government of the United States Virgin Islands v. JP Morgan Chase Bank, N.A., 22-cv-10904.

SO ORDERED.

New York, NY
April 10, 2023

JED S. RAKOFF, U.S.D.J.