UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS,

        Plaintiff,

    -v-

JPMORGAN CHASE BANK, N.A.,

        Defendant/Third-Party Plaintiff,

    -v-

JAMES EDWARD STALEY,

        Third-Party Defendant.
```

22-cv-10904 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Plaintiff the Government of the United States Virgin Islands (the "USVI") seeks to amend its complaint against defendant JPMorgan Chase Bank, N.A. ("JP Morgan"), adding a claim that JP Morgan obstructed the enforcement of the Trafficking Victims Protection Act ("TVPA") in violation of 18 U.S.C. § 1591(d). Since the USVI may no longer amend its complaint by right and JP Morgan opposes amendment, the USVI must seek the Court's leave to amend. See Fed. R. Civ. Pro. 15(a)(1)-(2). For reasons given below, the Court grants that leave.

Leave to amend is entrusted "to the sound discretion" of this Court. Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018). While leave should be freely given when "justice so requires," Fed. R. Civ. Pro. 15(a)(2), the Court may also deny leave "for good reason, including futility,

1

bad faith, undue delay, or undue prejudice to the opposing party." Kim, 884 F.3d at 105.

It is a bit of a stretch to say that justice requires granting the USVI leave to amend. The USVI could have pled its obstruction claim when it filed its original complaint or when it amended that complaint on January 10, 2023. And while the USVI did plead a similar claim -- alleging that JP Morgan violated the Virgin Islands Criminally Influenced and Corrupt Organizations Act ("CICO") by concealing Jeffrey Epstein's sex trafficking -- nothing prevented the USVI from also pleading that this same conduct obstructed the enforcement of the TVPA as well, as co-plaintiff Jane Doe 1 did. See ECF No. 1, ¶¶ 109-18 (pleading the CICO claim); ECF No. 17, at ¶¶ 120-29 (same); Jane Doe v. JP Morgan Chase Bank, N.A., 22-cv-10019, Dkt. No. 36, at ¶¶ 468-90 (pleading a TVPA obstruction claim).

At the same time, however, there does not appear to be a good reason to deny the USVI the leave that it seeks. JP Morgan argues that amendment would be futile because the amended complaint fails to state an obstruction claim. See ECF No. 110, at 3-6. Many of JP Morgan's arguments against the sufficiency of the USVI's pleadings simply rehash points that it made against either Jane Doe 1's obstruction claim or the USVI's other claims, which the Court rejected when it denied in part JP Morgan's motion to dismiss. See ECF No. 90 (denying dismissal of Jane Doe's obstruction claim and denying dismissal of a TVPA claim asserted by the USVI). JP Morgan also claims that the USVI fails to allege that it interfered with any government's enforcement efforts.

<u>See</u> ECF No. 110, at 5-6 But this assertion is belied by the proposed Second Amended Complaint, which alleges that JP Morgan intentionally obscured Jeffrey Epstein's alleged sex-trafficking scheme from federal authorities by permitting Epstein (and his affiliated entities) to withdraw large amounts of cash and by violating reporting requirements. <u>See</u> ECF No. 107, Ex. 1, at ¶¶ 147-68.

For similar reasons, JP Morgan would not be prejudiced by permitting the USVI to amend its complaint. The USVI's delay in pleading an obstruction claim did indeed deny JP Morgan an opportunity to attack that claim in its motion to dismiss. But JP Morgan's response to this motion suggests that it would not have made any credible arguments that were not already before the Court.

For the foregoing reasons, the Court hereby grants the USVI's motion to amend its complaint. The USVI's Second Amended Complaint will hereafter be the operative complaint in this case.

The Clerk is respectfully directed to close entry 106 on the docket of this case.

SO ORDERED.

New York, NY
April 10, 2023

_____
JED S. RAKOFF, U.S.D.J.