IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>          Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Defendant/Third-Party Plaintiff.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY,<br><br>Third-Party Defendant. | Case No. 22-cv-10904 (JSR) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS' SECOND AMENDED COMPLAINT**

JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Motion to Dismiss the Government of the United States Virgin Islands' ("USVI") Second Amended Complaint. JPMC recognizes that the Court has previously considered and rejected these arguments in connection with JPMC's previous motions, and submits this motion only to preserve these arguments for appeal.

## I. USVI'S COMPLAINT SHOULD BE DISMISSED[1]

### A. USVI's Complaint Fails to State a Claim for Violation of the TVPA (Count I)

First, USVI's TVPA claim fails because §1595(d) does not apply retroactively. *See Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 204-205 (5th Cir. 2017); Dkt. 40 at 4-5; Dkt. 56 at 1-2. Second, USVI fails to plead facts sufficient to establish *parens patriae* standing. *See Alfred L. Snapp & Son, Inc. v. P.R. ex rel. Barez*, 458 U.S. 592, 607 (1982); Dkt. 40 at 5-7; Dkt. 56 at 2-3. And, third, USVI does not plead fact sufficient to state a claim under the TVPA because it fails to allege participation in, knowledge of, or benefit from sex trafficking. Dkt. 40 at 7-14; Dkt. 56 at 3-6 (same).

### B. USVI's Complaint Fails to State a Claim for Obstruction under §1591(d) (Count V)

USVI's obstruction claim fails, first, as stated above, because §1595(d) does not apply retroactively and USVI has not established *parens patriae* standing. *See* Dkt. 40 at 4-7; Dkt. 56 at 1-3. Its obstruction claim also fails because it fails to explain how an "alleged failure to file SARs" constitutes obstruction, *Doe v. JPMC*, 22-cv-10019 (S.D.N.Y.), Dkt. 46 at 28, and fails to

---

[1] While USVI's proposed Second Amended Complaint includes Counts II (CICO - TVPA), III (CICO – BSA), and IV (USVI CFDBPA), those counts are unmodified from USVI's First Amended Complaint and were previously dismissed by this Court. Dkt. 90. To the extent necessary, JPMC renews its motion to dismiss those counts for the reasons stated in it its prior motion to dismiss. Dkt. 40 at 14-25; Dkt. 56 at 7-10.

1

plead what ongoing enforcement effort JPMC's conduct knowingly obstructed, *see id.* at 29; Dkt. 111 at 3-5; *see also United States v. Farah*, 766 F.3d 599, 612 (6th Cir. 2014).

|  |  |
|---|---|
| Dated: April 24, 2023 | Respectfully submitted,<br><br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br><br>/s/ *Felicia Ellsworth*<br>Felicia H. Ellsworth<br>John J. Butts<br>60 State Street<br>Boston, MA 02109<br>(t) (617) 526-6000<br>(f) (617) 526-5000<br>felicia.ellsworth@wilmerhale.com<br>john.butts@wilmerhale.com<br><br>Boyd M. Johnson III<br>Robert L. Boone<br>Hillary Chutter-Ames<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(t) (212) 230-8800<br>(f) (212) 230-8888<br>boyd.johnson@wilmerhale.com<br>robert.boone@wilmerhale.com<br>hillary.chutter-ames@wilmerhale.com<br><br>*Attorneys for JPMorgan Chase Bank, N.A.* |