| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant/Third-Party Plaintiff. | Case No. 22-cv-10904 (JSR) |
| JPMORGAN CHASE BANK, N.A., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> JAMES EDWARD STALEY, <br><br> Third-Party Defendant. | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S**
**ANSWER TO SECOND AMENDED COMPLAINT**
**AND STATEMENT OF AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby files its Answer and Statement of Affirmative Defenses to the Second Amended Complaint of Plaintiff Government of the United States Virgin Islands, Case No. 22-cv-10904 (JSR), ECF No. 119 (the "SAC"), as follows:

To the extent the headings or jury demand in the SAC require a response, JPMC denies the allegations contained therein.

To the extent the first un-numbered paragraph of the SAC requires a response, JPMC admits that Plaintiff purports to bring this action under the specified statutes, but denies that

Plaintiff is entitled to damages or any other relief. JPMC otherwise denies the allegations in that paragraph.

## PARTIES

1. JPMC admits that the Attorney General of the United States Virgin Islands purports to bring this action as a *parens patriae* action on behalf of the Plaintiff pursuant to the statutes cited. JPMC denies that the Attorney General has the authority to bring this action and denies that the claims brought in this action have any merit.

2. By order dated March 20, 2023, the Court dismissed Count Four and thus no response is required.

3. JPMC lacks knowledge or information sufficient to form an opinion as to the truth of the allegations in the first sentence of paragraph 3, and on that basis denies them. The remaining allegations in paragraph 3 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the remaining allegations in paragraph 3.

4. JPMC is a national bank chartered by the Office of the Comptroller of the Currency, with its main office in New York, New York. JPMC denies the remaining allegations in paragraph 4.

5. Denied.

6. The allegations in paragraph 6 purport to state conclusions of law or characterize the contents of other allegations in the SAC and thus no response is required. JPMC respectfully refers the Court to those specific allegations. To the extent a response is required, JPMC denies the allegations.

7. The allegations in paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, JPMC denies the allegations.

## JURISDICTION, VENUE, AND RELATED CASE

8.      JPMC admits that Plaintiff purports to bring this action pursuant to the statutes and regulations cited.  JPMC denies that the claims brought in this action have any merit.

9.      The allegations in paragraph 9 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits that this Court has subject-matter jurisdiction over Plaintiff's sole surviving TVPA claim following the Court's March 20, 2023 order and otherwise denies the allegations in paragraph 9.

10.      By order dated March 20, 2023, the Court dismissed Plaintiff's Virgin Islands law claims and thus no response is required.  To the extent a response is required, JPMC denies the allegations in paragraph 10.

11.      The allegations in paragraph 11 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC does not contest that the Court has personal jurisdiction over JPMC as to the sole surviving claim following the Court's March 20, 2023 order, but JPMC denies the remaining allegations in paragraph 11.

12.      The allegations in paragraph 12 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits that the Court has accepted this case as related to the case cited, but denies the remaining allegations in paragraph 12.

## BACKGROUND

13.      The allegations in paragraph 13 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC admits the allegations in paragraph 13.

14.      The allegations in paragraph 14 purport to characterize the contents of federal statutes and thus no response is required.  JPMC respectfully refers the Court to the language of those laws for a complete and accurate recitation of their contents.  The allegations in paragraph

14 are, moreover, conclusions of law to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 14.

15. Admitted.

16. The allegations in paragraph 16 purport to characterize or quote from the contents of a public document and thus no response is required. To the extent a response is required, JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents.

17. The first, second, and third sentences of paragraph 17 purport to characterize or quote from the contents of a public document and thus no response is required. JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents. The allegations in the fourth sentence of paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, JPMC denies the allegations in the fourth sentence of paragraph 17.

18. The allegations in paragraph 18 purport to characterize or quote from the contents of a public document and thus no response is required. JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents.

19. By order dated March 20, 2023, the Court dismissed Plaintiff's CICO Act claims, and thus no response is required.

20. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies them.

21. The allegations in paragraph 21 purport to characterize the contents of public documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies them.

22.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them.

23.     The allegations in paragraph 23 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  The allegations in the second and third sentences of paragraph 23 are, moreover, conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them.

24.     The allegations in paragraph 24 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  The allegations in paragraph 24 are, moreover, conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies them.

25.     The allegations in paragraph 25 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and on that basis denies them.

26.     The allegations in paragraph 26 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that

document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies them.

27.     The allegations in paragraph 27 are conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them.

28.     The allegations in paragraph 28 are conclusions of law to which no response is required.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies them.

29.     The allegations in paragraph 29 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies them.

30.     The allegations in paragraph 30 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis denies them.

31.     The allegations in paragraph 31 purport to characterize the contents of a document attached to the SAC and thus no response is required.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is

required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies them.

32. The allegations in paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, JPMC lacks knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies them.

33. The allegations in paragraph 33 purport to characterize the contents of a document attached to the SAC and thus no response is required. JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis denies them.

## ALLEGATIONS

34. Denied.

35. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis denies them.

36. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and on that basis denies them.

37. JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies them.

38. JPMC admits that Epstein pled guilty to felony solicitation of prostitution and procurement of minors to engage in prostitution, that he was sentenced to 18 months in jail, and that he was required to register as a sex offender.

39. The allegations in paragraph 39 purport to characterize the contents of a public document, and thus no response is required. JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents. To the extent a response is

required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis denies them.

40. The allegations in paragraph 40 purport to characterize or quote from the contents of public documents, and thus no response is required. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies them.

41. JPMC admits that Epstein maintained accounts at JPMC between 1998 and 2013, and denies the remaining allegations in paragraph 41.

42. The allegations in paragraph 42 purport to characterize the contents of financial records and thus no response is required. JPMC respectfully refers the Court to those records for a complete and accurate recitation of their contents. The allegations in the first and second sentences of paragraph 42 are, moreover, conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 42.

43. Denied.

44. The allegations in paragraph 44 purport to characterize or quote from documents and thus require no response. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent that a response is required, JPMC denies the allegations in paragraph 44.

45. The allegations in paragraph 45 purport to characterize or quote from documents and thus require no response. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent that a response is required, JPMC denies the allegations in paragraph 45.

46.     The allegations in paragraph 46 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 46.

47.     The allegations in paragraph 47 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 47.

48.     The allegations in paragraph 48 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 48.

49.     The allegations in paragraph 49 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 49.

50.     The allegations in paragraph 50 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 50.

51.     The allegations in paragraph 51 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a

complete and accurate recitation of their contents.  To the extent that a response is required, JPMC denies the allegations in paragraph 51.

52.     JPMC admits that James Staley was the CEO of JPMC's Asset Management line of business from 2001 to 2009 and from 2009 to 2013 was the CEO of JPMC's Investment Banking line of business.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegation that James Staley "developed a close relationship with Epstein" during the time period alleged, and on that basis denies those allegations.  JPMC denies the remaining allegations in paragraph 52.

53.     The allegations in paragraph 53 purport to characterize or summarize documents, and thus no response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC admits that James Staley exchanged emails with Epstein from Staley's JPMC email and other email accounts between 2008 and 2012.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and on that basis denies them.

54.     The allegations in the first, second, and third sentences of paragraph 54 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent that a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 54, and on that basis denies them.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 54, and on that basis denies them.

55.     The allegations in the first and second sentences of paragraph 55 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 55, and on that basis denies them.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 55, and on that basis denies them.

56.     The allegations in paragraph 56 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56, and on that basis denies them.

57.     The allegations in paragraph 57 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

58.     The allegations in paragraph 58 purport to characterize or quote from documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and on that basis denies them.

59.     The allegations in paragraph 59 purport to characterize the contents of documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

60.     The allegations in paragraph 60 purport to characterize the contents of documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and on that basis denies them.

61.     The allegations in paragraph 61 purport to characterize the contents of documents and thus require no response.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

62.     JPMC lacks knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of paragraph 62, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 62.

63.     JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client.  JPMC denies the remaining allegations in paragraph 63.

64.     JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and on that basis denies them.

65.     The allegations in paragraph 65 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

66.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first and second sentences of paragraph 66, and on that basis denies them.  The allegations in the third sentence of paragraph 66 purport to characterize the contents of documents.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in the third sentence of paragraph 66, and on that basis denies them. JPMC denies the allegations in the fourth sentence of paragraph 66.

67. JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 67, and on that basis denies them. The allegations in the second and third sentences of paragraph 67 purport to characterize or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 67, and on that basis denies them. JPMC denies the allegations in the fourth sentence of paragraph 67. The allegations in the fifth sentence of paragraph 67 purport to characterize, summarize, or quote from a document attached to the SAC. JPMC respectfully refers the Court to the document for a complete and accurate recitation of its contents. To the extent a response is required, JPMC denies the allegations in the fifth sentence of paragraph 67.

68. JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 68, and on that basis denies them.

69. JPMC denies the allegations in the first sentence of paragraph 69. The allegations in the second sentence of paragraph 69 purport to characterize or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC denies the allegations in the second sentence of paragraph 69. JPMC denies the allegations in the third sentence of paragraph 69.

70. JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client. JPMC denies the remaining allegations in paragraph 70.

71.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 71, and on that basis denies them.  The allegations in the second sentence of paragraph 71 purport to characterize the contents of other allegations in the SAC and thus no response is required.  To the extent a response is required, JPMC respectfully refers the Court to those specific allegations.

72.     JPMC lacks knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 72, and on that basis denies them.  JPMC denies the allegations in the second sentence of paragraph 72.

73.     The allegations in paragraph 73 purport to characterize or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC denies the allegations in paragraph 73.

74.     The allegations in paragraph 74 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

75.     JPMC denies the allegations in the first sentence of paragraph 75.  The allegations in the second and third sentences of paragraph 75 are conclusions of law, and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the second and third sentences of paragraph 75.  The allegations in the fourth sentence of paragraph 75 purport to characterize or quote from a document.  JPMC respectfully refers the Court to that document for a complete and accurate recitation of its contents.  To the extent a response is required, JPMC denies the allegations in the fourth sentence of paragraph 75.

76.     The allegations in paragraph 76 purport to characterize, summarize, or quote from documents.  JPMC respectfully refers the Court to those documents for a complete and accurate

recitation of their contents. To the extent a response is required, JPMC denies the allegations in paragraph 76. The allegations in the last sentence of paragraph 76 also purport to characterize 31 C.F.R. § 1010.620(b)(3). JPMC respectfully refers the Court to the language of that regulation for a complete and accurate recitation of its contents.

77. The allegations in paragraph 77 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

78. JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client. JPMC admits that, without admitting wrongdoing, it entered into a consent order with the OCC in January 2013. The remaining allegations in paragraph 78 purport to characterize, summarize, or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC denies the remaining allegations in paragraph 78.

79. JPMC admits that in 2013 JPMC communicated to Epstein that JPMC decided to exit Epstein as a banking client. JPMC lacks knowledge or information sufficient to respond to the remaining allegations in paragraph 79, and on that basis denies them.

80. The allegations in paragraph 80 purport to characterize, summarize, or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or information sufficient to respond to the allegations in paragraph 80, and on that basis denies them.

81. The allegations in paragraph 81 purport to characterize, summarize, or quote from documents. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC lacks knowledge or

information sufficient to respond to the allegations in paragraph 81, and on that basis denies them.

82. The allegations in paragraph 82 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

83. The allegations in paragraph 83 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

84. The allegations in paragraph 84 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

85. The allegations in paragraph 85 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

86. JPMC denies the allegations in the first, second, and third sentences of paragraph 86. The allegations in the fourth sentence of paragraph 86 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations in the fourth sentence of paragraph 86.

87. The allegations in paragraph 87 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

88. The allegations in paragraph 88 purport to characterize federal banking regulations. JPMC respectfully refers the Court to the language of those regulations for a complete and accurate recitation of their contents.

89. The allegations in paragraph 89 are conclusions of law and thus no response is required. To the extent a response is required, JPMC denies the allegations.

90. Denied.

91. Denied.

92. The allegations in paragraph 92 purport to characterize or quote from the contents of documents, and thus require no response. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

93. The allegations in paragraph 93 purport to characterize or quote from a deposition taken in this case, and thus no response is required. JPMC respectfully refers the Court to the transcript of that deposition for a complete and accurate recitation of its contents.

94. The allegations in paragraph 94 purport to characterize or quote from documents, and thus no response is required. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

95. The allegations in paragraph 95 purport to characterize or quote from documents, and thus no response is required. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents. To the extent a response is required, JPMC denies the allegations in paragraph 95.

96. The allegations in paragraph 96 purport to characterize or quote from a deposition taken in this case, and thus no response is required. JPMC respectfully refers the Court to the transcript of that deposition for a complete and accurate recitation of its contents.

97. JPMC denies the allegations in the first and second sentences of paragraph 97. The allegations in the third sentence of paragraph 97 purport to characterize the contents of documents, and thus no response is required. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

98. JPMC denies the allegations in the first sentence of paragraph 98. The remaining allegations in paragraph 98 purport to characterize or quote from documents, and thus no

response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.

99.     The allegations in the first, second, third, fourth, fifth, and sixth sentences of paragraph 99 purport to characterize or quote from documents, and thus no response is required. JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  JPMC lacks knowledge or information sufficient to respond to the allegations in the seventh sentence of paragraph 99, and on that basis denies them.

100.   The allegations in paragraph 100 purport to characterize or quote from documents, and thus no response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC denies the allegations in paragraph 100.

101.    The allegations in the first sentence of paragraph 101 purport to characterize or quote from documents, and thus no response is required.  JPMC respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC denies the allegations in paragraph 101.

## CAUSES OF ACTION

### COUNT ONE
**Participating in a Sex-Trafficking Venture**
**Violation of Trafficking Victims Protection Act**
**18  U.S.C. §§ 1591(a)(2), 1595(d) (*Parens Patriae*)**

102.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

103.    The allegations in paragraph 103 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

104.     The allegations in paragraph 104 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

105.     The allegations in paragraph 105 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

106.     The allegations in paragraph 106 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

107.     The allegations in paragraph 107 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

108.     The allegations in paragraph 108 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

109.     The allegations in paragraph 109 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

110.     The allegations in paragraph 110 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

111.     The allegations in paragraph 111 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

112.     The allegations in paragraph 112 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

113.     The allegations in paragraph 113 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

114.     The allegations in paragraph 114 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

115.    The allegations in paragraph 115 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

116.    The allegations in paragraph 116 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

117.    The allegations in paragraph 117 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

118.    The allegations in paragraph 118 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

119.    The allegations in paragraph 119 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

**COUNT TWO**
**Criminal Activity—Participating, Directly or Indirectly, in a Sex-Trafficking Venture**
**Violation of Trafficking Victims Protection Act, 18 U.S.C. § 1591(a)(2),**
**actionable under Virgin Islands Criminally Influenced and Corrupt Organizations Act,**
**14 V.I.C. §§ 604(e) and 605(a)**

120.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

121.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

122.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

123.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

124.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

125.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

126.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

127.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

128.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

129.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## COUNT THREE
### Criminal Activity—Willfully Failing To Comply With Federal Banking Law, Violation of Bank Secrecy Act, 31 U.S.C. § 5322(a), as it incorporates 31 C.F.R. § 1020.320(a) and 31 C.F.R. § 1010.620, actionable under Virgin Islands Criminally Influenced and Corrupt Organizations Act, 14 V.I.C. §§ 604(e) and 605(a)

130.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

131.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

132.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

133.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

134.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

135.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

136.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

137.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

138.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

139.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

**COUNT FOUR**
**Unfair Methods of Competition**
**Violation of Virgin Islands Consumer Fraud**
**and Deceptive Business Practices Act, 12A V.I.C. § 304**

140.     JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

141.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

142.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

143.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

144.     By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

145.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

146.    By order dated March 20, 2023, the Court dismissed this Count and thus no response is required.

## COUNT FIVE
### Obstruction of Enforcement of Trafficking Victims Protection Act
### 19  U.S.C. §§ 1591(d),1595(d) (*Parens Patriae*)

147.    JPMC repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

148.    The allegations in paragraph 148 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

149.    The allegations in paragraph 149 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

150.    The allegations in paragraph 150 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

151.    The allegations in paragraph 151 purport to characterize the contents of public documents, and thus no response is required.  JPMC respectfully refers the Court to the contents of those documents for a complete and accurate recitation of their contents.  To the extent a response is required, JPMC admits the allegations in the second and third sentences of paragraph 151.  JPMC lacks knowledge or information sufficient to form a belief as to the truth of the first and fourth sentences of paragraph 151, and on that basis denies them.

152.    The allegations in the first and third sentences of paragraph 152 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first and third sentences of paragraph 152.  JPMC denies the allegations in the second sentence of paragraph 152.

153.    The allegations in paragraph 153 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

154.    The allegations in paragraph 154 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

155.    The allegations in paragraph 155 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

156.    The allegations in paragraph 156 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

157.    The allegations in paragraph 157 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

158.    The allegations in paragraph 158 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

159.    The allegations in paragraph 159 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

160.    The allegations in the first sentence of paragraph 160 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the first sentence of paragraph 160.  JPMC denies the allegations in the second sentence of paragraph 160.

161.    JPMC denies the allegations in the first, second, third, and fourth sentences of paragraph 161.  The allegations in the fifth sentence of paragraph 161 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the fifth sentence of paragraph 161.

162.     JPMC denies the allegations in the first and second sentences of paragraph 162. The allegations in the third sentence of paragraph 162 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations in the third sentence of paragraph 162.

163.     The allegations in paragraph 163 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

164.     The allegations in paragraph 164 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

165.     JPMC denies the allegations in the first sentence of paragraph 165.  The allegations in the second sentence of paragraph 165 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

166.     The allegations in paragraph 166 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

167.     The allegations in paragraph 167 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

168.     The allegations in paragraph 168 are conclusions of law and thus no response is required.  To the extent a response is required, JPMC denies the allegations.

## REQUEST FOR RELIEF

JPMC denies that the relief requested is appropriate or warranted.

## JURY DEMAND

To the extent the jury demand requires a response, JPMC denies the allegations contained therein.

All allegations in the SAC not specifically admitted or otherwise answered are denied.

## DEFENDANT'S STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, JPMC asserts the following defenses.  JPMC reserves the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action.

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SECOND DEFENSE

JPMC's actions were in full compliance with applicable laws and regulations.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH DEFENSE

Plaintiff's damages, to the extent Plaintiff suffered any, should be barred or reduced in accordance with the doctrines of comparative and contributory negligence or fault.

### NINTH DEFENSE

Plaintiff's damages, to the extent Plaintiff suffered any, are the result of the conduct of third parties over whom JPMC exercises no control.

**TENTH DEFENSE**

Plaintiff's injuries and damages, if any were in fact sustained, were caused in whole or in part by the criminal acts of third parties not a party to this litigation.

**ELEVENTH DEFENSE**

The causes of action asserted and any damages claimed are barred in whole or in part because, to the extent that any agents or employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

**TWELFTH DEFENSE**

The causes of action asserted and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than JPMC.

**THIRTEENTH DEFENSE**

With respect to Plaintiff's claims for punitive damages, JPMC asserts that any determination and enforceability of an award is limited by the common law of New York and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, including *BMW of N. America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

**FOURTEENTH DEFENSE**

Plaintiff lacks parens patriae standing to pursue its claim(s) under the TVPA.

**FIFTEENTH DEFENSE**

JPMC did not have knowledge, constructive or otherwise, of any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

## SIXTEENTH DEFENSE

JPMC did not have knowledge, constructive or otherwise, that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause any person to engage in a commercial sex act.

## SEVENTEENTH DEFENSE

JPMC did not have knowledge, constructive or otherwise, that a person under the age of 18 would be caused to engage in a commercial sex act.

## EIGHTEENTH DEFENSE

Any knowledge on the part of James Staley (1) of any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595; (2) that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause any person to engage in a commercial sex act; or (3) that a person under the age of 18 would be caused to engage in a commercial sex act, is not imputed to JPMC.

## NINETEENTH DEFENSE

JPMC did not participate in any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

## TWENTIETH DEFENSE

JPMC did not knowingly benefit from any participation in any venture which directly or indirectly violated 28 U.S.C. §§ 1591 or 1595.

## TWENTY-FIRST DEFENSE

JPMC did not obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

## TWENTY-SECOND DEFENSE

JPMC lacked the requisite intent to obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

## TWENTY-THIRD DEFENSE

JPMC did not have any knowledge of any enforcement of the TVPA in connection with Epstein.

## TWENTY-FOURTH DEFENSE

To the extent it is found liable, JPMC reserves the right to seek indemnification from any party and/or non-party so liable as a matter of law or by contractual right.  Nothing contained herein shall be construed as a waiver of that right.

## TWENTY-FIFTH DEFENSE

The causes of action asserted and any damages claimed are barred in whole or in part because the statute sued upon is unconstitutionally vague and ambiguous.

Dated: April 24, 2023

Respectfully submitted,

**WILMER CUTLER PICKERING
  HALE AND DORR LLP**

/s/ *Felicia Ellsworth*
Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6000
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
john.butts@wilmerhale.com

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street

New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

*Attorneys for JPMorgan Chase Bank, N.A.*