UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case Number: 1:22-cv-10904-JSR<br>) |
| JPMORGAN CHASE BANK, N.A. | )<br>) |
| Defendant/Third-Party Plaintiff. | )<br>) |
| JPMORGAN CHASE BANK, N.A. | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| V. | )<br>) |
| JAMES EDWARD STALEY | )<br>) |
| Third-Party Defendant. | )<br>) |

**GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS'
MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE
OF SUBPOENA FOR THIRD PARTY ELON MUSK**

NOW COMES the Government of the United States Virgin Islands, the Plaintiff in the above-captioned action, and moves pursuant to Fed. R. Civ. P. 45 for an Order authorizing the Government to arrange alternative service of its Subpoena to Produce Documents upon third party Elon Musk. As grounds for this Motion, the Government states the following:

The Government brought this civil action against Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") as part of its ongoing effort to protect public safety and to hold accountable those who facilitated or participated in, directly or indirectly, the trafficking enterprise of Jeffrey Epstein ("Epstein"). The Government's investigation has revealed that JPMorgan knowingly, recklessly,

1

and unlawfully provided and pulled the levers through which Epstein's recruiters and victims were paid and was indispensable to the operation and concealment of the Epstein trafficking enterprise. Financial institutions can connect—or choke—human trafficking networks, and enforcement actions filed and injunctive relief obtained by attorneys general are essential to ensure that enterprises like Epstein's cannot flourish in the future. The Government's investigation further revealed that JPMorgan financially profited from the deposits made by Epstein and Epstein-controlled entities located in the Virgin Islands and from the business opportunities referred to JPMorgan by Epstein and his co-conspirators in exchange for its known facilitation of and implicit participation in Epstein's sex trafficking venture.

Upon information and belief, Elon Musk—the CEO of Tesla, Inc., among other companies—is a high-net-worth individual who Epstein may have referred or attempted to refer to JPMorgan. The Government issued a subpoena for documents to Mr. Musk on April 28, 2023 (attached as Exhibit 1). The Government made good-faith attempts to obtain an address for Mr. Musk, including hiring an investigative firm to search public records databases for possible addresses. Declaration of Linda Singer ("Singer Decl."), ¶ 2 (attached as Exhibit 2). One address found was that of Mr. Musk's counsel who has waived service on Mr. Musk's behalf in several recent federal cases filed within the last year. The Government contacted Mr. Musk's counsel via email to ask if he would be authorized to accept service on Mr. Musk's behalf in this matter but did not receive a response confirming or denying his authority. Singer Decl., ¶¶ 3-4. In addition, the Government's process server attempted service at the business address for Tesla, Inc. identified by the investigative firm, but was unable to confirm whether or not Mr. Musk was at the location and available for service and was directed by security to contact the company's registered agent and/or legal department. Singer Decl., ¶ 5.

This Court long has recognized that Rule 45 of the Federal Rules of Civil Procedure permits alternative service of a subpoena by certified mail where a party is unable to provide personal service "[i]n accordance with the interpretive principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Cordius Trust v. Kummerfeld*, 45 Fed. R. Serv. 3d 1151, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting Fed. R. Civ. P. 1). The Court has permitted alternative service where a party's repeated attempts at personal service have failed, *see SEC v. David*, No. 19-cv-9013, 2020 WL 703464, at *1-2 (S.D.N.Y. Feb. 12, 2020) (Rakoff, J.), or where there is an "approaching close of discovery," *In re Petrobras Securities Litig.*, No. 14-CV-9662, 2016 WL 908644, at *1-2 (S.D.N.Y. March 4, 2016) (Rakoff, J.) (authorizing alternative service by email and overnight mail 56 days before April 29, 2016 discovery end date).

Both circumstances are present here. The Government has made good-faith efforts to obtain an address for Mr. Musk and to serve a subpoena upon him personally. Moreover, the fact-discovery end date is at the end of this month. In these circumstances, the Court should in the interest of securing just and expeditious resolution authorize the Government to arrange alternative service of its Subpoena to Produce Documents by serving Mr. Musk via service upon Tesla Inc.'s registered agent.

Dated: May 15, 2023

**ARIEL SMITH, ESQ.**
**ATTORNEY GENERAL NOMINEE**

By counsel,

/s/ *Linda Singer*
Linda Singer (*pro hac vice*)
Mimi Liu (*pro hac vice*)
David I. Ackerman
Paige Boggs (*pro hac vice*)
MOTLEY RICE LLC
401 9th Street NW, Suite 630

Washington, DC 20004
Tel: (202) 232-5504
Fax: (202) 232-5513
lsinger@motleyrice.com
mliu@motleyrice.com
dackerman@motleyrice.com
pboggs@motleyrice.com

**VENETIA VELAZQUEZ**
Admitted *Pro Hac Vice*
Acting Chief, Civil Division
Virgin Islands Department of Justice
Office of the Attorney General
213 Estate La Reine, RR1 Box 6151
Kingshill, St. Croix
U.S. Virgin Islands 00850
Tel.: (340) 773-0295 Ext. 202481
venetia.velazquez@doj.vi.gov

*Attorneys for Plaintiff Government of the United States Virgin Islands*