UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>        Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant/Third-Party Plaintiff. | Case No. 22-cv-10904 (JSR) |
| JP MORGAN CHASE BANK, N.A.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY,<br><br>Third-Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF SUBPOENA ON THIRD PARTY CELESTINO A. WHITE, SR.**

JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this memorandum of law in support of its motion for an order authorizing alternative service pursuant to Federal Rule of Civil Procedure Rule 45 in order to serve a subpoena for testimony and documents (the "Subpoena") via email on third party Celestino A. White, Sr. ("Mr. White").

**I.    INTRODUCTION**

Despite diligent efforts over the past month to serve the Subpoena on Mr. White, JPMC has been unable to do so. As detailed below, JPMC attempted to personally serve the Subpoena

on Mr. White on four different occasions. No attempt has been successful to date, and there is no guarantee that personal service will succeed going forward with Mr. White.

However, JPMC does have a means of communicating with Mr. White. Specifically, JPMC's local counsel in the United States Virgin Islands ("USVI"), Kevin A. Rames, has been able to obtain Mr. White's known email address and send correspondence to that address. JPMC thus proposes using this email address as an alternative means of service of the Subpoena. As Mr. White undoubtedly will receive actual notice of the Subpoena if it is served via email to this address, JPMC respectfully asks this Court to enter an order authorizing JPMC to serve Mr. White via email.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    JPMC's Ability to Depose Mr. White is Integral to this Case

Mr. White served eleven terms, or twenty-two years, as a Senator in the USVI Legislature. Mr. White is currently a member of the Board of Governors of the Virgin Islands Port Authority ("VIPA"). One of Plaintiffs' key contentions in this case is that Defendant JPMC helped Jeffrey Epstein fraudulently conceal allegedly illegal conduct from the USVI Government. Second Amended Complaint ("SAC"), ECF. No. 119, at ¶ 123. Mr. White, having worked for the USVI Government, is uniquely situated in this fact discovery stage to help JPMC uncover the extent of the USVI Government's knowledge of the allegedly illegal conduct. As such, Defendants' ability to depose Mr. White is integral to its ability to litigate this case.

### B.    JPMC Attempts Unsuccessfully to Serve the Subpoena on Mr. White

On May 1, 2023, JPMC issued the Subpoena to Mr. White, requiring him to (i) produce certain documents and records and (ii) appear for an in-person deposition (attached as Exhibit 1). *See* Declaration of Felicia Ellsworth (the "Ellsworth Declaration"), ¶ 2 (attached as Exhibit 2). JPMC, through its process server, diligently, but unsuccessfully, attempted to serve Mr. White

with the Subpoena on April 24, 2023.  *See* Affidavit of Marlon Richardson (the "Richardson Affidavit") (attached as Exhibit 3).  JPMC's local counsel in the USVI, Kevin A. Rames, spoke with Mr. White via his cell phone on April 27, 2023.  Ellsworth Declaration, ¶ 4.  Mr. White informed Mr. Rames that he would cooperate with service by the process server at any time before May 7, 2023.  *Id.*  Thereafter on May 2, 6, and 7, 2023, JPMC, through its process server, diligently, but unsuccessfully, again attempted to serve Mr. White with the Subpoena.  *See* Richardson Affidavit.

Despite multiple efforts, JPMC was unable to personally serve Mr. White with the Subpoena.  This is because Mr. White actively evaded service of process on four different occasions and subsequently failed to respond to multiple follow-up telephone calls from Mr. Rames.  Ellsworth Declaration, ¶¶ 6-7.  On May 8, 2023, the process server called Mr. White, who stated that he was at the airport and going to be out of territory until May 23, 2023.  *Id.,* ¶ 8.  While JPMC's process server will be at the airport on May 23, 2023 to again attempt personal service on Mr. White, there is no guarantee that such efforts will succeed.  However, Mr. Rames has been able to send correspondence to Mr. White via his known email address within the last week.  *Id.,* ¶ 9.

### III. ARGUMENT

#### A. Service via Email is a Reliable and Expeditious Means of Service that is Likely to Reach Mr. White

Pursuant to Federal Rule of Civil Procedure 45, this Court may authorize "alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *See SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citations omitted); *see also Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (authorizing alternative service of subpoena that "reasonably insures actual receipt of the subpoena").  Alternative service is

appropriate where it "reasonably insures actual receipt of the subpoena by the witness" and "is reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections." *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (citations omitted); *see also In re Bibox Grp. Holdings Ltd. Secs. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020) ("[I]n order to comply with due process requirements, alternative service must provide notice that is reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action.") (citations and quotations marks omitted).

This district has held that service via email complies with constitutional notions of due process, especially where the facts show that the party to be served likely will receive the process served at the given email address. *See NYKCool A.B. v. Pacific Int'l Servs., Inc.*, 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) ("As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."); *see also SEC v. David*, 2020 WL 703464, at *1 (S.D.N.Y. Feb. 12, 2020) ("[T]he Court is persuaded that alternative service by email is warranted in this case."); *Sulzer Mixpac AG v. Medenstar*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) ("[T]he Court grants plaintiff's motion to serve defendant at the email address listed on Medenstar's Internet homepage…."); *see also Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) ("Email service has also repeatedly been found by courts to meet the requirements of due process."); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. March 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").

Moreover, because JPMC's process server was able to make contact with Mr. White via his cell phone, Mr. White already has knowledge of the lawsuit. This district has held that, "Service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit." *Marvici v. Roche Facilities Maintenance LLC*, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 6, 2021) (citing *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)).

Finally, as the USVI Government argued in its own motion for alternative subpoena service, ECF No. 132, this Court has allowed alternative service where multiple attempts at personal service have failed, *see SEC v. David*, No. 19-cv-9013, 2020 WL 703464, at *1-2 (S.D.N.Y. Feb. 12, 2020) (Rakoff, J.), or where the parties are "approaching close of discovery," *In re Petrobras Securities Litig.*, No. 14-CV-9662, 2016 WL 908644, at *1-2 (S.D.N.Y. March 4, 2016) (Rakoff, J.) (authorizing alternative service by email and overnight mail 56 days before the discovery cutoff). As explained above, JPMC diligently attempted personal service of the Subpoena on Mr. White multiple times but was unable to do so, as Mr. White actively evaded service. In addition, fact discovery in our case closes in just fifteen days.

As such, alternative service is more than warranted here. Service of the Subpoena on Mr. White via email will comply with constitutional notions of due process and provide Mr. White with sufficient notice of the Subpoena.

### IV. CONCLUSION

For the foregoing reasons, JPMC respectfully asks the Court to enter an order authorizing service of the Subpoena on Mr. White by email. If the Court enters an order authorizing alternative service of the Subpoena on Mr. White, JPMC will serve the Subpoena on Mr. White at his known email address.

Dated: May 15, 2023

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6000
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
john.butts@wilmerhale.com

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

*Attorneys for JPMorgan Chase Bank, N.A.*