June 12, 2023

**WILMERHALE**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Via ECF**

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

Re: *Gov't of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A., Case No. 1:22-cv-10904-JSR (S.D.N.Y.)* - Letter Brief on USVI's Improper Confidentiality Designations

Dear Judge Rakoff:

JPMorgan Chase Bank, N.A. ("JPMC") has repeatedly sought the consent of the Government of the United States Virgin Islands ("USVI") to file its May 23 Opposition to USVI's Motion to Strike publicly. Yet, although USVI lacks any basis to maintain confidentiality over the exhibits cited in that filing, it has refused to withdraw its confidentiality designations, thereby requiring this Court's intervention. Specifically, USVI has asserted confidentiality over public records reflecting embarrassing communications ▮▮▮▮▮ that reveal the USVI's ▮▮▮▮▮ and its abject failure to ▮▮▮▮▮. See Dkt. 160, Exs. 82-91, 93, & 94. But avoiding embarrassment is not a basis to keep court filings sealed.

The documents USVI seeks to shield from the public view are public records, produced in response to JPMC's document requests, that show ▮▮▮▮▮. See Dkt. 159, pp. 10-11. The USVI does not identify any basis in the Protective Order for it to designate these materials as confidential. See Dkt. 15, ¶2 (listing the limited categories of information that may be designated Confidential). They do not contain financial information, undisclosed information reported to law enforcement, materials related to ownership of a non-public company, trade secrets, information of an intimate nature, materials that fall within the ambit of the Bank Secrecy Act, or information designated Confidential Supervisory Information by a financial regulator. *Id.*

Instead of looking to the Protective Order entered in this case, USVI—which chose to come to this Court to press its claims—incorrectly asserts that exhibits must be kept confidential under a U.S. Virgin Islands statue related to sex offender registration, 14 V.I.C. § 1727, titled "Records; access." There is nothing in that section that speaks to documents relevant to a civil claim brought by USVI against a third party. It provides that sex offender records should be made available to law enforcement agencies "for law enforcement purposes" and "to government agencies conducting confidential background checks." *Id.* § 1727(a). It requires the Attorney General of the U.S. Virgin Islands to release information regarding a specific sex offender to the public when "the release of information … is necessary for public protection." *Id.* § 1727(b) & (c). It requires

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

disclosure to schools, *id.* § 1727(d), and gives particulars regarding the creation and content of a public sex offender registry website, *id.* § 1727(e).[1] Finally, it states that certain information—regarding arrests that did not result in conviction, social security numbers, travel and immigration documents, victim identities, "internet identities," and the identities of individuals in the witness protection program—should not be disclosed on the public website. *Id.* § 1727(f).[2]

The statute does all of this, but it *does not* provide that other government records—for example, communications between ███████████████████████████████████████████████████—must be kept confidential or are not otherwise subject to disclosure in civil litigation.[3]

What is more, USVI ignores other statutes that demonstrate the erroneous nature of its argument. First, 1 V.I.C. § 252 states, "It is hereby declared to be the policy of the Government of the Virgin Islands that the public is entitled to the fullest practicable information regarding the decision making processes of this government." And 3 V.I.C. § 881, on the examination of "public records" (defined as "all records and documents of or belonging to this Territory or any branch of government in such Territory or any department, board, council or committee of any branch of government," *id.* § 881(a)), gives citizens a general right to examine and copy all public records "unless some other provision of the Code expressly limits such right or requires such records to be kept secret or confidential," *id.* § 881(b). It then provides a list of records that "shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release information." *Id.* § 881(g). Absent from that list of fifteen record types is any mention of records related to sex offender registration. *Id.*

JPMC respectfully requests that the Court issue an Order rejecting USVI's confidentiality designations and allow JPMC to refile its Opposition in unredacted form, along with exhibits redacted only to the extent necessary to prevent the disclosure of personal information regarding unrelated individuals.

Sincerely,

/s/*Felicia H. Ellsworth*
   Felicia H. Ellsworth

---

[1] To the extent USVI seeks to rely on the *expressio unius* canon to suggest that the information that this subsection requires the AG to include on the sex offender website is the only information that can be made public (a dubious use of that canon given the mandatory language of the subsection, *id.* ("The sex offender website *shall* … include the following information …")), the following section conclusively rebuts that argument by specifically identifying which information "shall not" be included on that website, *id.* § 1727(f).

[2] The federal statute on this subject, 34 U.S.C. § 20920, similarly includes exemptions from disclosure. And, similarly, none of them apply to the information USVI seeks to shield.

[3] USVI also fails to explain why confidentiality might be required except to protect the privacy of an individual. Yet the only individual discussed in the documents is Jeffrey Epstein. It would be strange indeed if USVI now seeks to protect Jeffrey Epstein, whose crimes form the basis for its lawsuit and who has been dead for almost four years.