June 14, 2023

**WilmerHale**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Via ECF**

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

Re:   *Gov't of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, Case No. 1:22-cv-10904-JSR (S.D.N.Y.)* – Letter Brief on USVI's Improper Confidentiality Designations

Dear Judge Rakoff:

JPMorgan Chase Bank, N.A. ("JPMC") has repeatedly sought the consent of the Government of the United States Virgin Islands ("USVI") to file its May 23 Opposition to USVI's Motion to Strike publicly. Yet, although USVI lacks any basis to maintain confidentiality over the exhibits cited in that filing, it has (again) refused to withdraw its confidentiality designations, thereby requiring this Court's intervention. Specifically, USVI asserts confidentiality over ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Dkt. 160, Exs. 8, 39-52, & 54-60. As before, USVI has no basis—beyond a desire to hide the embarrassing information in these documents from the public—to assert confidentiality.

The documents USVI seeks to shield are public records, produced in response to JPMC's document requests, that show ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Dkt. 159, pp. 6-7. USVI has not identified any basis to designate these materials confidential under the Protective Order. *See* Dkt. 15, ¶2 (listing the limited categories of information that may be designated Confidential). They do not contain confidential financial information,[1] information reported to law enforcement, materials related to ownership of a non-public company, trade secrets, information of an intimate nature, Bank Secrecy Act materials, or information designated Confidential Supervisory Information by a financial regulator. *Id.*

Instead, USVI asserts that exhibits must be kept confidential under an inapplicable federal statute, 26 U.S.C. § 6103, that governs the confidentiality of federal tax returns and the information therein. As an initial matter, this statute does not apply to the documents USVI seeks to withhold, which were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. It is the law of this

---

[1]   USVI has not raised this provision and, while these documents may contain "financial information" broadly defined, it is not of the type contemplated by the Protective Order. *Id.* ¶2(a) (listing "profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sales margins" as examples of the type of financial information that might be kept confidential). It is also not financial information belonging to the USVI, and the only person who might plausibly be concerned about keeping this information confidential, Jeffrey Epstein, is both unworthy of the concern that USVI shows and long deceased.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

Circuit that, because "Congress's purpose in enacting section 6103 … 'was to curtail loose disclosure practices by the IRS,'" that statute is only concerned with returns "obtained from the IRS." *Trump v. Deutsche Bank AG*, 943 F.3d 627, 649 (2d Cir. 2019) (quoting *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987)), *vacated and remanded on unrelated grounds sub nom. Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020).[2] Because these documents were not ▮▮▮▮, but rather ▮▮▮▮, they do not fall within the ambit of this statute.

What is more, JPMC offered, as a concession to USVI's concerns, that it would publicly file only the first few pages of each document—those reflecting ▮▮▮▮ that do not include ▮▮▮▮. Those pages ▮▮▮▮. *See, e.g.*, Dkt. 160, Ex. 56. USVI refused, asserting that those pages could not be disclosed because they "contain return information." But the statutory definition of "return information" requires that such information be "received by, recorded by, prepared by, furnished to, or collected ***by the Secretary with respect to a return***." 26 U.S.C. § 6103 (emphasis added). This language is limited to information flowing through the IRS. *Baskin v. United States*, 135 F.3d 338, 342 (5th Cir. 1998) ("The plain language of the statute reveals that 'return information' must be information which has somehow passed through, is directly from, or generated by the IRS.").[3] Even if the whole statute did not require that the information come from the IRS, this provision assuredly does.

Finally, JPMC notes that USVI's protestations ring especially hollow in light of the disclosures USVI has already made. First, without any mention of the above-referenced statute, it has produced the documents in question to all parties in this litigation—JPMC, Jane Doe 1, and James Staley. Second, USVI has referenced the information contained in some of these documents in public court filings. For instance, the Second Amended Complaint in *USVI v. Indyke* (which USVI incorporated by reference into its Complaint here, Dkt. 119, ¶¶23-33) specifically discussed the value of the tax exemptions received from USVI by one of Epstein's companies, Dkt. 119-1, ¶¶ 166-174. USVI cannot now object to the disclosure of information it previously made public.

JPMC respectfully requests that the Court issue an Order rejecting USVI's confidentiality designations and allow JPMC to refile its Opposition in unredacted form, along with exhibits redacted only to the extent necessary to prevent the disclosure of personal information regarding unrelated individuals.

Sincerely,

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth

---

[2]   *Accord Stokwitz*, 831 F.2d at 895-96 ("[T]he statutory definitions of 'return' and 'return information' to which the entire statute relates, confine the statute's coverage to information that is passed through the IRS.")

[3]   *Accord Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir. 1996) ("[T]he statutory definition of 'return information' confines it to information that has passed through the IRS"); *Stokwitz*, 831 F.2d at 895-96; *see also Deutsche Bank*, 943 F.3d at 649 (concluding that the language "to the Secretary" limited the application of a subsection of this statute to information obtained from the IRS).