# EXHIBIT 74



**KELLERHALS FERGUSON FLETCHER KROBLIN LLP**

9100 HAVENSIGHT
SUITE 15
ST. THOMAS, VI 00802

FAX █████
KFFKLAW.COM

March 21, 2013



Via Hand Delivery

Mr. John McDonald
Director
Office of the Lieutenant Governor
Division of Banking & Insurance
5049 Kongens Gade
St. Thomas, VI 00802

     Re:   **International Banking Center Regulatory Act**

Dear Mr. McDonald:

Enclosed please find the updated application for permission to organize an International Banking Entity ("IBE") filed on behalf of Financial Strategy Group, Ltd. ("FSG").

FSG respectfully requests, in addition to a waiver of the employment requirement which is discussed in Appendix 11, that it be permitted to commence business with authorized shares of 1,000,000 with a par value of $1.00 of which at least 100,000 shares shall be issued upon incorporation and $100,000.00 of capital will be fully paid in at the time the license is issued.

We previously submitted the required application fee.

Please do not hesitate to contact me should you have any questions.

Very truly yours,

Erika Kellerhals

TAMPA    U.S. VIRGIN ISLANDS    NEW YORK

CONFIDENTIAL

ESTATE_JPM019854

Government of the Unites States Virgin Islands
Office of the Commissioner—Division of Banking and Insurance
#5049 Kongens Gade, Charlotte Amalie, St. Thomas, V.I. 00802
TEL-340-774-7166       FAX 340-774-5590



# ORIGINAL APPLICATION FOR PERMIT AND LICENSURE OF INTERNATIONAL BANKING ENTITY

1.   Name of Proposed International Banking Entity:

Financial Strategy Group, Ltd.

2.   E.I.N.: To be provided upon formation.

3.   Parent or Affiliate:

None

4.   Business Entity and Organization Form: (Attach copies of Article of Incorporation, Article of Organization, or partnership agreement or other written document establishing the IBE) (cannot be an individual)

☐ Corporation      ☐ Association   ☐ Partnership    ☐ Subsidiary   ☐ Affiliate
☐ Unit             ☐ Other (explain)

Please see attached.

5.   Place of Organization or Incorporation and Date:

USVI - to be formed

6.   Proposed Location (street and city/town):

9100 Port of Sale Mall, Ste 15, St. Thomas, VI 00802

CONFIDENTIAL                                                                                    ESTATE_JPM019855

7. **Principal Business Address:**

   a) PHYSICAL: Street To be determined _____ Apt/Suite # _____

     City _____ State _____ Zip Code _____

     Telephone number ( ) _____ - _____ Fax number ( ) _____ - _____

   b) MAILING: Street/P.O. Box 9100 Port of Sale Mall _____

     Office/Suite# Ste 15    City St. Thomas _____ State VI

     Zip Code 00802 _____

8. **Will the organization use a fictitious (DBA) name to transact business?** ☐Yes ☒No
   If yes, please indicate such name:

   _____

   _____

9. **Activities that will be engaged by the proposed International Banking Entity:**
   ☐ transaction-related funds, demand, fixed term and interbank deposit of funds
   ☐ Commercial lending     ☐ Financial Leasing
   ☒ Money Services Activities
   ☐ Brokerage Management services
   ☐ Insurance Brokerage
   ☐ Trade financing
   ☐ Financial Services
   ☐ Securities and Investment Advice
   ☐ Clearinghouse

   **Provide a brief description of these activities:**

   See attached. _____

   _____

   _____

   _____

   _____

   **(If additional space is needed you may provide additional page)**

CONFIDENTIAL     ESTATE_JPM019856

10. Authorized representative designated by the applicant to file this application and/or to act as its authorized agent for service of process in the Virgin Islands and/or to obtain information regarding the management of the Company.

Name: Erika A. Kellerhals

Address: 9100 Port of Sale Mall, Suite 15, St. Thomas, VI 00802

Telephone: █████████

Name:

Address:

Telephone:

Name:

Address:

Telephone:

11. Explain the organizational structure of the proposed International Banking Entity, including the number and title of the employees who will commence operations.

See attached.

(If additional space is needed you may provide additional page)

5049 Kongens Gade, St. Thomas, VI 00802-6487 ● Tel: (340)774-7166 ● Fax: (340) 774-9458
1131 King Street, Suite 101, Christiansted, VI 00820 ● Tel: (340)773-6459 ● Fax: (340) 719-3801
Page 3 of 8

CONFIDENTIAL

12. List the name(s), occupation, address(es), telephone number(s) and facsimile number(s) of each officer and director of the International Banking Entity: (Attach additional pages if necessary)

| NAME | OCCUPATION | ADDRESS | TELEPHONE & FACSIMILE |
|---|---|---|---|
| Jeffrey Epstein | President | See attached | See attached. |
| Darren Indyke | Secretary | See attached | See attached. |
| Richard Kahn | Treasurer | See attached | See attached. |
|  |  |  |  |
|  |  |  |  |

13. The name, address, telephone number of any person who, directly or indirectly, possesses or controls or intends to possess or control 10 percent or more in the capital of the proposed international banking entity. (Biographical affidavit required for persons meeting this criteria)

| NAME | OCCUPATION | ADDRESS | TELEPHONE & FACSIMILE | % OF CAPITAL |
|---|---|---|---|---|
| Jeffrey Epstein | President | See attached. | See attached. | 100 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

CONFIDENTIAL

ESTATE_JPM019858

<table>
<tr><td></td><td></td><td></td><td></td><td></td></tr>
</table>

14.  (a) Capital and Surplus:

    ☐ (a)  Stock Company
          (1) Capital                $ 100,000.00
          (2) Surplus              $ 0.00

    ☐ (b)  Mutual
          (1) Capital                $
          (2) Surplus              $

    (c)  Type of Stock(s) to be Authorized      **Number of Shares**

        (1) Common Stock              100,000
        (2) Prefered Stock

    (d)  Par Value of Each Share by Type      **Selling Price**

        (1) Common Stock              $1.00
        (2) _____

    (e)  Location of Shares of Shock
        (1) _____
        (2) _____

(b) If other than a corporation, describe capital structure:

    Not applicable
    _____
    _____
    _____
    _____

**(If additional space is needed you may provide additional page)**

CONFIDENTIAL

ESTATE_JPM019859

15.  Briefly describe the nature of the applicant's business activities.

See attached

_____

_____

_____

_____

_____

_____

_____

_____

_____

(If additional space is needed you may provide additional page)

16.  State the name of the entity, location and name of directors and main executive officers of any other applicant's affiliates engaged in offshore international financial business.

| Name of Entity | Location | Directors / C.E.O. |
|---|---|---|
| None | | |
| | | |
| | | |

ADDITIONAL INFORMATION:

Submit herewith as part of this application the following documents:

A.  Nonrefundable application fee of $10,000 made payable to the Government of the Virgin Islands and;

B.  Proposed articles of incorporation, partnership agreement or other written document establishing the International Banking Entity if such is the case, or the certificate pursuant to Section 719(c) of Title 9, VI Code, if the International

CONFIDENTIAL

ESTATE_JPM019860

Banking Entity is to be organized as a unit of another entity.

C. Upon receiving certificate from the Division of Corporations and Trademarks, a certified copy of the articles of incorporation, partnership agreement or other written document establishing the International Banking Entity or the certification of the person of which the International Banking Entity is a unit.

D. A copy of the bylaws or internal governing agreements adopted by the board of directors or similar governing body of the international banking entity, which must be certified before a notary public by it secretary or an individual acting in similar capacity.

E. Corporate resolution authorizing the designated person by the applicant to file this application.

F. Biographical affidavit of all proposed directors, officers, owners and persons who intend to act in a managerial capacity, and of those who possess or intend to possess or control ten percent (10%) or more of the interest in the capital of the proposed International Banking Entity. (Background investigation will be done by the Division)

G. Copy of the applicant's audited financial statements for each of the Three (3) years preceding the application.

H. Evidence that the capital of the international banking entity has been subscribed to, issued and paid-in, to the extent and under such condition as the director may establish at the Director's sole discretion.

I. Statement of Assets and Liabilities form

J. A statement authenticated before a notary public, by the Secretary of the Board of Directors or the person acting in a similar capacity for the international banking entity, or for the person of which the international banking entity is a unit.

NOTE: The applicant hereby agrees as long as the application is under consideration that

CONFIDENTIAL

ESTATE_JPM019861

it will:

   A. Notify the Director of Banking and Insurance of any change in the information contained herein or in any of the documents submitted with or as part of this application.

   B. Furnish all such additional information and documents in respect to the Applicant as may be requested by the Director of Banking and Insurance.

This application is an official document and any misrepresentation or failure to reveal information requested by the Commissioner of Financial Institutions may be deemed to be sufficient cause for the denial or revocation of a permit or license.

I _ERIKA KELLERHALS_ THE UNDERSIGNED, BEING DULY SWORN ACCORDING TO LAW AND UNDER THE PENALTIES OF PERJURY, STATE THAT THE INFORMATION GIVEN IN THIS APPLICATION IS TRUE AND CORRECT AND THAT ALL ESTIMATES GIVEN TRUE ESTIMATES BASED UPON FACTS WHICH HAVE BEEN CAREFULLY CONSIDERED AND ASSESSED

Name _ERIKA KELLERHALS_   Date: _03.18.13_

Signature _____

Subscribed and sworn to before me this _18th_ day of _March_ 20_13_.

Notary Public

State of: _____

Commission expires on: _____

> Gregory J Ferguson
> NOTARY PUBLIC LNP 012-10
> Commission Expires 05/02/2014
> Territory of the U.S. Virgin Islands

CONFIDENTIAL                                                     ESTATE_JPM019862

QUESTION 4 ATTACHMENT
Draft Articles of Incorporation

ARTICLES OF INCORPORATION
OF
FINANCIAL STRATEGY GROUP, LTD.

We, the undersigned, for the purposes of associating to establish a corporation for the transaction of the business and the promotion and conduct of the objects and purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the Virgin Islands of the United States (hereinafter called the "Virgin Islands"), and particularly the General Corporation Law of the Virgin Islands (Chapter 1, Title 13, Virgin Islands Code), as the same may be amended from time to time, do make and file these Articles of Incorporation in writing and do certify:

## ARTICLE I

The name of the Corporation (hereinafter referred to as the "Corporation") is **FINANCIAL STRATEGY GROUP, LTD.**

## ARTICLE II

The principal office of the Corporation in the Virgin Islands is located at 9100 Port of Sale Mall, Suite 15, St. Thomas, U.S. Virgin Islands, 00802 and the name of the resident agent of the Corporation is Business Basics VI, LLC, whose physical and mailing address is 9100 Port of Sale Mall, Suite 15, St. Thomas, U.S. Virgin Islands 00802.

## ARTICLE III

Without limiting in any manner the scope and generality of the allowable functions of the Corporation, and subject to the provisions of Title 9, chapter 25 of the Virgin Islands Code, it is hereby provided that the Corporation shall have the following purposes, objects and powers:

(1)  To engage in any lawful business in the Virgin Islands.

(2)  To enter into and carry out any contracts for or in relation to the foregoing business with any person, firm, association, corporation, government or governmental agency.

(3)  To conduct its business in the Virgin Islands and to have offices within the Virgin Islands.

(4)  To borrow or raise money up to any amount permitted by law by the sale or issuance of obligations of any kind, to guarantee loans, other types of indebtedness and financing obligations, and to secure the foregoing by mortgages or other liens upon any and all of the property of every kind of the Corporation.

(5)  To do all and everything necessary, suitable and proper for the accomplishment of any of the purposes or the attainment of any of the objects or the exercise of any of the powers herein set forth, either alone or in connection with other firms, individuals, associations or corporations in the Virgin Islands and elsewhere in the United States and foreign countries, and to do any other acts or things incidental or appurtenant to or

TAMPA     U.S. VIRGIN ISLANDS     NEW YORK

CONFIDENTIAL                                                              ESTATE_JPM019863

growing out of or connected with the said business, purposes, objects and powers, or any part thereof, not inconsistent with the laws of the Virgin Islands, and to exercise any and all powers now or hereafter conferred by law on business corporations whether expressly enumerated herein or not.

The purposes, objects and powers specified in this Article shall not be limited or restricted by reference to the terms of any other subdivision or of any other article of these Articles of Incorporation.

## ARTICLE IV

The total number of shares of all classes of stock that the Corporation is authorized to issue is One Million (1,000,000) shares of which One Hundred Thousand (100,000) shares of common stock at $1.00 par value shall be issued upon incorporation. The remaining authorized shares shall be issued by the Board of Directors of the Corporation who shall determine all rights, preferences and designations at the time of issuance. The minimum amount of capital (including additional paid in capital) with which the Corporation will commence business is One Hundred Thousand Dollars ($100,000).

## ARTICLE V

The names and places of residence of each of the persons forming the Corporation are as follows:

**NAME**                                     **RESIDENCE**

Erika A. Kellerhals
Brett A. Geary
Nicole Miller



## ARTICLE VI

The Corporation is to have perpetual existence.

## ARTICLE VII

For the management of the business and for the conduct of the affairs of the Corporation, and in further creation, definition, limitation and regulation of the powers of the Corporation and of its directors and stockholders, it is further provided:

(1)    The number of directors of the Corporation shall be fixed by, or in the manner provided in, the by-laws, but in no case shall the number be fewer than three (3) unless the Corporation has fewer than three stockholders. In this case, the number of directors may be equal to the number of stockholders. The directors need not be stockholders.

(2)    In furtherance and not in limitation of the powers conferred by the laws of the Virgin Islands, and subject at all times to the provisions thereof including specifically the provisions of Title 9, chapter 25 of the Virgin Islands Code, the Board of Directors is expressly authorized and empowered: To make, adopt and amend the by-laws of the Corporation, subject to the powers of the stockholders to alter, repeal or modify the by-laws adopted by the Board of Directors.

(a)    To authorize and issue obligations of the Corporation, secured and unsecured, to include therein such provisions as to redeemability, convertibility or otherwise, as the Board of

Directors in its sole discretion may determine, and to authorize the mortgaging or pledging of, and to authorize and cause to be executed mortgages and liens upon any property of the Corporation, real or personal, including after acquired property.

(b) To determine whether any and, if any, what part of the net profits of the Corporation or of its net assets in excess of its capital shall be declared in dividends and paid to the stockholders, and to direct and determine the use and disposition thereof.

(c) To set apart a reserve or reserves, and to abolish such reserve or reserves, or to make such other provisions, if any, as the Board of Directors may deem necessary or advisable for working capital, for additions, improvements and betterments to plant and equipment, for expansion of the business of the Corporation (including the acquisition of real and personal property for this purpose) and for any other purpose of the Corporation.

(d) To establish bonus, profit-sharing, pension, thrift and other types of incentive, compensation or retirement plans for the officers and employees (including officers and employees who are also directors) of the Corporation, and to fix the amount of profits to be distributed or shared or contributed and the amounts of the Corporation's funds or otherwise to be devoted thereto, and to determine the persons to participate in any such plans and the amounts of their respective participations.

(e) To issue or grant options for the purchase of shares of stock of the Corporation to officers and employees (including officers and employees who are also directors) of the Corporation and on such terms and conditions as the Board of Directors may from time to time determine.

(f) To enter into contracts for the management of the business of the Corporation for terms not exceeding five (5) years.

(g) To exercise all the powers of the Corporation, except such as are conferred by law, or by these Articles of Incorporation or by the by-laws of the Corporation upon the stockholders.

(h) To issue such classes of stock and series within any class of stock with such value and voting powers and with such designations, preferences and relative, participating, optional or other special rights, and qualifications, limitations or restrictions thereof as is stated in the resolution or resolutions providing for the issue of such stock adopted by the Board of Directors and duly filed with the office of the Lt. Governor of the Virgin Islands in accordance with Sections 91 and 97, Chapter 13, Virgin Islands Code, as the same may be amended from time to time.

## ARTICLE VIII

No stockholder shall pledge as collateral for indebtedness any shares of stock without first obtaining the written consent of a majority of the disinterested members of the Board of Directors of the Corporation.

CONFIDENTIAL

### ARTICLE IX

At all elections of directors, each stockholder shall be entitled to as many votes as shall equal the number of votes that (except for such provision as to cumulative voting) the stockholder would be entitled to cast for the election of directors with respect to his or her shares of stock multiplied by the number of directors to be elected. The stockholder may cast all votes for a single director or distribute them among any two or more of them as he or she may see fit. At least ten (10) days prior notice shall be given of any meeting of stockholders, including, without limitation, a meeting for the election of directors; provided, however, that the stockholders are entitled to waive notice of the meeting as provided by law. Furthermore, the meeting and vote of stockholders may be dispensed with, if all of the stockholders who would have been entitled to vote upon the action, if such meeting were held, shall consent in writing to such corporate action being taken.

### ARTICLE X

Subject to the provisions of Section 71, Title 13, Virgin Islands Code, and Title 9, chapter 12, Virgin Islands Code, the Corporation may enter into contracts or otherwise transact business with one or more of its directors, officers or stockholders, or with any firm or association of which one or more of its directors, officers or stockholders are members or employees, or with any other corporation or association of which one or more of its directors, officers or stockholders are stockholders, directors, officers, or employees, and no such contract or transaction shall be invalidated or in any way affected by the fact that such director or directors, officer or officers, or stockholder or stockholders have or may have interests therein that are or might be adverse to the interests of the Corporation even though the vote of the director or directors, or stockholder or stockholders having such adverse interest is necessary to obligate the Corporation on such contract or transaction, provided that in any such case the fact of such interest shall be disclosed or known to the directors or stockholders acting on or in reference to such contract or transaction. No director or directors, officer or officers, or stockholder or stockholders having such disclosed or known adverse interest shall be liable to the Corporation or to any stockholder or creditor thereof or to any other person for any loss incurred by it under or by reason of any such contract or transaction, nor shall any such director or directors, officer or officers, or stockholder or stockholders be accountable for any gains or profits realized thereon. The provisions of this Article shall not be construed to invalidate or in any way affect any contract or transaction that would otherwise be valid under law.

### ARTICLE XI

(a)   The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the Corporation), by reason of the fact that he or she is or was a director, officer, employee, or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, against expenses (including attorney's fees), judgments, fines, and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit, or proceeding if:

     (1)   he or she acted
       (A)   in good faith and
       (B)   in a manner he or she reasonably believed to be in or not opposed to the best interests of the Corporation; and

     (2)   with respect to any criminal action or proceeding, he or she had no reasonable cause to believe that his or her conduct was unlawful.

ESTATE_JPM019866

The termination of any action, suit, or proceeding by judgment order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he or she reasonably believed to be in or not opposed to the best interests of the Corporation and, with respect to any criminal action or proceeding, had reasonable cause to believe that his or her conduct was unlawful.

(b)   Any indemnification under subparagraph (a) (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that he or she had met the applicable standard of conduct set forth in subparagraph (a). Such determination shall be made:

　　(1) by the board of directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit, or proceeding; or

　　(2) if such a quorum is not obtainable, or even if obtainable a quorum of disinterested directors so directs, by independent legal counsel in a written opinion; or

　　(3) by the majority vote of the stockholders.

(c)   Expenses incurred in defeating a civil or criminal action, suit, or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit, or proceeding as authorized by the board of directors in the specific case upon receipt of an undertaking by or on behalf of the director, officer, employee, or agent to repay such amounts unless it shall ultimately be determined that he or she is entitled to be indemnified by the Corporation as authorized in this Article XI.

(d)   The indemnification provided by this Article shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any bylaw, agreement, vote of stockholders or disinterested directors, or otherwise, both as to action in his or her official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such person.

(e)   The Corporation shall have power to purchase and maintain insurance on behalf of any person who is or was a director, officer, employee, or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of this Article.

## ARTICLE XII

The Corporation reserves the right to amend, alter or repeal any of the provisions of these Articles of Incorporation and to add or insert other provisions authorized by the laws of the Virgin Islands in the manner and at the time prescribed by said laws, and all rights at any time conferred upon the Board of Directors and the stockholders by these Articles of Incorporation are granted subject to the provisions of this Article.

IN WITNESS WHEREOF, we have hereunto subscribed our names this _____ day of January, 2013.

_____
Erika A. Kellerhals, Incorporator

_____
Brett A. Geary, Incorporator

_____
Nicole Miller, Incorporator

TERRITORY OF THE UNITED STATES VIRGIN ISLANDS   )
DISTRICT OF ST. THOMAS AND ST. JOHN        )

The foregoing instrument was acknowledged before me this _____ day of January, 2013, by Erika A. Kellerhals, Brett A. Geary and Nicole Miller.

_____
Notary Public

CONFIDENTIAL

## QUESTION 9 ATTACHMENT

Upon the Director's approval, FSG will engage in the allowable activities as provided for under section 726 of Title 29, chapter 12 of the Virgin Islands statute, including but not limited to:

- make, arrange, guarantee, secure, bond or service loans or other financial undertakings provided that none of the loans or financial undertakings may be granted to a domestic person and in the case of financial securities for debt, issue transactions in the U.S. Virgin Islands;
- issue, confirm, give notice, negotiate or refinance letters of credit if the client and the beneficiary requesting the letter of credit is not a domestic person;
- issue confirm, give notice, negotiate, or refinance letters of credit in transactions for financing of exports, even if the beneficiary is a domestic person;
- underwrite insurance for risks or objects outside of the Virgin Islands;
- engage in financial and business management services;
- make commercial loans in excess of $1,000,000 to U.S. Virgin Islands borrowers that (i) have been rejected, or not approved within 30 days from submission, by any U.S. Virgin Islands financial institution; or (ii) bear interest at an interest rate of not less than five percentage points above he Federal Home Loan Mortgage Corporation's posted  yield on the last business day of the month on a thirty-year standard conventional fixed rate mortgage;
- make capital contributions in excess of $1,000,000 to U.S. Virgin Islands business entities in the U.S. Virgin Islands;
- carry out banking transactions permitted by this chapter in the currency of any country, or in gold or silver, and participate in foreign currency trade;
- underwrite, issue, distribute, and otherwise deal in securities, notes, debt, instruments, drafts, bills of exchange, issued by the international banking entity, or by a foreign person, for final purchase by a person outside of the U.S. Virgin Islands;
- after obtaining a special permit from the Director, act as fiduciary, executor, administrator, registrar of stocks and bonds, property custodian, assignee, trustee, agent or in any other fiduciary capacity; but, such fiduciary services may not be offered to, nor inure to the benefit of domestic persons;
- acquire and lease personal property to a person who is a foreign person including any transactions, at the request of a lessee or seller/lessee who is a foreign person, pursuant to a financial lease agreement, rent-to-own, or sale/leaseback agreement, subject to any regulations adopted by the Director;
- buy and sell securities and non-life insurance annuities for clients outside the U.S. Virgin Islands, and provide investment advice in relation to such transactions or separate therefrom, to such persons, and in addition offer these services and products to the Government of the U.S. Virgin Islands and any of its instrumentalities, agencies and investment vehicles;
- organize, manage and provide management services to international financial entities, such as investment companies and mutual funds, on the condition that the stock or participation in the capital of such companies is not distributed directly by the IBE to domestic persons; and
- with prior authorization from the Director, provide to other IBEs or to foreign persons or entities outside of the Virgin Islands, those services of financial nature, as these are defined and generally accepted in the banking industry of the United States and the U.S. Virgin Islands.

CONFIDENTIAL

## QUESTION 11

Title 9, chapter 35, §727(a) requires FSG to employ three persons on a full-time basis at its main office. Section 738 requires that FSG hire one additional employee for every $1,000,000 of net income prior to salaries. Pursuant to §727(a) however, the Director has the ability to waive this requirement and authorize a lesser number of employees.

FSG respectfully requests that the requirement that FSG hire one additional employee for every $1,000,000 of net income be waived. This requirement should be waived due to the fact that the activities to be undertaken by FSG, although they may be profitable, are not labor intensive. Advances in technology have made businesses like FSG less reliant on human capital.

The initial positions at FSG will includes an administrative assistant, a financial analyst and an asset manager.

ESTATE_JPM019870

# QUESTION 12

## Directors And Officers

Jeffrey E. Epstein, President

Darren K. Indyke, Secretary

Richard Kahn, Treasurer

Background Information:

Jeffrey E. Epstein is the initial investor in FSG.

Identifying Information:

Address:      6100 Red Hook Quarter, B3, St. Thomas, VI 00802
Date of Birth: 01/20/1953

Business History of Applicant:

Mr. Epstein's was educated at The Cooper Union for the Advancement of Science and Art. He began his business career in 1976 at Bear Stearns & Company. He subsequently started his own financial consulting firm in 1981, which he subsequently moved to the U.S. Virgin Islands in 1999, when he opened Financial Trust Company, Inc. ("FTC"). Mr. Epstein is the Chairman, President and sole shareholder of FTC, a financial consulting firm that has been an EDC beneficiary for the past 13 years  In addition to his and FTC's significant contributions to the U.S. Virgin Islands economy over the past 13 years, Mr. Epstein, FTC and the philanthropic foundation he founded, funded and organized have given over $2.3 million to U.S. Virgin Islands charitable interests, including $1.1 Million to educational pursuits, and scholarship and enrichment programs, and approximately $650,000 to local U.S. Virgin Islands charities and U.S. Virgin Islands youth sporting organizations.  The philanthropic foundation has provided and continues to provide opportunities for scientific and technological exploration and development in the U.S. Virgin Islands by sponsoring several scientific symposiums in the U.S. Virgin Islands enabling local interaction among Nobel Laureates and faculty, postdoctoral researchers, graduate and undergraduate students, educators and the public.

Mr. Epstein is an experienced and successful financier and businessman. He is universally renowned for his complex mathematics skills and is an exceptional entrepreneur who has built several highly profitable companies. He has successfully transferred these skills to the world of high finance, having been one of the pioneers of derivative and option-based investing. He looks now to shift his focus to the dynamic discipline of international banking. His global relationships in the upper echelon of international finance and business, and his highly sophisticated knowledge of finance, science and mathematics will enable the Applicant to thrive in this competitive environment.

Mr. Epstein was formerly a Trustee of the Scholar Rescue Fund of the Institute of International Education Inc. Mr. Epstein was formerly a member of each of the Trilateral Commission, the Council on Foreign Relations, and the New York Academy of Science and is also a former Rockefeller University Board Member. Mr. Epstein has been actively involved in the Santa Fe Institute, the Theoretical Biology Initiative at the Institute for Advanced Study, and the Quantum Gravity Program at the University of Pennsylvania, and also sat on the Mind, Brain & Behavior Advisory Committee at Harvard.

ESTATE_JPM019871

Darren K. Indyke:

575 Lexington Avenue, 4th Floor
New York, New York 10022

EDUCATION



ASSOCIATIONS

New York State Bar Association

Richard Kahn

575 Lexington Avenue, 4th Floor
New York, New York 10022

EDUCATION



ASSOCIATIONS

American Institute of Certified Public Accountants
New York State Society of Certified Public Accountants

CONFIDENTIAL

charging a violation of any corporate securities statute or any insurance law, or have proceedings of any federal or state regulatory agency?

For a relatively brief period in what has otherwise been a productive and accomplished life, Mr. Epstein did face some legal difficulties relating to matters alleged to have taken place seven years ago exclusively within Palm Beach County, Florida. The Palm Beach County Sheriff's Office and the Palm Beach County State Attorney commenced a local investigation of Mr. Epstein in 2005 relating to such matters. An investigation was also conducted by the United States Attorney's Office for the Southern District of Florida and the Federal Bureau of Investigation in 2007 relating to the same local matters investigated by the Palm Beach authorities. The Federal investigation was discontinued in 2008 without the issuance of any Federal charges. Nothing for which Mr. Epstein was investigated had any relation whatsoever to the business or industry of Mr. Epstein or the Applicant.

On June 30, 2008, before the Florida Circuit Court for the 15th Judicial Circuit located in Palm Beach, Florida, Mr. Epstein pleaded guilty to and was convicted of, one count of solicitation of prostitution and one count of procuring prostitution of a person under the age of 18. He served 13 months of an 18-month sentence in the Palm Beach County Jail, followed by enhanced probation, which he completed over two years ago. There have been no similar allegations or charges of any misconduct by Mr. Epstein since that period of time seven years ago. Nothing to which Mr. Epstein pleaded guilty and was convicted had any relation whatsoever to the business or industry of Mr. Epstein or the Applicant.

b. Has any company been so charged, allegedly as a result of any action or conduct on your part?

No.

21. Have you ever been an officer, director, trustee, investment committee member, key employee, or controlling stockholder of any financial institution which, while you occupied any such position or capacity with respect to it, become insolvent/bankrupt or was under supervision or in receivership, rehabilitation, liquidation or conservatorship?

No.

22. Have you declared bankruptcy, or has an assignment ever been made for the benefit of your creditors?

No.

23. Have you been permanently or temporarily enjoined from engaging in or continuing any conduct or practice related to any business by any competent court or government entity in any country?

ESTATE_JPM019873

No.

24. Provide two (2) references of persons who have known you for (5) five years or more. Do not include relatives, present employer or employees or bank references.

James E. Staley
Andrew Farkas

25. Provide three (3) bank references:

J.P. Morgan Chase & Co.
First Bank

[signature page to follow]

ESTATE_JPM019874

Dated and signed this 20th day of March 2013 at New York. I hereby certify under penalty of perjury that I am acting on my own behalf and that the foregoing statements are true and correct to the best of my knowledge and belief.

Signature of affiant

**STATE OF NEW YORK**                    )
                                                              ) **ACKNOWLEDGMENT**
**COUNTY OF NEW YORK**                )

The foregoing instrument was acknowledged before me this 20th day of March, 2013, by Jeffrey E. Epstein, who is personally known to me.

Notary Public
My Commission Expires:

HARRY I. BELLER
Notary Public, State of New York
No. 01BE4853924
Qualified in Rockland County
Commission Expires Feb. 17, 20

ESTATE_JPM019875