# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Government of the United States Virgin
Islands,

                Plaintiff,

    vs.

JPMorgan Chase Bank, N.A.,

                Defendant.

CASE NO.:  1:22-cv-10904 (JSR)

---

## JPMORGAN CHASE BANK, N.A.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES IN LIEU OF RULE 30(B)(6) DEPOSITION TESTIMONY

Pursuant to Federal Rules of Civil Procedure 26, 30, and 33, Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby serves its second supplemental objections and responses to the Responses and Objections to Interrogatories in lieu of Rule 30(b)(6) testimony, which includes supplemental responses based on agreements with USVI and Doe.  JPMC does so, based on information reasonably available to JPMC at this time and without prejudice to JPMC's right to revise, supplement, or amend these objections and responses in accordance with Rules 26 and 33.

## PRELIMINARY STATEMENT

These objections and responses are made solely for the purposes of the above-captioned case.  Each of JPMC's objections and responses to Plaintiff's Interrogatories is based on information and documents presently available to JPMC after reasonable inquiry.  Discovery is ongoing and JPMC specifically reserves the right to amend or supplement these objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed.  In addition, JPMC's objections and

responses are given without prejudice to its rights to introduce at trial evidence of any subsequently discovered or unintentionally omitted facts or documents.

To the extent JPMC responds to a specific interrogatory below, JPMC does not admit to Plaintiff's characterization of any documents, facts, theories, or conclusions.  JPMC's responses to the Interrogatories do not constitute acquiescence or agreement to any definition proposed by Plaintiff.

JPMC's objections and responses are made without in any way waiving or intending to waive, but to the contrary, are intended to preserve:

1.  All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in this action or any subsequent proceeding associated with this action or any other matter;

2.  The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding associated with this action or any other matter; and

3.  The right to object at any time to other requests or other discovery procedures involving or relating to the subject matter of these Interrogatories.

## GENERAL OBJECTIONS

1.  JPMC incorporates by reference all General Objections stated in its Responses and Objections to [USVI's] Notice of Deposition to JPMorgan Chase Bank, N.A., which JPMC served on February 15, 2023, and also its Responses and Objections to [Doe's] Notice of Deposition to JPMorgan Chase Bank, N.A., which JPMC served on May 5, 2023.

## OBJECTIONS TO DEFINITIONS

1.  JPMC incorporates by reference all Objections to Definitions stated in its Responses and Objections to Plaintiff's Notice of Deposition to JPMorgan Chase Bank, N.A.,

ActiveUS 199410981v.1

which JPMC served on February 15, 2023, and also its Responses and Objections to [Doe's] Notice of Deposition to JPMorgan Chase Bank, N.A.

**SPECIFIC RESPONSES**

## TOPIC NO. 1

All persons who had responsibility as the principal BSA/AML compliance officer for JPMorgan.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 1

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Topic No. 1 because it would be more convenient, less burdensome, and less expensive to obtain the identity of individuals at JPMC through interrogatories under Federal Rule of Civil Procedure ("Rule") 33 or requests for production under Rule 34. Fed. R. Civ. P. 26(b)(2)(C)(i). JPMC also objects to this Topic on the grounds that it seeks information that is not relevant to any claim or defense of the parties. Fed. R. Civ. P. 26(b)(1).

In the parties' meet and confers, JPMC agreed to provide, and USVI agreed to accept in lieu of testimony, an interrogatory answer identifying persons with primary responsibility as JPMC's principal BSA/AML compliance officer between 2000 and 2019. In response to the Doe Rule 30(b)(6) notice, JPMC agreed to extend the start period of its answer to 1998.

For the period prior to the merger of JP Morgan and Chase, JPMC interprets this question to seek information about legacy JP Morgan.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC identifies the following individuals as those with primary responsibility as JPMC's principal BSA/AML compliance officer between 1998 and 2019:  William H. McDavid (1998-2000); Lynne Federman (2000-2006); William Langford (2006-2010); Nina Nichols

- 3 -

(2010-2011); William Langford; (2011-2012); Pamela J. Dearden (2012-2017); and Peter

Neilson (2017-2019).

## TOPIC NO. 2

The identity of any organizations and committees within JPMorgan that had responsibilities relating to Your BSA/AML Compliance Program relevant to Epstein Accounts and a description of those responsibilities.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 2

In addition to and specifically incorporating its foregoing General Objections and

Objections to Definitions, JPMC objects to Topic No. 2 because it would be more convenient, less

burdensome, and less expensive to obtain the identity of individuals at JPMC through

interrogatories under Federal Rule of Civil Procedure ("Rule") 33 or requests for production under

Rule 34.  Fed. R. Civ. P. 26(b)(2)(C)(i).

In the parties' meet and confers JPMC agreed to provide, and USVI agreed to accept in

lieu of testimony, an interrogatory answer that identifies organizations and committees with

primary responsibility for JPMC's BSA/AML Compliance Program between 2000 and 2019 and

that provides a general description of those organizations' and committees'  primary

responsibilities.  In response to the Doe Rule 30(b)(6) notice, JPMC agreed to extend the start

period of its answer to 1998.

Subject to and without waiving its objections, and based upon a reasonable and diligent

investigation, JPMC identifies the following organizations and committees with primary

responsibility for JPMC's BSA/AML Compliance Program applicable to JPMC's private bank at

points during the applicable period and a general description of their responsibilities:

**Committees**

| Committee | Description of Responsibilities |
|---|---|
| **Firmwide** ||
| **Corporate AML Oversight Committee (AMLOC)** | The AMLOC provides guidance and overside for all aspects of BSA/AML compliance, including establishing policies and corporate standards. The AMLOC has a number of subcommittees including the: <br>– AML Training Committee <br>– AML Transaction Monitoring Steering Committee <br>   Compliance Data Mart (CMP) List Screening Governance <br>– Committee <br>– CTR Advisory Committee KYC Committee <br>– SAR Governance Committee |
| **Private Bank** ||
| **Line of Business AMLOCs** | Since approximately 2012, the U.S. Private Bank shared a line of business AMLOC with Private Wealth Management and J.P. Morgan Securities. This committee is responsible for BSA/AML governance and oversight of these lines of business. |
| **U.S. Private Bank Reputation Risk Committee (RRC)** | The RRC reviews clients, transactions, and broader platform issues that could result in reputation risk to the firm |

**Organizations**

| Organization | Description of Responsibilities |
|---|---|
| **Firmwide** ||
| **Compliance Department** | Prior to 2012, the BSA/AML compliance program was part of the broader Compliance Department. |
| **Global Financial Crimes Compliance (GFCC)** | In or about 2012, the GFCC unit was created within the Compliance Department to oversee the bank's BSA/AML compliance programs. |

| Organization | Description of Responsibilities |
|---|---|
| **Line of Business – Private Bank** | |
| **Bankers/Market Managers/Region Heads** | Bankers, market and regional managers, and client services are the first line of defense in identifying unusual trends, activity, or transactions inconsistent with the account parameters in DDRs. Until approximately 2013, bankers also reviewed transaction alerts generated from the bank's SONAR system. |
| **Incident & Client Advisory (ICA)** | Until approximately 2013, ICA was responsible for reviewing client and transactional risk triggers; performing due diligence and making alert disposition recommendations for U.S. Private Bank; managing client escalations to GFCC and RRC. |
| **U.S. Private Bank AML Operations** | Until approximately 2013, AML Operations reviewed Fortent alerts and investigated, as necessary. AML Operations also escalated negative news reports about customers. |
| **U.S. Private Bank Client Review Oversight Committee (CROC)** | Until approximately 2013, CROC was responsible for oversight and providing counsel for due diligence efforts of U.S Private Bank clients. |
| **U.S. Private Bank Risk Management** | Between approximately 2004 and 2013, the U.S. Private Bank Risk Management was responsible for reviewing SONAR alerts and escalating transactions for additional diligence and possible reporting. |

## TOPIC NO. 20

Any personnel actions or complaints related to Your BSA/AML Compliance Program, including, but not limited to, any actions or complaints with regard to Epstein Accounts.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 20

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Topic No. 20 to the extent it seeks testimony on matters unrelated to Epstein or Epstein-related individuals or entities and to the extent it seeks testimony on matters unrelated to JPMC's private banking division. Such testimony would not be "relevant to any party's claim or defense" and not "proportional to the needs of the case."

- 6 -

Fed. R. Civ. P. 26(b)(1).  JPMC also objects to Topic No. 20 on the grounds that complying with this topic would impose undue burden and expense that is disproportionate to the issues in the case, particularly as the information requested can be obtained from a more convenient, less burdensome, or less expensive source, such as requests for production of documents under Rule 34 or depositions under Rule 30(b)(1).

In the parties' meet and confers, JPMC agreed to provide, and USVI agreed to accept in lieu of testimony, an interrogatory answer identifying, based on a reasonable search of centralized sources in its Human Resources Department, any complaints about any employees' alleged failure to comply with BSA/AML policies with respect to Epstein accounts as well as disciplinary actions.  In response to the Doe Rule 30(b)(6) notice, JPMC agreed to extend the start period of its answer to 1998 and state whether any action was taken with regard to the handling of the Epstein Accounts.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC states that, between 1998 and 2019, no complaints were made about any employee's alleged failure to comply with BSA/AML policies and no disciplinary actions were taken with regard to the handling of the Epstein Accounts.

**TOPIC NO. 23:**

All revenue You received and/or anticipated from Epstein Accounts and any business relationships which Epstein facilitated, including, but not limited to, Your relationship with Highbridge Capital Management LLC, Leon Black, Leslie Wexner, and Bill Gates/the Gates Foundation.

**SUPPLEMENTAL RESPONSE TO TOPIC NO. 23:**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Topic No. 23 on the grounds that complying with this topic would impose undue burden and expense that is disproportionate to the issues in the case.

- 7 -

Fed. R. Civ. P. 26(b)(1). That is especially so where the information sought in Topic No. 23 can be obtained from a more convenient, less burdensome, or less expensive source, such as requests for production of documents under Rule 34 or depositions under Rule 30(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i). JPMC also objects to Topic No. 23 because the terms "anticipated" and "facilitated" are vague and ambiguous. JPMC also objects to the grounds that accounts are not always readily apparent as belonging to a specific individual, particularly where they are held in the name of an entity, and within its millions of customers, there are often multiple customers with the same name.

In the parties' meet and confers, JPMC agreed to provide, and USVI agreed to accept in lieu of testimony, an interrogatory answer identifying fees earned from the accounts of Jeffrey Epstein, Leon Black, Les Wexner, the Gates Foundation, and Bill Gates. Subsequently, USVI asked JPMC to provide the same information for accounts of Andrew Farkas, Larry Page, Sergey Brin, Peter Mandelson, Ghislaine Maxwell, Michael Ovitz, Joseph Pagano, Ed Scott (Aria Petroleum), Sultan Ahmed bin Sulayem, Mort Zuckerman, Thomas Pritzker, Ehud Barak; the "Chinese banker(s) referred to in JPM-SDNYLIT-00008108;" the "Account redacted but referenced to in JPM-SDNYLIT-00000184," and other account for which Epstein had authority to act as a representative, including but not limited to the accounts identified in JPM-SDNYLIT-00011904. JPMC agreed to do so provided such information could be discovered from a reasonable search of its centralized systems.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, including using reasonable efforts to identify account ownership, JPMC refers the USVI to the information attached as Exhibit A, which reflects private bank revenue information (not profit) during the years 2009 to 2019, which in some cases required the application of

- 8 -

judgment including the year in which revenue was recognized.  JPMC reserves the right to amend these responses to the extent it may become necessary.  Of the individuals listed in the preceding paragraph, only Ghislaine Maxwell became a JPMC customer following a referral from Epstein.  The provision of fee information for any of the individuals or entities listed above is otherwise not a concession that Jeffrey Epstein facilitated JPMC's relationship with such individuals or entities.

Also, Exhibit A includes additional people and entities which are the product JPMC's good faith effort to identify accounts that it understands USVI considers an account of Jeffrey Epstein.  The inclusion of any such account on Exhibit A is not a concession that that account is actually an account of Mr. Epstein or that Epstein exercised had or exercised authority over any accounts.  In addition, information for prior years is not available from centralized databases. With regard to Epstein, JPMC has produced account statements that include fee information. *See, e.g.*, JPM-SDNYLIT-00149613; JPM-SDNYLIT-00149869; JPM-SDNYLIT-00036258; JPM-SDNYLIT-00037278.  Pursuant to Fed. R. Civ. P. 33(d), JPMC refers USVI to documents cited above.  The burden of ascertaining the answer to this request from those documents is substantially the same for the USVI as JPMC.  JPMC has not been able to determine who USVI is referring by "the Chinese banker(s) referred to in JPM-SDNYLIT-00008108."

## TOPIC NO. 26

Your Board of Directors,' including the Board's Audit, Risk, and Public Responsibility committees,' knowledge and oversight of Your BSA/AML Compliance Program, including, but not limited to, with respect to commercial sex or human trafficking, including child sex trafficking,

ActiveUS 199410981v.1

sex trafficking, forced labor, and child exploitation or sexual abuse, Government investigations and/or actions against JPMorgan, and the Epstein Accounts.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 26

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Topic No. 26 to the extent it seeks testimony on matters unrelated to Epstein or Epstein-related individuals and therefore not "relevant to any party's claim or defense" and not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). JPMC further objects to Topic No. 26 because it would be more convenient, less burdensome, and less expensive to obtain discovery into policies and procedures encompassed by this topic through requests for production under Rule 34. Fed. R. Civ. P. 26(b)(2)(C)(i); *Blackrock*, 2017 WL 9400671 at *2. JPMC also objects to the extent that it seeks testimony pertaining to matters subject to the attorney-client privilege, bank examiner privilege, work product doctrine, or any other applicable privilege. JPMC also objects to Topic No. 19 to the extent it seeks information prohibited from disclosure under federal law. *See, e.g.*, 15 U.S.C. § 6802; 31 U.S.C. § 5318. JPMC is prohibited by the Bank Secrecy Act and federal regulation from disclosing information related to SARs, including any material that would disclose whether or not a particular SAR was filed. The prohibition against disclosure cannot be waived by JPMC. *See* 31 U.S.C. § 5318(g)(2)(A)(i); 12 C.F.R. § 21.11; 31 C.F.R. § 1020.320.

In the parties' meet and confers, JPMC agreed to provide, and USVI agreed to accept in lieu of testimony, an interrogatory answer identifying any meetings of JPMC's Board of Directors between 2000 and 2019 in which Epstein-related issues were discussed, and for any such meetings to provide board minutes and presentations on those issues (redacting unrelated issues). In response to the Doe Rule 30(b)(6) notice, JPMC agreed to extend the start period of its answer to 1998.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC states that Epstein-related issues were not discussed at any of its Board of Directors' meetings between January 1, 1998 and August 31, 2019.  Between September 1, 2019 and December 31, 2019, Epstein-related issues were discussed during two of its Board of Directors' meetings.  Each of those discussions, and related documents, are protected by attorney-client privilege.  JPMC will not produce these documents.  JPMC will, however, identify them on a privilege log in due course.  In addition, Epstein related issues were addressed in an August 2019 update to the Board of Directors' Risk Committee and in a meeting of that committee held on September 16, 2019.

## TOPIC NO. 28

Any inquiries You made to local, state, federal, or international law enforcement agencies regarding Epstein and/or any Epstein Account.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 28

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions and Instructions, JPMC objects to Topic No. 28 on the grounds that it that it seeks testimony on matters that are not "relevant to any party's claim or defense," and would also impose an undue burden that is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  In response to the Doe Rule 30(b)(6) notice, JPMC agreed to extend the start date of its answer to 1998.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC provided the following response for the period 1998 through 2019.  In March 2011, at the direction of JPMC's then-General Counsel, Stephen Cutler, the then-General Counsel of JPMC's Investment Bank, Jonathan Schwartz, contacted the U.S. Attorney for the Southern District of Florida in an effort to determine whether there was an active criminal investigation into

ActiveUS 199410981v.1

Epstein for alleged sex crimes.   Mr. Schwartz contacted the U.S. Attorney in response to contemporaneous press reports regarding Epstein.   Schwartz spoke to the U.S. Attorney, but the U.S. Attorney did not disclose the existence of any such investigation.

In addition, at some point around 2009-2011, Phillip DeLuca called Special Agent ███████, ██████ a regular contact of Mr. DeLuca's at the FBI, to inquire about Epstein.   Mr. ████ told Mr. DeLuca over the phone that he would call Mr. DeLuca back later to discuss Epstein, but Mr. ████ did not do so.


Dated: May 30, 2023                                    JPMORGAN CHASE BANK, N.A.

                                                       By its attorneys:

                                                       _____
                                                       Boyd M. Johnson III
                                                       Robert L. Boone
                                                       Hillary Chutter-Ames
                                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                                       7 World Trade Center
                                                       250 Greenwich Street
                                                       New York, NY 10007
                                                       (t) (212) 230-8800
                                                       (f) (212) 230-8888
                                                       boyd.johnson@wilmerhale.com
                                                       robert.boone@wilmerhale.com
                                                       hillary.chutter-ames@wilmerhale.com

                                                       Felicia H. Ellsworth
                                                       John J. Butts
                                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                                       60 State Street
                                                       Boston, MA 02109
                                                       (t) (617) 526-6687
                                                       (f) (617) 526-5000
                                                       felicia.ellsworth@wilmerhale.com
                                                       john.butts@wilmerhale.com

                                                       *Attorneys for Defendant JPMorgan Chase Bank,*
                                                       *N.A.*

ActiveUS 199410981v.1

## <u>VERIFICATION OF INTERROGATORY ANSWERS</u>

I, Francis J. Pearn, state that, based on reasonable inquiry, including a review of documents and information provided by other employees of JPMorgan Chase Bank, N.A. and counsel, the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

DATED:      May 30, 2023

By: _____
          Francis J. Pearn

ActiveUS 199410981v.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by hand delivery or electronic mail.

DATED:       May 30, 2023

_____
John J. Butts

- 14 -