WILMERHALE
Andy O'Laughlin

+1 617 526 6220 (t)
+1 617 526 5000 (f)
andy.olaughlin@wilmerhale.com

**By ECF**

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

**Re: *USVI v. JPMorgan Chase Bank, N.A.*, 1:22-cv-10904-JSR; Letter Motion Regarding USVI Failure To Adequately Prepare Its 30(b)(6) Witnesses**

Judge Rakoff,

Four days before the close of fact discovery, and following months of negotiation regarding topics, the USVI Government ("USVI") presented two witnesses to give 30(b)(6) testimony across six topics. It soon became apparent from questioning the witnesses that USVI had failed to take even the most basic steps to prepare its designees.[1] They could not provide answers to simple questions and acknowledged that they were unprepared. Recognizing its failure, USVI has offered the partial remedy of designating a replacement witness on only a subset of the topics and offered to pay costs of only the videographer and court reporter for that redeposition but not attorney's fees. As detailed below, this is an insufficient remedy. JPMC requests that the Court order (1) that USVI present adequately prepared witnesses on all of the deficient topics below; (2) that JPMC be reimbursed for its costs and expenses, including attorneys' fees, associated with both the initial deficient 30(b)(6) depositions and the additional depositions required by USVI's failure to prepare initially; and (3) because [redacted], USVI should be required to offer those individuals to sit for 30(b)(1) depositions regarding their direct involvement in meeting with Epstein and his lawyers and monitoring him as a registered sex offender.

**Topic 2 – The types of monetary relief (including a description of any damages claimed) that the Government sought from the Epstein Estate in the *Indyke* action and the planned usage of settlement proceeds from the *Indyke* Action.**

[redacted] This is improper. A Rule 30(b)(6) witness is not allowed to provide "testimony [that] is a recitation of a document that …

[1] The relevant portions of the 30(b)(6) witness' testimony cited herein are attached at **Exhibit 1** ([redacted]) and **Exhibit 2** ([redacted]).

counsel prepared," *In re Neurontin Antitrust Litig.*, 2011 U.S. Dist. LEXIS 6977, at *28 (D. N.J. Jan. 24, 2011), or to parrot answers given to them by litigation counsel, *see The Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 305-07 (S.D.N.Y. 2019).

JPMC is entitled to informed and factually accurate testimony on this topic and to be re-imbursed for the wasted time.

**Topic 13 – Investigations, audits, or reviews of the Government's failure, or any law enforcement authority or Federal Agency's failure, to identify or stop Epstein, any Epstein-Related Individual, and/or any Epstein-Related Entity from participating in the Epstein sex-trafficking venture described in the Amended Complaint.**

*See Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 U.S. Dist. LEXIS 14682, at *8 (S.D.N.Y. Aug. 6, 2002) ("The attorney for the corporation is not at liberty to

manufacture the corporation's contentions."); *In re Neurontin Antitrust Litig.*, at *36 (improper for a Rule 30(b)(6) witness to "simply be a conduit for counsel's contentions").

**Topic 19/22 – Mr. Epstein's registration as a sex offender and any monitoring occurring as a result of that registration.**



The purpose of Rule 30(b)(6) is to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *See* Fed. R. Civ. P. 30(b)(6) Advisory Committee Notes. Having failed to prepare its designee by not gathering information from the relevant individuals with knowledge, and because there is no guarantee that re-deposing another sex offender monitoring employee will yield any different of a result with respect to knowledge possessed by these former employees, the appropriate remedy here is further depositions of the individuals who the USVI's designee testified possess the relevant information.

**Topic 11 – Investigations, or investigative or monitoring steps concerning Epstein or his companies undertaken by the Economic Development Authority that occurred prior to December 1, 2020.**





**Topic 6 – The Government's knowledge of Cecile De Jongh's employment with an Epstein-related organization.**

* * *

JPMC respectfully requests that the Court address these glaring deficiencies in USVI's preparation of its 30(b)(6) designees by granting the requested remedies above.

*- /s/ Andy O'Laughlin -*
Andy O'Laughlin