# EXHIBIT 49

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

GOVERNMENT OF THE UNITED    )
STATES VIRGIN ISLANDS    )
    )
    Plaintiff,    )
    )
V.    )    Case Number: 1:22-cv-10904-JSR
    )
JPMORGAN CHASE BANK, N.A.    )
    )
    Defendant/Third-Party Plaintiff.    )
_____)
    )
JPMORGAN CHASE BANK, N.A.    )
    )
    Third-Party Plaintiff,    )
    )
V.    )
    )
JAMES EDWARD STALEY    )
    )
    Third-Party Defendant.    )
_____)

**GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS'**
**THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**JPMORGAN CHASE BANK, N.A.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Government of the United States Virgin Islands ("Government") hereby provides these supplemental responses and objections to the Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") First Set of Interrogatories.

**GENERAL OBJECTIONS AND RESPONSES**

1.    The Government objects to the definition of "Government," "Plaintiff," "You," and "Your" to the extent it includes any agency other than the U.S. Virgin Islands Department of Justice ("DOJ"), the U.S. Virgin Islands Economic Development Authority ("EDA"), the

Department of Planning and Natural Resources ("DPNR"), the Virgin Islands Police Department ("VIPD"), the Department of Licensing and Consumer Affairs ("DLCA"), and the Office of the Governor. This is a civil law enforcement action brought by the DOJ. As such, information from other agencies is outside the control of the Government for purposes of this litigation. *See, e.g., U.S. v. Novartis Pharmaceuticals Corp.*, 2014 WL 6655703 (S.D.N.Y. Nov. 24, 2014). Moreover, interrogatories seeking such information are neither relevant to any party's claim or defense nor proportional to the needs of this case. In answering these interrogatories, the Government responds only on behalf of the DOJ and the agencies or offices listed above.

2.      The Government objects to the Interrogatories to the extent they seek to impose on the Government obligations beyond what is required under the Federal Rules of Civil Procedure or any other applicable laws or rules.

3.      The Government objects to the Interrogatories to the extent they seek documents and information that are not relevant to any party's claim or defense and/or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit.

4.      The Government objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, the common interest privilege, the joint prosecution privilege, the law enforcement privilege, the deliberative process privilege, and/or any other applicable privilege or immunity that makes such information non-discoverable. If any privileged information is

2

inadvertently produced, the Government does not waive or intend to waive the privilege pertaining to such information.

5.     The Government objects to the Requests to the extent they seek the production of documents and information that are not in the Government's possession, custody, or control, including documents that are in the possession of a Government agency that is not at issue in this litigation. Any response which provides that the Government will produce documents shall be deemed followed by the phrase "as are within the Government's possession, custody, or control."

6.     No response by the Government is, nor shall be deemed, an admission of any factual or legal contention contained in any Request or that the response is relevant to the claims of any party. The Government reserves all rights to object to the competency, relevance, materiality, and admissibility of the information disclosed pursuant to these Requests. The Government expressly reserves the right to object to further discovery concerning the subject matter of any of JPMorgan's discovery requests as well as the introduction into evidence of any document or information produced pursuant hereto.

7.     The Government responds and objects to the Requests based on the best of its present knowledge, information, and belief. The Government's responses and objections are at all times subject to such additional or different information that discovery or further investigation may disclose. The Government reserves the right to amend, modify, supplement, or withdraw any response or objection set forth herein, but disclaims any agreement or obligation to do so.

Each of the foregoing General Objections is incorporated by reference into each of the responses below.

**THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS**

<u>**INTERROGATORY NO. 2**</u>:

Identify each category of damages you claim to be compensable, the amount of compensable damages for each category and/or individual, and the specific method of computation used to arrive at the amount for each category and/or individual.

<u>**RESPONSE TO INTERROGATORY NO. 2**</u>:

Subject to and without waiving the foregoing General Objections, the Government states as follows:

The Government seeks the following damages from Defendant: compensatory, consequential, general, and nominal damages, as suffered by the Government and/or Jeffrey Epstein's victims, punitive and exemplary damages, all against JPMorgan in amounts to be awarded at trial; treble damages against Defendant in an amount to be determined at trial, including, but not limited to, treble damages of the at least $80.5 million in tax revenue lost to the Virgin Islands as a result of the fraud carried out by Epstein's entity Southern Trust Company (previously known as Financial Trust Co. Inc.); and restitution and disgorgement of all ill-gotten gains to the Government to protect the rights of victims and innocent persons in the interest of justice in amounts to be determined at trial.

Although the Government recognizes that the following are not damages, the Government is also seeking: civil penalties, an injunction to prevent further illegal conduct and any concealment of illegal conduct, attorneys' fees and costs in amounts to be determined after trial; and any such other relief as the Court may deem just and proper.

The Government further states that certain information responsive to this interrogatory is in the possession of third parties and/or will be produced in discovery. The Government reserves the right to supplement this response as discovery and its investigation continue.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the specific objections or the foregoing General Objections, the Government states as follows:

The Government will rely on expert testimony to calculate the value of the tax revenue lost to the Virgin Islands in the form of benefits Epstein fraudulently obtained from the Virgin Islands. As such, the Government will disclose its precise computation no later than the day the Government submits its expert disclosures.  The Government's expert expects to rely on the following documents to calculate these damages:

        VI-JPM-000007315
        VI-JPM-000007407
        VI-JPM-000007474
        VI-JPM-000007534
        VI-JPM-000007588
        VI-JPM-000007663
        VI-JPM-000012630 - VI-JPM-000013372

The Government reserves the right to supplement this response as discovery and its investigation continue.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the specific objections or the foregoing General Objections, the Government states as follows:

In light of the Court's Opinion and Order on Defendant's Motion to Dismiss (Dkt. 130) and the rulings contained therein, the Government is no longer seeking proprietary damages of any

kind in this action. The Government continues to pursue this action as *parens patriae* and, as previously advised, seeks compensatory damages and punitive damages on behalf of victims and residents of the United States Virgin Islands. The computation of such amounts will be the subject of expert testimony and will be disclosed consistent with the schedule in this Action. The Government reserves all rights with respect to arguments on appeal.

As noted above, the Government continues to seek the following damages from Defendant: compensatory, consequential, general, and nominal damages, as suffered by Jeffrey Epstein's victims, punitive and exemplary damages, all against JPMorgan in amounts to be awarded at trial; and restitution and disgorgement of all ill-gotten gains to the Government to protect the rights of victims and innocent persons in the interest of justice in amounts to be determined at trial.

Although the Government recognizes that the following are not damages, the Government is also seeking: civil penalties, an injunction to prevent further illegal conduct and any concealment of illegal conduct, attorneys' fees and costs in amounts to be determined after trial; and any such other relief as the Court may deem just and proper.

### THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Subject to and without waiving the specific objections or the foregoing General Objections, the Government states as follows:[1]

---

[1] In light of the Court's decision on the Motion to Dismiss, the Government seeks relief at trial only on its remaining TVPA claims, without prejudice to its appellate rights with respect to its dismissed claims and all relief sought thereunder.

The Government seeks compensatory, consequential, general, and nominal damages, as suffered by Jeffrey Epstein's victims, and punitive damages, all against JPMorgan in amounts to be determined at trial based on fact and expert witness testimony and documentary evidence.

Although the Government recognizes that the following are not damages, the Government is also seeking civil penalties and/or appropriate fines in amounts totaling at least $150 million to be determined at trial based on fact and expert witness testimony and documentary evidence; disgorgement and/or restitution of all ill-gotten gains, in amounts totaling at least $40 million, including but not limited to revenues earned from Jeffrey Epstein's banking activity and business referrals, to be determined at trial based on fact and expert witness testimony and documentary evidence; an injunction to prevent further illegal conduct and any concealment of illegal conduct; attorneys' fees and costs in amounts to be determined after trial; and any such other relief as the Court may deem just and proper.

Dated:  July 19, 2023

**ARIEL SMITH, ESQ.**
**ATTORNEY GENERAL**

By counsel,

/s/ *David I. Ackerman*
**DAVID I. ACKERMAN**
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 849-4962
dackerman@motleyrice.com

**VENETIA VELAZQUEZ**
Admitted *Pro Hac Vice*
Acting Chief, Civil Division
Virgin Islands Department of Justice
Office of the Attorney General
213 Estate La Reine, RR1 Box 6151

7

Kingshill, St. Croix
U.S. Virgin Islands 00850
Tel.: (340) 773-0295 Ext. 202481
venetia.velazquez@doj.vi.gov

**LINDA SINGER** (Admitted *Pro Hac Vice*)
**MIMI LIU** (Admitted *Pro Hac Vice*)
**PAIGE BOGGS** (Admitted *Pro Hac Vice*)
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com
mliu@motleyrice.com
pboggs@motleyrice.com

*Attorneys for Plaintiff Government of the*
*United States Virgin Islands*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, the foregoing *Government of the United States Virgin Islands' Third Supplemental Objections and Responses to JPMorgan Chase Bank, N.A.'s First Set of Interrogatories* was served by email upon counsel of record in the above-captioned action.

*/s/ David I. Ackerman*
David I. Ackerman