# EXHIBIT 28

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant/Third-Party Plaintiff. | Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A.<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY<br><br>    Third-Party Defendant. | |
| Government of the U.S. Virgin Islands,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant/Third-Party Plaintiff. | Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A.<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY<br><br>    Third-Party Defendant. | |

1

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 7 because it does not specify a relevant time period. JPMC also objects to Request No. 7 because the phrase "official duties or responsibilities relating to Epstein accounts" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC denies that Mr. Dimon had any involvement with respect to Jeffrey Epstein or his accounts.

**REQUEST FOR ADMISSION NO.8**

Mary Erdoes had official duties or responsibilities relating to Epstein accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 8 because it does not specify a relevant time period. JPMC also objects to Request No. 8 because the phrase because the phrase "official duties or responsibilities relating to Epstein accounts" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits only that Ms. Erdoes was involved in decision making with respect to maintaining, and later terminating, Jeffrey Epstein as a customer of JPMC.

**REQUEST FOR ADMISSION NO.9**

Stephen Cutler had official duties or responsibilities relating to Epstein accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 9 because it does not specify a relevant time period. JPMC also objects to Request No. 9 because the phrase "official duties or responsibilities relating to Epstein accounts" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits William Langford was aware in 2011 that Epstein pled guilty to solicitation of prostitution and soliciting prostitution from someone under the age of 18.

**REQUEST FOR ADMISSION NO.89**

William Langford was aware in 2012 that Jeffrey Epstein had been convicted of prostitution and/or sexual misconduct offenses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 89 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits William Langford was aware in 2012 that Epstein pled guilty to solicitation of prostitution and soliciting prostitution from someone under the age of 18.

**REQUEST FOR ADMISSION NO.90**

Mary Erdoes was aware in 2006 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 90 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Mary Erdoes was aware in 2006 that Epstein was arrested for solicitation of prostitution.

Lynne Federman was aware in 2012 that Jeffrey Epstein had been convicted of prostitution and/or sexual misconduct offenses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 111 because it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC further objects to Request No. 111 because it seeks information that is not "relevant to any party's claim or defense" given that Ms. Federman had left JPMC by March 2006, and that it is therefore not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

**REQUEST FOR ADMISSION NO.112**

Mary Casey was aware in 2006 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 112 because it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Mary Casey was aware in 2006 that Epstein was arrested for solicitation of prostitution.

**REQUEST FOR ADMISSION NO.113**

Mary Casey was aware in 2007 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113**

**RESPONSE TO REQUEST FOR ADMISSION NO. 145**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 145 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC, based on present knowledge and information while discovery in this matter is ongoing, denies Request No. 145.

**REQUEST FOR ADMISSION NO.146**

Donna Dellosso was aware in 2012 that Jeffrey Epstein had been convicted of prostitution and/or sexual misconduct offenses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 146**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 146 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC, based on present knowledge and information while discovery in this matter is ongoing, denies Request No. 146.

**REQUEST FOR ADMISSION NO.147**

Catherine Keating was aware in 2006 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 147**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 147 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Catherine Keating was aware in 2006 that Epstein was arrested for solicitation of prostitution.

### REQUEST FOR ADMISSION NO.148

Catherine Keating was aware in 2007 that Jeffrey Epstein had been arrested or convicted for prostitution and/or sexual misconduct.

### RESPONSE TO REQUEST FOR ADMISSION NO. 148

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 148 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Catherine Keating was aware in 2007 that Epstein was arrested for solicitation of prostitution.

### REQUEST FOR ADMISSION NO.149

Catherine Keating was aware in 2008 that Jeffrey Epstein had been arrested or convicted for prostitution and/or sexual misconduct.

### RESPONSE TO REQUEST FOR ADMISSION NO. 149

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 149 because it misuses Requests for

"relevant to any party's claim or defense" as Mr. Neilson was not employed by JPMC in 2012.

This request is therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Date: May 22, 2023

Respectfully submitted,
By: /s/ *John J. Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, the foregoing document, entitled "JPMorgan Chase Bank, N.A.'s Responses and Objections to Third-Party Defendant's First Request for Admissions," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the third-party defendant in the above-entitled action by electronic mail.

DATED:   May 22, 2023
         New York, NY

By: */s/ Thomas Oates*