# EXHIBIT 39

Confidential – Subject to Protective Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Government of the United States Virgin
Islands,

        Plaintiff,

    vs.

JPMorgan Chase Bank, N.A.,

        Defendant.

_____/

CASE NO.:  1:22-cv-10904 (JSR)

### JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby serves its Responses and Objections to Plaintiff's First Request for Admissions ("Requests") pursuant to Federal Rules of Civil Procedure 26 and 36.  JPMC denies all Requests, except with respect to anything expressly admitted herein.

### PRELIMINARY STATEMENT

These objections and responses are made solely for the purposes of the above-captioned case.  Each of JPMC's objections and responses to the Requests is based on information and documents presently available to JPMC after reasonable and diligent inquiry.  Particularly with respect to (but in no way limited to) Request Nos. 20, 27, 170, 172, 186, and 189, JPMC's responses are also based on Mr. Dimon's current recollection of events.  Discovery is ongoing, and JPMC specifically reserves the right to amend or supplement its objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed.  In addition, JPMC's objections and responses are

Confidential – Subject to Protective Order

2.      JPMC objects to the Requests' definition of "Persons or Entities Associated with Epstein" as vague, ambiguous, overly broad, and unduly burdensome—particularly its use of the phrase "any individuals known to You as an agent, signatory, holder, or Power of Attorney for any Epstein Account" and its incorporation of Exhibit A.  Exhibit A includes 170 entities and persons, and JPMC objects to any assertion that each is associated with Epstein.  Alleged associations between Epstein and other entities or persons included in Exhibit A are vague and ambiguous. Furthermore, requests associated with Exhibit A are overly broad, unduly burdensome, and seek information that that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  JPMC will limit its responses to those persons or entities specifically enumerated in Plaintiff's Definitions and Requests.

3.      JPMC objects to Plaintiff's definition of the phase "Epstein Accounts" for the same reasons because it incorporates the definition of "Persons or Entities Associated with Epstein." JPMC will limit its responses to those persons or entities specifically enumerated in Plaintiff's Definitions and Requests.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Epstein was a client of JPMorgan from 1985-2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Subject to and without waiver of the foregoing General Objections and Objections to Definitions, JPMC admits that Epstein opened an account with one of JPMC's predecessor entities in 1985 and that JPMC terminated Epstein as a client in 2013.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You managed at least 135 accounts for Epstein or Persons or Entities Associated with Epstein between 1998 and 2013.

Confidential – Subject to Protective Order

## RESPONSE TO REQUEST FOR ADMISSION NO. 2

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 2 because the term "managed" is vague and ambiguous. JPMC will interpret "managed" to mean "had an account for." JPMC also objects to Request No. 2 as vague and ambiguous because it does not specify whether the number of accounts over the relevant period is cumulative or at any particular point in time. JPMC will interpret this request to be cumulative. JPMC further objects to Request No. 2 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admit that under USVI's definition of the phrase "accounts for Epstein or Persons or Entities Associated with Epstein," which extends far beyond Jeffrey Epstein and accounts for which he had beneficial ownership, JPMC had at least 135 accounts during this period.

## REQUEST FOR ADMISSION NO. 3:

Admit that Epstein's JPMorgan accounts had a PCN Market Value of $156,218.451.45 as of September 3, 2008.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 3 as vague and ambiguous because the phrases "Epstein's JPMorgan accounts" and "PCN Market Value" undefined. JPMC will interpret the phrase "Epstein's JPMorgan accounts" to mean those accounts registered specifically to Epstein.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that JPM-SDNYLIT-00003755, titled "Relationship List" "Jeffrey E. Epstein" on JPM-SDNYLIT-00003758 identifies a "PCN Market Value" $156,218.451.45.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 4:**

Admit that Epstein was one of Your top 20 clients in the Closely Held Business Group as of March 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 4 as vague and ambiguous because the phrases "top 20 clients" and "Closely Held Business Group" are undefined.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Epstein was one of the Top 20 clients in the Closely Held Business Group as of October 2010.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Epstein introduced potential clients to JPMorgan Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 5 because it does not specify a relevant time frame.  JPMC also objects to Request No. 5 because the phrase "introduced potential clients" is vague and ambiguous.  JPMC will interpret this phrase to mean that Epstein contacted JPMC about individuals who were not JPMC Private Bank customers at the time of contact about becoming JPMC Private Bank customers.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 5.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Epstein referred clients to JPMorgan Private Bank.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 6 because it does not specify a relevant time frame.  JPMC also objects to Request No. 6 because the phrase "referred clients" is vague and ambiguous.  JPMC will interpret this phrase to mean that Epstein contacted JPMC about individuals who were not affiliated with Epstein and who were not JPMC Private Bank customers at the time of contact about becoming JPMC Private Bank customers. JPMC further objects to Request No. 6 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You obtained fees, revenue, and business referrals in connection with Your banking relationship with Epstein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 7 because it does not specify a relevant time frame.  JPMC also objects to Request No. 7 because the phrases "business referrals" and "in connection with Your banking relationship" are vague and ambiguous.  JPMC further objects to Request No. 7 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that it earned fees and revenue from providing banking services to Epstein, and also that Epstein referred certain clients of JPMC's private bank.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Epstein referred Glenn Dubin, co-founder of Highbridge Capital Management, as a client or for additional activities or funds to JPMorgan Private Bank.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 8 because it does not specify a relevant time frame for when "Epstein referred Glenn Dubin." JPMC also objects to Request No. 8 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Glenn Dubin becoming a JPMC Private Bank customer. JPMC further objects to Request No. 8 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Epstein received a consulting fee related to JPMorgan's acquisition of Highbridge Capital Management in 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 9 because it does not specify a relevant time frame. JPMC also objects to Request No. 9 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). JPMC further objects to Request No. 9 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC further objects to Request No. 9 because "consulting fee" and "acquisition" are vague and ambiguous. JPMC will interpret "acquisition" to refer to JPMC's purchase of a majority interest in Highbridge Capital Management in 2004.

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Dubin & Swieca Holdings, Inc. paid Financial Trust Company, Inc. a fee related to JPMC's acquisition of a majority interest in Highbridge Capital Management in 2004.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Epstein referred Leslie Wexner, founder and CEO of L Brands, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 10 because it does not specify a relevant time frame.  JPMC further objects to Request No. 10 because "referred" and "for additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Wexner becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 10 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Epstein referred Leon Black, co-founder and CEO of Apollo Global Management, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 11 because it does not specify a relevant time frame.  JPMC further objects to Request No. 11 because "referred" and "for additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Black becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 11 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 14:

Admit that Epstein worked with JPMorgan to develop a donor advised fund with The Bill and Melinda Gates Foundation and Bill Gates.

## RESPONSE TO REQUEST FOR ADMISSION NO. 14

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 14 because it does not specify a relevant time frame. JPMC also objects to Request No. 14 as vague and ambiguous because "worked with" and "to develop" are not defined. JPMC will interpret these phrases to mean JPMC and Epstein jointly worked toward developing a donor advised fund with The Bill and Melinda Gates Foundation and Bill Gates. JPMC further objects to Request No. 14 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Epstein and JPMC personnel discussed a potential donor advised fund relating to The Bill and Melinda Gates Foundation and Bill Gates.

## REQUEST FOR ADMISSION NO. 15:

Admit that You communicated with Epstein regarding the fee that he would receive in connection with any donor advised fund established with The Bill and Melinda Gates Foundation and Bill Gates.

## RESPONSE TO REQUEST FOR ADMISSION NO. 15

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 15 because it improperly poses a hypothetical question. *See* Fed. R. Civ. P. 36(a)(1) (proper scope of RFAs); *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016)

Confidential – Subject to Protective Order

(responding party was not required to answer an interrogatory which assumed a fact that had not been established).  To wit, no such donor advised fund ever existed.  JPMC also objects to Request No. 15 because the term "communicated" is vague and ambiguous insofar as it does not identify whether Epstein and JPMC engaged in a dialogue about the subject matter at issue.  JPMC further objects to Request No. 15 because the phrase "in connection with" is vague and ambiguous.  JPMC also objects to Request No. 15 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits it had communication with Epstein about a fee for himself in connection with a proposed and never established donor advised fund, and that JPMC did not pay Epstein any such fee.

## REQUEST FOR ADMISSION NO. 16:

Admit that Stephen Cutler directed any fee to Epstein in connection with the donor advised fund should be paid by the client, and not JPMorgan.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 16 because it improperly poses a hypothetical question.  *See* Fed. R. Civ. P. 36(a)(1) (proper scope of RFAs); *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016) (responding party was not required to answer an interrogatory which assumed a fact that had not been established).  To wit, no such donor advised fund ever existed.  JPMC also objects to Request No. 16 as vague and ambiguous because "in connection with" and "directed" are vague and ambiguous.  JPMC also objects to Request No. 16 because it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

13

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 29:

Admit that Epstein referred Robert Lee Burch III, former CEO of Jonathan Engineered Solutions and member of A.W. Jones' advisory board, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 29 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 29 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Burch becoming a JPMC Private Bank customer. JPMC further objects to Request No. 29 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, admits that JPM-SDNYLIT-00102986 says that Burch "was referred to us by Jeffrey Epstein's office for our banking services."

## REQUEST FOR ADMISSION NO. 30:

Admit that Epstein referred Stephen Salzman, Manager of Priderock Management, LLC, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 30 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL

Confidential – Subject to Protective Order

101909, at \*2.  JPMC also objects to Request No. 30 because the term "referred" and the phrases

"additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean

that Epstein contacted JPMC about Salzman becoming a JPMC Private Bank customer.  JPMC

further objects to Request No. 30 because it is improperly compound and conjunctive.  Fed. R.

Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC

denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Epstein referred Thomas Pritzker, chairman and CEO of the Pritzker Organization, as
a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

In addition to and specifically incorporating its foregoing General Objections and

Objections to Definitions, JPMC objects to Request No. 31 on the grounds that it misuses Requests

for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at \*5; *De Niro*, 2022 WL

101909, at \*2.  JPMC also objects to Request No. 31 because the term "referred" and the phrases

"additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean

that Epstein contacted JPMC about Pritzker becoming a JPMC Private Bank customer.  JPMC

further objects to Request No. 31 because it is improperly compound and conjunctive.  Fed. R.

Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC

denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 32:**

Admit that in 2006 You received, reviewed, or read newspaper or other media articles regarding
Epstein's arrest for procuring a minor for prostitution and solicitation of a prostitute.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 32**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 32 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400. JPMC further objects to Request No. 32 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits certain JPMC employees received, reviewed, or read articles covering Epstein's 2006 arrest in Florida.

**REQUEST FOR ADMISSION NO. 33:**

Admit that in 2006 You received, reviewed, or read newspaper or other media articles regarding allegations that Epstein paid cash to procure minors for prostitution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 33 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400. JPMC further objects to Request No. 33 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits certain JPMC employees received, reviewed, or read articles covering Epstein's 2006 arrest in Florida.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Your policies since at least 2000 required You to investigate and/or verify Epstein's source of wealth.

Confidential – Subject to Protective Order

## RESPONSE TO REQUEST FOR ADMISSION NO. 34

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 34 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 34 because the terms "policies," "investigate," "verify," and "source of wealth" are vague and ambiguous. JPMC further objects to Request No. 34 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that certain KYC policies included certain actions to assess source of wealth.

## REQUEST FOR ADMISSION NO. 35:

Admit that, prior to 2013, You did not investigate and/or verify Epstein's source of wealth.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35

JPMC also objects to Request No. 35 because the terms "verify" and "source of wealth" are vague and ambiguous. JPMC further objects to Request No. 35 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request 35.

## REQUEST FOR ADMISSION NO. 36:

Admit that in 2003 You received, reviewed, or read a Vanity Fair Article entitled *The Talented Mr. Epstein* which detailed Epstein's ties to Steven Jude Hoffenberg who was convicted of running one of the largest Ponzi schemes in American history.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 36 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*,

Confidential – Subject to Protective Order

326 F.R.D. at 400.  JPMC also objects Request No. 36 because  "ties," and the phrase "one of the largest Ponzi schemes in American history" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that certain of its employees received, reviewed, or read the 2003 Vanity Fair Article titled *The Talented Mr. Epstein* and refers to the article for its content.

## REQUEST FOR ADMISSION NO. 37:

Admit that in 2009 You received, reviewed, or read newspaper or other media articles reporting that Epstein was running a Ponzi scheme.

## RESPONSE TO REQUEST FOR ADMISSION NO. 37

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 37 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*, 326 F.R.D. at 400.  JPMC also objects to Request No. 37 because it does not provide a relevant time frame.  JPMC further objects to Request No. 37 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that certain of its employees received, reviewed, or read a Business Insider article titled "Is Jeff Epstein Also Running A Ponzi Scheme?" and refers to the article for its content.

## REQUEST FOR ADMISSION NO. 38:

Admit that You did not obtain retainer agreements between Epstein and any client.

## RESPONSE TO REQUEST FOR ADMISSION NO. 38

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 38 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*,

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 40:**

Admit that You did not, prior to 2019, report Epstein's financial activities to any agency or official of the U.S. Virgin Islands.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 40 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*, 326 F.R.D. at 400.  JPMC also objects to Request No. 40 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC further objects to Request No. 40 because the terms "report" and "financial activities" are vague and ambiguous.  JPMC further objects to Request No. 40 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC states that it reported ███████████████████████████████ financial activity to federal law enforcement in the form of Cash Transaction Reports ("CTRs") and ██████ ██████████████, and lacks knowledge to admit or deny as to whether the U.S. Virgin Islands availed itself of opportunities to obtain such information from the agencies to which JPMC had a reporting obligation.

**REQUEST FOR ADMISSION NO. 41:**

Admit that in 2006 You received, reviewed, or read newspaper or other media articles regarding Epstein's indictment by the Palm Beach County grand jury for solicitation of prostitution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 41 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*,

Confidential – Subject to Protective Order

326 F.R.D. at 400.  JPMC further objects to Request No. 41 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that certain of its employees  received, reviewed, or read a 2006 Palm Beach Post article stating that Epstein was indicted on one count of felon solicitation of prostitution.  JPMC otherwise refers to the article for its content.

## REQUEST FOR ADMISSION NO. 42:

Admit that beginning in 2006 You received, reviewed, or read newspaper or other media articles reporting on allegations that ██████████ was involved in Epstein's scheme to procure minors for prostitution.

## RESPONSE TO REQUEST FOR ADMISSION NO. 42

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 42 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*, 326 F.R.D. at 400.  JPMC further objects to Request No. 42 because the terms "involved," "scheme," and "procure" are vague and ambiguous.  JPMC further objects to Request No. 42 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that certain of its employees  received, reviewed, or read a 2006 Palm Beach Post article stating that Epstein was indicted on one count of felon solicitation of prostitution and that this article mentions ██████████  JPMC otherwise refers to the article for its content.

## REQUEST FOR ADMISSION NO. 43:

Admit that beginning in 2006 You received, reviewed, or read newspaper or other media articles reporting on allegations that ██████████ was involved in Epstein's scheme to procure minors for prostitution.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 43**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 43 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400. JPMC also objects to Request No. 43 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC further objects to Request No. 43 because the terms "involved," "scheme," and "procure" are vague and ambiguous. JPMC further objects to Request No. 43 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits certain of its employees received, reviewed, or read one or more articles that reference ████████████ JPMC otherwise refers to those articles for their contents.

**REQUEST FOR ADMISSION NO. 44:**

Admit that senior JPMorgan executives including Mary Erdoes, Catherine Keating, John Duffy, and Jes Staley decided to retain Epstein as a banking client in October 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects Request No. 44 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 44, but admits that "[a]fter internal discussions with Jes Staley, Mary Erdoes, Catherine Keating, John Duffy and Mary Casey, it was decided that we will keep Mr. Epstein solely as a banking client and on a 'reactive', client service basis." JPM-SDNYLIT-00127953.

Confidential – Subject to Protective Order

## RESPONSE TO REQUEST FOR ADMISSION NO. 65

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects Request No. 65 because the "conferred with" is vague and ambiguous.  JPMC also objects to Request No. 65 to the extent that it implies that JPMC had previously decided to terminate Mr. Epstein and that, subsequently, a decision was made to keep Epstein as a client.  JPMC further objects to Request No. 65 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 65.

## REQUEST FOR ADMISSION NO. 66:

Admit that in 2005 You approved a $1 million Stand By Letter of Credit in Epstein's name to support a loan from Mellon United National to MC2 Model Management, LLC.

## RESPONSE TO REQUEST FOR ADMISSION NO. 66

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 66 because the phrases "in Epstein's name" and "to support a loan" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 66.

## REQUEST FOR ADMISSION NO. 67:

Admit that the $1 million Stand by Letter of Credit in Epstein's name to support a loan from Mellon United National to MC2 Model Management, LLC had to be reapproved each year.

## RESPONSE TO REQUEST FOR ADMISSION NO. 67

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 67 because the phrases "in Epstein's name," "to support a loan," and "had to be approved each year" are vague and ambiguous.

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that a $1 million letter of credit in Epstein's name to backstop a loan from Mellon United National to MC2 Model Management, LLC was subject to annual review.

**REQUEST FOR ADMISSION NO. 68:**

Admit that You continued to provide the $1 million Stand by Letter of Credit in Epstein's name to support a loan from Mellon United National to MC2 Model Management, LLC until at least April 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 68 because the phrases "in Epstein's name," "to support a loan," and "had to be approved each year" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that it did not renew a Stand by Letter of Credit in Epstein's name to backstop a loan from Mellon United National to MC2 Model Management, LLC in March 2011.

**REQUEST FOR ADMISSION NO. 69:**

Admit that in October 2007 the New York Post reported that Epstein said he had no business relationship with MC2 Model Management, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 69 because the phrase "business relationship" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that the New York Post published an article which stated, "Epstein's rep said he was not involved in the agency."  JPM-SDNYLIT-00036593.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 70:**

Admit that in or before July 2010 You received, reviewed, or read newspaper or other media articles reporting that Jean Luc Brunel was associated with MC2 Model Management, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects Request No. 70, because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400. JPMC also objects to Request No. 70 because the phrase "associated with" is vague and ambiguous. JPMC further objects to Request No. 70 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that in 2010, certain of its employees received, reviewed, or read a Newstex Web Blog, Jezebel, article identifying "MC2" as "the modeling agency owned by Jean Luc Brunel." JPM-SDNYLIT-00036596.

**REQUEST FOR ADMISSION NO. 71:**

Admit that in or before 2011 You were aware of the 1988 60 Minutes segments where Diane Sawyer interviewed MC2 Model Management, LLC models who were sexually assaulted by Jean Luc Brunel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 71 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2). JPMC also objects to Request No. 71 because it assumes the truth of disputed facts. JPMC further objects Request No. 71, because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 143:**

Admit that Your policies require You to consult with the relationship banker to determine whether a client's activity is suspicious or unusual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 143**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 143 because the terms "suspicious," and "unusual" are vague and ambiguous.  JPMC also objects to Request No. 143 because it does not specify a relevant time frame.

Subject to and without waiver of the foregoing general objections, JPMC denies Request No. 143.

**REQUEST FOR ADMISSION NO. 144:**

Admit that Your employees consulted with Jes Staley regarding Epstein's account activities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 144 because the terms "account activities," and "Your employees" are vague and ambiguous.  JPMC also objects to Request No. 144 because it does not specify a relevant time frame.

Subject to and without waiver of the foregoing general objections, JPMC admits that its employees consulted with Jes Staley regarding Epstein's account activities.

**REQUEST FOR ADMISSION NO. 145:**

Admit that the decision on whether to file a SAR is made by JPMorgan compliance officials.

**RESPONSE TO REQUEST FOR ADMISSION NO. 145**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 145 because "compliance officials" is

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 160**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 160 because the phrase "relating to" is vague and ambiguous.  JPMC also objects to this request on the grounds that it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that it entered into consent order with the OCC in 2013 and refers to its contents.

**REQUEST FOR ADMISSION NO. 161:**

Admit that Jes Staley's JPMorgan email address was jes.staley@jpmorgan.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 161 because it does not specify a relevant time frame.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 161.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Jes Staley communicated with Epstein through his JPMorgan email account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 162 because it does not specify a relevant time frame.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 162.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 163:**

Admit that JPMorgan employees were instructed to only use their email accounts for work purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 163 because it does not specify a relevant time frame, and, given the complete lack of specificity, will interpret the request to apply to 2009. JPMC also objects to Request No. 163 because the terms "instructed," "used," and "work purposes" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that, in 2009, its employees were subject to a Code of Conduct which included the instruction:  "electronic mail (e-mail) systems and other electronic communications devices provided by JPMorgan Chase, whether in the workplace or elsewhere, are the property of the firm and should be used for business purposes; however, limited incidental personal use is permitted, consistent with the Code and all other policies of the firm."  JPM-SDNYLIT-00149115 at -9129.

**REQUEST FOR ADMISSION NO. 164:**

Admit that Jes Staley exchanged photographs of women with Epstein on Staley's JPMorgan email account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 164 because it does not specify a relevant time frame.  JPMC also objects to Request No. 164 because the word "exchanged" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC that Epstein sent Staley photographs of women on Staley's JPMorgan's email address.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 165:**

Admit that Jes Staley had at least 1,200 email exchanges with Epstein using his JPMorgan email address.

**RESPONSE TO REQUEST FOR ADMISSION NO. 165**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 165 because it does not specify a relevant time frame.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits more than 1,200 email messages list both jes.staley@jpmorgan.com and jeevacation@gmail.com as either sender, receiver, or carbon copy.

**REQUEST FOR ADMISSION NO. 166:**

Admit that Jes Staley exchanged emails with Epstein from his JPMorgan email account regarding a woman he referred to as "snow white."

**RESPONSE TO REQUEST FOR ADMISSION NO. 166**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 166 because the terms "exchanged" and "regarding" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Staley sent an email from the address "jes.staley@jpmorgan.com" that referenced "Snow White."

**REQUEST FOR ADMISSION NO. 167:**

Admit that Epstein introduced Jes Staley to a woman he referred to as "snow white" in emails he exchanged with Epstein on July 10, 2010.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 167**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 167 because the terms "introduced" and "exchanged" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Staley sent an email from the address "jes.staley@jpmorgan.com" to Epstein that referenced "Snow White." JPMC otherwise denies Request No. 167.

**REQUEST FOR ADMISSION NO. 168:**

Admit that Jes Staley submitted expense reports that included costs associated with meetings with Epstein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 168 because the terms "associated" and meetings" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Staley submitted expense reports reflecting purported meetings with, among others, Jeffrey Epstein.

**REQUEST FOR ADMISSION NO. 169:**

Admit that You paid for items on Jes Staley's submitted expense reports that included costs associated with meetings with Epstein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 169 because the terms "associated" and meetings" are vague and ambiguous.

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Staley submitted, and JPMC reimbursed the costs associated with, expense reports reflecting purported meetings with, among others, Jeffrey Epstein.

**REQUEST FOR ADMISSION NO. 170:**

Admit that Jamie Dimon traveled with Jes Staley in London for the September 2009 trip during which Staley met with ███████████████.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 170 because the terms and phrases "in London," "the September 2009 trip," and "met with" are vague and ambiguous.  JPMC also objects to Request No. 170 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC further objects to Request No. 170 because it is improperly compound.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 170.

**REQUEST FOR ADMISSION NO. 171:**

Admit that Epstein wired $3,000 to ████████████ on August 31, 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 171 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 171.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 173:**

Admit that Epstein or Persons or Entities Associated with Epstein wired $3,000 to █████████ ██████████ on August 31, 2009 from an Epstein Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 173 because it is improperly compound. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits request No. 173.

**REQUEST FOR ADMISSION NO. 174:**

Admit that Epstein or Persons or Entities Associated with Epstein wired $2,000 to █████████ ██████████ on January 8, 2009 from an Epstein Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 174 because it is improperly compound. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 174.

**REQUEST FOR ADMISSION NO. 175:**

Admit that You knew that Jes Staley visited Epstein when he was incarcerated while Epstein was a client of JPMorgan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 175 because it is improperly compound. Fed. R. Civ. P. 36(a)(2).  JPMC also objects to Request No. 175 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*,

Confidential – Subject to Protective Order

2022 WL 101909, at *2.  JPMC further objects to Request No. 175 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*, 326 F.R.D. at 400  JPMC also objects to Request No. 175 because "incarcerated" is vague and ambiguous.  JPMC will interpret this term to mean "serving his sentence for criminal conviction."

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 175 but states that certain of its employees learned that Staley had visited Epstein while he was incarcerated and still a JPMC client.

## REQUEST FOR ADMISSION NO. 176:

Admit that You knew Jes Staley visited Epstein at Epstein's New York property while Epstein was a client of JPMorgan.

## RESPONSE TO REQUEST FOR ADMISSION NO. 176

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 176 because it is improperly compound. Fed. R. Civ. P. 36(a)(2).  JPMC also objects to Request No. 176 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC further objects to Request No. 176 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC.  *Republic of Turkey*, 326 F.R.D. at 400.  JPMC also objects to Request No. 176 because it does not specify a relevant time period for JPMC's knowledge.  JPMC will interpret Request No. 176 to apply to its present knowledge.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 176.

Confidential – Subject to Protective Order

**REQUEST FOR ADMISSION NO. 177:**

Admit that You knew Jes Staley visited Epstein at Epstein's island, Little Saint James, while Epstein was a client of JPMorgan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 177**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 177 because it is improperly compound. Fed. R. Civ. P. 36(a)(2). JPMC also objects to Request No. 177 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC further objects to Request No. 177 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400.

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 177 but states that certain of its employees learned that Staley visited Little Saint James while Epstein was a client of JPMC.

**REQUEST FOR ADMISSION NO. 178:**

Admit that You knew Jes Staley visited Epstein at Epstein's Palm Beach property while Epstein was a client of JPMorgan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 178 because it is improperly compound. Fed. R. Civ. P. 36(a)(2). JPMC also objects to Request No. 178 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC further objects to Request No. 178 because, in this context, the term "You" "may be understood to include all employees, officials and agents" of JPMC. *Republic of Turkey*, 326 F.R.D. at 400.

Confidential – Subject to Protective Order

objects to Request No. 190 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 190.

## REQUEST FOR ADMISSION NO. 191:

Admit that You informed Epstein he was being exited as a client of JPMorgan Private Bank in September 2013.

## RESPONSE TO REQUEST FOR ADMISSION NO. 191

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 191 because the phrase "being exited" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that it informed Epstein of his exit in August 2013 and sent him a letter about his exit in September 2019.

## REQUEST FOR ADMISSION NO. 192:

Admit that You did not know the identity of any of Epstein's clients other than Leon Black and Leslie Wexner.

## RESPONSE TO REQUEST FOR ADMISSION NO. 192

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 192 because it does not specify a relevant time frame.  JPMC will interpret the time frame to be 2000 through 2013.  JPMC also objects to Request No. 192 because the term "identity" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC states that it in addition to Leslie Wexner and Leon Black, Epstein also referenced to certain JPMC employees that he represented other clients.

Confidential – Subject to Protective Order

admits that in 2011, "Staley . . . called Mr. Epstein to discuss the human trafficking allegations in the press, which he claimed were without merit."  JPM-SDNYLIT-00274774.

**REQUEST FOR ADMISSION NO. 195:**

Admit that You terminated Jes Staley in 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 195 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 195.

**REQUEST FOR ADMISSION NO. 196:**

Admit that You provided a severance payment to Jes Staley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 196**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 196 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 196.

**REQUEST FOR ADMISSION NO. 197:**

Admit that You gave Jes Staley a bonus every year between 2001 and 2012.

Confidential – Subject to Protective Order

**RESPONSE TO REQUEST FOR ADMISSION NO. 197**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 197 because "gave" and "bonus" are vague and ambiguous.  JPMC also objects to Request No. 197 on the grounds that it seeks information that is not relevant to any party's claims or defenses.  Fed. R. Civ. P. 26(b)(1).  JPMC objects to Request No. 197 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits Request No. 197.

**REQUEST FOR ADMISSION NO. 198:**

Admit that Jes Staley's bonus was related to the revenue and business that Jes Staley facilitated for You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 198**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 198 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).  JPMC also objects to Request No. 198 because the terms "related to," "revenue," "business," and "facilitated" are vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Jes Staley's bonus was related to his performance and performance of the businesses under his supervision, which may have included the revenue and business that they generated, among a broad range of additional quantitative and qualitative considerations.

**REQUEST FOR ADMISSION NO. 199:**

Admit that women and girls who were trafficked by Epstein suffered physical and emotional harm.

Confidential – Subject to Protective Order

Dated:  May 17, 2023

Respectfully submitted,
By: /s/ *John J. Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant*

**Confidential – Subject to Protective Order**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2023, the foregoing document, entitled "JPMorgan Chase Bank, N.A.'s Responses and Objections to Plaintiff's First Requests for Admission," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

DATED:     May 17, 2023
            New York, NY

By: _/s/ Denis Hurley_____