# EXHIBIT 48

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant/Third-Party Plaintiff. | Case Number: 1:22-cv-10019-JSR |
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>    Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>    Defendant/Third-Party Plaintiff. | Case Number: 1:22-cv-10904-JSR |
| JPMORGAN CHASE BANK, N.A.<br><br>    Third-Party Plaintiff,<br>v.<br><br>JAMES EDWARD STALEY<br><br>    Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT JAMES E. STALEY'S RESPONSES AND OBJECTIONS TO UNITED STATES VIRGIN ISLANDS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Third-Party Defendant James E. Staley, through undersigned counsel, hereby responds and objects to the United States Virgin Island's First Requests for Admissions in the above-captioned matters.

1

9. Staley objects to each Request to the extent that it improperly "seek[s] information as to fundamental disagreement at the heart of the lawsuit." *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (citing Wright & Miller, Fed. Prac. & P. § 2252; *Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014)).

10. Staley objects to each Request to the extent that it amounts to an improper use of Requests for Admission as a discovery device. *Pasternak v. Dow Kim*, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (requests for admission "presuppose[] that the party proceeding under [Rule 36] knows the facts" and "merely wishes its opponent to concede their genuineness." (citations omitted)); *Robinson v. De Niro*, 2022 WL 101909, at *2 (S.D.N.Y. Jan. 11, 2022) ("[R]equests for admission are used to establish admission of facts about which there is no real dispute," not to obtain new information).

11. Staley objects to each Request to the extent that it is vague because it uses terms that are susceptible to more than one meaning, ambiguous, overly broad, or unduly burdensome. Fed. R. Civ. P. 26(b)(1).

12. Staley objects to each Request to the extent that it requests an admission not "relevant to any party's claim or defense" and therefore, not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## II.     REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You were CEO of JPMorgan Asset Management between 2001-2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Subject to and without waiving the General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request. He admits

4

that he was the CEO of JPMorgan Asset and Wealth Management.

**REQUEST FOR ADMISSION NO. 2:**

Admit that You were CEO of JPMorgan Investment Bank between 2009-2012.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiving the General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that You signed a written affirmation each year between 2006-2012 where You pledged to remain in compliance with JPMorgan's Code of Conduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 3 because it inappropriately incorporates documents by reference.

Subject to and without waiving the foregoing objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits that he signed certifications that speak for themselves. Otherwise the request is denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You provided information to JPMorgan regarding Your friendship with Epstein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 4 because the terms "information" and "friendship" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 4 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

5

Staley objects to Request No. 16 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Epstein referred or otherwise introduced JPMorgan to other ultra-high net worth individuals as clients or for additional activities or funds to JPMorgan Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to and specifically incorporating its foregoing General Objections, Staley objects to Request No. 17 because the terms "ultra-high net worth individuals," "clients," "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 17 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 17 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that JPMorgan obtained fees, revenue, and business referrals in connection with JPMorgan's banking relationship with Epstein.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

"reporting," "allegations," and "human trafficking" are vague because they are susceptible to more than one meaning and call for improper legal conclusions. *Carver*, 2018 WL 4579831, at *2.

Staley objects to Request No. 110 to the extent that it assumes or implies that Staley knew about, had reason to know, or should have known of Epstein's actions and because it seeks a legal conclusion and thus seeks admissions outside the scope of the Federal and Local Rules. *Id*.

Staley objects to Request No. 110 because it "seek[s] information as to fundamental disagreement at the heart of the lawsuit." *Republic of Turkey*, 326 F.R.D. at 40.

Staley objects to Request No. 110 because it abuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Staley objects to Request No. 110 to the extent that it is improperly compound, conjunctive, or disjunctive. Fed. R. Civ. P. 36(a)(2).

Staley objects to Request No. 110 as improperly incorporating a document or documents by reference without an opportunity to test their veracity and authenticity. As such, Staley further objects to Request No. 110 to the extent it assumes that a person who read what was "report[ed]" in the "newspaper or other media articles" had to assume the report to be a full, true, complete, and accurate account of the people, actions, or events it described.

Subject to and without waiving the foregoing objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits that he received and reviewed articles about Epstein. Otherwise the request is denied.

**REQUEST FOR ADMISSION NO. 111:**

Admit that in 2006 Jamie Dimon communicated with You regarding Epstein's arrest on charges of procuring a minor for prostitution and solicitation of a prostitute.

**RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

In addition to and specifically incorporating his foregoing General Objections, Staley

objects to Request No. 111 because the terms "communicated," "regarding," "arrest," "charges of procuring a minor for prostitution," and "solicitation of a prostitute" are vague because they are susceptible to more than one meaning and call for improper legal conclusions. *Carver*, 2018 WL 4579831, at *2.

Staley objects to Request No. 111 to the extent that it assumes or implies that Staley knew about, had reason to know, or should have known of Epstein's actions and because it seeks a legal conclusion and thus seeks admissions outside the scope of the Federal and Local Rules. *Id*.

Staley objects to Request No. 111 because it "seek[s] information as to fundamental disagreement at the heart of the lawsuit." *Republic of Turkey*, 326 F.R.D. at 40.

Staley objects to Request No. 111 because it abuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiving the foregoing objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits this Request.

**REQUEST FOR ADMISSION NO. 112:**

Admit that in 2006 Mary Erdoes communicated with You regarding Epstein's arrest on charges of procuring a minor for prostitution and solicitation of a prostitute.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 112 because the terms "communicated," "regarding," "arrest," "charges of procuring a minor for prostitution," and "solicitation of a prostitute" are vague because they are susceptible to more than one meaning and call for improper legal conclusions. *Carver*, 2018 WL 4579831, at *2.

Staley objects to Request No. 112 to the extent that it assumes or implies that Staley knew about, had reason to know, or should have known of Epstein's actions and because it seeks a legal

77

May 22, 2023

By: */s/ Brendan V. Sullivan, Jr.*

Brendan V. Sullivan Jr.
Zachary K. Warren
Stephen L. Wohlgemuth
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5252
Fax: (202) 434-5029
zwarren@wc.com

*Counsel for Third-Party Defendant James Edward Staley*