# EXHIBIT 172

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Government of the United States Virgin Islands<br>*Plaintiff,*<br><br>v.<br><br>JPMorgan Chase Bank, N.A.<br>*Defendant/Third-Party*<br>*Plaintiff.*<br><br>JPMorgan Chase Bank, N.A.<br>*Defendant/Third-Party*<br>*Plaintiff,*<br><br>v.<br><br>James Edward Staley<br>*Third-Party Defendant.* | Case No. 1:22-cv-10904-JSR |

**THIRD-PARTY DEFENDANT JAMES E. STALEY'S**
**RESPONSES AND OBJECTIONS TO THE GOVERNMENT OF THE**
**UNITED STATES VIRGIN ISLANDS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.3 and

33.3 of the Local Civil Rules for the U.S. District Court for the Southern District of New York,

Third-Party Defendant James E. Staley, through undersigned counsel, hereby responds and objects

to the First Set of Interrogatories by Plaintiff Government of the United States Virgin Islands on

March 23, 2023.

**GENERAL OBJECTIONS**

The following General Objections apply to each and every interrogatory and form an

integral part of Mr. Staley's response to each.

1.     Mr. Staley objects to each interrogatory, definition, and instruction to the extent

that it purports to impose any duties or obligations beyond those affirmatively imposed by the

1

Federal Rules of Civil Procedure, Judge Rakoff's Individual Rules of Practice, and/or the Local Rules of the Southern District of New York.  Mr. Staley will not abide by any request, definition, or instruction to the extent that it conflicts with, or purports to impose duties and obligations beyond those imposed by, such rules.

2.      Mr. Staley objects to each interrogatory to the extent it seeks attorney-client privileged communications, common-interest communications, joint-defense communications, attorney work product, or any documents falling under any other applicable privilege, protection, or immunity.  Mr. Staley objects to the disclosure of any privileged or protected information in response to any interrogatory or otherwise.  Mr. Staley further objects on account of the undue burden of responding to interrogatories that are not tailored to exclude obviously privileged and non-discoverable information.  Inadvertent disclosure of any privileged information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, nor shall inadvertent production waive the right of Mr. Staley, or any other holder of any such privilege, to object to the use of any such information in any proceeding.  Moreover, because Mr. Staley will not offer privileged or protected information, the fact that Mr. Staley does not specifically object to an individual interrogatory to the extent that it seeks such privileged or protected information shall not be deemed a waiver.

3.      Mr. Staley objects to each interrogatory to the extent that it contains, or is based on, misstatements of fact or inaccurate assumptions.  By responding to the interrogatories, Mr. Staley does not admit, adopt, or acquiesce to any factual or legal contention, assertion, assumption, characterization, or implication contained in the interrogatories.

4.      Mr. Staley objects to the interrogatories as unduly burdensome to the extent that they seek information that is obtainable from a more convenient, less burdensome, or less

expensive source, or is otherwise appropriately obtainable from another party or person, including public sources, companies, government agencies, or other parties to this case (such as the third-party plaintiffs).  Mr. Staley will not search publicly available sources, including internet sources, to provide information responsive to interrogatories.

5.      Mr. Staley objects to the extent the interrogatories purport to require Mr. Staley to collect or disclose information that is not in his possession, custody, or control.  Mr. Staley will not search for, collect, or produce information that is in the possession of other persons.

6.      Mr. Staley objects to all definitions to the extent that they are broader than the definitions provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.  Mr. Staley will interpret the terms "communication," "document," "identify," parties," "person," and "concerning" as provided in Rule 26.3 of the Local Rules of the U.S. District Court for the Southern District of New York.

7.      Mr. Staley objects to the definitions of "Any" and "All" as overly broad and unduly burdensome and as imposing obligations beyond the requirements imposed by the Federal Rules of Civil Procedure.  Mr. Staley will interpret "Any" and "All" in accordance with the requirement imposed by the Federal Rules of Civil Procedure to conduct a reasonable search without being subjected to undue burden or expense.

8.      Mr. Staley objects to the definition of the terms "You" and "Your" as overbroad, unduly burdensome, vague, and ambiguous and as exceeding the scope of Mr. Staley's obligations under the Federal Rules of Civil Procedure.  Mr. Staley interprets the terms "You" and "Your" to refer only to Mr. Staley.

9.      Mr. Staley objects to the definition of the terms "You" and "Your" as overbroad, unduly burdensome, vague, and ambiguous and as exceeding the scope of Mr. Staley's obligations

under the Federal Rules of Civil Procedure.  Mr. Staley interprets the terms "You" and "Your" to refer only to Mr. Staley.

10.     Mr. Staley objects to the definition of the term "Person" as overbroad, unduly burdensome, vague, and ambiguous and as exceeding the scope of Mr. Staley's obligations under the Federal Rules of Civil Procedure. In particular, the proposed definition would render Interrogatory No. 1 unintelligible.  Mr. Staley interprets the term "Person" and "Persons" to encompass only natural persons.

11.     Mr. Staley objects to the interrogatories, definitions, and instructions as overbroad and unduly burdensome because these requests lack reasonable date restrictions.  Mr. Staley interprets the interrogatories to seek information from January 1, 2002 through December 31, 2013.

12.     Mr. Staley expressly reserves the right to supplement these responses, including these General Objections and the Specific Responses and Objections set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**          Identify all Persons at JPMorgan with knowledge regarding Your relationship with Epstein.

**RESPONSE:**          Mr. Staley objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, to the extent it uses the undefined and vague term "relationship." Mr. Staley further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection recognized under law.

4

Subject to and without waiving the foregoing general and specific objections, Mr. Staley responds by incorporating by reference his initial disclosures under Rule 26(a). Mr. Staley also identifies the following individuals:

- Sandy Warner
- Jamie Dimon
- Steve Cutler
- Blythe Masters
- Mary Casey
- John Duffy
- Phil Di Iorio
- Mary Erdoes
- Patrick McHugh
- Jack Kessler
- Labe Jackson
- Catherine Keating
- Nina Shekner
- Jonathan Schwartz
- Lisa Waters
- David Brigstocke
- Juliet Pullis
- Justin Nelson
- Individuals in the compliance, legal, and risk groups, as is reflected in contemporaneous documents and communications

5

**INTERROGATORY NO. 2:**        Identify all JPMorgan executives and employees who interacted with Epstein including, but not limited to, visiting any Epstein property, including Little St. James, his New York townhome, his ranch in New Mexico, or elsewhere.

**RESPONSE:**

Mr. Staley objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, to the extent it uses the undefined and vague phrase "interacted with." Subject to and without waiving the foregoing general and specific objections, Mr. Staley identifies the following individuals:

- Mary Erdoes

- Steve Cutler

- Sandy Warner

- Jack Kessler

- John Duffy

- The JPMorgan banking team handling Mr. Epstein's accounts

**INTERROGATORY NO. 3:**        Identify all clients or potential clients that Epstein referred to JPMorgan, and any other individuals or entities that Epstein introduced to JPMorgan.

**RESPONSE:**        Mr. Staley objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, to the extent it uses the undefined and vague phrases "referred to" and "introduced to." Subject to and without waiving the foregoing general and specific

objections, Mr. Staley identifies the following individuals (and any entities affiliated with these individuals):

- Sergey Brin

- Google LLC

- Sultan Ahmed bin Sulayem

- Ehud Barak

- Peter Mendelson

- Mort Zuckerman

- LeFrak Family

- Highbridge Capital Management, LLC

- Glen Dubin

- Eva Dubin

- Kathryn Ruemmler

- Bill Gates

- Leon Black

- Boris Nikolic

- David Gergen

- Larry Summers

- Nathan Myhrvold

- Kimball Musk

- Elon Musk

- Lex Wexner

- George Mitchell

7

- Bill Richardson


Dated: April 20, 2023

As to objections:

By: */s/ Brendan V. Sullivan, Jr.*

Brendan V. Sullivan, Jr.
Zachary K. Warren
Stephen L. Wohlgemuth
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bsullivan@wc.com
zwarren@wc.com


*Counsel for Third-Party Defendant James E. Staley*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on April 20, 2023,

upon the following by email:

Linda Singer
Admitted *Pro Hac Vice*
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com

**David I. Ackerman**
**Mimi Liu** (Admitted *Pro Hac Vice*)
**Paige Boggs** (Admitted *Pro Hac Vice*)
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
dackerman@motleyrice.com
mliu@motleyrice.com
pboggs@motleyrice.com

*Counsel for the Government of the United States Virgin Islands*

/s/ Stephen L. Wohlgemuth
Stephen L. Wohlgemuth