# EXHIBIT 234

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe 1, Individually and on behalf of all others similarly situated, | CASE NO.: 1:22-cv-10019 (JSR) |
| Plaintiff, | |
| vs. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. / | |

**JPMORGAN CHASE BANK, N.A.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant JPMorgan Chase Bank, N.A. ("JPMC") raises the following objections and provides the following responses to Plaintiff's First Set of Interrogatories, based on information reasonably available to JPMC at this time without prejudice to JPMC's right to revise, supplement, or amend these objections and responses in accordance with Rules 26 and 33.

**PRELIMINARY STATEMENT**

These objections and responses are made solely for the purposes of the above-captioned case. Each of JPMC's objections and responses to Plaintiff's Interrogatories is based on information and documents presently available to JPMC after reasonable inquiry. Discovery is ongoing, and JPMC specifically reserves the right to amend or supplement these objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed. In addition, JPMC's objections and

responses are given without prejudice to its rights to introduce at trial evidence of any subsequently discovered or unintentionally omitted facts or documents.

To the extent JPMC responds to a specific interrogatory below, JPMC does not admit to Plaintiff's characterization of any documents, facts, theories, or conclusions. JPMC's responses to the Interrogatories do not constitute acquiescence or agreement to any definition proposed by Plaintiff. JPMC's objections and responses are made without in any way waiving or intending to waive, but to the contrary, are intended to preserve:

1. All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in this action or any subsequent proceeding associated with this action or any other matter;

2. The right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding associated with this action or any other matter; and

3. The right to object at any time to other requests or other discovery procedures involving or relating to the subject matter of these Interrogatories.

## GENERAL OBJECTIONS

1. JPMC incorporates by reference the General Objections asserted in JPMorgan Chase Bank, N.A.'s Responses and Objections to Plaintiff's First Set of Interrogatories served on February 1, 2023.

## OBJECTIONS TO DEFINITIONS

1. JPMC incorporates by reference the Objections to definitions asserted in JPMorgan Chase Bank, N.A.'s Responses and Objections to Plaintiff's First Set of Interrogatories served on February 1, 2023.

## SPECIFIC RESPONSES

### INTERROGATORY NO. 3

List any high net-worth clients or businesses the introduction or relationship between that person or entity of which was facilitated by Jeffrey Epstein.

### RESPONSE TO INTERROGATORY NO. 3

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Interrogatory No. 3 because it would be more convenient, less burdensome, and less expensive to obtain the identity of individuals at JPMC through requests for production under Rule 34. Fed. R. Civ. P. 26(b)(2)(C)(i). JPMC also objects to Interrogatory No. 3 because the terms "high net worth," "introduction," "facilitated," and "relationship" are vague and ambiguous.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC states that Mr. Epstein had some involvement in the establishment of customer relationships between JPMC's private bank and Ghislaine Maxwell and Kathryn Ruemmler. If JPMC learns of others, it will supplement this answer.

### INTERROGATORY NO. 4

Identify all JPMorgan officers and employees with knowledge of information relevant to whether JPMorgan made any changes to policies, procedures, protocols, or practices as a consequence of its relationship with Jeffrey Epstein and/or any Epstein-related individual and entity or any public or negative attention it received due to those relationships.

### RESPONSE TO INTERROGATORY NO. 4

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). JPMC also objects to Interrogatory No. 4 because it seeks information that can be obtained from a more convenient, less burdensome, or less expensive

source, such as requests for production of documents under Rule 34 or depositions under Rule 30(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i). JPMC further objects to Interrogatory No. 4 because the phrases "information relevant to whether JPMC made changes," and "as a consequence of its relationship" and "public or negative attention" are vague and ambiguous.

Subject to and without waiving its objections, and based upon a reasonable and diligent investigation, JPMC did not make any changes to policies, procedures, protocols, or practices during the period from 1998 to 2019 as a consequence of its relationship with Jeffrey Epstein and/or any Epstein-related individual or entity, or any public or negative attention it received due to those relationships.

Dated: April 11, 2023

Respectfully submitted,

By: *John Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com
john.butts@wilmerhale.com

DocuSign Envelope ID: 0DF87429-4795-4B46-9AC2-F315AE798DCA

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## VERIFICATION OF INTERROGATORY ANSWERS

I, Francis J. Pearn, state that, based on reasonable inquiry, including a review of documents and information provided by other employees of JPMorgan Chase Bank, N.A. and counsel, the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

DATED:   April 11, 2023
         New York, NY

By: **Francis J. Pearn**
    _____
    Francis J. Pearn

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, the foregoing document, titled "JPMorgan Chase Bank, N.A.'s Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories," was served in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

DATED:    April 11, 2023
          New York, NY

By: *John Butts*
    John J. Butts