# FILED UNDER SEAL

# EXHIBIT 279



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

March 14, 2019

Jeffrey Epstein
6100 Red Hook, Suite B3
St. Thomas, VI 00802-1348

Dear Mr. Epstein:

The United States Virgin Islands Department of Justice ("USVIDOJ") understands that your business activities require you to make frequent trips outside of the Territory to the United States destinations and international destinations. While provisions were granted in the past, upon our careful review and consideration these are the conditions to which you must now comply:

1. Notification of any travel outside of the U.S. Virgin Islands must be provided in person at USVIDOJ when you are in the Territory;

2. Notification by email can only serve as notification if you are already outside the jurisdiction and planning on traveling to another destination or to notify of a change in the length of your travels while you are outside the Territory;

3. You are required to appear in person at USVIDOJ at least twenty one calendar days prior to any intended travel outside of the United States; and

4. If a reduction in the 21 day notification is requested, you must submit information in support of the request for approval at the discretion of USVIDOJ.

When you appear in person to inform of your intent to travel, you must provide the following information:

- Destination
- Dates of travel
- Places of arrival and departure
- Itinerary details
- Address or, in lieu, telephone contact information
- Purpose of travel
- Any other required information

These requirements are pursuant to Chapter 86, Section 1724 (b) of the Virgin Islands Code and H.R.515 - International Megan's Law.

34-38 KRONPRINDSENS GADE • GERS BLDG., 2ND FLOOR • ST. THOMAS, U.S. VIRGIN ISLANDS 00802 • (340) 774-5666 • FAX (340) 774-9710
6040 CASTLE COAKLEY • DESIGN CENTER BLDG. • CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 • (340) 773-0295 • FAX (340) 773-0238

EXHIBIT
18

# HODGE & FRANCOIS

July 16, 2012

Honorable Vincent Frazer
Office of the Attorney General of the Virgin Islands
Department of Justice
St. Thomas, VI
Via Hand Delivery and Email

    Re: Request Pursuant to Bill 29-0239 for Reduction/Approval of Notice Procedures for Travel Outside the Virgin Island by Jeffrey Epstein

Dear Attorney General Frazer:

    Thank you for meeting with me and Attorney Darren Indyke on Friday, July 13, 2012, to discuss implementation of the new travel notice procedures for registered sex offenders under Bill 29-0239 (including the amendment thereto), an Act amending chapter 86 of title 14 of the Virgin Islands Code, to expand the laws of the United States Virgin Islands regarding the monitoring and tracking of sex offenders within this jurisdiction, that has been passed by the Legislature, and which we anticipate will be signed into law by the Governor in the near future.

    As we discussed and has been well-documented with your Department over the past several years, my client, Jeffrey Epstein, has business and other legitimate reasons that require him to engage in frequent travel outside of the Virgin Islands and outside of the United States. In connection with that travel, Mr. Epstein has an extensive history of what you and your office have confirmed has been fully compliant notification to your Department regarding Mr. Epstein's frequent travel during the period he has been required to register under the existing Virgin Islands law. As we also discussed, we reasonably anticipate that Mr. Epstein will continue to have notice obligations to your Department in the future regarding his on-going, frequent travel, and we wish to insure that Mr. Epstein continues to remain fully compliant under the revised provisions of Bill 29-0239, as amended, while properly invoking the discretion of the Office of the Attorney General, conferred in the language of this Bill, to reduce the notice requirements in the Bill upon request of a registered offender who provides supporting information.

    Accordingly, we respectfully make this formal request on behalf of Mr. Epstein that the Office of the Attorney General exercise discretion under Sections 6 and 9 of Bill 29-0239, as amended, to both allow a shortened notice period for proposed travel, and modification of the

ATTORNEYS AT LAW
1340 TAARNEBERG, ST. THOMAS, VIRGIN ISLANDS
PHONE: 340-774-6845   FAX: 340-776-8900
EMAIL: MARIA@HODGEFRANCOIS.COM

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012480

information required in lieu of that otherwise required under those sections of the Bill. In particular, we request that Mr. Epstein be permitted to continue his long-standing practice for notice of his frequent travel outside of the Virgin Islands and outside of the United States, which your Department has verified as fully acceptable, of providing written travel notice to your Department by email or facsimile from Mr. Epstein or his legal counsel immediately prior to Mr. Epstein's departure. As has also been Mr. Epstein's long-standing practice verified by your Department as acceptable, we respectfully request that the Office of the Attorney General confirm that provision of the following information in that notice will satisfy the travel notice requirements: (1) Mr. Epstein's date of departure, (2) the general geographic areas of his travel, and with respect to travel to any of his vacation homes, a statement that he is traveling to his vacation home, (3) the time period for his intended travel, and (4) his contact information (consisting of a cell number where he can always be reached during the period of his intended travel, and also a cell number where his legal counsel can always be reached), in case of any need to contact Mr. Epstein while he is traveling. In addition, we request that written notice by email or facsimile from Mr. Epstein or his legal counsel be permitted for any changes in travel plans that have occurred after Mr. Epstein has departed the Virgin Islands, so long as such notice is given prior to departure to any changed locations. In any event, consistent with the long-standing practice accepted by your Department, email or facsimile notice from Mr. Epstein or his legal counsel of Mr. Epstein's return to the Virgin Islands would be given immediately prior to Mr. Epstein's departure for his return travel to the Virgin Islands.

By continuing this established practice, which has proven to be an absolutely reliable, efficient and effective means of maintaining contemporaneous reporting of Mr. Epstein travels, and at the same time avoids unnecessary repeated notices to your Department of the frequent changes in Mr. Epstein's travel plans from causes outside of Mr. Epstein's control, and by recognizing the bona fide justification for this approval based upon the already well-documented frequent business travel and other justified foreign and domestic travel of this individual, we submit that there are good grounds for this request. We, therefore, respectfully request that the Office of the Attorney General exercise the discretion, as conferred by Bill 29-0239, as amended, to adjust both the notice requirements and the specific information required, upon request of a registered offender. Your Department's files already contain substantial documentation of Mr. Epstein's frequent business travel, his travel to his vacation residences, and his extensive and flawless history of timely notification to your Department of travel away from the Virgin Islands. However, if you feel that any additional information is needed to justify the exercise of the statutory discretion to

reduce notice and adjust the information required under the amended law, we respectfully request that you inform us, so that the necessary information can be promptly provided.

I also wish to confirm, as agreed during our meeting, that during any period that may elapse between the signing into law by the Governor of Bill 29-0239, as amended, and your Office's completion of review of this request under the Bill to exercise discretion as described above, the continued compliance by Mr. Epstein with the above-described travel notification practices he has followed to date will be deemed compliance with the new law.

Again, I appreciate you taking the time to meet with us to discuss this, particularly in view of the commitment on the part of Mr. Epstein to comply with the law. Please advise me if there is any additional information that may be required for a favorable response to the foregoing request.

Sincerely,

Maria Tankenson Hodge

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012482



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

July 25, 2012

Maria Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands 00802

Re: Implementation of Act No.7372, (Bill No. 29-0239); International travel Notice request

Dear Attorney Hodge:

I am in receipt of your letter of July 16, 2012 requesting clarification of our implementation of the new provisions of the local sex offender registration and notification law (T. 14 VIC Chapter 86). I understand that your letter was written on behalf of Mr. Jeffrey Epstein, a registrant on the Virgin Islands Sex Offender Registry.

It is my understanding that Mr. Epstein's business activities require him to make frequent and often unexpected trips out of the territory to United States destinations and to international destinations. Your letter is accepted as a request pursuant to the new provisions of Act No. 7372, for the Attorney General to waive the 21 day prior notice requirement to the Department of Justice for Mr. Epstein, when travelling out of the Virgin Islands.

Based upon your representation and that of Attorney Darren Indyke, we will grant the waiver of the (21) twenty one day notice requirement to the Department of Justice when Mr. Epstein is traveling out of the Territory. This waiver is granted upon compliance with the following conditions:

1. Prior notice must be given to the Department of Justice no less than Seventy two (72) hours before travel out of the Virgin Islands;

2. Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature;

3. If the jurisdiction to which he travels requires his registration for the duration of time he is there, he will comply with that registration requirement;

4. The following information will be provided by the Notice;
   a. identifying information of the temporary lodging location, including addresses. Foreign jurisdiction lodging may be identified by city and country;

84-38 KRONPRINDSENS GADE • GERS BLDG., 2ND FLOOR • ST. THOMAS, U.S. VIRGIN ISLANDS 00802 • (340) 774-5666 • FAX (340) 774-9710
8040 CASTLE COAKLEY • DESIGN CENTER BLDG. • CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 • (340) 773-0295 • FAX (340) 773-0286

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

      b. the dates he will be departing from the Virgin Islands and the date expected to return;
      c. the dates he will be staying at any intermediary temporary location.

5. Notice must be given of any modification from the travel itinerary, as originally advised after leaving the territory. Such notice may be submitted by facsimile or e-mail by Mr. Epstein or his legal counsel;

6. Upon returning to the Virgin Islands, Mr. Epstein shall immediately notified the Department of Justice by visit, facsimile, or e-mail with electronic signature.

I do recognize that these conditions vary from the former conditions. However in light of the discretion given to the Attorney General by Act No.7372, we are forced to take a closer look at the waiver conditions.

Please let me know if your client has any questions about these conditions.

Very truly yours,

Vincent F. Frazer, Esq.
Attorney General

cc: Registrant file

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012484

# HODGE & FRANCOIS

July 30, 2012

Honorable Vincent Frazer
Office of the Attorney General of the Virgin Islands
Department of Justice
St. Thomas, VI
Via Hand Delivery and Email

      Re:    <u>July 25, 2012 Letter Regarding Act No. 7372 Travel Notice Request</u>

Dear Attorney General Frazer:

      I received your letter of July 25, 2012 agreeing to grant the Attorney General's waiver, pursuant to the provisions of Act No. 7372, of the 21-day prior notice requirement under that Act with respect to Mr. Epstein's travels outside of the Virgin Islands, and I have shared it with my client. We appreciate the consideration given to Mr. Epstein's frequent travel requirements. However, we still have serious concerns regarding what we believe are undue restrictions placed on Mr. Epstein's travel and the conduct of his business and professional activities by certain of the specific conditions imposed as part of this waiver, and we respectfully request that your office reconsider those specific conditions.

      Specifically, we believe that the waiver conditions requiring Mr. Epstein to provide 72 hours notice before traveling out of the Virgin Islands and requiring Mr. Epstein to provide a specific address of temporary lodging locations when traveling within the United States will have an unduly restrictive effect on his right to travel and conduct his legitimate business and professional activities. As I understand it, both you and Senator Russell stated during the hearing on the Act before the Rules and Judiciary Committee on June 21, 2012, that the travel notification requirements of this Act were specifically not intended to be penal in nature. Both you and Senator Russell acknowledged that this was meant to be a notice provision, nothing more. However, as explained below, the restrictive effect of the 72-hour prior notice requirement and the requirement that Mr. Epstein disclose the specific address of his temporary lodging while in the United States would impede Mr. Epstein's right to travel and conduct business and professional activities in a manner that would indeed, be penal in nature.

      I want to discuss the legal justification for greater flexibility in notice. The Federal SORNA guidelines have already recognized that there are cases where flexibility in the application of SORNA's travel notification procedures is necessary. For example, the SORNA guidelines themselves discuss the case of an individual who is a "long haul trucker" who regularly drives thousands of miles through "dozens of jurisdictions in the course of his employment", as well as the cases of a home-improvement contractor and of a day laborer, who travel regularly to various locations that may change on a daily basis -- see **The National**

ATTORNEYS AT LAW
1340 TAARNEBERG, ST. THOMAS, VIRGIN ISLANDS
PHONE: 340-774-6845   FAX: 340-776-8900
EMAIL: MARIA@HODGEFRANCOIS.COM

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012485

**Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43 -- or the case of an individual "who lives in a northern border state and who commutes to Canada for work on a daily basis" -- see **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. These cases are analogous to any number of possible situations in our Territory, including pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, all of whom travel to and from the Territory on a frequent and regular basis in the ordinary course of their employment or business. The burden on both the Department of Justice and the worker of requiring such a worker to give 72-hours prior notice each time he leaves the Territory and to confirm every location and address included in his travel notification would be substantial. In situations such as these, the SORNA guidelines permit the responsible jurisdictions to reduce notice requirements and simply require the traveling registrant to provide a most likely itinerary of "normal travel routes" and "general areas" of work. **The National Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43. Mr. Epstein's case is no different from any of these cases where SORNA expressly permits this flexibility in the manner and content of travel notification.

Consider, for example, the case of a St. Thomas boat captain chartering trips to various islands in the Caribbean. Requiring that boat captain to provide 72 hours prior travel notice would prevent him from taking any charters unless requested of him more than three days in advance. With visiting tourists on short stays frequently requesting charters only a day or two in advance, such a requirement would substantially interfere with the boat captain's ability to conduct his business. Moreover, requiring him to provide specific addresses of his travels could also be problematic in that tourists chartering his boat might not even make such determinations until the day of the actual charter. Requiring the boat captain to be inflexible with his charter passengers would therefore also seriously interfere with his business. The supplemental SORNA guidelines have specifically stated in their own words that such requirements could be "pointlessly burdensome" and "unworkable". See **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. Consistent with the flexibility afforded by the SORNA Guidelines, both Senator Russell and you acknowledged at that June 21, 2012 hearing that the law must be flexible to enable those who must travel frequently and on short notice to do so.

In fact, when the travel notification amendment was revised for the Rules and Judiciary Committee vote on June 25, 2012, the Attorney General discretion provision was inserted into the law, rather than a specific 72-hour short notice exception to the 21-day notice requirement, to provide your office with the flexibility to make decisions on a case-by-case basis. In the case of frequent travelers, such as Mr. Epstein, as well as pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, who travel for business, professional and other legitimate purposes several times a month, both on short notice and under circumstances where travel plans frequently change on short notice, the new law provides your office with the flexibility to grant a waiver that will not unduly restrict their travel and business and professional activities, and that includes the right to allow notice prior to departure less than 72 hours in advance.

As you know, from the beginning of Mr. Epstein's registration in March 2010, he has a demonstrated history of frequent travel and a flawless record of fully compliant travel

notification to your office. Even at times when the email servers at the Department of Justice were not operating, Mr. Epstein's counsel took measures to ensure alternative notification by providing telephonic and fax notification of the travel notice emails that were sent to the Department of Justice. His record clearly demonstrates that he is unerringly diligent in ensuring that the Virgin Islands is provided with timely notice of his travels outside of the Territory, and he will remain so in the future under this new law.

Mr. Epstein has always previously provided the necessary travel notice, through his counsel, immediately prior to Mr. Epstein's departure. He has done this because, in many instances, , his travel dates and destinations are not known with certainty until a few hours prior to departure, or they can and frequently do change on little or no notice for reasons that are not within his control. For example, meeting schedules and locations for business or professional trips evolved constantly over the past two years, and Mr. Epstein has had to remain flexible to accommodate these changes. Moreover, unexpected changes in weather patterns and mechanical issues with the aircraft had also accelerated or delayed travel plans. Instead of providing a constant flow of notices to the Department of Justice in anticipation of possible or changed travel, Mr. Epstein has provided notice immediately prior to departure to ensure that the notice he provided was as accurate as possible. It was and still is believed that this avoids unnecessary administrative burden to the Department of Justice, which we understand would be required to update its notices to other jurisdictions every time a new or changed notice is received from Mr. Epstein.

In addition, to the extent that notification by Mr. Epstein of his entry into another jurisdiction is even required by that jurisdiction, the notice is not required from Mr. Epstein prior to his arrival in that jurisdiction, and in some cases notice is not required until as much as several days after arrival. Even in the State of Florida, the jurisdiction of Mr. Epstein's conviction which triggered his registration requirement, Mr. Epstein is not required to provide any minimum prior notice of his travel to Florida. In fact, he is permitted to provide email notice on the day of his arrival. It is our understanding that notification immediately prior to Mr. Epstein's departure from the Virgin Islands would still provide the Virgin Islands with ample time to inform jurisdictions of Mr. Epstein's arrival, particularly when notification is done through electronic means and is instantaneous. Moreover, in light of Mr. Epstein extensive record of unerring diligence in providing notice of his travels and complying with his other registration obligations, there are ample grounds to conclude that Mr. Epstein would continue to be fully compliant in both the Virgin Islands and in all other jurisdictions to which the Virgin Islands may have to give notice of Mr. Epstein's travels.

Requiring 72 hours notice of Mr. Epstein prior to his travel would severely restrict his ability to remain flexible to accommodate ever-evolving meeting schedules and locations and the schedules of Mr. Epstein's business and professional colleagues. For example, not infrequently, Mr. Epstein is asked in the early morning to meet in a particular jurisdiction later in the day. Because of the 72-hour notice requirement, in the future, Mr. Epstein would have to wait three days before he could accommodate such a request for a meeting. As another example, assuming Mr. Epstein gave the proper 72-hour notice of a trip to New York, but learned on the day of his intended departure that the persons with whom he was to meet in New York later that day desired to meet in a different location, Mr. Epstein would not be able to meet at the alternative

4

location because of the 72-hour notice requirement. In Mr. Epstein's business and professional life, situations like this occur with frequency and regularity, and even a 72-hour notice requirement would obviously have a significantly deleterious effect on his business and professional activities.

For this reason, we respectfully request that Mr. Epstein be permitted to provide notice immediately prior to his departure when traveling outside of the Virgin Islands, provided that Mr. Epstein will endeavor to provide 24-hours notice to the extent he has such advance knowledge of his travel. We understand your requirement that notices come from Mr. Epstein, himself, when he is in the Virgin Islands and providing notice of his travel outside of the Territory, and Mr. Epstein will comply with that requirement.

Another waiver condition contained your the July 25, 2012 letter is that Mr. Epstein provide your office with the address of his temporary lodging while traveling within the United States. Mr. Epstein has and will continue to provide notice to the Department of Justice of the addresses of temporary lodging that are his own homes. In fact, as the extensive volume of Mr. Epstein's travel notification emails to the Department of Justice demonstrate, Mr. Epstein has regularly stayed at his vacation homes when traveling and has so advised the Department of Justice in his travel notifications each time he has done so. Inasmuch as the Department of Justice already has a complete listing of the addresses of all of Mr. Epstein's vacation homes in the registration information Mr. Epstein has provided and updates to the Department of Justice, it was not thought necessary to include the specific addresses of Mr. Epstein's vacation homes in each of the notices. To ensure compliance with the waiver conditions, Mr. Epstein will provide the specific addresses of Mr. Epstein's vacation homes in the travel notices in the future.

However, frequently when Mr. Epstein travels to locations in the United States at which he does not have a vacation home, he has stayed as a guest in the homes of third parties, including business and professional associates. Many times these invitations have been and are extended to Mr. Epstein after arriving in these locations as plans change and meetings extend beyond scheduled times. Thus, originally scheduled hotel reservations are cancelled and new lodging arrangements have to be made (which would again require further notices to the Department of Justice, which would presumably have to send updates to the jurisdictions to which the original notices were previously given). Many of these hosts would be uncomfortable with Mr. Epstein having to provide the addresses of their homes in the travel notifications to the Department of Justice, particularly when the hosts are oftentimes prominent figures whose addresses are not a matter of public knowledge and there is no guarantee that their addresses would not be disclosed in response to FOIA or other Sunshine Law requests. Requiring Mr. Epstein to provide these addresses would likely deter potential hosts from offering Mr. Epstein lodging and thus again interfere with his ability to travel and maintain the necessary flexibility in the conduct his business, professional and other legitimate activities.

It is for this reason that we respectfully request that the waiver condition requiring Mr. Epstein to provide the addresses of his temporary lodging in his notification of travel within the United States be eliminated, provided that when Mr. Epstein stays at his vacation homes while traveling in the United States he will so advise the Department of Justice, and include in the notice the specific address of his vacation home at which he is staying. In all other cases,

5

consistent with the Federal SORNA Guidelines which authorize jurisdictions to permit frequent inter-jurisdictional travelers, such as long-haul truckers, day laborers, and international border commuters, to provide a most likely itinerary of "normal travel routes" and "general areas" of work, Mr. Epstein should be allowed to provide the general geographic area of his temporary lodging and to provide a cell telephone number at which Mr. Epstein may be contacted at all times while travelling.

We believe that the foregoing proposals are consistent with the Federal SORNA Guidelines and consistent with the balance intended to be achieved in the travel notice amendment as described by both Senator Russell and you at the Rules and Judiciary Committee hearing on June 21, 2012. As has always been the case, Mr. Epstein would continue to provide timely notification to the Department of Justice of his travel before departing the Virgin Islands, so as to enable the Virgin Islands to electronically inform the necessary jurisdictions of this travel. Notice of Mr. Epstein's general geographic location and a contact number to reach him at all times would be provided, as well as his specific address when he stays at his vacation homes. With this balance, the timing and the content of Mr. Epstein's travel notification would provide your office the information it needs without impeding Mr. Epstein's right to travel and conduct his business, professional and other legitimate activities, and would thereby avoid transforming the Act's travel notice provisions into a punitive measure contrary to express legislative intent.

Once again, we appreciate the grant to Mr. Epstein by the Office of the Attorney General of the travel notification waiver as described in your letter of July 25, 2012, and respectfully request that the two waiver conditions described above imposed in that letter be modified as I have proposed. If our request to modify the waiver conditions meets with the approval of your office, please confirm that approval of the modifications as described above by signing this letter below.

If you have any questions or require anything further for a favorable response to this request, please do not hesitate to contact me.

Respectfully,

Maria Tankenson Hodge

Modification of Waiver Conditions As Described Above
Accepted and Agreed To:

_____

Honorable Vincent F. Frazer
Office of the Attorney General of the United States
Virgin Islands

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                          VI-JPM-000012489



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

August 14, 2012

Maria Tankenson Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands 00802

Re: <u>Wavier Request for Travel Notice for J. Epstein</u>

Dear Attorney Hodge:

After careful review of your letter giving additional information to support your client, Jeffery Epstein's request for a shorter period for prior notice whenever he plans to leave the Territory of the Virgin Islands. In light of the justification set out in your letter of July 30, 2012, I have decided to shorten the notice period and modify the other condition, as follows:

1. Mr. Epstein will be allowed to notify the Department of Justice of his intention to travel out of the Territory twenty four (24) hours prior to his departure;

2. Mr. Epstein will be allowed to continue to notify the department when he is staying in one of his stateside homes. He must provide us with a current list and addresses of each of his stateside homes;

3. When Mr. Epstein is staying in the home of an associate, he must notify the department of the city and state or country in which he is temporarily staying and his period of stay in the jurisdiction;

4. When he is staying in a non-private lodging, he or his representative may provide the specifics of the name, city and address of the establishment.

04-38 KRONPRINDSENS GADE · GERS BLDG., 2ND FLOOR · ST. THOMAS, U.S. VIRGIN ISLANDS 00802 · (340) 774-5666 · FAX (340) 774-9710
8040 CASTLE COAKLEY · DESIGN CENTER BLDG. · CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 · (340) 773-0295 · FAX (340) 773-3230

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER            VI-JPM-000012490

Letter to Attorney Maria Hodge
Page 2

5.  Pursuant to section 9 (4) (iii) of Act No. 7372, Mr. Epstein must provide a copy of the following documents to the department.
    a. all of his valid driver's licenses issued by any jurisdiction,
    b. any and all government issued identification cards issued by any jurisdiction,
    c. any passports issued to him.

I trust that the foregoing conditions will be workable for your client, in light of his frequent trips out of the Territory on business. All other conditions stated in my letter of July 25, 2012 are in full force and affect.

Very truly yours,

Vincent F. Frazer, Esq.
Attorney General

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012491