# FILED UNDER SEAL

# EXHIBIT 281



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

January 13, 2012

Darren Indyke, Esq.
Darren Indyke, PLLC
301 East 66th Street, 10B
New York, New York 10065

RE:  Jeffrey Epstein

Dear Attorney Indyke:

The Department of Justice acknowledges receipt of your emails regarding Mr. Epstein's travel outside of the Territory. I refer you to the email from Ms. Merlyn Petty, on behalf of the Department, to you dated July 22, 2011. In her email, Ms. Petty notifies you that when Mr. Epstein travels he is required to provide the Department of Justice with notification of his travel, his travel itinerary and his temporary residence address and telephone contact number. Ms. Petty further states in her email that Mr. Epstein is required to provide this information **in person** when he is in the Territory.

The Department is cognizant of the fact that Mr. Epstein's occupation requires him to extensively travel outside of the Territory. For this reason, we have tried to accommodate Mr. Epstein by allowing him to submit his travel information via email when he is not in the Territory. However, notification by email can only serve as notification if Mr. Epstein is already outside the jurisdiction and planning on traveling to another destination, or to notify of a change in the length of Mr. Epstein's travels while he is outside of the Territory. While we appreciate your efforts in facilitating Mr. Epstein's notification of such travel, an email notification of Mr. Epstein's presence in the Territory is not acceptable.

In light of the foregoing, please note that when Mr. Epstein is in the U.S. Virgin Islands and planning on traveling outside this Territory, he is required to appear in person to notify the Department of Justice of such travel and to provide his travel itinerary along with his temporary residence address and telephone contact number prior to his departure. Upon Mr. Epstein's return to the territory, he is required to personally contact the Department to notify us of his return to the Territory. This notification may be made by a telephone call from Mr. Epstein.

I thank you and Mr. Epstein for your cooperation in this matter.

Very truly yours,

Vincent F. Frazer, Esq.
Attorney General

pc:  Jeffrey Epstein

**EXHIBIT 4**

34-38 KRONPRINDSENS GADE · GERS BLDG., 2ND FLOOR · ST. THOMAS, U.S. VIRGIN ISLANDS 00802 · (340) 774-5666 · FAX (340) 774-9710
6040 CASTLE COAKLEY · DESIGN CENTER BLDG. · CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 · (340) 773-0295 · FAX (340) 773-3230

# DARREN K. INDYKE

DARREN K. INDYKE, PLLC
301 East 66th Street, 10B
New York, New York 10065
Telephone: (212) 517-2052
Telecopier: (212) 517-7779
email: dkiesq@aol.com

January 27, 2012

**VIA EMAIL (vfrazer@doj.vi.gov)**
**AND FIRST CLASS MAIL**

Vincent F Frazer Esq.
Attorney General
The United States Virgin Islands
Department of Justice
Office of the Attorney General
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, U.S.V.I.  00802

Re:     Jeffrey Epstein

Dear Mr. Attorney General Frazer:

I am grateful for the opportunity you have afforded me to respond to your July 13, 2012 letter to me regarding Mr. Jeffrey Epstein. I am hopeful that the points raised in this response will result in your considering exceptions to the travel notification protocol for individuals whose ordinary course of employment or business requires that they travel outside of the Territory more than 6 times a year, and, consequently, authorizing Mr. Epstein to continue to report his travel to and from the Territory by email or fax, rather than in person.   This would affect many gainfully employed individuals such as pilots, fishermen, boat captains, cruise ship workers, merchants and international businessmen.   Guidelines issued by the Office of the United States Attorney General to implement the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006 P.L. 109-248), 42 U.S.C. §16911 et. seq., specifically contemplate these types of exceptions from rigid in person notification rules.

These guidelines permit flexibility in travel notification requirements in cases where registered individuals frequently are required to travel to multiple jurisdictions on a recurring basis, including students residing in one jurisdiction but enrolled in another, long-haul truckers who regularly travel through dozens of jurisdictions, and employees who in the ordinary course of their employment regularly commute between jurisdictions, including jurisdictions outside of the United States. In such types of cases, individuals may be required to register in several jurisdictions, as is Mr.

1

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                               VI-JPM-000012246

Epstein, but they are not required to notify their home jurisdiction every time they leave and re-enter, much less appear in person countless times to conform to a standard that is more suitable for the occasional rather than regular traveler. The guidelines recognize that it is appropriate for there to be flexibility in the manner and content of notification for frequent and recurring travelers. In addition, I hope you will consider the fact that standard practice regarding travel notification in other jurisdictions, including states that share long borders. where it is obviously easier for registrants to leave and re-enter such jurisdictions, is substantially less demanding than the protocol referred to in your letter. I would respectfully urge you to consider the reasons below as to why the same flexibility recognized for employees, students and businessmen in these circumstances should be afforded to Mr. Epstein.

First, for the more than 18 months which have transpired since July of 2010, through me as his counsel, Mr. Epstein has diligently provided notification by email (and by telephone and fax when the Department of Justice's email server has been down) of his travel, as well as the changes in his travel plans. Mr. Epstein has followed this same procedure in the State of Florida, the very same jurisdiction of Mr. Epstein's conviction which gave rise to his registration requirement, where Mr. Epstein is permitted to provide email notification of his arrival and departure. Mr. Epstein provides email notification to the State of New Mexico when he travels to and from his vacation home in that jurisdiction, and the State of New York does not require Mr. Epstein to inform it of his arrival to and departure from his New York vacation home, unless Mr. Epstein remains in New York for 10 days or more.

Communication between the Department of Justice and Mr. Epstein and his counsel during this period has remained regular and open. This practice has been successful. The Department knows when Mr. Epstein is both departing from and arriving in the Territory, whose notification requirements are already more rigorous than other jurisdictions where Mr. Epstein is registered, and there has been absolutely no incident in any jurisdiction, domestic or foreign, that would indicate a need for greater supervision. In short, I believe, as do the States of Florida, New Mexico and New York, that there is no public safety necessity in requiring Mr. Epstein to notify the Department "in person" each time he travels to or from the jurisdiction.

Second, in other jurisdictions, unlike in the Territory, where travel to or from the Territory cannot occur except by boat or aircraft, registered individuals travel easily, often daily if not weekly, between states in the United States (say New York to New Jersey or within New England) without any in-person notification obligation. In fact, the SORNA guidelines are clear that SORNA itself requires "in-person" notification only in a narrow set of circumstances. "[T]he in-person appearance requirement of SORNA § 113(c) relates to changes in name, and to changes in residence, employment, or school attendance . . . The means by which sex offenders are required to report other changes in registration information discussed in this Part [which, among other things, covers foreign travel] are matters that jurisdictions may determine in their discretion". **The National Guidelines for Sex Offender Registration and Notification,** p. 54. Moreover, the SORNA guidelines provide for travel notification in such jurisdictions only when an individual is away from his residence for seven or more days. **Id., p. 29.** The Department's requirement that Mr. Epstein provide notification whenever he

2

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                      VI-JPM-000012247

leaves the Territory to stay in another jurisdiction, whether for less or more than seven days, is far more demanding than SORNA requires and far exceeds the demands that other jurisdictions have required of Mr. Epstein or any other registrants who are not sexual predators.

Third, the SORNA guidelines have already recognized that there are cases where flexibility in the application of SORNA's travel notification procedures is necessary. For example, the SORNA guidelines themselves discuss the case of an individual who is a "long haul trucker" who regularly drives thousands of miles through "dozens of jurisdictions in the course of his employment", as well as the cases of a home-improvement contractor and of a day laborer, who travel regularly to various locations that may change on a daily basis -- see **The National Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43 -- or the case of an individual "who lives in a northern border state and who commutes to Canada for work on a daily basis" -- see **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. These cases are analogous to any number of possible situations in the Territory, including pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, all of whom travel to and from the Territory on a frequent and regular basis in the ordinary course of their employment or business. The administrative burden to the Department to require each such worker to report in person each time he enters and leaves the Territory and to confirm every location and address included in such worker's travel notification would be substantial. Consider, for example, the case of a boat captain chartering trips to various islands in the British Virgin Islands on a daily basis. Without the flexibility afforded by SORNA, the Territory might have to require that boat captain to appear at the Department every day before he left for the days' charter. With the currently proposed amendments to the Virgin Islands Sex Offender Registration and Community Protection statutes, 14 V.I.C. §§1721, et seq., that same boat captain would be required to book his charters at least 21 days in advance to comply with the proposed legislation's 21-day advance travel notification requirement. The supplemental SORNA guidelines have specifically stated in their own words that such requirements could be "pointlessly burdensome" and "unworkable". _Id._ In situations such as these, the SORNA guidelines specifically state that registration is not required in each location, that the jurisdiction responsible may simply require the traveling registrant to provide a most likely itinerary of "normal travel routes" and "general areas" of work, and that such jurisdictions "may treat such cases in accordance with their own policies." **The National Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43.

Mr. Epstein's case is no different from any of these cases where SORNA expressly permits flexibility in the manner and content of travel notification. Moreover, unlike in virtually every other jurisdiction where travel is relatively unrestricted, Virgin Islands' registrants cannot leave the Territory except by aircraft or boat, arriving or leaving with a full customs inspection. Thus, there is even less of a need from a public safety perspective to require in-person notification with respect to travel by registrants (including Mr. Epstein) outside the Territory.

3

Mr. Epstein engages in frequent and recurring domestic and international travel several times a month for business and professional purposes. Oftentimes, he travels to locations in the United States where he maintains vacation homes for which he has provided to the Department all of the necessary information, including addresses, telephone numbers and the like. In numerous other cases, Mr. Epstein must travel internationally and has little advance notification of the meeting locations (including cities, states and countries), dates and times. Whether traveling domestically or internationally, his plans frequently change, sometimes hourly, on little or no notice, to accommodate the busy and evolving business schedules of others over whom he has no control. In addition, Mr. Epstein frequently meets with and stays as the personal guest of dignitaries and business people to whom privacy is of paramount concern. Consequently, Mr. Epstein cannot always know in advance just when and where he must travel or the specific address of his travel accommodations. For that reason, whenever Mr. Epstein travels, he carries his cell phone with him at all times, remains in regular contact with his staff and myself and keeps his staff and myself updated regarding his locations so that his whereabouts are constantly known to me or others with whom I communicate.

As would be true for the frequent and recurring travels of the long-haul trucker, the boat captain, the cruise ship worker, and the merchant, in-person travel notification for Mr. Epstein would be required to be repeated over and over in the course of each month given the frequency and regularity of Mr. Epstein's travel demands. Moreover, the frequent changes to his travel plans, including the specifics of just when he must depart the Territory, could require Mr. Epstein to make multiple in-person appearances before he ever left the Territory on a specific trip. In addition, as stated above, Mr. Epstein cannot always know in advance just when he must travel, and, frequently, the decision to travel needs to be made at night or on weekends or during a holiday when the Department of Justice is not open. The current practice of providing notification by email or fax of Mr. Epstein's travel plans and any changes to the same has not only worked in the past, but it is a practical and reasonable solution to ensure timely and accurate notification by Mr. Epstein without creating unnecessary and substantial administrative burdens on the Department and its staff.

In short, Mr. Epstein, who is a mature business leader, has paid the debt he owed to society and has returned to business life, now travels with substantial frequency and regularity, and has already demonstrated unerring diligence in keeping the Department of Justice informed of such travel. He has fully abided by the law without any incident whatsoever in this or any other jurisdiction since his arrival in the Territory. Consistent with the SORNA guidelines, Mr. Epstein respectfully requests that the same flexibility be provided in this jurisdiction to him and other registrants as is afforded in other jurisdictions to law-abiding registrants who are not deemed to be sexual predators. The proposed amendments to the Territory's Sex Offender Registration and Community Protection statutes obviously have valid and legitimate purposes, which must be served. Those same purposes can be well-served by adopting travel notification protocols, both now and in the pending legislation, that provide reasonable travel notification exceptions to enable law abiding registrants not deemed to be sexual predators who travel frequently to continue earn a living. For that reason and the other reasons

4

discussed above, I would respectfully request that you consider the following exceptions to the Department's travel notification protocols:

- Consistent with the SORNA guidelines, travel notification be required only for travel away from the Territory for seven or more days.
- Registrants not deemed to be sexual predators who travel outside of the Territory more than 6 times during any 12-month period be permitted to report by fax or email each time they plan on departing the Territory and each time they return; provided that (consistent with the pending legislation) they report in person (including as part of their registration reporting requirements) to the Department twice a year to review and discuss their travel.
- In the case of Mr. Epstein, he will provide such fax or email notification himself, rather than through me as legal counsel, if the Department of Justice believes that this is necessary.
- Each travel notification would include a date of departure and expected return date, subject to email or fax notification of any changes to those dates.
- To the extent that any such registrant will be traveling to a temporary address of which the registrant has already provided all the necessary information, including address, telephone number, and the like, the registrant's statement in the travel notification that he will be traveling to such temporary address would provide sufficient notification of his travel location. The registrant must also confirm a telephone number, whether landline or cellular, at which he can be contacted by the Department throughout the period of his travel.  In Mr. Epstein's case, Mr. Epstein will remain continuously available by cell phone, the number of which has already been provided to the Department of Justice.
- To the extent that any such registrant who travels frequently travels to locations other than to previously reported temporary addresses, the registrant should provide the general areas of these locations and contact information at which the registrant my be reached by the Department.  In the circumstances of Mr. Epstein's frequent and recurring travel, it is respectfully requested that Mr. Epstein be permitted to provide general areas of intended travel, and he will be continuously available through his own cell phone (and through myself and his St. Thomas office), so that there would never be a meaningful delay if there was any reason the Department wished to determine his precise whereabouts.

I thank you for your consideration of this matter and welcome your response (whether by telephone or by letter) to this communication.

Respectfully,

Darren K. Indyke

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    VI-JPM-000012250



# THE UNITED STATES VIRGIN ISLANDS
## DEPARTMENT OF JUSTICE
### OFFICE OF THE ATTORNEY GENERAL

July 25, 2012

VINCENT F FRAZER, ESQUIRE
ATTORNEY GENERAL

Maria Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands  00802

Re:   Implementation of Act No.7372, (Bill No. 29-0239); International travel Notice request

Dear Attorney Hodge:

I am in receipt of your letter of July 16, 2012 requesting clarification of our implementation of the new provisions of the local sex offender registration and notification law (T. 14 VIC Chapter 86).  I understand that your letter was written on behalf of Mr. Jeffrey Epstein, a registrant on the Virgin Islands Sex Offender Registry.

It is my understanding that Mr. Epstein's business activities require him to make frequent and often unexpected trips out of the territory to United States destinations and to international destinations.  Your letter is accepted as a request pursuant to the new provisions of Act No. 7372, for the Attorney General to waive the 21 day prior notice requirement to the Department of Justice for Mr. Epstein, when travelling out of the Virgin Islands.

Based upon your representation and that of Attorney Darren Indyke, we will grant the waiver of the (21) twenty one day notice requirement to the Department of Justice when Mr. Epstein is traveling out of the Territory.  This waiver is granted upon compliance with the following conditions:

1.   Prior notice must be given to the Department of Justice no less than Seventy two (72) hours before travel out of the Virgin Islands;

2.   Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature;

3.   If the jurisdiction to which he travels requires his registration for the duration of time he is there, he will comply with that registration requirement;

4.   The following information will be provided by the Notice;
     a. identifying information of the temporary lodging location, including addresses. Foreign jurisdiction lodging may be identified by city and country;

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                          VI-JPM-000012263



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

July 25, 2012

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

Maria Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands  00802

Re:   Implementation of Act No.7372, (Bill No. 29-0239); International travel Notice request

Dear Attorney Hodge:

I am in receipt of your letter of July 16, 2012 requesting clarification of our implementation of the new provisions of the local sex offender registration and notification law (T. 14 VIC Chapter 86).  I understand that your letter was written on behalf of Mr. Jeffrey Epstein, a registrant on the Virgin Islands Sex Offender Registry.

It is my understanding that Mr. Epstein's business activities require him to make frequent and often unexpected trips out of the territory to United States destinations and to international destinations.  Your letter is accepted as a request pursuant to the new provisions of Act No. 7372, for the Attorney General to waive the 21 day prior notice requirement to the Department of Justice for Mr. Epstein, when travelling out of the Virgin Islands.

Based upon your representation and that of Attorney Darren Indyke, we will grant the waiver of the (21) twenty one day notice requirement to the Department of Justice when Mr. Epstein is traveling out of the Territory.  This waiver is granted upon compliance with the following conditions:

1.   Prior notice must be given to the Department of Justice no less than Seventy two (72) hours  before travel  out of the Virgin Islands;

2.   Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature;

3.   If the jurisdiction to which he travels requires his registration for the duration of time he is there, he will comply with  that registration requirement;

4.   The following information will be provided by the Notice;
     a. identifying information of the temporary lodging location, including addresses.
        Foreign jurisdiction lodging may be identified by city and country;

84-38 KRONPRINDSENS GADE • GERS BLDG., 2ND FLOOR • ST. THOMAS, U.S. VIRGIN ISLANDS 00802 • (340) 774-5666 • FAX (340) 774-9710
6040 CASTLE COAKLEY • DESIGN CENTER BLDG. • CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 • (340) 773-0295 • FAX (340) 773-0230

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                      VI-JPM-000012264

Letter to Attorney Maria Hodge
Page 2

         b. the dates he will be departing from the Virgin Islands and the date expected to return;
         c. the dates he will be staying at any intermediary temporary location.

5.   Notice must be given of any modification from the travel itinerary, as originally advised after leaving the territory. Such notice may be submitted by facsimile or e-mail by Mr. Epstein or his legal counsel;

6.   Upon returning to the Virgin Islands, Mr. Epstein shall immediately notified the Department of Justice by visit, facsimile, or e-mail with electronic signature.

I do recognize that these conditions vary from the former conditions. However in light of the discretion given to the Attorney General by Act No.7372, we are forced to take a closer look at the waiver conditions.

Please let me know if your client has any questions about these conditions.

                              Very truly yours,

                              Vincent F. Frazer, Esq.
                              Attorney General

cc: Registrant file

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                            VI-JPM-000012265

# HODGE & FRANCOIS

July 30, 2012

Honorable Vincent Frazer
Office of the Attorney General of the Virgin Islands
Department of Justice
St. Thomas, VI
Via Hand Delivery and Email

Re:   July 25, 2012 Letter Regarding Act No. 7372 Travel Notice Request

Dear Attorney General Frazer:

I received your letter of July 25, 2012 agreeing to grant the Attorney General's waiver, pursuant to the provisions of Act No. 7372, of the 21-day prior notice requirement under that Act with respect to Mr. Epstein's travels outside of the Virgin Islands, and I have shared it with my client. We appreciate the consideration given to Mr. Epstein's frequent travel requirements. However, we still have serious concerns regarding what we believe are undue restrictions placed on Mr. Epstein's travel and the conduct of his business and professional activities by certain of the specific conditions imposed as part of this waiver, and we respectfully request that your office reconsider those specific conditions.

Specifically, we believe that the waiver conditions requiring Mr. Epstein to provide 72 hours notice before traveling out of the Virgin Islands and requiring Mr. Epstein to provide a specific address of temporary lodging locations when traveling within the United States will have an unduly restrictive effect on his right to travel and conduct his legitimate business and professional activities. As I understand it, both you and Senator Russell stated during the hearing on the Act before the Rules and Judiciary Committee on June 21, 2012, that the travel notification requirements of this Act were specifically not intended to be penal in nature. Both you and Senator Russell acknowledged that this was meant to be a notice provision, nothing more. However, as explained below, the restrictive effect of the 72-hour prior notice requirement and the requirement that Mr. Epstein disclose the specific address of his temporary lodging while in the United States would impede Mr. Epstein's right to travel and conduct business and professional activities in a manner that would indeed, be penal in nature.

I want to discuss the legal justification for greater flexibility in notice. The Federal SORNA guidelines have already recognized that there are cases where flexibility in the application of SORNA's travel notification procedures is necessary. For example, the SORNA guidelines themselves discuss the case of an individual who is a "long haul trucker" who regularly drives thousands of miles through "dozens of jurisdictions in the course of his employment", as well as the cases of a home-improvement contractor and of a day laborer, who travel regularly to various locations that may change on a daily basis -- see **The National**

ATTORNEYS AT LAW
1340 TAARNEBERG, ST. THOMAS, VIRGIN ISLANDS
PHONE: 340-774-6845   FAX: 340-776-8900
EMAIL: MARIA@HODGEFRANCOIS.COM

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    VI-JPM-000012268

2

**Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43 -- or the case of an individual "who lives in a northern border state and who commutes to Canada for work on a daily basis" -- see **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. These cases are analogous to any number of possible situations in our Territory, including pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, all of whom travel to and from the Territory on a frequent and regular basis in the ordinary course of their employment or business. The burden on both the Department of Justice and the worker of requiring such a worker to give 72-hours prior notice each time he leaves the Territory and to confirm every location and address included in his travel notification would be substantial. In situations such as these, the SORNA guidelines permit the responsible jurisdictions to reduce notice requirements and simply require the traveling registrant to provide a most likely itinerary of "normal travel routes" and "general areas" of work. **The National Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43. Mr. Epstein's case is no different from any of these cases where SORNA expressly permits this flexibility in the manner and content of travel notification.

Consider, for example, the case of a St. Thomas boat captain chartering trips to various islands in the Caribbean. Requiring that boat captain to provide 72 hours prior travel notice would prevent him from taking any charters unless requested of him more than three days in advance. With visiting tourists on short stays frequently requesting charters only a day or two in advance, such a requirement would substantially interfere with the boat captain's ability to conduct his business. Moreover, requiring him to provide specific addresses of his travels could also be problematic in that tourists chartering his boat might not even make such determinations until the day of the actual charter. Requiring the boat captain to be inflexible with his charter passengers would therefore also seriously interfere with his business. The supplemental SORNA guidelines have specifically stated in their own words that such requirements could be "pointlessly burdensome" and "unworkable". See **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. Consistent with the flexibility afforded by the SORNA Guidelines, both Senator Russell and you acknowledged at that June 21, 2012 hearing that the law must be flexible to enable those who must travel frequently and on short notice to do so.

In fact, when the travel notification amendment was revised for the Rules and Judiciary Committee vote on June 25, 2012, the Attorney General discretion provision was inserted into the law, rather than a specific 72-hour short notice exception to the 21-day notice requirement, to provide your office with the flexibility to make decisions on a case-by-case basis. In the case of frequent travelers, such as Mr. Epstein, as well as pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, who travel for business, professional and other legitimate purposes several times a month, both on short notice and under circumstances where travel plans frequently change on short notice, the new law provides your office with the flexibility to grant a waiver that will not unduly restrict their travel and business and professional activities, and that includes the right to allow notice prior to departure less than 72 hours in advance.

As you know, from the beginning of Mr. Epstein's registration in March 2010, he has a demonstrated history of frequent travel and a flawless record of fully compliant travel

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                    VI-JPM-000012269

3

notification to your office. Even at times when the email servers at the Department of Justice were not operating, Mr. Epstein's counsel took measures to ensure alternative notification by providing telephonic and fax notification of the travel notice emails that were sent to the Department of Justice. His record clearly demonstrates that he is unerringly diligent in ensuring that the Virgin Islands is provided with timely notice of his travels outside of the Territory, and he will remain so in the future under this new law.

Mr. Epstein has always previously provided the necessary travel notice, through his counsel, immediately prior to Mr. Epstein's departure. He has done this because, in many instances, , his travel dates and destinations are not known with certainty until a few hours prior to departure, or they can and frequently do change on little or no notice for reasons that are not within his control. For example, meeting schedules and locations for business or professional trips evolved constantly over the past two years, and Mr. Epstein has had to remain flexible to accommodate these changes. Moreover, unexpected changes in weather patterns and mechanical issues with the aircraft had also accelerated or delayed travel plans. Instead of providing a constant flow of notices to the Department of Justice in anticipation of possible or changed travel, Mr. Epstein has provided notice immediately prior to departure to ensure that the notice he provided was as accurate as possible. It was and still is believed that this avoids unnecessary administrative burden to the Department of Justice, which we understand would be required to update its notices to other jurisdictions every time a new or changed notice is received from Mr. Epstein.

In addition, to the extent that notification by Mr. Epstein of his entry into another jurisdiction is even required by that jurisdiction, the notice is not required from Mr. Epstein prior to his arrival in that jurisdiction, and in some cases notice is not required until as much as several days after arrival. Even in the State of Florida, the jurisdiction of Mr. Epstein's conviction which triggered his registration requirement, Mr. Epstein is not required to provide any minimum prior notice of his travel to Florida. In fact, he is permitted to provide email notice on the day of his arrival. It is our understanding that notification immediately prior to Mr. Epstein's departure from the Virgin Islands would still provide the Virgin Islands with ample time to inform jurisdictions of Mr. Epstein's arrival, particularly when notification is done through electronic means and is instantaneous. Moreover, in light of Mr. Epstein extensive record of unerring diligence in providing notice of his travels and complying with his other registration obligations, there are ample grounds to conclude that Mr. Epstein would continue to be fully compliant in both the Virgin Islands and in all other jurisdictions to which the Virgin Islands may have to give notice of Mr. Epstein's travels.

Requiring 72 hours notice of Mr. Epstein prior to his travel would severely restrict his ability to remain flexible to accommodate ever-evolving meeting schedules and locations and the schedules of Mr. Epstein's business and professional colleagues. For example, not infrequently, Mr. Epstein is asked in the early morning to meet in a particular jurisdiction later in the day. Because of the 72-hour notice requirement, in the future, Mr. Epstein would have to wait three days before he could accommodate such a request for a meeting. As another example, assuming Mr. Epstein gave the proper 72-hour notice of a trip to New York, but learned on the day of his intended departure that the persons with whom he was to meet in New York later that day desired to meet in a different location, Mr. Epstein would not be able to meet at the alternative

VI-JPM-000012270

4

location because of the 72-hour notice requirement. In Mr. Epstein's business and professional life, situations like this occur with frequency and regularity, and even a 72-hour notice requirement would obviously have a significantly deleterious effect on his business and professional activities.

For this reason, we respectfully request that Mr. Epstein be permitted to provide notice immediately prior to his departure when traveling outside of the Virgin Islands, provided that Mr. Epstein will endeavor to provide 24-hours notice to the extent he has such advance knowledge of his travel. We understand your requirement that notices come from Mr. Epstein, himself, when he is in the Virgin Islands and providing notice of his travel outside of the Territory, and Mr. Epstein will comply with that requirement.

Another waiver condition contained your the July 25, 2012 letter is that Mr. Epstein provide your office with the address of his temporary lodging while traveling within the United States. Mr. Epstein has and will continue to provide notice to the Department of Justice of the addresses of temporary lodging that are his own homes. In fact, as the extensive volume of Mr. Epstein's travel notification emails to the Department of Justice demonstrate, Mr. Epstein has regularly stayed at his vacation homes when traveling and has so advised the Department of Justice in his travel notifications each time he has done so. Inasmuch as the Department of Justice already has a complete listing of the addresses of all of Mr. Epstein's vacation homes in the registration information Mr. Epstein has provided and updates to the Department of Justice, it was not thought necessary to include the specific addresses of Mr. Epstein's vacation homes in each of the notices. To ensure compliance with the waiver conditions, Mr. Epstein will provide the specific addresses of Mr. Epstein's vacation homes in the travel notices in the future.

However, frequently when Mr. Epstein travels to locations in the United States at which he does not have a vacation home, he has stayed as a guest in the homes of third parties, including business and professional associates. Many times these invitations have been and are extended to Mr. Epstein after arriving in these locations as plans change and meetings extend beyond scheduled times. Thus, originally scheduled hotel reservations are cancelled and new lodging arrangements have to be made (which would again require further notices to the Department of Justice, which would presumably have to send updates to the jurisdictions to which the original notices were previously given). Many of these hosts would be uncomfortable with Mr. Epstein having to provide the addresses of their homes in the travel notifications to the Department of Justice, particularly when the hosts are oftentimes prominent figures whose addresses are not a matter of public knowledge and there is no guarantee that their addresses would not be disclosed in response to FOIA or other Sunshine Law requests. Requiring Mr. Epstein to provide these addresses would likely deter potential hosts from offering Mr. Epstein lodging and thus again interfere with his ability to travel and maintain the necessary flexibility in the conduct his business, professional and other legitimate activities.

It is for this reason that we respectfully request that the waiver condition requiring Mr. Epstein to provide the addresses of his temporary lodging in his notification of travel within the United States be eliminated, provided that when Mr. Epstein stays at his vacation homes while traveling in the United States he will so advise the Department of Justice, and include in the notice the specific address of his vacation home at which he is staying. In all other cases,

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

5

consistent with the Federal SORNA Guidelines which authorize jurisdictions to permit frequent inter-jurisdictional travelers, such as long-haul truckers, day laborers, and international border commuters, to provide a most likely itinerary of "normal travel routes" and "general areas" of work, Mr. Epstein should be allowed to provide the general geographic area of his temporary lodging and to provide a cell telephone number at which Mr. Epstein may be contacted at all times while travelling.

We believe that the foregoing proposals are consistent with the Federal SORNA Guidelines and consistent with the balance intended to be achieved in the travel notice amendment as described by both Senator Russell and you at the Rules and Judiciary Committee hearing on June 21, 2012. As has always been the case, Mr. Epstein would continue to provide timely notification to the Department of Justice of his travel before departing the Virgin Islands, so as to enable the Virgin Islands to electronically inform the necessary jurisdictions of this travel. Notice of Mr. Epstein's general geographic location and a contact number to reach him at all times would be provided, as well as his specific address when he stays at his vacation homes. With this balance, the timing and the content of Mr. Epstein's travel notification would provide your office the information it needs without impeding Mr. Epstein's right to travel and conduct his business, professional and other legitimate activities, and would thereby avoid transforming the Act's travel notice provisions into a punitive measure contrary to express legislative intent.

Once again, we appreciate the grant to Mr. Epstein by the Office of the Attorney General of the travel notification waiver as described in your letter of July 25, 2012, and respectfully request that the two waiver conditions described above imposed in that letter be modified as I have proposed. If our request to modify the waiver conditions meets with the approval of your office, please confirm that approval of the modifications as described above by signing this letter below.

If you have any questions or require anything further for a favorable response to this request, please do not hesitate to contact me.

Respectfully,

Maria Tankenson Hodge

Modification of Waiver Conditions As Described Above
Accepted and Agreed To:

_____
Honorable Vincent F. Frazer
Office of the Attorney General of the United States
Virgin Islands

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER   VI-JPM-000012272