

401 9th St. NW, Suite 630
Washington, DC 20004
o. 202.232.5504  f. 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct: 202.386.9626
lsinger@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

## CONFIDENTIAL – FILED UNDER SEAL

July 18, 2023

**BY ECF**

Hon. Jed S. Rakoff
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

  Re: *Government of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*
     Case No. 1:22-cv-10904-JSR (S.D.N.Y.)
     Motion Regarding JPMorgan's Late and Incomplete Responses Concerning
     2019 Timeline of Transactional Activity

Dear Judge Rakoff:

  On the Wednesday, July 5, 2023 teleconference, the Court heard argument on JPMorgan's responses to USVI's discovery requests and queries concerning a "timeline" of transactional history that was integrated with a summary of communications between JPMorgan senior executives and Jeffrey Epstein that JPMorgan prepared in 2019. Despite its obvious relevance, JPMorgan did not disclose the existence of this communications summary until the end of fact discovery and did not produce the timeline until one month after the end of fact discovery. The parties have been working cooperatively over the past two weeks to discuss and address the USVI's concerns to obviate or narrow the need for court intervention. During that time, JPMorgan responded to the USVI's questions but did not produce the transactional data identified in the timeline until July 14th. It is now refusing to respond to the USVI's questions regarding the transactional data, which reveals JPMorgan handled more than $1.1 million in payments from Epstein to girls or women—many with Eastern European surnames—*after* Epstein was terminated by JPMorgan, including over $320,000 in payments to numerous individuals for whom JPMorgan had not previously identified payments. As laid out below, this information was both directly responsive to the USVI's discovery requests and relevant to its expert reports and depositions and JPMorgan's purported statute of limitations defense.

  On or about May 30, 2023, JPMorgan produced internal email correspondence dated October 27-28, 2019 with the subject line: "Project Jeep Current Review." (Jeep refers to the Jeffrey Ep\. Epstein Project.) These emails referenced both an attached "summary of the e-comms



Hon. Jed S. Rakoff
Case No. 1:22-cv-10904-JSR
July 18, 2023
Page 2

review that Trade Surveillance conducted regarding Epstein and Staley" and a "timeline combining the e-comms with the relevant transactional activity" that was created by JPMorgan employee ▮▮▮▮▮▮▮▮▮▮. JPMorgan did not produce the referenced timeline of Epstein and Staley transactions with this or any other document production.

On June 5, 2023, the USVI specifically requested the referenced "timeline" of Epstein and Staley transactions and identified it as being obviously responsive to USVI's discovery requests.

When JPMorgan did not respond, USVI sent reminder emails about this matter on June 7, June 16, June 20, and June 23, 2023. JPMorgan responded on June 24, 2023, stating that "[w]e have located the information, but it is not easily extracted" and that "we think it will all be solvable and we should be able to produce it this week."

On the afternoon of Friday, June 30, 2023, one month after the end of fact discovery, JPMorgan produced a spreadsheet listing the dates, beneficiaries—but not senders—and dollar values of over 9,000 transactions payable to Epstein-related persons that occurred between 2005 and 2019 and had a combined value of over $2.4 billion. Many of the entries reflected accounts and payments, numbering in the thousands and totaling in the hundreds of millions of dollars in value, of which USVI had no prior knowledge or information from JPMorgan's responses and productions during the fact discovery period.

After considerable back and forth and a meet and confer regarding the data underlying the timeline, on July 14, 2023, JPMorgan produced a spreadsheet with additional fields for the transactions in the timeline spreadsheet, including fields showing the senders and dates of payments (relevant email communication attached as Exhibit A). The data includes transactions from multiple Epstein-related individuals, including Jes Staley, Boris Nikolic, and Leon Black, that JPMorgan never previously disclosed. The data also reveals that JPMorgan processed more than $1.1 million in payments from Epstein to girls or women—many with Eastern European surnames—after Epstein was terminated by JPMorgan, including over $320,000 in payments to Eastern European women for whom JPMorgan had not previously identified payments. This information is directly responsive to numerous discovery requests, including Requests 13, 19, 20, 24, and 38-39 (attached collectively as Exhibit B) that seek documents concerning JPMorgan's knowledge that Epstein was engaged in human trafficking, JPMorgan's monitoring of Epstein's accounts, retrospective analyses relating to Epstein, and financial records for Epstein-related individuals.

JPMorgan claims this information was not disclosed earlier because it was not in a custodial production and/or did not relate to individuals specifically identified by the USVI as related to Epstein. The USVI has repeatedly made clear that its discovery requests are not limited to individuals it specifically identified as being related to Epstein. The USVI specifically identified



Hon. Jed S. Rakoff
Case No. 1:22-cv-10904-JSR
July 18, 2023
Page 3

the individuals it knew were related to Epstein to make its discovery requests clearer—not relieve JPMorgan of its duty to produce known relevant documents. *See, e.g.*, *Gardner-Alfred v. Fed. Reserve Bank of N.Y.*, 22-cv-01585 (LJL), 2023 WL 3495091, at *15 (S.D.N.Y. May 17, 2023) ("the producing party, even absent agreement or discussion about the appropriate terms, still has an independent obligation to craft search terms to fulfill the requirements of Rules 26 and 34"); *The Raine Group LLC v. Reign Capital, LLC*, No. 21-CV-1898 (JPC) (KHP), 2022 WL 538336, at *1 (S.D.N.Y. Feb. 22, 2022) ("the producing party must search custodians and locations it identifies on its own as sources for relevant information as part of its obligations under Rules 26 and 34"). Thus, there is no legitimate reason for JPMorgan failing to identify payments to girls or women the bank itself identified as being related to Epstein—and potential evidence of Epstein's sex trafficking venture—*years* before receiving the USVI's discovery requests.

It is still unclear whether JPMorgan has disclosed all payments from Epstein to girls or women or other information relating to the review JPMorgan conducted after Epstein's 2019 arrest. Even if it has, the USVI has not been able to question any witnesses regarding these newly disclosed payments or provide them to experts for inclusion in their reports. When the USVI raised these concerns, JPMorgan's counsel said they were willing to consider a narrow data request that fully resolves all open issues but otherwise believed we reached impasse (relevant email communication attached as Exhibit C). The USVI does not believe, at this late date, with so many issues left unresolved, that further negotiation amongst the parties would be productive.

Thus, the USVI requests that the Court order the following relief:

1. JPMorgan must produce the following to the USVI within 5 days: (1) all documents and information concerning Project Jeep or any other investigation that occurred after Epstein's 2019 arrest; and (2) all financial records for any newly disclosed girls or women to whom Epstein made payments. To the extent JPMorgan has already produced the relevant documents and information, JPMorgan shall provide a written certification to the USVI stating that fact.

2. JPMorgan shall stipulate that any newly produced documents described above are admissible as business records or provide a corporate representative to testify regarding the documents in a two hour deposition.

3. The USVI shall have 5 days following JPMorgan's last production of relevant documents to supplement its expert reports.

4. The Court should impose monetary sanctions against JPMorgan as the Court deems appropriate. This is particularly appropriate given the pattern of late



Hon. Jed S. Rakoff
Case No. 1:22-cv-10904-JSR
July 18, 2023
Page 4

disclosure previously noted by the Court (relevant email from Court attached as Exhibit D).

Respectfully submitted,

*/s/ Linda Singer*
Linda Singer

cc:   Counsel of record (via ECF)