# EXHIBIT C

# Marvin, Cynthia

| | |
|---|---|
| **From:** | Tuttle Newman, Jake <Jacob.TuttleNewman@wilmerhale.com> |
| **Sent:** | Tuesday, July 18, 2023 10:20 AM |
| **To:** | Boggs, Paige; WHJPMCService |
| **Cc:** | Ackerman, David; Arnold, Andrew P.; Austin, Brendan; Boggs, Paige; Botto, Jessica; Camputaro, Elizabeth A.; Forster, Jenna; Fu, Abigail; Karafian, Nicole; Klink, Rachel; Liu, Mimi Y; Loper, Charlotte; Marvin, Cynthia; Narwold, Bill; Oliver, Meghan; Quirk, Michael; Rublee, Laura; Singer, Linda; Wohlgemuth, Stephen; Schiffmann, Eden |
| **Subject:** | RE: Friday's Production |

**CAUTION:EXTERNAL**

Paige,

We have now had multiple meet-and-confers and email conversations, and, in the interest in trying to avoid a discovery dispute, JPMC has produced voluminous data that we maintain it had no obligation to produce.

The assertions in your email are incorrect and/or misleading, but it's not constructive for us to continue fighting about them. The salient point is that, from our perspective, the USVI has been moving goal posts on this issue with continual requests for more and attempts to reopen closed issues.

If you have a narrow data request that fully resolves all open issues, we are willing to consider it with our client. But we are not interested in re-opening discovery, entering into stipulations, or continuing to litigate discovery.

Let me know if you have interest in that, but we have otherwise reached impasse.

Jake

**Jake Tuttle Newman | WilmerHale**
he/him/his
617.526.6426

**From:** Boggs, Paige <pboggs@motleyrice.com>
**Sent:** Monday, July 17, 2023 1:58 PM
**To:** WHJPMCService ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Cc:** dackerman@motleyrice.com; Arnold, Andrew P. <aarnold@motleyrice.com>; Austin, Brendan <baustin@motleyrice.com>; pboggs@motleyrice.com; Botto, Jessica <jbotto@motleyrice.com>; Camputaro, Elizabeth A. <ecamputaro@motleyrice.com>; Forster, Jenna <jforster@motleyrice.com>; Fu, Abigail <afu@motleyrice.com>; Karafian, Nicole <nkarafian@motleyrice.com>; Klink, Rachel <rklink@motleyrice.com>; Liu, Mimi Y <mliu@motleyrice.com>; Loper, Charlotte <cloper@motleyrice.com>; Marvin, Cynthia <cmarvin@motleyrice.com>; bnarwold@motleyrice.com; Oliver, Meghan <moliver@motleyrice.com>; Quirk, Michael <mquirk@motleyrice.com>; Rublee, Laura <lrublee@motleyrice.com>; lsinger@motleyrice.com; Wohlgemuth, Stephen <SWohlgemuth@wc.com>; Schiffmann, Eden <ESchiffmann@wc.com>
**Subject:** Friday's Production

**EXTERNAL SENDER**

Counsel,

We have had a chance to review the data produced Friday evening. Troublingly, the data reveals that JPMorgan processed substantial payments to girls or women from Epstein even after Epstein was terminated by JPMorgan, including numerous individuals for whom JPMorgan had not previously identified payments. As we have previously noted, this information was responsive to numerous discovery requests, including Requests 13, 19, 20, 24, and 38-39, and should have been produced during the discovery period.

You have asserted that this information was not identified earlier because it was not in a custodial production and/or did not relate to individuals identified by the USVI as Epstein-related accounts. As we have made clear, JPMorgan had an obligation to search non-custodial sources and to search for documents related to individuals it believed to be related to Epstein, whether or not the USVI identified that person. Moreover, your recently-disclosed documents show that JPMorgan internally made the connection between Epstein and these individuals years before the Government issued its discovery requests.

As this production made clear, JPMorgan has identified numerous girls or women to whom Epstein made payments but did not produce their account statements or related information. To confirm that no other responsive information has been missed, in light of this late disclosure, we would like JPMorgan to identify the non-custodial sources it identified and searched and the individuals and entities, beyond those identified by the USVI, that JPMorgan searched as Epstein-related.

Specifically, we want confirmation that financial records for the following individuals have either been produced or shortly will be produced:



(Note that we do not limit our prior request to these individuals, but want to make sure that they are addressed in your response.)

Please also confirm that all documents and data related to Project JEEP or any other investigation that occurred after Epstein's 2019 arrest have now been identified and disclosed. To the extent that you are withholding any information as privileged or otherwise, please explain what you have not produced and why.

In addition, we assume that JPMorgan has no objection to the USVI supplementing its expert reports to reflect this information. Please let us know if that is not the case.

You previously indicated that you would not provide a deponent related to this data source. Please confirm that this remains your position. If the USVI agrees not to seek an additional deponent, will you agree that you will stipulate that the data you produced is admissible as a business record?

You also represented that you would further investigate whether any of the data related to the individuals searched was not included in the data you sent.  Have you reached resolution on that question?  Relatedly, have you concluded your investigation regarding additional payments to the girls or women identified above?  To the extent you identify additional individuals or additional payments from Epstein to previously disclosed individuals, the USVI requests the relevant financial records.

Please provide your answers by 6 pm today, given tomorrow's briefing deadline.  We are available this afternoon to meet and confer.

Best,

Paige



**Paige Boggs**  Attorney at Law

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9629  **c.** 202.538.0540  **f.** 202.386.9622
pboggs@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.