LAW OFFICES
## WILLIAMS & CONNOLLY LLP®

STEPHEN L. WOHLGEMUTH
(202) 434-5390
swohlgemuth@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 2, 2023

Hon. Jed S. Rakoff

    Re:    *USVI v. JPMorgan Chase Bank, N.A.*; Privilege Waiver Relating to Settlement Discussions

Dear Judge Rakoff:

    This Court has already held that JPMorgan put its subjective motivation for settling with the Doe class at issue by seeking to hold Mr. Staley liable for the entirety of that settlement. That is because JPMorgan bears the burden of proving that it paid $290 million *because* of Mr. Staley, not for some other reason like its independent legal liability. JPMorgan refuses to produce the privileged communications that would substantiate—or refute—its motive, claiming that it has not waived privilege unless it affirmatively *uses* those communications to support its case. But that is not the law, for the very good reason that it would leave Mr. Staley at the mercy of the bank's exhibit list. Under Second Circuit and New York law, whether legal advice is placed "at issue" turns on the *factual contentions* that a party makes, not the *evidence* that it chooses to offer in support of those contentions. Here, given the bank's contention that it chose to pay $290 million *because of* Mr. Staley's conduct, and not because of any other legal concerns such as weaknesses in its case unrelated to Mr. Staley, this Court found that JPMorgan placed its internal legal motive directly at issue. JPMorgan must now produce the only documents that can fairly prove or refute JPMorgan's claimed motive.

    JPMorgan asserts that Mr. Staley's argument for waiver is based on a mere-relevance standard (which it attributes to *Hearn v. Rhay*), whereas, in the bank's view, the correct legal standard is affirmative reliance, i.e., that unless the bank makes use of its own privileged documents, there can be no waiver. JPM Ltr. 2. The bank is wrong on both points: Mr. Staley does not claim that relevance is the standard, and—more to the point—cases post-dating (and even discussing) the *County of Erie* and *Deutsche Bank* cases that JPMorgan cites explicitly state that "waiver may be found even if the privilege holder does not attempt to make use of a privileged communication," if the holder "makes factual assertions the truth of which can only be assessed by examination of privileged communications." *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2022 WL 18027566, at *6 (S.D.N.Y. Dec. 30, 2022) (quotation marks omitted) (collecting authority); *accord MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 2568972, at *6 (S.D.N.Y. July 3, 2012) ("use of the privileged materials . . . [is not] the exclusive basis for 'at issue' waiver"; "rel[ying] upon" state of mind works waiver). These were the first two cases Mr. Staley discussed in his opening letter, but JPMorgan ignores them entirely.

WILLIAMS & CONNOLLY LLP®
August 2, 2023
Page 2

The waiver-by-factual-assertion rule applies particularly where the factual assertion in question concerns a purely *subjective* issue, such as state of mind, motive, or good faith. *See*, *e.g.*, *Arista Records, LLC v. Lime Group, LLC*, 2011 WL 1642434, at *2–3 (S.D.N.Y. Apr. 20, 2011) (because "legal advice . . . may well demonstrate the falsity of [the] claim of good faith belief, waiver in these instances arises as a matter of fairness" (internal citation omitted)). This is clearly the case here, as there is no more subjective issue than "motive." The particular motive in question here, moreover, is not just *any* motive, but the motive in 2023 to settle a class-action lawsuit at a nine-figure price. The idea that there will be non-privileged evidence of JPMorgan's actual motive to settle in 2023—or that evidence of the bank's actual motive can be found in the contrived media statements that it ginned up mid-litigation and then produced in discovery—is frivolous.

Remarkably, despite this Court's express ruling that JPMorgan put at issue its "motive for settling" and "the motive behind [the settlement]," *see* July 7, 2023 minute entry, the word "motive" appears nowhere in the bank's opposition. Instead, the bank treats the question as one of "cause," arguing that it will prove that Mr. Staley "caused" the settlement with "nonprivileged documentary and testimonial evidence related to [his] tenure at the bank." JPM Ltr. 5. But that is not the full extent of the bank's burden on causation. As the Court recognized when calling out "motive" as an issue, the question at hand is not merely whether JPMorgan *could* have been liable based on Mr. Staley's actions before 2013, but whether, in 20**23**, it *decided to pay* the full $290 million *because* of those alleged actions—or rather also for *other* reasons relating to itself alone, such as concerns about direct liability, negative publicity, or enhanced regulatory scrutiny. *That* question is the critical one, and it can be answered only through the communications that JPMorgan had with its counsel over the course of deciding that a $290 million voluntary liability was its best option. *See PRCM Advisers*, 2022 WL 18027566, at *6 (privileged communications "are essential to a fair assessment" of the "state of mind" of defendants); *MBIA Ins.*, 2012 WL 2568972, at *6 (waiver where "a party's state of mind . . . is relied upon" in its claim).

The bank does not even broach this critical issue until the final substantive paragraph of its response. There, JPMorgan acknowledges that its reasons for settling with the Doe class *could* come up in this case, but nevertheless contends that they "cannot work a waiver" of privilege because they amount merely to "a defense theory" that Mr. Staley "might raise"—in other words, they are not an issue the bank itself injected into the case and thus placed "at issue." JPM Ltr. 5. That is preposterous. JPMorgan made its motivation for the settlement part of this case when it asserted that Mr. Staley's actions forced its hand into writing a check for $290 million. JPMorgan bears the burden on the issue, and Mr. Staley is entitled to the evidence needed to counter JPMorgan's (frankly absurd) causation theory. The bank cannot transform evidence that refutes its affirmative case into a defense theory by its say-so.

For the foregoing reasons, and those stated in its opening letter, JPMorgan should produce all communications between itself and its in-house and outside counsel as well as attorney work-product relating to the reasonableness and causation of the settlement.[1]

---

[1] JPMorgan's letter claims that Mr. Staley previously "disclaimed" that he was seeking a waiver of privilege. Not so. During the relevant Court call, Mr. Staley's counsel expressly stated that discovery into the bank's settlement would raise privilege issues but that they were not presented by his first application.

WILLIAMS & CONNOLLY LLP
August 2, 2023
Page 3

                                      Respectfully submitted,

                                      /s/ *Stephen L. Wohlgemuth*

                                      Stephen L. Wohlgemuth