# EXHIBIT 56

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>  Defendant/Third-Party Plaintiff. | Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A.<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY<br><br>  Third-Party Defendant. | |
| Government of the U.S. Virgin Islands,<br><br>  Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>  Defendant/Third-Party Plaintiff. | Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A.<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY<br><br>  Third-Party Defendant. | |

1

Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 67 because the phrase "official duties or responsibilities relating to Epstein accounts" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits only that JPMC employees with duties and responsibilities specific to Epstein accounts were aware that Epstein pled guilty in 2008 to one count of solicitating prostitution and one count of soliciting prostitution from someone under the age of 18.

**REQUEST FOR ADMISSION NO.68**

JPMorgan officers, directors, or employees with official duties or responsibilities relating to Epstein accounts were aware in 2013 that Jeffrey Epstein had been convicted of procuring a child for prostitution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 68 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 68 because the phrase "official duties or responsibilities relating to Epstein accounts" is vague and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC admits only that JPMC employees with duties and responsibilities specific to Epstein accounts were aware that Epstein pled guilty in 2008 to one count of solicitating prostitution and one count of soliciting prostitution from someone under the age of 18.

**REQUEST FOR ADMISSION NO.69**

Jamie Dimon was aware in 2006 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 69 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC, based on present knowledge and information while discovery in this matter is ongoing, denies Request No. 69.

**REQUEST FOR ADMISSION NO.70**

Jamie Dimon was aware in 2007 that Jeffrey Epstein had been arrested for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 70 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.

Subject to and without waiver of the foregoing general and specific objections, JPMC, based on present knowledge and information while discovery in this matter is ongoing, denies Request No. 70.

**REQUEST FOR ADMISSION NO.71**

Jamie Dimon was aware in 2008 that Jeffrey Epstein had been arrested and/or convicted for prostitution and/or sexual misconduct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71**

39

"relevant to any party's claim or defense" as Mr. Neilson was not employed by JPMC in 2012.

This request is therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

| | |
|---|---|
| Date: May 22, 2023 | Respectfully submitted,<br>By: /s/ *John J. Butts*<br><br>Boyd M. Johnson III<br>Robert L. Boone<br>Hillary Chutter-Ames<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(t) (212) 230-8800<br>(f) (212) 230-8888<br>boyd.johnson@wilmerhale.com<br>robert.boone@wilmerhale.com<br>hillary.chutter-ames@wilmerhale.com<br><br>Felicia H. Ellsworth<br>John J. Butts<br>60 State Street<br>Boston, MA 02109<br>(t) (617) 526-6687<br>(f) (617) 526-5000<br>felicia.ellsworth@wilmerhale.com<br><br>*Attorneys for Defendant* |