# EXHIBIT 62

**Confidential – Subject to Protective Order**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Government of the United States Virgin Islands, | CASE NO.:  1:22-cv-10904 (JSR) |
| Plaintiff, | |
| vs. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

_____/

## JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby serves its Responses and Objections to Plaintiff's First Request for Admissions ("Requests") pursuant to Federal Rules of Civil Procedure 26 and 36.  JPMC denies all Requests, except with respect to anything expressly admitted herein.

## PRELIMINARY STATEMENT

These objections and responses are made solely for the purposes of the above-captioned case.  Each of JPMC's objections and responses to the Requests is based on information and documents presently available to JPMC after reasonable and diligent inquiry.  Particularly with respect to (but in no way limited to) Request Nos. 20, 27, 170, 172, 186, and 189, JPMC's responses are also based on Mr. Dimon's current recollection of events.  Discovery is ongoing, and JPMC specifically reserves the right to amend or supplement its objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed.  In addition, JPMC's objections and responses are

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Epstein referred Joseph Pagano, CEO, Chairman, and President of Sentigen Bio Services, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 12 because it does not specify a relevant time frame. JPMC further objects to Request No. 12 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Pagano becoming a JPMC Private Bank customer. JPMC further objects to Request No. 12 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Epstein referred Andrew Farkas, founder and CEO of Island Capital Group LLC, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 13 because it does not specify a relevant time frame. JPMC further objects to Request No. 13 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Farkas becoming a JPMC Private Bank customer. JPMC further objects to Request No. 13 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Epstein worked with JPMorgan to develop a donor advised fund with The Bill and Melinda Gates Foundation and Bill Gates.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 14 because it does not specify a relevant time frame. JPMC also objects to Request No. 14 as vague and ambiguous because "worked with" and "to develop" are not defined. JPMC will interpret these phrases to mean JPMC and Epstein jointly worked toward developing a donor advised fund with The Bill and Melinda Gates Foundation and Bill Gates. JPMC further objects to Request No. 14 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Epstein and JPMC personnel discussed a potential donor advised fund relating to The Bill and Melinda Gates Foundation and Bill Gates.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You communicated with Epstein regarding the fee that he would receive in connection with any donor advised fund established with The Bill and Melinda Gates Foundation and Bill Gates.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 15 because it improperly poses a hypothetical question. *See* Fed. R. Civ. P. 36(a)(1) (proper scope of RFAs); *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016)

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Mr. Cutler stated that JPMC should not pay Epstein a fee in connection with the potential donor advised fund that was discussed but never established.

## REQUEST FOR ADMISSION NO. 17:

Admit that Epstein referred Larry Page, co-founder of Google, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 17 because the term "referred" and the phrase "additional activities or funds" is vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Page becoming a JPMC Private Bank customer. JPMC further objects to Request No. 17 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 18:

Admit that Epstein referred Sergey Brin, co-founder of Google, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 18

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 18 because the term "referred" and the phrase "additional activities or funds" is vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Brin becoming a JPMC Private Bank customer. JPMC further objects to Request No. 18 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 19:

Admit that Epstein referred Peter Mandelson, Member of the House of Lords of the United Kingdom, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 19 on the grounds that it seeks information that is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). JPMC also objects to Request No. 19 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 19 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Mandelson becoming a JPMC Private Bank customer. JPMC further objects to Request No. 19 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 20:

Admit that Jamie Dimon met with Peter Mandelson after Epstein referred him as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 20

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 20 on the grounds that it seeks information that is not relevant to any party's claims or defenses. Fed. R. Civ. P. 26(b)(1). JPMC also objects to Request No. 19 on the grounds that it misuses Requests for Admission as a discovery device.

Confidential – Subject to Protective Order

JPMC in or about 2005, was exited by JPMC in or around 2013, and that she was convicted for criminal sex offenses in 2022.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Epstein referred Michael Ovitz, former president of The Walt Disney Company, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 22 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 22 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Ovitz becoming a JPMC Private Bank customer. JPMC further objects to Request No. 22 because it does not specify a time frame. JPMC further objects to Request No. 22 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Epstein referred Prince Andrew, Duke of York as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 23 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 23 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean

Confidential – Subject to Protective Order

that Epstein contacted JPMC about Prince Andrew becoming a JPMC Private Bank customer. JPMC further objects to Request No. 23 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Epstein referred Ed Scott, co-founder of BEA Systems, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 24 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC also objects to Request No. 24 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean contact JPMC about Scott becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 24 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Epstein referred Aria Petroleum as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 25 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL

Confidential – Subject to Protective Order

101909, at *2.  JPMC also objects to Request No. 25 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Aria Petroleum becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 25 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Epstein referred Sultan Ahmed Bin Sulayem as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 26 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC also objects to Request No. 26 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Sulayem becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 26 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Jamie Dimon met with Sultan Ahmed Bin Sulayem after Epstein referred him as a client or for additional activities or funds to JPMorgan's Private Bank.

**Confidential – Subject to Protective Order**

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 27 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 27 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Bin Sulayem becoming a JPMC Private Bank customer. JPMC further objects to Request No. 27 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Epstein referred Mortimer Zuckerman, Editor-in-chief of U.S. News & World Report, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 28 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 28 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Mortimer Zuckerman becoming a JPMC Private Bank customer. JPMC further objects to Request No. 28 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Confidential – Subject to Protective Order

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

## REQUEST FOR ADMISSION NO. 29:

Admit that Epstein referred Robert Lee Burch III, former CEO of Jonathan Engineered Solutions and member of A.W. Jones' advisory board, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 29 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC also objects to Request No. 29 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Burch becoming a JPMC Private Bank customer. JPMC further objects to Request No. 29 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, admits that JPM-SDNYLIT-00102986 says that Burch "was referred to us by Jeffrey Epstein's office for our banking services."

## REQUEST FOR ADMISSION NO. 30:

Admit that Epstein referred Stephen Salzman, Manager of Priderock Management, LLC, as a client or for additional activities or funds to JPMorgan's Private Bank.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 30 on the grounds that it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL

Confidential – Subject to Protective Order

101909, at *2.  JPMC also objects to Request No. 30 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Salzman becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 30 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Epstein referred Thomas Pritzker, chairman and CEO of the Pritzker Organization, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 31 on the grounds that it misuses Requests for Admission as a discovery device.  *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2.  JPMC also objects to Request No. 31 because the term "referred" and the phrases "additional activities or funds" are vague and ambiguous.  JPMC will interpret "referred" to mean that Epstein contacted JPMC about Pritzker becoming a JPMC Private Bank customer.  JPMC further objects to Request No. 31 because it is improperly compound and conjunctive.  Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 32:**

Admit that in 2006 You received, reviewed, or read newspaper or other media articles regarding Epstein's arrest for procuring a minor for prostitution and solicitation of a prostitute.

Confidential – Subject to Protective Order

## RESPONSE TO REQUEST FOR ADMISSION NO. 203

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 203 because it does not specify a relevant time period.  JPMC will interpret the relevant time period to be 2013 through the date of these responses.  JPM also objects to the phrases "post-termination review" and "handling of Epstein accounts" are vague and ambiguous.  JPMC will interpret "post-termination review" to mean "any investigation into JPMC's client relationship with Epstein after 2013 conducted at JPMC's behest."

Subject to and without waiver of the foregoing general and specific objections, JPMC denies Request No. 203.

## REQUEST FOR ADMISSION NO. 204:

Admit that Jes Staley was a client sponsor for Epstein.

## RESPONSE TO REQUEST FOR ADMISSION NO. 204

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 204 because the term "client sponsor" is undefined, vague, and ambiguous.

Subject to and without waiver of the foregoing general and specific objections, JPMC states that Staley was the senior person at JPMC with a business relationship with Epstein.

**Confidential – Subject to Protective Order**

Dated:  May 17, 2023

Respectfully submitted,

By: /s/ *John J. Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant*