# EXHIBIT 73

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant/Third-Party Plaintiff. | Case Number: 1:22-cv-10019-JSR |
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, <br><br> Plaintiff, <br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant/Third-Party Plaintiff. | Case Number: 1:22-cv-10904-JSR |
| JPMORGAN CHASE BANK, N.A. <br><br> Third-Party Plaintiff, <br> v. <br><br> JAMES EDWARD STALEY <br><br> Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT JAMES E. STALEY'S RESPONSES AND OBJECTIONS TO UNITED STATES VIRGIN ISLANDS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Third-Party Defendant James E. Staley, through undersigned counsel, hereby responds and objects to the United States Virgin Island's First Requests for Admissions in the above-captioned matters.

1

Staley objects to Request No. 26 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Epstein referred Joseph Pagano, CEO, Chairman, and President of Sentigen Bio Services, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to and specifically incorporating its foregoing General Objections, Staley objects to Request No. 27 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 27 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 27 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley cannot truthfully admit or deny this request because he lacks sufficient knowledge.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Epstein referred Andrew Farkas, founder and CEO of Island Capital Group LLC, as a client or for additional activities or funds to JPMorgan's Private Bank.

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to and specifically incorporating its foregoing General Objections, Staley objects to Request No. 28 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 28 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 28 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Epstein referred Larry Page, co-founder of Google, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to and specifically incorporating its foregoing General Objections, Staley objects to Request No. 29 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 29 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 29 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Epstein referred Prince Andrew, Duke of York as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 36 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 36 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 36 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley denies this Request.

**REQUEST FOR ADMISSION NO. 37.**

Admit that Epstein introduced You to and/or facilitated meetings with Prince Andrew.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 37 because the terms "introduced," "facilitated," and "meetings" are vague because they are susceptible to more than one meaning.

24

Staley objects to Request No. 47 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 47 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley cannot truthfully admit or deny this request because he lacks sufficient knowledge.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Epstein referred Stephen Salzman, Manager of Priderock Management, LLC, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 48 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 48 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 48 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley cannot truthfully

admit or deny this request because he lacks sufficient knowledge.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Epstein referred Thomas Pritzker, chairman and CEO of the Pritzker Organization, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 49 because the terms "referred," "client," and "additional activities or funds" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 49 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Staley objects to Request No. 49 to the extent it is directed at JPMC's knowledge or actions because Staley is not a designated 30(b)(6) witness for JPMC. As such, Staley will only respond to the extent the Request seeks information based on his personal knowledge.

Subject to and without waiving the foregoing General Objections, and reserving the right to amend or supplement his response as further information is discovered, Staley admits this Request.

**REQUEST FOR ADMISSION NO. 50:**

Admit that You worked with Epstein to develop a donor advised fund with Bill Gates and The Bill and Melinda Gates Foundation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to and specifically incorporating his foregoing General Objections, Staley objects to Request No. 50 because the terms "worked with," "develop," and "donor advised fund" are vague because they are susceptible to more than one meaning.

Staley objects to Request No. 50 because it seeks information that is not "relevant to any

May 22, 2023

By: */s/ Brendan V. Sullivan, Jr.*

Brendan V. Sullivan Jr.
Zachary K. Warren
Stephen L. Wohlgemuth
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel: (202) 434-5252
Fax: (202) 434-5029
zwarren@wc.com

*Counsel for Third-Party Defendant
James Edward Staley*