# EXHIBIT 195

Confidential – Subject to Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Government of the United States Virgin Islands, | CASE NO.:  1:22-cv-10904 (JSR) |
| Plaintiff, | |
| vs. | |
| JPMorgan Chase Bank, N.A., | |
| Defendant. | |

## JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant JPMorgan Chase Bank, N.A. ("JPMC") hereby serves its Responses and Objections to Plaintiff's First Request for Admissions ("Requests") pursuant to Federal Rules of Civil Procedure 26 and 36.  JPMC denies all Requests, except with respect to anything expressly admitted herein.

### PRELIMINARY STATEMENT

These objections and responses are made solely for the purposes of the above-captioned case.  Each of JPMC's objections and responses to the Requests is based on information and documents presently available to JPMC after reasonable and diligent inquiry.  Particularly with respect to (but in no way limited to) Request Nos. 20, 27, 170, 172, 186, and 189, JPMC's responses are also based on Mr. Dimon's current recollection of events.  Discovery is ongoing, and JPMC specifically reserves the right to amend or supplement its objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed.  In addition, JPMC's objections and responses are

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 8 because it does not specify a relevant time frame for when "Epstein referred Glenn Dubin." JPMC also objects to Request No. 8 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Glenn Dubin becoming a JPMC Private Bank customer. JPMC further objects to Request No. 8 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Epstein received a consulting fee related to JPMorgan's acquisition of Highbridge Capital Management in 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 9 because it does not specify a relevant time frame. JPMC also objects to Request No. 9 because it seeks information that is not "relevant to any party's claim or defense" and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). JPMC further objects to Request No. 9 because it misuses Requests for Admission as a discovery device. *See Pasternak*, 2011 WL 4552389, at *5; *De Niro*, 2022 WL 101909, at *2. JPMC further objects to Request No. 9 because "consulting fee" and "acquisition" are vague and ambiguous. JPMC will interpret "acquisition" to refer to JPMC's purchase of a majority interest in Highbridge Capital Management in 2004.

**Confidential – Subject to Protective Order**

Subject to and without waiver of the foregoing general and specific objections, JPMC admits that Dubin & Swieca Holdings, Inc. paid Financial Trust Company, Inc. a fee related to JPMC's acquisition of a majority interest in Highbridge Capital Management in 2004.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Epstein referred Leslie Wexner, founder and CEO of L Brands, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 10 because it does not specify a relevant time frame. JPMC further objects to Request No. 10 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Wexner becoming a JPMC Private Bank customer. JPMC further objects to Request No. 10 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

Subject to and without waiver of the foregoing general and specific objections, JPMC denies knowledge of any purported referral.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Epstein referred Leon Black, co-founder and CEO of Apollo Global Management, as a client or for additional activities or funds to JPMorgan's Private Bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

In addition to and specifically incorporating its foregoing General Objections and Objections to Definitions, JPMC objects to Request No. 11 because it does not specify a relevant time frame. JPMC further objects to Request No. 11 because "referred" and "for additional activities or funds" are vague and ambiguous. JPMC will interpret "referred" to mean that Epstein contacted JPMC about Black becoming a JPMC Private Bank customer. JPMC further objects to Request No. 11 because it is improperly compound and conjunctive. Fed. R. Civ. P. 36(a)(2).

**Confidential – Subject to Protective Order**

Dated: May 17, 2023

        Respectfully submitted,
By: /s/ *John J. Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant*

107