# EXHIBIT 275

# ACT NO. 7372

## BILL NO. 29-0239

# TWENTY-NINTH LEGISLATURE OF THE VIRGIN ISLANDS

## Regular Session

## 2012

An Act amending chapter 86 of title 14 of the Virgin Islands Code, to expand the laws of the Territory regarding the monitoring and tracking of sex offenders within this jurisdiction with the purpose of affording greater protection for the people of the Virgin Islands from sexual exploitation and violent crime, preventing child abuse and child pornography, promoting internet safety and educating the community about sex offenders, and for other purposes

---0---

**WHEREAS,** Congress has enacted laws establishing a comprehensive national system for the registration of sex offenders and offenders against children; and

**WHEREAS,** Congress currently provides grants to the States and Territories under the Edward Byrne Memorial Justice Assistance Grant Program in order to provide additional personnel, equipment, supplies, contractual support, training, technical assistance, and information systems for law enforcement, which grants are administered in the Virgin Islands by the Law Enforcement Planning Commission, and

**WHEREAS,** in order to encourage States and Territories to amend their statutes in conformance with the Federal Sex Offender Registration and Notification Act (hereinafter, "SORNA"), Congress has determined that federal grant funds provided under the Edward Byrne Memorial Justice Assistance Grant Program shall be reduced by 10% for those States and Territories who have not yet implemented the SORNA statutory amendments; Now, Therefore,

*Be it enacted by the Legislature of the Virgin Islands:*

**SECTION 1.** Section 1721 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)     Subsection 1721(b) is replaced with the following language:

"(b)     The term "sex offense" as used in this code includes those offenses contained in 42 U.S.C. §16911(5) and those offenses enumerated in Sections 1721A and 1721B of this chapter or any other covered offense under Virgin Islands law except as limited by subparagraphs 1 or 2:

2

(1)    An offense involving consensual sexual conduct is not a sex offense for the purposes of this chapter if the victim:

(a)    was an adult, unless the adult was under the custodial authority of the offender at the time of the offense; or

(b)    was at least thirteen (13) years old and the offender was not more than four (4) years older than the victim.

(2)    A foreign conviction is not a sex offense for the purposes of this chapter unless it was obtained either:

(i)    under the laws of Canada, the United Kingdom, Australia, New Zealand, or under the laws of any foreign country or jurisdiction within the Caribbean, which includes but is not limited to: Jamaica, Haiti, Trinidad & Tobago, St. Lucia, Grenada, St. Vincent & the Grenadines, Antigua & Barbuda, St. Kitts, Nevis, Dominica, the Netherlands Antilles, Belize, the Bahamas, Cuba, Dominican Republic, Guyana and Barbados, or

(ii)    under the laws of any foreign country when the United States State Department in its Country Reports on Human Rights Practices has concluded that an independent judiciary generally or vigorously enforced the right to a fair trial in that country during the year in which the conviction occurred. Subsections 1721 (c) through (f) are deleted."

(3)    New Subsections 1721(c) through (w) are added with the following language:

"(c)    The term "conviction" means:

(1)    An adult sex offender is "convicted" for the purposes of this chapter if the sex offender has been subjected to penal consequences based on a conviction of one of the sex offenses defined in this Chapter however the conviction may be styled.

(2)    A juvenile offender is "convicted" for purposes of this chapter if the juvenile offender is either:

Prosecuted and found guilty as an adult for a sex offense: or

Is adjudicated delinquent as a juvenile for a sex offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in either subsection (a) or (b) of section 2241 of title 18, United States Code), or was an attempt or conspiracy to commit such an offense.

(3)    A foreign conviction is one obtained outside of the United States.

3

(d)     The term "foreign" means outside of the United States.

(e)     The term "employee" as used in this chapter includes, but is not limited to an individual who is self-employed or works for any other entity, regardless of compensation. Volunteers of a government agency or organization are included within the definition of employee for registration purposes.

(f)     "Immediate" and "immediately" mean within 3 business days.

(g)     The term "imprisonment" refers to incarceration pursuant to a conviction, regardless of the nature of the institution in which the offender serves the sentence. The term is to be interpreted broadly to include, for example, confinement in a state "prison" as well as in a federal, military, foreign, BIA, private or contract facility, or a local or tribal "jail". Persons under "house arrest" following conviction of a covered sex offense are required to register pursuant to the provisions of this chapter during their period of "house arrest."

(h)     The term "confined" refers to persons who are adjudicated "not guilty by reason of insanity" by a court of this territory and are therefore sentenced to a period of confinement in a mental health facility in the territory or, pursuant to the terms of a contractual agreement, in a facility in the United States.

(i)     The term "jurisdiction" as used in this chapter refers to the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Commonwealth of the Northern Mariana Islands, the United States Virgin Islands, and any Indian tribe that elected to function as a SORNA registration and notification jurisdiction pursuant to PL 109-248 Section 127 (42 U.S.C. §16927).

(j)     The terms "reside" and "resides" mean, with respect to an individual, the location of the individual's home or other place where the individual habitually lives or sleeps for more than 30 days per year. Moreover, all visitors and individuals who are required to register pursuant to this Chapter and who will be present in the territory for less than 30 days in any given year, must contact the Department of Justice in order to notify the Department of his or her presence in the territory as well as all arrival and departure information.

(k)     The term "sex offender" means a person convicted of a sex offense.

(l)     The term "sexual act" means:

4

(1)     contact between the penis and the vulva or the penis and the anus, and for purposes of this definition contact involving the penis occurs upon penetration, however slight;

(2)     contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(3)     the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(4)     the intentional touching of the genitalia of another person that has not attained the age of 18 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

(m)     The term "sexual contact" means the intentional touching, either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass or degrade another person; or with the intent to arouse or gratify the sexual desires of any person.

(n)     The phrase "intimate parts" means the primary genital area, anus, groin, inner thigh, buttocks or breasts.

(o)     The term "student" means a person who enrolls in or attends either a private or public education institution, including a secondary school, trade or professional school, or an institution of higher education.  The term also includes a person who is an intern, extern or apprentice studying in the Territory.

(p)     The acronym "SORNA" means the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006 P.L. 109-248), 42 U.S.C. §16911 et. seq., as amended.

(q)     The term "sex offender registry" means the registry of sex offenders, and a notification program, maintained by the Virgin Islands Department of Justice.

(r)     The acronym "NSOR" means the national database maintained by the Federal Bureau of Investigation pursuant to 42 U.S.C., §16919.

(s)     The "SMART Office" is The Office of sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking, which was established within the United States Department of Justice under the

5

general authority of the Attorney General of the United States pursuant to 42 U.S.C. §16945.

(t)     The acronym NSOPW means the Dru Sjodin National Sex Offender Public Website (NSOPW). The public website maintained by the Attorney General of the United States pursuant to 42 U.S.C. §16920.

(u)     A "tier 1 sex offender", or a "sex offender" designated as "tier 1", is one who has been convicted of a "tier 1" sex offense as defined in Section 1721B(a).

(v)     A "tier 2 sex offender", or a "sex offender" designated as "tier 2", is one who has been either convicted of a "tier 2" sex offense as defined in Section 1721B(b), or who is subject to the recidivist provision of Section 1721B(b)(1).

(w)     A "tier 3 sex offender", or a "sex offender" designated as "tier 3", is one who has been either convicted of a "tier 3" sex offense as defined in Section 1721B(c), or who is subject to the recidivist provision of Section 1721B(c)(1)."

**SECTION 2.** Title 14 of the Virgin Islands Code is amended by adding a new Section 1721A titled "Covered Offenses" to read as follows:

### §1721A. Covered Offenses

All individuals who reside within the territory of the United States Virgin Islands, are employed within the Territory of the United States Virgin Islands or who attend school within the Territory of the United States Virgin Islands, that have been convicted of any of the following offenses, or convicted of an attempt or conspiracy to commit any of the following offenses, are subject to the requirements of this Chapter.

(a)     Virgin Islands Offenses:

(1)     14 V.I.C. §1700 (Aggravated Rape).

(2)     14 V.I.C. §1700a. (Aggravated Rape in the Second Degree).

(3)     14 V.I.C. §1701 (Rape in the First Degree).

(4)     14 V.I.C. §1702 (Rape in the Second Degree when minor is under 16 but over 13 years of age).

(5)     14 V.I.C. §1708 (Unlawful Sexual Contact in the First Degree).

(6)     14 V.I.C. §1709 (Unlawful Sexual Contact in the Second Degree).

6

(7)　　14 V.I.C. §§707 & 1709 (Use of intimidation by reason of the actual or perceived race, religion, color, place of birth, sex or ethnicity or handicap of another individual or group of individuals when engaging in unlawful sexual contact) & (Unlawful sexual contact in the second degree).

(8)　　14 V.I.C. §1024(b) (Distribution of child pornography).

(9)　　14 V.I.C.§1025(Distribution of obscene matter to a minor when the obscene matter depicts a minor engaging in sexual conduct and is distributed for the purpose of enticing the minor into engaging in sexual conduct).

(10)　　14 V.I.C. §1027(Employment of a Minor to Perform Prohibited Acts).

(11)　　14 V.I.C. §1051 (False Imprisonment and Kidnapping) of a minor, (except by a parent).

(12)　　14 V.I.C. §1052(b) (Kidnapping of persons for the purpose of rape).

(13)　　14 V.I.C. §1622 (2), (3), (4) (Prohibition on solicitation and use of minors in Prostitution).

(14)　　V.I.C. §1623 (Knowingly Leasing Property to be used for prostitution of minors).

(15)　　14 V.I.C. § 1624 (Keeping house of prostitution of minors).

(16)　　14 V.I.C. § 1625 (Prohibition on Pandering when pandering involves the use of minors in sexual acts.

(17)　　14 V.I.C. § 121 (Abduction)(Use of invitation or device to prevail upon a person to visit any place for the purpose of prostitution of minors).

(18)　　14 V.I.C. §134(a)(3)(Trafficking of persons for illegal sexual activity based upon convictions under 14 V.I.C. §§1622, 1623,1624 &1625.

(19)　　14 V.I.C. §505 (Child abuse as defined in 14 V.I.C. §503(a) which involves the use of a minor for the purpose of exploitation or to engage in sexual conduct).

(20)　　14 V.I.C. §506 (Aggravated child abuse when it involves the use of a minor for the purpose of exploitation or to engage in sexual conduct).

(21)　　14 V.I.C., §489 (Computer Pornography).

(b)　　Federal Offenses.  A conviction for any of the following, and any other offense hereafter included in the definition of "sex offense" at 42 U.S.C. § 16911(5):

(1)　　18 U.S.C., §1591 (Sex Trafficking of Children),

7

(2) 18 U.S.C., §1801 (Video Voyeurism of a Minor),

(3) 18 U.S.C., §2241 (Aggravated Sexual Abuse),

(4) 18 U.S.C., §2242 (Sexual Abuse),

(5) 18 U.S.C., §2243 (Sexual Abuse of a Minor or ward),

(6) 18 U.S.C. §2244 (Abusive Sexual Contact),

(7) 18 U.S.C., §2245 (Offenses Resulting in Death),

(8) 18 U.S.C., §2251 (Sexual Exploitation of Children),

 (a) 18 U.S.C., §2251A (Selling or Buying of Children),

 (b) 18 U.S.C., §2252 (Material Involving the Sexual Exploitation of a Minor),

 (c) 18 U.S.C., §2252A (Material Containing Child Pornography),

 (d) 18 U.S.C., §2252B (Misleading Domain Names on the Internet),

 (e) 18 U.S.C., §2252C (Misleading Words or Digital Images on the Internet),

 (f) 18 U.S.C., §2260 (Production of Sexually Explicit Depictions of a Minor for Import into the U.S.),

 (g) 18 U.S.C., §2421 (Transportation of a Minor for Illegal Sexual Activity),

 (h) 18 U.S.C., §2422 (Coercion and Enticement of a Minor for Illegal Sexual Activity),

 (i) 18 U.S.C., §2423 (Mann Act),

 (j) 18 U.S.C., §2424 (Failure to File Factual Statement about an Alien Individual),

 (k) 18 U.S.C. §2425 (Transmitting Information about a Minor to further Criminal Sexual Conduct).

(c) Foreign Offenses. Any conviction for a sex offense involving any conduct listed in this Section that was obtained under the laws of Canada, the United Kingdom, Australia, New Zealand, or under the laws of any foreign country when the United States State Department in its Country Reports on Human Rights Practices has concluded that an independent judiciary

8

generally or vigorously enforced the right to a fair trial in that country during the year in which the conviction occurred.

(d)    Military Offenses.  Any military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (codified at 10 U.S.C. 951 note).

(e)    Jurisdiction Offenses.  Any sex offense committed in any jurisdiction, including this territory of the United States that involves:

(1)    Any type or degree of genital, oral, or anal penetration,

(2)    Any sexual touching of or sexual contact with a person's body, either directly or through the clothing,

(3)    Kidnapping of a minor,

(4)    False imprisonment of a minor,

(5)    Solicitation to engage a minor in sexual conduct understood broadly to include any direction, request, enticement, persuasion, or encouragement of a minor to engage in sexual conduct,

(6)    Use of a minor in a sexual performance,

(7)    Solicitation of a minor to practice prostitution,

(8)    Possession, production, or distribution of child pornography,

(9)    Criminal sexual conduct that involves physical contact with a minor or the use of the internet to facilitate or attempt such conduct.  This includes offenses whose elements involve the use of other persons in prostitution, such as pandering, procuring, or pimping in cases where the victim was a minor at the time of the offense,

(10)    Any conduct that by its nature is a sex offense against a minor, or

(11)    Any offense similar to those outlined in:

(i)    18 U.S.C. §1591 (Sex Trafficking by force, fraud, or coercion),

(ii)    18 U.S.C. §1801 (Video Voyeurism of a minor),

(iii)    18 U.S.C. §2241 (Aggravated Sexual Abuse),

(iv)    18 U.S.C. §2242 (Sexual Abuse),

(v)    18 U.S.C. §2244 (Abusive Sexual Contact),

9

(vi)   18 U.S.C. §2422(b)(Coercing a Minor to Engage in Prostitution), or

(vii)   18 U.S.C. §2423(a) (Transporting a Minor to Engage in Illicit Conduct).

**SECTION 3.** A new Section 1721B titled "Tiered Offenses" is added to read as follows:

**"§1721B  Tiered Offenses**

(a)   Tier 1 Offenses

(1)   A "Tier 1" offense includes any sex offense for which a person has been convicted, or an attempt or conspiracy to commit such an offense, that is not a "Tier 2" or "Tier 3" offense.

(2)   A "Tier 1" offense also includes any offense for which a person has been convicted by any jurisdiction, local government, or qualifying foreign country pursuant to Section 1721A(c) that involves:

(i)   the false imprisonment of a minor,

(ii)   video voyeurism of a minor, or

(iii)   possession or receipt of child pornography.

(3)   Any sex offense covered by this act where punishment was limited to one year in jail shall be considered a "Tier 1" sex offense.  Local Offenses covered in this Statute include, but may not be limited to:

(i)   14 V.I.C., §1709, unless enhanced with 14 V.I.C., §707 (Use of intimidation by reason of the actual or perceived race, religion, color, place of birth, sex or ethnicity or handicap of another individual or group of individuals when engaging in unlawful sexual contact);

(ii)   14 V.I.C., §121(use of invitation or device to prevail upon an adult to visit a place for the purpose of prostitution of a minor);

(iii)   14 V.I.C., §1622(2),(3) &(4) (Prohibition on solicitation and use of minors in prostitution);

(iv)   14 V.I.C., §1623 (Knowingly leasing property to be used for prostitution of minors); or

(v)   14 V.I.C. §1624 (Keeping house of prostitution of minors).

(4)   Conviction for any of the following federal offenses shall be considered a conviction for a "Tier 1" offense:

10

   (i)  18 U.S.C., §1801 (video voyeurism of a minor),

   (ii)  18 U.S.C., §2252 (receipt or possession of child pornography),

   (iii)  18 U.S.C., §2252A (receipt or possession of child pornography),

   (iv)  18 U.S.C.,§2252B (misleading domain names on the internet),

   (v)  18 U.S.C., §2252C (misleading words or digital images on the internet),

   (vi)  18 U.S.C., §2422(a) (coercion to engage in prostitution),

   (vii)  18 U.S.C. §2423 (b) (travel with the intent to engage in illicit conduct),

   (viii)  18 U.S.C., §2423(c) (engaging in illicit conduct in foreign places),

   (ix)  18 U.S.C., §2423(d) (arranging inducing, procuring or facilitating the travel in interstate commerce of an adult for the purpose of engaging in illicit conduct for financial gain),

   (x)  18 U.S.C. §2424 (failure to file factual statement about an alien individual), or

   (xi)  18 U.S.C. §2425 (transmitting information about a minor to further criminal sexual conduct).

  (5)  Any military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (codified at 10 U.S.C. §951 note) that is similar to those offenses outlined in Section 1721B(a)(3) and (4) shall be considered a "Tier 1" offense.

(b)  Tier 2 Offenses

  (1)  Unless otherwise covered by Section 1721B(c), any sex offense that is not the first sex offense for which a person has been convicted and that is punishable by more than one year in jail is considered a "Tier 2" offense.

  (2)  A "Tier 2" offense includes any sex offense against a minor for which a person has been convicted, or an attempt or conspiracy to commit such an offense that involves:

   (i)  the use of minors in prostitution, including solicitations,

   (ii)  enticing a minor to engage in criminal sexual activity,

11

        (iii)     sexual contact with a minor 13 years of age or older, whether directly or indirectly through the clothing, that involves the intimate parts of the body,

        (iv)     the use of a minor in a sexual performance,

        (v)     the production or distribution of child pornography, or

        (vi)     a non-forcible Sexual Act with a minor 16 or 17 years old.

    (3)     Local Offenses covered under Tier 2 include, but may not be limited to:

        (i)     14 V.I.C., §134(a)(3)(Trafficking of persons for illegal sexual activity based upon convictions under 14 V.I.C., §§1622, 1623,1624 &1625,

        (ii)     14 V.I.C., §1024(b) (Distribution of child pornography),

        (iii)     14 V.I.C., §1025(Distribution of obscene matter to a minor when the obscene matter depicts a minor engaging in sexual conduct and is distributed for the purpose of enticing the minor into engaging in sexual conduct),

        (iv)     14 V.I.C., §1700a(Aggravated rape in the 2nd degree when the minor is under eighteen but thirteen years or older)

        (v)     14 V.I.C., §1702 (Rape in the Second Degree when minor is under 16 but over 13 years of age)

        (vi)     14 V.I.C., §121(use of invitation or device to prevail upon a minor to visit a place for the purpose of prostitution)

        (vii)     14 V.I.C.,§1027(Employment of minor to perform prohibited acts), or

        (viii)   14 V.I.C., §489 (Computer pornography).

    (4)     Conviction for any of the following federal offenses shall be considered a conviction for a "Tier 2" offense:

        (i)     18 U.S.C., §1591 (sex trafficking by force, fraud, or coercion),

        (ii)     18 U.S.C., §2244 (abusive sexual contact, where the victim is 13 years of age or older),

        (iii)     18 U.S.C., §2251 (sexual exploitation of children),

        (iv)     18 U.S.C., §2251A (selling or buying of children),

12

        (v)     18 U.S.C., §2252 (material involving the sexual exploitation of a minor),

        (vi)    18 U.S.C., §2252A (production or distribution of material containing child pornography),

        (vii)   18 U.S.C., §2260 (production of sexually explicit depictions of a minor for import into the United States),

        (viii)  18 U.S.C., §2421 (transportation of a minor for illegal sexual activity),

        (ix)    18 U.S.C., §2422(b) coercing a minor to engage in prostitution),

        (x)     18 U.S.C., §2423(a) (transporting a minor to engage in illicit conduct), or

        (xi)    18 U.S.C., §2423(d) (arranging, inducing procuring or facilitating the travel in interstate commerce of a minor for the purpose of engaging in illicit conduct for financial gain).

    (5)    Any military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (codified at 10 U.S.C. §951 note) that is similar to those offenses outlined in Subsections 1721B(b)(1),(2), (3) or (4) above shall be considered a "Tier 2" offense.

(c)    Tier 3 Offenses

    (1)    Any sex offense that is punishable by more than one year in jail where the offender has at least one prior conviction or an attempt or conspiracy to commit such an offense for a Tier 2 sex offense, or has previously become a Tier 2 sex offender, is a "Tier 3" offense.

    (2)    A "Tier 3" offense includes any sex offense for which a person has been convicted, or an attempt or conspiracy to commit such an offense, that involves:

        (i)     non-parental kidnapping of a minor,

        (ii)    a sexual act with another by force or threat,

        (iii)   a sexual act with another who has been rendered unconscious or involuntarily drugged, or who is otherwise incapable of appraising the nature of the conduct or declining to participate, or

        (iv)   sexual contact with a minor 12 years of age or younger, including offenses that cover sexual touching of or contact with the intimate parts of the body, either directly or through the clothing.

13

    (3)    Local Offenses covered under Tier 3 for which a person has been convicted, or has been convicted of an attempt or conspiracy to commit such an offense, include, but may not be limited to:

        (i)    14 V.I.C., §1051(non-parental kidnapping of a minor),

        (ii)    14 V.I.C., §1052(b)(kidnapping of persons for purpose of rape),

        (iii)    14 V.I.C., §1700(Aggravated rape),

        (iv)    14 V.I.C., §1701(Rape in the first degree),

        (v)    14 V.I.C., §1700a (Aggravated rape in the second degree when force is used),

        (vi)    14 V.I.C., §1708 (Unlawful sexual contact in the first degree),

        (vii)    14 V.I.C., §1709 when a person is also convicted of 14 V.I.C., §707 (Unlawful sexual contact in the second degree when motivated by the victim's race, religion, color, place of birth, sex, ethnicity or handicap),

        (viii)    14 V.I.C., §506 (Aggravated child abuse when it involves the use of a minor for the purpose of exploitation or to engage in sexual conduct),

        (ix)    14 V.I.C., §1625 (Prohibition on pandering when the pandering involves the use of minors in sexual acts), or

        (x)    14 V.I.C., §505 (child abuse of a minor involving sexual exploitation or sexual acts).

    (4)    Conviction for any of the following federal offenses shall be considered conviction for a "Tier 3" offense:

        (i)    18 U.S.C. §2241 (aggravated sexual abuse),

        (ii)    18 U.S.C. §2242 (sexual abuse),

        (iii)    Where the victim is 12 years of age or younger, 18 U.S.C. §2244 (abusive sexual contact); or

        (iv)    18 U.S.C. §2243 (sexual abuse of a minor or ward).

    (5)    Any military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (codified at 10 U.S.C. §951 note) that is similar to those offenses outlined in Subsections 1721B(c)(1),(2), (3) or (4) above shall be considered a "Tier 3" offense.

14

**SECTION 4.** Section 1722 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)    Subsection 1722(a) is replaced with the following language:

(a)    A person who is convicted in this Territory or in any state, territory or Indian tribe of the United States, any foreign jurisdiction or in any court of competent jurisdiction of any of the covered offenses included in Section 1721A or a similar offense to the covered offenses in 1721A who moves to or returns to this Territory from another jurisdiction for the purpose of establishing residency, employment, or becoming a student or who did not intend to but who eventually establishes residency, obtains employment or becomes a student within the jurisdiction of this Territory is required to register in this Territory.

(2)    Subsection 1722(b) is replaced with the following language:

(b)    A person who is required to register as a sex offender in any state, territory or Indian tribe of the United States, under federal law, under military law, under the law of any foreign jurisdiction or by order of any court of competent  jurisdiction who moves to or returns to this Territory from another jurisdiction for the purpose of establishing residency, employment, or becoming a student  or who did not intend to but who eventually establishes residency, obtains employment or becomes a student within the jurisdiction of this Territory is required to register in this Territory.

(3)    Subsection 1722(c) is replaced with the following language:

(c)    The duty to register as a sex offender under this Chapter applies to persons convicted or adjudicated not guilty by reason of insanity, of any of the covered offenses listed in Section 1721A of this Chapter or similar offenses, as determined by:

(1)    A court of the Virgin Islands;

(2)    A court of any other jurisdiction of the United States, including all 50 states, territories and Indian tribes;

(3)    A federal court of the United States;

(4)    A military court of the United States; or

(5)    A court of a foreign country in which a conviction was obtained in accordance with Section 1721A(c) of this Chapter.

(6)    Subsection 1722 (d) is deleted and Subsection 1722 (e) becomes the new 1722(d).

**SECTION 5.** Section 1723 of Title 14 of the Virgin Islands Code is amended in the following instances:

15

(1)      Subsection 1723(a) is replaced with the following language:

        "(a)     Upon conviction of or the acceptance of a plea to any of the offenses set forth in this Chapter, the sentencing court shall certify that the person is a sex offender and in which tier the person will be placed.  The sentencing court shall consider a report from the Sex Offender Registry Board, if any, prior to or during such certification and classification. The classification of a sex offender will be based upon the guidelines set forth in this Chapter.  The court may include the certification in the order of commitment, if any, and judgment of conviction. The court may also advise the sex offender of his or her duties under this Chapter. Failure to include the certification in the order of commitment or the judgment of conviction shall not relieve a sex offender of the obligations imposed by this Chapter."

(2)      A new Subsection 1723(c) is added with the following language:

        "(c)     The Governor shall designate one of the members of the territorial board as chairman.  The chairman shall be the executive and administrative head of the board and shall have the authority and responsibility for directing assignments of the members of the board.

        Each member of the board, including the member designated as the chairman, shall serve until the member's term of office expires and a successor is designated in accordance with law, whichever first occurs.  However, any member of the Board may be removed for cause.  Any member chosen to fill a vacancy occurring otherwise than by expiration of term shall be appointed for the remainder of the unexpired term of the member whom he is to succeed.  As long as there are three sitting members, a vacancy shall not impair the right of the remaining members to exercise the powers of the board.

        The Attorney General or a designee shall notify and advise the Board of its opportunity to file a report when a conviction or the acceptance of a plea occurs for any of the offenses covered in this Chapter.  The Attorney General or a designee shall also notify the Board of the time frame within which a pre-sentence report must be submitted to the court.  Upon the Board's determination that a report will be submitted, the report shall be submitted to the Office of Probation and Parole prior to sentencing for inclusion with the pre sentencing report."

(3)      A new Subsection 1723(d) is added with the following language:

        "(d)     The territorial board shall meet at least four (4) times per year and whenever the need arises.  The board shall have the following powers and duties:

                (1)      to provide reports to the sentencing court regarding convicted sex offenders;

                (2)      to assist the Attorney General in promulgating guidelines for the registering, monitoring, and tracking of sex offenders;

16

(3)     to review and report to the Attorney General on the types of treatment available to a sex offender while he or she is incarcerated in the territory;

(4)     upon the request of a tier 1 sex offender for a reduction in the required registration period, to make recommendations to the Attorney General regarding such request which includes a determination on the risk of re-offense and the degree of dangerousness a sex offender poses to the community;

(5)     to make assessments and recommendations to the parole board, prior to release on parole, regarding the risk of re-offense and the degree of dangerousness a sex offender poses to the community;

(6)     Consider the following factors when making a determination on (3) and (4) above:

(A)     criminal history factors indicative of a high risk of re-offense and degree of dangerousness posed to the public, including:

(i)     whether the sex offender has a mental abnormality;

(ii)     whether the sex offender's conduct is characterized by repetitive and compulsive behavior;

(iii)     whether the sex offender was an adult who committed a sex offense on a child;

(iv)     the age of the sex offender at the time of the commission of the first sex offense;

(v)     whether the sex offender has been adjudicated to be a sexually dangerous person or is a  person released from  civil commitment; and

(vi)     whether the sex offender served the maximum term of incarceration;

(B)     other criminal history factors to be considered in determining risk and degree of dangerousness, including:

(i)     the relationship between the sex offender and the victim;

(ii)     whether the offense involved the used of a weapon, violence or infliction of bodily injury; and

(iii)     the number, date and nature of prior offenses.

17

(C)     physical conditions that minimize risk of re-offense including, but not limited to, debilitating illness;

(D)     whether the sex offender was a juvenile when he committed the offense, his response to treatment and subsequent criminal history;

(E)     whether psychological or psychiatric profiles indicate a risk of recidivism;

(F)     the sex offender's history of alcohol or substance abuse;

(G)     recent threats against persons or expressions of intent to commit additional offenses;

(H) review of any victim impact statement;

(I)     review of any materials submitted by the sex offender, his attorney or others on behalf of such offender;

(J)     conditions of release that minimize risk of re-offense and degree of dangerousness posed to the public, including whether the sex offender will be under probation or parole supervision, whether such sex offender is receiving counseling, therapy or treatment and whether such sex offender will be residing in a home situation that provides guidance and supervision, including sex offender-specific treatment in a community-based residential program;

(K)     the sex offender's participation in sex offender treatment and counseling while incarcerated and his response to such treatment or counseling; and

(L)     recent behavior, including behavior while incarcerated or while supervised on probation or parole.

(7)     to assist the Attorney General in developing a plan to locate and verify the current addresses of sex offenders;

(8)     to assist the Attorney General with disseminating sex offender registry information and educating the community about sex offenders;

(9)     to gather up-to-date information and report to the Attorney General concerning any new requirements and  trends regarding the registration, tracking and monitoring of sex offenders; and

(10)     to provide advice to the Attorney General regarding policies and procedures for the registration, tracking and monitoring of sex offenders.

18

**SECTION 6.** Section 1724 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)     Subsection 1724(a) introductory paragraph is replaced with the following language:

"(a)     A sex offender required to register in this territory of the United States Virgin Islands under this Chapter shall appear in person, unless otherwise required, in accordance with the policies and procedures of the Department of Justice, to register with the Department of Justice on forms provided by the Attorney General of the United States Virgin Islands and shall do so in the following time frame:

(2)     Subsection 1724(a)(1) is amended to delete the language appearing after "Shall register" and replacing it with the language "within three (3) business days."Section 1724(a)(1) will then read as follows:

(1)     A person required to register and who is under supervision in the community on probation, parole, furlough, work release, or a similar program shall register within three (3) business days of being placed under supervision.

(3) Subsection 1724 (a)(2) is replaced with the following language:

(2)     A person convicted by the courts of this territory for a covered sex offense and incarcerated or confined in a correctional or juvenile facility or a psychiatric facility within or outside of this territory must register before being released from incarceration or detention.

(4)     Subsection 1724 (a)(3) is replaced with the following language:

(3)     A person convicted by the courts of this territory for a covered sex offense but is not incarcerated, under supervision or confined must register within three (3) business days of sentencing.

(5)     Subsection 1724 (a)(4) is replaced with the following language:

(4)     A person who is convicted in any state, territory or Indian tribe of the United States, any foreign jurisdiction or in any federal or military court of one of the covered offenses or an offense similar to one of the covered offenses who moves to or returns to the United States Virgin Islands from another jurisdiction for the purpose of establishing residency, employment, or becoming a student or who did not intend to but who eventually establishes residency, obtains employment or becomes a student within the jurisdiction of this territory shall register within three (3) business days of moving to or returning to the Territory.

(6)     Subsection 1724(b) is deleted and replaced with the following language:

(b)     All sex offenders required to register in this jurisdiction shall immediately appear in person at the Department of Justice to report the following changes within the prescribed time period and in accordance with the following:

19

(1)     Except as indicated in 1724(b)(4) below, all sex offenders required to register in this jurisdiction shall appear in person at the Department of Justice within three (3) business days after a change is made to update any changes to their name, residence (including termination of residency), temporary lodging information, vehicle information, internet identifiers, or telephone numbers.  In the event of a change in temporary lodging, all sex offenders required to register in this jurisdiction shall within three (3) business days inform the Department of Justice, in person, of any changes to their temporary lodging information and both the sex offender and the Department of Justice shall notify within three (3) business days the jurisdiction in which the sex offender will be temporarily staying.

(2)     Any sex offender who is a student in any capacity including, but not limited to, an intern or apprentice within the jurisdiction of the territory of the United States Virgin Islands, regardless of location, that changes their school, or otherwise terminates their schooling, or resumes their schooling shall within three (3) business days appear in person at the Department of Justice to update that information.   The Department of Justice shall ensure that each jurisdiction in which the sex offender is required to register, or was required to register prior to the updated information being given, are notified within three (3) business days of the change.

(3)     Any sex offender who is employed in the territory of the United States Virgin Islands in any capacity, including, but not limited to the Government of the Virgin Islands or a private employer or is otherwise employed within the territory of the United States Virgin Islands, regardless of location, that changes their employment, or otherwise terminates their employment, shall appear within three (3) business days in person at the Department of Justice to update that information. The Department of Justice shall ensure that each jurisdiction in which the sex offender is required to register prior to the updated information being given, are notified within three (3) business days of the change.

(4)     All sex offenders required to register in this jurisdiction shall appear in person at the Department of Justice at least twenty one (21) calendar days prior to any intended travel outside of the United States and provide information about their intended travel as may be required by the Attorney General; provided, however that the Attorney General may at his discretion reduce this twenty-one (21) day notice requirement if a sex offender requests such a reduction and provides information in support of the request.

(7)     Subsection 1724 (c) is replaced with the following language:

(c)     Before moving from the United States Virgin Islands to another jurisdiction within the United States, a person required to register shall register his new address, temporary or permanent, with the Department of Justice before he leaves the territory.  Upon arriving in the new state, territory or Indian tribe, a person required to register shall report said arrival to the Department of Justice and register with the agency responsible for registering sex offenders in the new state, territory or Indian tribe of residency within three (3) days of his arrival.  The registration information of that person will be removed from the Virgin Islands registry when proof is provided showing that he is registered in the new state, territory or Indian tribe.  If a person required to register moves to a foreign country, he must register his new address with the

Department of Justice before he leaves the territory and register in the foreign country if there is a registration requirement in that country.

    (8)    Subsection 1724(d) is replaced with the following language:

    (d)    A sex offender who is required to register shall, at a minimum, appear in person at the Department of Justice for the purposes of verification and keeping their registration current in accordance with the following time frames:

        (1)    For "Tier 1" offenders, once every year for 15 years from the time of release from custody for a sex offender who is incarcerated for the registration offense or from the date of sentencing for a sex offender who is not incarcerated for the registration offense.

        (2)    For a "Tier 2" offenders, once every 180 days for 25 years from the time of release from custody for a sex offender who is incarcerated for the registration offense or from the date of sentencing for a sex offender who is not incarcerated for the registration offense.

        (3)    For "Tier 3" offenders, once every 90 days for the rest of their lives.

        (4)    For sex offenders classified in Tier 1, Tier 2 or Tier 3 who are homeless, once every week for the period of years prescribed above based upon his or her tier classification until he or she declares a permanent residence after which the frequency of registration shall be as prescribed above according to his or her tier classification.

    (9)    Subsection 1724 (e) is replaced with the following language:

    (e)    A sex offender may have their period of registration reduced as follows:

        (1)    A "Tier 1" sex offender may have his or her period of registration reduced to 10 years only after he or she has maintained a clean record for 10 consecutive years and the Sex Offender Registry Board has made a favorable determination regarding the risk of re-offense and the degree of dangerousness the sex offender poses to the community.

        (2)    A "Tier 3" sex offender may have his or her period of registration reduced to 25 years only if he or she was adjudicated delinquent of an offense as a juvenile that required Tier 3 registration and he or she has maintained a clean record for 25 consecutive years and the Sex Offender Registry Board has made a favorable determination regarding the risk of re-offense and the degree of dangerousness the sex offender poses to the community.

    (10)    Subsection 1724(f) is replaced with the following language:

    (f)    For the purposes of this Chapter, a sex offender has a clean record which would allow for the reduction of his or her period of registration if:

21

      (1)    The sex offender has not been convicted of any offense, for which imprisonment for more than 1year may be imposed;

      (2)    The sex offender has not been convicted of any sex offense;

      (3)    The sex offender has successfully completed, without revocation, any period of supervised release, probation, or parole; and

      (4)    The sex offender has successfully completed an appropriate certified sex offender treatment program.

(11)    A new Subsection 1724(g) is added to read as follows:

      (g)    All in person appearances to register or to keep registration current must be in accordance with the following:

      (1)    At each in person verification, the sex offender shall permit the Department of Justice to take a photograph of the offender.

      (2)    At each in person verification, the sex offender shall review existing information maintained by the Department of Justice for accuracy.

      (3)    If any new information or change in information is obtained at an in person verification, the Department of Justice shall immediately notify all other jurisdictions in which the sex offender is required to register of the information or change in information.

      (4)    The sex offender shall provide any additional information required by the Attorney General.

      (5)    If any new information or change in information is obtained at an in person verification, the Department of Justice shall immediately update the public website, if applicable, and update information in NCIC/NSOR.

**SECTION 7.**  A new Section 1724A titled "Where registration is required" is added to read as follows:

§1724A. Where registration is required.

      (a)    Jurisdiction of Conviction.  A sex offender must initially register with the Department of Justice if the sex offender was convicted by a court of the Territory of a covered sex offense regardless of the sex offender's actual or intended residency.

      (b)    Jurisdiction of Incarceration.  A sex offender must register with the Department of Justice if the sex offender is incarcerated in this Territory while completing any sentence for a covered sex offense, regardless of whether it is the same jurisdiction as the jurisdiction of conviction or residence.

22

     (c)     Jurisdiction of Residence.  A sex offender must register with the Department of Justice if the sex offender resides within the jurisdiction of the territory of the United States Virgin Islands.

     (d)     Jurisdiction of Employment.  A sex offender must register with the Department of Justice if he or she is employed by the Government of the Virgin Islands, in any capacity, by a private employer or is otherwise employed within the jurisdiction of the territory of the United States Virgin Islands.

     (e)     Jurisdiction of School Attendance.  A sex offender must register with the Department of Justice if the sex offender is a student in any capacity within the jurisdiction of this territory of the United States Virgin Islands.

**SECTION 8.** Section 1725 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)     Subsection 1725(c) is amended to delete the phrase "in the Police Department." Subsection 1725(c) will then read as follows:

     (c)     The Motor Vehicles Bureau shall provide written notice of the obligation to register pursuant to this Chapter in connection with each application for a license to operate a motor vehicle.

(2)     Subsection 1725(f) is amended to read as follows:

     (f)     The Attorney General shall cause notice of the obligation to register to be published at least annually in a manner reasonably calculated to reach the general public.

**SECTION 9.** Section 1726 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)     Subsection 1726(a) is deleted and replaced with the following language:

     (a)     The Attorney General shall ensure that the registration forms for sex offenders registering in the United States Virgin Islands meets the requirements of this Chapter.

(2)     Subsection 1726(b) is deleted and replaced with the following language:

     (b)     A sex offender who is required to register with this territory pursuant to this Chapter shall provide the following information to the Department of Justice in a form provided by the Department of Justice:

     (1)     Information related to the sex offender's criminal history, which includes:

          (i)     date of all arrests,

          (ii)     date of all convictions,

23

   (iii) status of parole, probation, or supervised release,

   (iv) registration status, and

   (v) any outstanding arrest warrants.

  (2) Information related to the sex offender's date of birth, which includes:

   (i) actual date of birth, and

   (ii) any other date of birth used by the sex offender.

  (3) If the sex offender is not already included in the Combined DNA Index System (CODIS), the sex offender shall provide a sample of his or her DNA which shall be forwarded to an appropriate lab for analysis and the resulting DNA profile entered into CODIS.

  (4) An original of the following Documents of which the Department of Justice shall make a copy:

   (i) all of the sex offender's valid driver's licenses issued by any jurisdiction,

   (ii) any and all government issued identification card issued by any jurisdiction,

   (iii) any passports used by the sex offender, and

   (iv) any and all immigration documents.

  (5) The following information related to the sex offender's employment at which the sex offender is considered an employee as defined in this Chapter and includes all places where the sex offender is employed in any means including volunteer and unpaid positions:

   (i) the name of the sex offender's employer,

   (ii) the address of the sex offender's employer, and

   (iii) similar information related to any transient or day labor employment.

  (6) Finger and palm prints in a digitized format.

  (7) Information related to the sex offender's internet related activity, which includes:

24

(i)     Any and all email addresses used by the sex offender,

(ii)    any and all Instant Message addresses and identifiers,

(iii)   any and all other designations or monikers used for self-identification in internet communications or postings, and

(iv)    any and all designations used by the sex offender for the purpose of routing or self-identification in internet communications or postings including, but not limited to social network identifications, twitter accounts, video posting site identifications such a YouTube etc.

(8)     Information related to the sex offender's name, which includes:

(i)     full primary given name,

(ii)    any and all nicknames, aliases, and pseudonyms regardless of the context in which it is used, and

(iii)   any and all ethnic or tribal names by which the sex offender is commonly known excluding any religious or sacred names not otherwise commonly known.

(9)     Information related to the sex offender's telephone numbers, which includes:

(i)     any and all land line telephone numbers,

(ii)    any and all cellular telephone numbers, and

(iii)   any and all Voice over IP (VOIP) telephone numbers.

(10)    A current digitized photograph of the sex offender which must be updated according to the following, unless the appearance of a sex offender has not changed significantly:

(i)     every 90 days for "Tier 3" sex offenders,

(ii)    every 180 days for "Tier 2" sex offenders, and

(iii)   every year for "Tier 1" sex offenders.

(11)    An accurate description of the sex offender which includes:

(i)     a physical description,

25

        (ii)     a general description of the sex offender's physical appearance or characteristics, and

        (iii)    any identifying marks, such as, but not limited to, scars, moles birthmarks or tattoos.

    (12)    All licenses issued to the sex offender which authorizes the sex offender to engage in an occupation or carry out a trade or business.

    (13)    Information related to the sex offender's residence, which includes:

        (i)     the address of each residence at which the sex offender resides or will reside pursuant to the definition of "reside" or "resides" provided in this Chapter, and

        (ii)    any location or description that identifies where the sex offender habitually resides regardless of whether it pertains to permanent residence or location otherwise identifiable by a street or address.

    (14)    Information related to a sex offender's school, which includes:

        (i)     the address of each school where the sex offender is or will be a student, and

        (iii)    the name of each school the sex offender is or will be a student as defined in this Chapter.

    (15)    A valid social security number for the sex offender and all social security numbers used by the sex offender in the past, valid or otherwise.

    (16)    Within twenty-one (21) days prior to Travel for 7 days or more, the sex offender shall provide the following information; provided, however, that the Attorney General may at his discretion reduce this twenty-one 921) day notice requirement if a sex offender requests such a reduction and provides information in support of the request.

        (i)     identifying information of the temporary lodging locations including addresses and names, and

        (ii)    the dates the sex offender will be staying at each temporary lodging location.

        (iii)    The Attorney General at his discretion may require other information in lieu of the above information upon the request of a sex offender.

    (17)    The text of each provision of law defining the criminal offense(s) for which the sex offender is registered.

26

(18)    Information related to all vehicles owned or operated by the sex offender for work or personal use including land vehicles, aircraft and watercraft, which includes:

(i)    license plate numbers;

(ii)    registration numbers or identifiers;

(iv)    general description of the vehicle to include color, make, model, and year; and

(v)    any permanent or frequent location where any covered vehicle is kept.

(19)    Except when a shorter period for notice is authorized by the Attorney General, within twenty-one (21) days, prior to traveling outside of the United States the sex offender shall provide information at the Attorney General's discretion.

(20)    Any other information required by the Attorney General.

(3)    Subsection 1726(c) is deleted and replaced with the following language:

(c)    The Department of Justice shall establish policies and procedures to ensure the following:

(1)    That any sex offender confined, incarcerated or sentenced by the courts of this Territory of the United States Virgin Islands for a covered sex offense completes their initial registration with the Department of Justice;

(2)    That the sex offender reads, or has read to them, and signs an acknowledgement form stating that the duty to register has been explained to them by the Department of Justice and that the sex offender understands the registration requirement;

(3)    That the Department of Justice's personnel registering the sex offender signs and dates the acknowledgement form;

(4)    That the information contained in the acknowledgement form is immediately uploaded unto the Department of Justice's sexual registry, and

(5)    That the information is immediately forwarded to all other jurisdictions in which the sex offender is required to register due to the sex offender's residency, employment, or student status.

(4)    Subsection 1726(d) is deleted and replaced with the following language:

(d)    Whenever a sex offender registers or updates his or her information with the Department of Justice, the Attorney General shall:

27

    (1)    Monitor and utilize the SORNA Exchange Portal for inter-jurisdictional change of residence, employment or student status;

    (2)    Immediately update the information on NSOR;

    (3)    Immediately enter the information about the sex offender on the National Criminal Information Center ("NCIC") website;

    (4)    Immediately notify any agency, department, or program within the Territory that is responsible for criminal investigation, prosecution, child welfare or sex offender supervision functions, including, but not limited to, police, whether BIA, Territorial or FBI, Territorial prosecutors, and as appropriate, the Territorial and/or the Federal Office of Probation and Parole;

    (5)    Immediately notify any and all other registration jurisdictions where the sex offender is registered or is required to register  due to the sex offender's residency, school attendance, or employment;

    (6)    Immediately notify any and all other registration jurisdictions where the sex offender intends to reside, work or attend school;

    (7)    Immediately notify the U.S. Marshals Service when the sex offender provides information or there is information to believe that the sex offender intends to commence residence, school, or employment outside of the United States in a jurisdiction where the sex offender is either registered or is required to register;

    (8)    Immediately notify National Child Protection Act agencies, which includes any agency responsible for conducting employment-related background checks under section 3 of the National Child Protection Act of 1993 (42 U.S.C. 5119a) when a sex offender registers or updates his or her registration;

    (9)    Immediately enter or update the public Sex offender registry website; and

    (10)    Ensure that the public sex offender registry has a function that enables the general public to request an email notice that will notify them when a sex offender commences residence, employment, or school attendance in the territory, within a specified zip code, or within a certain geographic radius.  This email notice shall include the sex offender's identity so that the public can access the public registry for the new information.

**SECTION 10.**  Section 1727 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)    Subsection 1727(b) is deleted and replaced with the following language:

    (b)    When the release of information regarding a specific sex offender who is required to register under this Chapter is necessary for public protection, the Attorney General and law enforcement shall release to the public relevant and necessary

28

information regarding the sex offender including, but not limited to, the provision of notification via email; except that the identity of any victim of the offense(s) for which the sex offender is required to register under this Chapter shall not be released.

(2)     Subsection 1727(d) is deleted and replaced with the following language:

        (d)     Whenever a person who is required to register under this chapter lives within a one-mile radius of a child-care facility, a public school, a private school or a parochial school in the Territory, the Attorney General shall notify the owner or operator of that child-care facility, private school, parochial school, or the Department of Education.

(3)     A new Subsection 1727(e) is added to read as follows:

(e)     The Attorney General shall use and maintain a public sex offender registry website.  The sex offender registry website shall:

        (1)     include links to sex offender safety and education resources;

        (2)     include instructions on how a  person can seek correction of information that the individual contends is erroneous;

        (3)     include a warning that the information contained on the website should not be used to unlawfully injure, harass, or commit a crime against any individual named in the registry or residing or working at any reported addresses and that any such action could result in civil or criminal contempt penalties;

        (4)     have the capability of conducting searches by (1) name; (2) city, town or district; and (3) zip code and/or geographic radius;

        (5)     include all field search capabilities needed for full participation in the Dru Sjodin National Sex Offender Public Website and shall participate in that website as provided by the Attorney General (NSOPW) of the United States; and

        (6)     include the following information:

                (i)     notice that an offender is in violation of their registration requirements or cannot be located if the sex offender has absconded,

                (ii)    the tier in which the sex offender has been classified,

                (iii)   all sex offenses for which the sex offender has been convicted,

                (iv)    the sex offense(s) for which the offender is currently registered,

                (v)     the address of the sex offender's employer(s),

                (vi)    the name of the sex offender including all aliases,

29

(vii)     a current photograph of the sex offender,

(viii)    a physical description of the sex offender,

(ix)      the residential address and, if relevant, a description of a habitual residence of the sex offender,

(x)       all addresses of schools attended by the sex offender, and

(xi)      the sex offender's vehicle license plate number along with a description of the vehicle.

(7)      shall allow for a community notification system to send electronic notification via email to a website user who registers to receive notification when a sex offender registers an address near the address of the website user

(4)      A new Subsection 1727(f) is added to read as follows:

(f)      The public sex offender registry website shall not include the following information:

(1)      any arrest that did not result in conviction;

(2)      the sex offender's social security number;

(3)      any travel and immigration documents;

(4)      the identity of the victim;

(5)      internet identifiers (as defined in 42 U.S.C. §16911); or

(6)      the original identity of a sex offender who is under a witness protection program if the Attorney General honors the request of the United States Marshals Service or other agency responsible for witness protection to exclude such identity of the sex offender.

**SECTION 11.** Section 1728 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)      Section 1728 is deleted and replaced with the following language:

(a)      Nothing under this Chapter shall be construed as a waiver of sovereign immunity for the United States Virgin Islands, its departments and agencies.

(b)      Notwithstanding any other provisions of law to the contrary, any person acting under good faith pursuant to the requirements of this Chapter shall be immune from any civil or criminal liability arising out of such actions.

30

**SECTION 12.** Section 1729 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)     Subsection 1729(a) is deleted and replaced with the following language:

(a)     All owners, employers and operators of child-care or child-residential treatment facilities shall apply for a Virgin Islands Sex Offender Background Check through the Department of Justice of all prospective employees and volunteers. The child-care facility owner, employer or operator must collect from the prospective employee or volunteer verification of his or her identity in the form of a government issued photo identification card and social security card and retain a copy of these documents for its files.

(2)     Subsection 1729(b) is deleted and replaced with the following language:

(b)     The Department of Licensing and Consumer Affairs shall require each individual applicant for a business license to operate a child-care or child-residential treatment facility to provide verification from the Department of Justice that a Virgin Islands Sex Offender Background Check was conducted of the applicant and that the applicant is not listed in the Virgin Islands Sex Offender Registry and is therefore not required to register pursuant to the requirements of this Chapter.

(3)     Subsection 1729(c) is deleted and replaced with the following language:

(c)     A child-care or child-residential facility licensed in the United States Virgin Islands shall not hire or retain for employment or as a volunteer a person listed in the Virgin Islands Sex Offender Registry or in any sex offender registry who is required to register pursuant to this Chapter.

(4)     Subsection 1729(d) is deleted and replaced with the following language:

(d)     The Department of Licensing and Consumer Affairs shall not issue a business license to: (1) an applicant for a license to operate a child care or child residential treatment facility who is listed in the Virgin Islands Sex Offender Registry or any sex offender registry and required to register pursuant to this Chapter; or (2) an applicant for a license to operate a child care or child residential treatment facility whose employee or prospective employee is listed in the Virgin Islands Sex Offender Registry or any sex offender registry and is required to register pursuant to this Chapter.

(5)     A new Subsection 1729(f) is added to read as follows:

(f)     The Department of Human Services shall not authorize as a "foster home" or "adoptive home" any home in which a person who is listed in the Virgin Islands Sex Offender Registry or in any sex offender registry and required to register pursuant to the requirements of this Chapter resides.

(6)     A new Subsection 1729(g) is added to read as follows:

31

(g)    The Department of Education and operators of all private and parochial schools in the Virgin Islands shall apply for a Virgin Islands Sex Offender Background Check through the Department of Justice of all prospective employees and volunteers who will be in direct contact with children. The prospective employee or volunteer must provide verification of his or her identity in the form of government issued photo identification and social security card. The Department of Education and operators of all private and parochial schools in the Virgin Islands shall not hire or retain for employment or as a volunteer a person listed in the Virgin Islands Sex Offender Registry or in any sex offender registry and is required to register pursuant to this Chapter.

**SECTION 13.** Section 1730 of Title 14 of the Virgin Islands Code is amended in the following instances:

(1)    A new Subsection 1730(c) is added to read as follows:

"(c)    Any person who discourages, hinders or obstructs in any way the registration of a sex offender in the territory shall be fined not less than $1,000 or more than $2,000, or imprisoned for not more than six months.  A person is guilty of hindering or obstructing the registration of a sex offender if he or she:

(1)    knowingly comforts, harbors or assists or knowingly attempts to comfort, harbor or assist another person in harboring or attempting to harbor or otherwise aids or abets a sex offender in violation of this Chapter;

(2)    knowingly assists a sex offender in eluding a law enforcement agency that is seeking to find the sex offender to question the sex offender about, or to arrest the sex offender for, noncompliance with the requirements of this Chapter; or

(3)    provides information to a law enforcement agency regarding a sex offender which the person knows to be false."

**SECTION 14.** A new Section 1732 titled "Retroactive registration" is added to read as follows:

§1732.   Retroactive registration

(a)    The following three categories of persons who were previously convicted and who were not previously required to register, shall be required to register and the Department of Justice shall establish policies and procedures to ensure that they are subject to the registration and updating requirements of this chapter:

(1)    Sex offenders who are presently incarcerated in the Territory or under the supervision of the Office of Probation and Parole of the Territory, whether for a covered sex offense or other crime,

32

        (2)     Sex offenders already registered or subject to a pre-existing sex offender registration requirement under the Territory's laws, and

        (3)     Sex offenders re-entering the Territory's justice system due to conviction for any crime.

        (b)     The Department of Justice shall ensure recapture of the sex offenders mentioned in this Section within the following timeframe to be calculated from the date of passage of this Chapter:

        (1)     For Tier 1 sex offenders, 1 year

        (2)     For Tier 2 sex offenders, 180 days, and

        (3)     For Tier 3 sex offenders, 90 days

        (c)     To ensure the recapture of these sex offenders within the above timeframe, the Virgin Islands Bureau of Corrections and the Office of Probation and Parole shall work with the Department of Justice.

**SECTION 15.** A new Section 1733 titled "Failure to appear for registration and absconding" is added to read as follows:

§1733.  Failure to appear for registration and absconding

        (a)     In the event a sex offender fails to register with the territory of the United States Virgin Islands as required by this Chapter, the Attorney General or designee shall immediately inform the jurisdiction that provided notification that the sex offender was to commence residency, employment, or school attendance with the territory that the sex offender failed to appear for registration.

        (b)     If the Attorney General or designee receives information that a sex offender has absconded, the Attorney General or designee shall make an effort to determine if the sex offender has actually absconded.

        (c)     In the event no determination can be made that a sex offender has absconded, the Attorney General or designee shall ensure that the Virgin Islands Police Department and any other appropriate law enforcement agency are notified.

        (d)     If the information indicating the possible absconding came through notice from another jurisdiction or federal authorities, these entities shall be informed that the sex offender has failed to appear and register.

        (e)     If an absconded sex offender cannot be located, the Attorney General or designee shall take the following steps:

        (i)     Update the registry to reflect that the sex offender has absconded or is otherwise not capable of being located;

33

    (ii)      Notify the U.S. Marshals Service;

    (iii)     Seek a warrant for the sex offender's arrest.  The U.S. Marshals Service or Federal Bureau of Investigations ("FBI") may be contacted in an attempt to obtain a federal warrant for the sex offender's arrest;

    (iv)     Update the NCIC/NSOR to reflect that the sex offender has absconded, or is otherwise not capable of being located; and

    (v)     Enter the sex offender into the National Crime Information Center Wanted Person File.

    (f)     In the event a sex offender who is required to register due to their residence, employment or school attendance status fails to do so or otherwise violates a registration requirement of this Chapter, the Attorney General or designee shall take all appropriate follow-up measures including those outlined in this Section.  The Attorney General or designee shall first make an effort to determine if the sex offender is actually residing, employed or attending school within the jurisdiction of this territory of the United States Virgin Islands.

    **SECTION 16**.  Effective Date.  This Act shall take effect immediately upon approval thereof by the Governor.

    Thus passed by the Legislature of the Virgin Islands on June 28, 2012.

    Witness our Hands and Seal of the Legislature of the Virgin Islands this 6th Day of July, A.D., 2012.

Ronald E. Russell
President

Sammuel Sanes
Legislative Secretary



Bill No.29-0239 is hereby approved.

Witness my hand and the Seal of the
Government of the United States
Virgin Islands at Charlotte Amalie,
St. Thomas, this 18th day of July
A.D., 2012.

John P. de Jongh, Jr.
Governor