# EXHIBIT 279



**THE UNITED STATES VIRGIN ISLANDS**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

July 25, 2012

Maria Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands  00802

Re:     Implementation of Act No.7372, (Bill No. 29-0239); International travel Notice request

Dear Attorney Hodge:

I am in receipt of your letter of July 16, 2012 requesting clarification of our implementation of the new provisions of the local sex offender registration and notification law (T. 14 VIC Chapter 86).  I understand that your letter was written on behalf of Mr. Jeffrey Epstein, a registrant on the Virgin Islands Sex Offender Registry.

It is my understanding that Mr. Epstein's business activities require him to make frequent and often unexpected trips out of the territory to United States destinations and to international destinations.  Your letter is accepted as a request pursuant to the new provisions of Act No. 7372, for the Attorney General to waive the 21 day prior notice requirement to the Department of Justice for Mr. Epstein, when travelling out of the Virgin Islands.

Based upon your representation and that of Attorney Darren Indyke, we will grant the waiver of the (21) twenty one day notice requirement to the Department of Justice when Mr. Epstein is traveling out of the Territory.  This waiver is granted upon compliance with the following conditions:

1.    Prior notice must be given to the Department of Justice no less than Seventy two (72) hours  before travel  out of the Virgin Islands;

2.    Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature;

3.    If the jurisdiction to which he travels requires his registration for the duration of time he is there, he will comply with  that registration requirement;

4.    The following information will be provided by the Notice;
    a. identifying information of the temporary lodging location, including addresses.
        Foreign jurisdiction lodging may be identified by city and country;

34-38 KRONPRINDSENS GADE • GERS BLDG., 2ND FLOOR • ST. THOMAS, U.S. VIRGIN ISLANDS 00802 • (340) 774-5666 • FAX (340) 774-9710
8040 CASTLE COAKLEY • DESIGN CENTER BLDG. • CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 • (340) 773-0295 • FAX (340) 773-3256

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                          VI-JPM-000012263



THE UNITED STATES VIRGIN ISLANDS
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

July 25, 2012

Maria Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands  00802

Re:    Implementation of Act No.7372, (Bill No. 29-0239); International travel Notice request

Dear Attorney Hodge:

I am in receipt of your letter of July 16, 2012 requesting clarification of our implementation of the new provisions of the local sex offender registration and notification law (T. 14 VIC Chapter 86).  I understand that your letter was written on behalf of Mr. Jeffrey Epstein, a registrant on the Virgin Islands Sex Offender Registry.

It is my understanding that Mr. Epstein's business activities require him to make frequent and often unexpected trips out of the territory to United States destinations and to international destinations.  Your letter is accepted as a request pursuant to the new provisions of Act No. 7372, for the Attorney General to waive the 21 day prior notice requirement to the Department of Justice for Mr. Epstein, when travelling out of the Virgin Islands.

Based upon your representation and that of Attorney Darren Indyke, we will grant the waiver of the (21) twenty one day notice requirement to the Department of Justice when Mr. Epstein is traveling out of the Territory.  This waiver is granted upon compliance with the following conditions:

1.    Prior notice must be given to the Department of Justice no less than Seventy two (72) hours  before travel  out of the Virgin Islands;

2.    Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature;

3.    If the jurisdiction to which he travels requires his registration for the duration of time he is there, he will comply with  that registration requirement;

4.    The following information will be provided by the Notice;
        a. identifying information of the temporary lodging location, including addresses. Foreign jurisdiction lodging may be identified by city and country;

34-38 KRONPRINDSENS GADE • GERS BLDG., 2ND FLOOR • ST. THOMAS, U.S. VIRGIN ISLANDS 00802 • (340) 774-5666 • FAX (340) 774-9710
6040 CASTLE COAKLEY • DESIGN CENTER BLDG. • CHRISTIANSTED, ST. CROIX, U.S. VIRGIN ISLANDS 00820 • (340) 773-0295 • FAX (340) 773-3236

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    VI-JPM-000012264

Letter to Attorney Maria Hodge
Page 2

      b. the dates he will be departing from the Virgin Islands and the date expected to return;

      c. the dates he will be staying at any intermediary temporary location.

5.   Notice must be given of any modification from the travel itinerary, as originally advised after leaving the territory. Such notice may be submitted by facsimile or e-mail by Mr. Epstein or his legal counsel;

6.   Upon returning to the Virgin Islands, Mr. Epstein shall immediately notified the Department of Justice by visit, facsimile, or e-mail with electronic signature.

    I do recognize that these conditions vary from the former conditions. However in light of the discretion given to the Attorney General by Act No.7372, we are forced to take a closer look at the waiver conditions.

    Please let me know if your client has any questions about these conditions.

Very truly yours,

Vincent F. Frazer, Esq.
Attorney General

cc: Registrant file

                 VI-JPM-000012265

# DARREN K. INDYKE, PLLC

New York, NY  10022

E-Mail: ▇▇▇▇▇

Date:               July 26, 2012

Send To:            Ms. S. Pinney
                    United States Virgin Islands Department of Justice
                    (340) 774-9710

Attention:

Office Location:

From:               Darren K. Indyke

Office Location:

Phone Number:       ▇▇▇▇▇▇

Total Pages Including Cover:  2

# Fax

| Urgent ☐ | Reply ASAP ☐ | Please Comment ☐ | Please Review ☐ | For Your Information ☒ |

I have been advised this morning that the Department of Justice's email service may not be operating.  To ensure Mr. Epstein's continued travel notification compliance, I have attached a copy of the email I sent to your office yesterday to advise of the modification in Mr. Epstein's travel plans.

If you need to reach me for any further information, please feel free to call me at my office in New York at ▇▇▇▇▇ or on my mobile telephone number at ▇▇▇▇▇.

Thank you.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

From: Darren Indyke ▓▓▓▓▓▓
Subject: Mr. Jeffrey Epstein
   Date: July 25, 2012 4:00:31 PM EDT
     To: S Pinney <spinney@doj.vi.gov>
     Cc: mcarbon@doj.vi.gov

Ms. S. Pinney
Virgin Islands Department of Justice
United States Virgin Islands

Re:    Mr. Jeffrey Epstein

Dear Ms. Pinney:

This is to advise you of a modification to Mr. Epstein's travel plans.  Mr. Epstein will travel tomorrow, July 26, 2012, from New York to his vacation home at 358 El Brillo Way in Palm Beach, Florida, where he will stay until Monday, July 30, 2012.  He will then travel to his vacation home at 49 Zorro Ranch Road in Stanley, New Mexico, where he expects to stay until August 18, 2012, when he expects to return to the Virgin Islands.  Mr. Epstein will contact you upon his return to the Virgin Islands.

If you need to reach me for any further information, please feel free to call me at my office in New York at ▓▓▓▓▓▓▓▓ r on my mobile telephone number ▓▓▓▓▓▓▓▓

Respectfully,

Darren K. Indyke

DARREN K. INDYKE
DARREN K. INDYKE, PLLC
▓▓▓▓▓▓▓
New York, New York 10022

▓▓▓▓▓▓▓

************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. It is the property of Darren K. Indyke, PLLC. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.
Copyright of Darren K. Indyke, PLLC - © 2011 Darren K. Indyke, PLLC -- All rights reserved.
************************************************************

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                    VI-JPM-000012267

# HODGE & FRANCOIS

July 30, 2012

Honorable Vincent Frazer
Office of the Attorney General of the Virgin Islands
Department of Justice
St. Thomas, VI
Via Hand Delivery and Email

      Re:    July 25, 2012 Letter Regarding Act No. 7372 Travel Notice Request

Dear Attorney General Frazer:

      I received your letter of July 25, 2012 agreeing to grant the Attorney General's waiver, pursuant to the provisions of Act No. 7372, of the 21-day prior notice requirement under that Act with respect to Mr. Epstein's travels outside of the Virgin Islands, and I have shared it with my client. We appreciate the consideration given to Mr. Epstein's frequent travel requirements. However, we still have serious concerns regarding what we believe are undue restrictions placed on Mr. Epstein's travel and the conduct of his business and professional activities by certain of the specific conditions imposed as part of this waiver, and we respectfully request that your office reconsider those specific conditions.

      Specifically, we believe that the waiver conditions requiring Mr. Epstein to provide 72 hours notice before traveling out of the Virgin Islands and requiring Mr. Epstein to provide a specific address of temporary lodging locations when traveling within the United States will have an unduly restrictive effect on his right to travel and conduct his legitimate business and professional activities. As I understand it, both you and Senator Russell stated during the hearing on the Act before the Rules and Judiciary Committee on June 21, 2012, that the travel notification requirements of this Act were specifically not intended to be penal in nature. Both you and Senator Russell acknowledged that this was meant to be a notice provision, nothing more. However, as explained below, the restrictive effect of the 72-hour prior notice requirement and the requirement that Mr. Epstein disclose the specific address of his temporary lodging while in the United States would impede Mr. Epstein's right to travel and conduct business and professional activities in a manner that would indeed, be penal in nature.

      I want to discuss the legal justification for greater flexibility in notice. The Federal SORNA guidelines have already recognized that there are cases where flexibility in the application of SORNA's travel notification procedures is necessary. For example, the SORNA guidelines themselves discuss the case of an individual who is a "long haul trucker" who regularly drives thousands of miles through "dozens of jurisdictions in the course of his employment", as well as the cases of a home-improvement contractor and of a day laborer, who travel regularly to various locations that may change on a daily basis -- see **The National**

ATTORNEYS AT LAW
1340 TAARNEBERG, ST. THOMAS, VIRGIN ISLANDS
PHONE: ███████     FAX: ███████
EMAIL: ███████████████

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER        

2

**Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43 -- or the case of an individual "who lives in a northern border state and who commutes to Canada for work on a daily basis" -- see **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. These cases are analogous to any number of possible situations in our Territory, including pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, all of whom travel to and from the Territory on a frequent and regular basis in the ordinary course of their employment or business. The burden on both the Department of Justice and the worker of requiring such a worker to give 72-hours prior notice each time he leaves the Territory and to confirm every location and address included in his travel notification would be substantial. In situations such as these, the SORNA guidelines permit the responsible jurisdictions to reduce notice requirements and simply require the traveling registrant to provide a most likely itinerary of "normal travel routes" and "general areas" of work. **The National Guidelines for Sex Offender Registration and Notification**, pp. 39 and 43. Mr. Epstein's case is no different from any of these cases where SORNA expressly permits this flexibility in the manner and content of travel notification.

Consider, for example, the case of a St. Thomas boat captain chartering trips to various islands in the Caribbean. Requiring that boat captain to provide 72 hours prior travel notice would prevent him from taking any charters unless requested of him more than three days in advance. With visiting tourists on short stays frequently requesting charters only a day or two in advance, such a requirement would substantially interfere with the boat captain's ability to conduct his business. Moreover, requiring him to provide specific addresses of his travels could also be problematic in that tourists chartering his boat might not even make such determinations until the day of the actual charter. Requiring the boat captain to be inflexible with his charter passengers would therefore also seriously interfere with his business. The supplemental SORNA guidelines have specifically stated in their own words that such requirements could be "pointlessly burdensome" and "unworkable". See **Supplemental Guidelines for Sex Offender Registration and Notification**, Federal Register, Vol. 76, No. 7 (January 11, 2011), p. 1638. Consistent with the flexibility afforded by the SORNA Guidelines, both Senator Russell and you acknowledged at that June 21, 2012 hearing that the law must be flexible to enable those who must travel frequently and on short notice to do so.

In fact, when the travel notification amendment was revised for the Rules and Judiciary Committee vote on June 25, 2012, the Attorney General discretion provision was inserted into the law, rather than a specific 72-hour short notice exception to the 21-day notice requirement, to provide your office with the flexibility to make decisions on a case-by-case basis. In the case of frequent travelers, such as Mr. Epstein, as well as pilots, fisherman, boat captains, boat workers, cruise ship workers, merchants and international businessman, who travel for business, professional and other legitimate purposes several times a month, both on short notice and under circumstances where travel plans frequently change on short notice, the new law provides your office with the flexibility to grant a waiver that will not unduly restrict their travel and business and professional activities, and that includes the right to allow notice prior to departure less than 72 hours in advance.

As you know, from the beginning of Mr. Epstein's registration in March 2010, he has a demonstrated history of frequent travel and a flawless record of fully compliant travel

notification to your office. Even at times when the email servers at the Department of Justice were not operating, Mr. Epstein's counsel took measures to ensure alternative notification by providing telephonic and fax notification of the travel notice emails that were sent to the Department of Justice. His record clearly demonstrates that he is unerringly diligent in ensuring that the Virgin Islands is provided with timely notice of his travels outside of the Territory, and he will remain so in the future under this new law.

Mr. Epstein has always previously provided the necessary travel notice, through his counsel, immediately prior to Mr. Epstein's departure. He has done this because, in many instances, , his travel dates and destinations are not known with certainty until a few hours prior to departure, or they can and frequently do change on little or no notice for reasons that are not within his control. For example, meeting schedules and locations for business or professional trips evolved constantly over the past two years, and Mr. Epstein has had to remain flexible to accommodate these changes. Moreover, unexpected changes in weather patterns and mechanical issues with the aircraft had also accelerated or delayed travel plans. Instead of providing a constant flow of notices to the Department of Justice in anticipation of possible or changed travel, Mr. Epstein has provided notice immediately prior to departure to ensure that the notice he provided was as accurate as possible. It was and still is believed that this avoids unnecessary administrative burden to the Department of Justice, which we understand would be required to update its notices to other jurisdictions every time a new or changed notice is received from Mr. Epstein.

In addition, to the extent that notification by Mr. Epstein of his entry into another jurisdiction is even required by that jurisdiction, the notice is not required from Mr. Epstein prior to his arrival in that jurisdiction, and in some cases notice is not required until as much as several days after arrival. Even in the State of Florida, the jurisdiction of Mr. Epstein's conviction which triggered his registration requirement, Mr. Epstein is not required to provide any minimum prior notice of his travel to Florida. In fact, he is permitted to provide email notice on the day of his arrival. It is our understanding that notification immediately prior to Mr. Epstein's departure from the Virgin Islands would still provide the Virgin Islands with ample time to inform jurisdictions of Mr. Epstein's arrival, particularly when notification is done through electronic means and is instantaneous. Moreover, in light of Mr. Epstein extensive record of unerring diligence in providing notice of his travels and complying with his other registration obligations, there are ample grounds to conclude that Mr. Epstein would continue to be fully compliant in both the Virgin Islands and in all other jurisdictions to which the Virgin Islands may have to give notice of Mr. Epstein's travels.

Requiring 72 hours notice of Mr. Epstein prior to his travel would severely restrict his ability to remain flexible to accommodate ever-evolving meeting schedules and locations and the schedules of Mr. Epstein's business and professional colleagues. For example, not infrequently, Mr. Epstein is asked in the early morning to meet in a particular jurisdiction later in the day. Because of the 72-hour notice requirement, in the future, Mr. Epstein would have to wait three days before he could accommodate such a request for a meeting. As another example, assuming Mr. Epstein gave the proper 72-hour notice of a trip to New York, but learned on the day of his intended departure that the persons with whom he was to meet in New York later that day desired to meet in a different location, Mr. Epstein would not be able to meet at the alternative

 VI-JPM-000012270

4

location because of the 72-hour notice requirement. In Mr. Epstein's business and professional life, situations like this occur with frequency and regularity, and even a 72-hour notice requirement would obviously have a significantly deleterious effect on his business and professional activities.

For this reason, we respectfully request that Mr. Epstein be permitted to provide notice immediately prior to his departure when traveling outside of the Virgin Islands, provided that Mr. Epstein will endeavor to provide 24-hours notice to the extent he has such advance knowledge of his travel. We understand your requirement that notices come from Mr. Epstein, himself, when he is in the Virgin Islands and providing notice of his travel outside of the Territory, and Mr. Epstein will comply with that requirement.

Another waiver condition contained your the July 25, 2012 letter is that Mr. Epstein provide your office with the address of his temporary lodging while traveling within the United States. Mr. Epstein has and will continue to provide notice to the Department of Justice of the addresses of temporary lodging that are his own homes. In fact, as the extensive volume of Mr. Epstein's travel notification emails to the Department of Justice demonstrate, Mr. Epstein has regularly stayed at his vacation homes when traveling and has so advised the Department of Justice in his travel notifications each time he has done so. Inasmuch as the Department of Justice already has a complete listing of the addresses of all of Mr. Epstein's vacation homes in the registration information Mr. Epstein has provided and updates to the Department of Justice, it was not thought necessary to include the specific addresses of Mr. Epstein's vacation homes in each of the notices. To ensure compliance with the waiver conditions, Mr. Epstein will provide the specific addresses of Mr. Epstein's vacation homes in the travel notices in the future.

However, frequently when Mr. Epstein travels to locations in the United States at which he does not have a vacation home, he has stayed as a guest in the homes of third parties, including business and professional associates. Many times these invitations have been and are extended to Mr. Epstein after arriving in these locations as plans change and meetings extend beyond scheduled times. Thus, originally scheduled hotel reservations are cancelled and new lodging arrangements have to be made (which would again require further notices to the Department of Justice, which would presumably have to send updates to the jurisdictions to which the original notices were previously given). Many of these hosts would be uncomfortable with Mr. Epstein having to provide the addresses of their homes in the travel notifications to the Department of Justice, particularly when the hosts are oftentimes prominent figures whose addresses are not a matter of public knowledge and there is no guarantee that their addresses would not be disclosed in response to FOIA or other Sunshine Law requests. Requiring Mr. Epstein to provide these addresses would likely deter potential hosts from offering Mr. Epstein lodging and thus again interfere with his ability to travel and maintain the necessary flexibility in the conduct his business, professional and other legitimate activities.

It is for this reason that we respectfully request that the waiver condition requiring Mr. Epstein to provide the addresses of his temporary lodging in his notification of travel within the United States be eliminated, provided that when Mr. Epstein stays at his vacation homes while traveling in the United States he will so advise the Department of Justice, and include in the notice the specific address of his vacation home at which he is staying. In all other cases,

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

5

consistent with the Federal SORNA Guidelines which authorize jurisdictions to permit frequent inter-jurisdictional travelers, such as long-haul truckers, day laborers, and international border commuters, to provide a most likely itinerary of "normal travel routes" and "general areas" of work, Mr. Epstein should be allowed to provide the general geographic area of his temporary lodging and to provide a cell telephone number at which Mr. Epstein may be contacted at all times while travelling.

We believe that the foregoing proposals are consistent with the Federal SORNA Guidelines and consistent with the balance intended to be achieved in the travel notice amendment as described by both Senator Russell and you at the Rules and Judiciary Committee hearing on June 21, 2012. As has always been the case, Mr. Epstein would continue to provide timely notification to the Department of Justice of his travel before departing the Virgin Islands, so as to enable the Virgin Islands to electronically inform the necessary jurisdictions of this travel. Notice of Mr. Epstein's general geographic location and a contact number to reach him at all times would be provided, as well as his specific address when he stays at his vacation homes. With this balance, the timing and the content of Mr. Epstein's travel notification would provide your office the information it needs without impeding Mr. Epstein's right to travel and conduct his business, professional and other legitimate activities, and would thereby avoid transforming the Act's travel notice provisions into a punitive measure contrary to express legislative intent.

Once again, we appreciate the grant to Mr. Epstein by the Office of the Attorney General of the travel notification waiver as described in your letter of July 25, 2012, and respectfully request that the two waiver conditions described above imposed in that letter be modified as I have proposed. If our request to modify the waiver conditions meets with the approval of your office, please confirm that approval of the modifications as described above by signing this letter below.

If you have any questions or require anything further for a favorable response to this request, please do not hesitate to contact me.

Respectfully,

Maria Tankenson Hodge

Modification of Waiver Conditions As Described Above
Accepted and Agreed To:

_____
Honorable Vincent F. Frazer
Office of the Attorney General of the United States
Virgin Islands

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**Shani Pinney**

**From:** Darren Indyke ▮▮▮▮▮▮▮▮▮▮
**Sent:** Monday, August 06, 2012 11:14 PM
**To:** Shani Pinney
**Cc:** Monica Carbon
**Subject:** Mr. Jeffrey Epstein

Ms. S. Pinney
Virgin Islands Department of Justice
United States Virgin Islands

Re:    Mr. Jeffrey Epstein

Dear Ms. Pinney:

This is to advise you of a modification to Mr. Epstein's travel plans.  Mr. Epstein will not be staying at
The Ritz-Carlton Hotel in Half Moon Bay, California, but will instead travel tonight, August 6, 2012,  to
his vacation home at 49 Zorro Ranch Road in Stanley, New Mexico.

If you need to reach me for any further information, please feel free to call me at my office in New
York at ▮▮▮▮▮▮▮▮▮ or on my mobile telephone number ▮▮▮▮▮▮▮▮▮

Respectfully,

Darren K. Indyke


DARREN K. INDYKE
DARREN K. INDYKE, PLLC
575 Lexington Avenue, 4th Floor,
New York, New York 10022
Telephone: ▮▮▮▮▮▮▮▮
Telecopier: ▮▮▮▮▮▮▮▮
Mobile: ▮▮▮▮▮▮▮▮
email: ▮▮▮▮▮▮▮▮


********************************************************************************************
The information contained in this communication is confidential, may be attorney-client
privileged, and is intended only for the use of the addressee. It is the property of
Darren K. Indyke, PLLC.  Unauthorized use, disclosure or copying of this communication
or any part thereof is strictly prohibited and may be unlawful. If you have received this
communication in error, please notify us immediately by return e-mail, and destroy this
communication and all copies thereof, including all attachments.

1

Copyright of Darren K. Indyke, PLLC - © 2011 Darren K.
Indyke, PLLC – All rights reserved.
**********************************************************************************

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                      VI-JPM-000012274



**THE UNITED STATES VIRGIN ISLANDS**
**DEPARTMENT OF JUSTICE**
**OFFICE OF THE ATTORNEY GENERAL**

VINCENT F. FRAZER, ESQUIRE
ATTORNEY GENERAL

August 14, 2012

Maria Tankenson Hodge, Esq.
Hodge & Francois
Attorneys At Law
1340 Taarneberg
St. Thomas, Virgin Islands  00802

    **Re:**    <u>Wavier Request for Travel Notice for J. Epstein</u>

Dear Attorney Hodge:

    After careful review of your letter giving additional information to support your client, Jeffery Epstein's request for a shorter period for prior notice whenever he plans to leave the Territory of the Virgin Islands.  In light of the justification set out in your letter of July 30, 2012, I have decided to shorten the notice period and modify the other condition, as follows:

    1.    Mr. Epstein will be allowed to notify  the Department of Justice of his intention to travel out of the Territory twenty four (24) hours prior to his departure;

    2.    Mr. Epstein will be allowed to continue to notify the department when he is staying in one of his stateside homes.  He must provide us with a current list and addresses of each of his stateside homes;

    3.    When Mr. Epstein is staying in the home of an associate, he must notify the department of the city and state or country in which he is temporarily staying and his period of stay in the jurisdiction;

    4.    When he is staying in a non-private lodging, he or his representative may provide the specifics of the name, city and address of the establishment.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER    VI-JPM-000012275

Letter to Attorney Maria Hodge
Page 2

5.      Pursuant to section 9 (4) (iii) of Act No. 7372, Mr. Epstein must provide a copy of the following documents to the department.

      a.  all of his valid driver's licenses issued by any jurisdiction,

      b.  any and all government issued identification cards issued by any jurisdiction,

      c.  any passports issued to him.

I trust that the foregoing conditions will be workable for your client, in light of his frequent trips out of the Territory on business.  All other conditions stated in my letter of July 25, 2012 are in full force and affect.

Very truly yours,

Vincent F. Frazer, Esq.
Attorney General



**VIRGIN ISLANDS DEPARTMENT OF JUSTICE**
OFFICE OF THE ATTORNEY GENERAL
VIRGIN ISLANDS SEXUAL OFFENDER REGISTRY

# MEMORANDUM

**TO:**   Monica Williams-Carbon
          Counsel to the Attorney General

**FROM:**   Shani Pinney
            Sexual Offender Registry Coordinator

**RE:**   Jeffrey Epstein

**DATE:**   August 9, 2012

Pursuant to a letter dated July 25, 2012 addressed to Maria Hodge, Esq. in reference to International Travel Notice Request for Jeffrey Epstein, it was stated that no less than 72 hours before travel outside of the Territory that "Notice must be given by Mr. Epstein himself, via in-person visit, by facsimile correspondence which is signed by him; or by e-mail with an electronic signature." Mr. Epstein was also directed to notify the Department of Justice upon his return to the territory, whether by visit, facsimile, or email with electronic signature.

As of August 9, 2012 Mr. Epstein has failed to provide notification of travel as directed in the letter to Maria Hodge, Esq. Notification of Mr. Epstein's travel outside of the Territory continues to be received from Darren Indyke, Esq. Contact is also received from Darren Indyke, Esq. when Mr. Epstein returns to the Territory. According the letter addressed the Maria Hodge, Esq. notification from Mr. Epstein's legal counsel may only be allowed to provide notice of any modification in the travel itinerary, not to notify of Mr. Epstein's departure and return to the Territory.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                      VI-JPM-000012277

# HODGE & FRANCOIS

August 17, 2012

Honorable Vincent Frazer
Office of the Attorney General of the Virgin Islands
Department of Justice
St. Thomas, VI
Via Hand Delivery and Email

Re:   Waiver/Adjustment of Travel Notice for J. Epstein

Dear Attorney General Frazer:

Thank you for your letter of August 14 confirming your decision to shorten the notice period applicable to Mr. Epstein, and to modify other conditions applicable to his travel pursuant to your department's authority under Act No. 7372. Your favorable consideration of our requests is appreciated.

In reply to item #2 in your letter, and your advice that Mr. Epstein will be allowed to continue to notify your department when he is staying at one of his stateside homes, I enclose as you requested, a current list of Mr. Epstein's stateside homes, with the address for each. We also confirm that, in response to item #3, when Mr. Epstein is staying at the home of an associate, he will notify your department of the city and state or country in which he is temporarily staying, and of his period of stay in that jurisdiction. This adjustment in the reporting requirements is also appreciated.

Finally, in response to your request #5(a), I enclose a copy of Mr. Epstein's only driver's license issued by any jurisdiction, namely his U.S. Virgin Islands Driver's license. In response to your requirement #5(c), I enclose a photocopy of each of Mr. Epstein's two U.S. passports, which are the only passports issued to him. Finally, in response to #5(b), I am informed he has no other government issued identification cards, beyond the driver's license and passports, for which copies are enclosed.

I hope the enclosed are satisfactory, and close with thanks for the department's efforts to insure that reasonable standards are applied to the notification process under the law.

Sincerely,

Maria Tankenson Hodge

Encls.

ATTORNEYS AT LAW
1340 TAARNEBERG, ST. THOMAS, VIRGIN ISLANDS
PHONE: 340-774-6845   FAX: 340-776-8900
EMAIL: MARIA@HODGEFRANCOIS.COM

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                                          VI-JPM-000012278

## Stateside Addresses of Jeffrey Epstein in the US

### New York

9 East 71st Street
NY, NY 10021

### Florida

358 El Brillo Way
Palm Beach, FL 33480

### New Mexico

49 Zorro Ranch Road
Stanley, NM 87056

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER   VI-JPM-000012279



United States Virgin Islands (twi)
DRIVING LICENSE -SA

EPSTEIN, JEFFREY E.
LITTLE ST. JAMES
ST THOMAS, VI 00802

Issued                    Expired
CI
Sex    M    Hgt 72 in    DOB
Wgt  4     Hair GRY    Eyes         BLU
Class   A-  Blood Type    O+
Allergies   NONE
Endorsements
Restrictions

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER



[redacted]
P<USAEPSTEIN<<JEFFREY<EDWARD<<<<<<<<<<<<<<<<
PASSPORT
PASSEPORT
PASAPORTE
UNITED STATES OF AMERICA
P
USA
[redacted]
EPSTEIN
JEFFREY EDWARD
UNITED STATES OF AMERICA
[redacted]
NEW YORK, U.S.A.
M
27 MAY 2010
United States
Department of State
26 May 2020
SEE PAGE 27
USA

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012282

MEMORANDUM

TO:            Ms. S. Pinney
               Virgin Islands Department of Justice

CC:            Monica Carbon, Esq.

FROM:          Darren K. Indyke

DATE:          September 6, 2012

RE:            Jeffrey Epstein's Qualification as a Tier 1 Sex Offender

---

Among other amendments implemented by Act No. 7372, an Act amending the sex offender registration laws set forth in Chapter 86 of Title 14 of the Virgin Islands Code, 14 V.I.C. Section 1724(d) was amended to require those who qualify as tier 1 sex offenders to appear in person once every year for 15 years, and those who qualify as tier 2 sex offenders to appear in person once every 180 days for 25 years, at the Department of Justice for the purposes of verification and keeping their sex offender registrations current. As explained more fully below, it is the opinion of counsel that Mr. Jeffrey Epstein, a registered sex offender in the United States Virgin Islands, qualifies as a tier 1 sex offender who is required under Section 1724(d) to appear in person at the Department of Justice once every year for 15 years for the purposes of verification and keeping his sex offender registration current.

As amended, 14 V.I.C. Section 1721(u) defines a "tier 1 sex offender" as "one who has been convicted of a "tier 1" sex offense as defined in Section 1721B(a)." Section 1721B(a)(3) provides that "any sex offense covered by this act where punishment was limited to one year in jail shall be considered a "Tier 1" sex offense." Under Section 1721A(e), a covered sex offense includes a sex offense in another jurisdiction in the United States (including the State of Florida) pertaining to prostitution, where it involves force, fraud or coercion.

Mr. Epstein was convicted in the State of Florida on June 30, 2008 of violating Florida Statutes Section 796.03, procuring a person under 18 for prostitution, for which Mr. Epstein was sentenced to only 6 months in the Palm Beach County Jail. Mr. Epstein successfully completed his sentence without incident in July 2010.

In connection with his conviction for procuring a person under 18 for prostitution, it is important to note that Mr. Epstein was required to and did register as a sex offender in the State of Florida, being designated in the lowest offender category under the Florida registration multi-level regime. On the basis of this same

1

VI-JPM-000012283

conviction, Mr. Epstein subsequently registered as a sex offender in the United States Virgin Islands on March 5, 2010.

Inasmuch as Mr. Epstein's punishment for the procurement offense upon which his Virgin Islands registration was based was less than one year in jail, under the express terms of Section 1721B(a)(3), Mr. Epstein's qualifying sex offense was a "tier 1" sex offense.

Consistent with this analysis, Section 1721B(a)(3) includes within its illustrative list of Virgin Islands "tier 1" offenses:

"(iii)   14 V.I.C. §1622(2),(3) &(4) (Prohibition on solicitation and use of minors in prostitution)"

Thus, based on Section 1721B(a)(3)(iii), it appears that even if Mr. Epstein's offense had been committed in the Virgin Islands, it would have been classified as a "tier 1" offense in any event.

Having been convicted in Florida of a "tier 1" offense, we believe that Mr. Epstein qualifies as a Tier 1 sex offender under Section 1721(u) and, as such he is required under Section 1724(d) to appear in person at the Department of Justice once every year for 15 years for the purposes of verification and keeping his sex offender registration current.

If you would like to discuss this further or require more information, please do not hesitate to contact me.

Thank you for your attention and consideration.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000012284

**Shani Pinney**

| | |
|---|---|
| **From:** | Darren Indyke [ ████████████ |
| **Sent:** | Thursday, September 06, 2012 7:21 AM |
| **To:** | Shani Pinney |
| **Cc:** | Monica Carbon |
| **Subject:** | Mr. Jeffrey Epstein |
| **Attachments:** | SKMBT_C25312090516170.pdf; ATT116576.htm; 9-6-12 Memo Re Tier 1.pdf; ATT116577.htm |

Ms. S. Pinney
Virgin Islands Department of Justice
United States Virgin Islands

Re:     Mr. Jeffrey Epstein

Dear Ms. Pinney:

As you requested when Mr. Epstein appeared at the Department of Justice on Tuesday, I have attached copies of Mr. Epstein's two U.S. Passports and a Memorandum explaining why Mr. Epstein qualifies as a tier 1 offender.

If you require anything further, please do not hesitate to contact me.

Respectfully,

Darren K. Indyke

DARREN K. INDYKE
DARREN K. INDYKE, PLLC
████████████████████████
New York, New York 10022
Telephone: ████████████
Telecopier: ████████████
Mobile: ████████████
email: ████████████

1

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**Shani Pinney**

| | |
|---|---|
| **From:** | Monica Carbon |
| **Sent:** | Friday, September 07, 2012 2:54 PM |
| **To:** | 'Darren Indyke' |
| **Cc:** | Vincent Frazer; Shani Pinney |
| **Subject:** | RE: Mr. Jeffrey Epstein |

Good Afternoon Attorney Indyke:

   Receipt is acknowledged of the below email.  Please be advised that Mr. Epstein, as well as all sex offenders who are required to register with this Department, will receive an official letter from the Department of Justice informing him of his registration requirements.

   Thank you for your cooperation.

*Monica Williams Carbon, Esq.*
Counsel to the Attorney General
Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, V.I.  00802
(340) 774-5666

**From:** Darren Indyke ███████████████
**Sent:** Thursday, September 06, 2012 7:21 AM
**To:** Shani Pinney
**Cc:** Monica Carbon
**Subject:** Mr. Jeffrey Epstein

Ms. S. Pinney
Virgin Islands Department of Justice
United States Virgin Islands

Re:   Mr. Jeffrey Epstein

Dear Ms. Pinney:

As you requested when Mr. Epstein appeared at the Department of Justice on Tuesday, I have attached copies of Mr. Epstein's two U.S. Passports and a Memorandum explaining why Mr. Epstein qualifies as a tier 1 offender.

If you require anything further, please do not hesitate to contact me.

Respectfully,

Darren K. Indyke


DARREN K. INDYKE

1

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                        VI-JPM-000012286