# EXHIBIT 319



UNITED STATES VIRGIN ISLANDS
**Economic Development Authority**

WWW.USVIEDA.ORG  1 877 432-8784

January 31, 2014

Mrs. Cecile deJongh
Office Manager
Financial Trust Company, Inc.
6100 Red Hook Quarter B3
St. Thomas, VI 00802

Re: Financial Trust Company, Inc.

Dear Mrs. deJongh,

A compliance review has been completed on Financial Trust Company, Inc. Enclosed for your review and commentary is the compliance report which covers the period January 1, 2009 to March 23, 2012. The company was found out of compliance with the capital investment requirement, and Special Condition #1 and #2.

Please provide a response to this compliance report within thirty (30) working days of receipt of this correspondence. You may request an extension of time to file your response by submitting a formal notice. If we do not receive a response from you by this date, we will conclude that you are in agreement with the findings of this report.

Should you have additional questions concerning this matter, please do not hesitate to contact Stephanie Berry, Director of Compliance at 340-773-6499.

Sincerely,

Jennifer Nugent-Hill
ACEO/Chief Operating Officer

cc:   Percival Clouden, Chief Executive Officer
      Tracy Lynch Bhola, Legal Counsel
      Stephanie J. Berry, Director of Compliance
      Sandra Bess, CCP Compliance Officer
      Erika Kellerhals, Legal Counsel for FTC

Economic Development Commission    Enterprise Zone Commission    Government Development Bank    Industrial Park Development Corporation    Small Business Development Agency
ST. CROIX 116 King Street, Frederiksted, USVI 00840 (340) 773-6499  FAX (340) 773-7701  ST. THOMAS 8000 Nisky Shopping Center Suite 620, St. Thomas, USVI 00802 (340) 714-1700  FAX (340) 715-2753

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                                 VI-JPM-000023091



UNITED STATES VIRGIN ISLANDS
**Economic Development Authority**

WWW.USVIEDA.ORG  1 877 432-8784

# CONFIDENTIAL COMPLIANCE REPORT
# FINANCIAL TRUST COMPANY, INC. (INACTIVE)
## AS OF MARCH 23, 2012

**SUMMARY HIGHLIGHT:**

o  Financial Trust Company, Inc. ("Beneficiary") received approximately three years of a five-year extension certificate.  A combined total of twelve (12) years of tax benefits.

o  As of March 23, 2012, the Beneficiary did not meet the capital investment of US $100,000.

o  Capital Expenditures from January 1, 2009 to March 23, 2012 were $84,829 of which 81% ($68,379) was procured locally.

o  Goods and Services from January 1, 2009 to March 23, 2012 were $3,589,248 of which 37% ($1,275,511) was procured locally.

o  The Beneficiary met its employment requirement of 10 full-time employees.

o  The Beneficiary met its residency requirement.

o  The Beneficiary met the 20% management, supervisory and/or technical requirement.

o  The Beneficiary met the requirements of Special Conditions six, and nine.

o  The Beneficiary did not specifically meet the requirements of Special Conditions one, and two.

o  Unable to determine the Beneficiary's compliance with the requirements of Special Condition three, four, five, seven, and eight.

o  The Beneficiary complied with the requirements of the procurement process.

o  The Beneficiary did not meet the reporting requirements.



Economic Development Commission    Enterprise Zone Commission    Government Development Bank    Industrial Park Development Corporation    Small Business Development Agency

ST. CROIX 116 King Street, Frederiksted, USVI 00840 (340) 773-6499 FAX (340) 773-7701  ST. THOMAS 8000 Nisky Shopping Center Suite 620, St. Thomas, USVI 00802 (340) 714-1700 FAX (340) 715-2753

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                    VI-JPM-000023092

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

Title 29, Chapter 12 VIC, §715(a) states in part "upon proper application or reapplication, public hearing and in compliance with all other relevant provisions of this chapter pertaining to the grant of initial benefits, as determined and required by the Commission, any recipient of industrial development benefits (sic), may be granted an extension, modification, or renewal of benefits…"

## HISTORY:

On November 6, 1998, Financial Trust Company, Inc. filed Articles of Incorporation with the Office of the Lieutenant Governor. On November 30, 1998, they were issued a Certificate of Incorporation authorizing them to conduct business in the Virgin Islands.  Financial Trust Company, Inc. was originally granted a ten-year certificate of tax benefits for period commencing March 21, 2000 and terminating on December 31, 2009.  After completing an extension application to the EDC on January 28, 2009, tax benefits were approved by the Governor of the Virgin Islands on February 13, 2010. An extension certificate of benefits was executed by the Chairman of the EDC Commission on October 3, 2010.  Then on December 14, 2010 an orientation was performed and certificate of benefits issued to Financial Trust Company, Inc., ("the Beneficiary").

Financial Trust Company, Inc. (FTC) was granted tax exemption benefits "to conduct the operation of a Category IIA designated service business that provides financial and economic consulting, money management, investment, investment advisory and fiduciary services for its clients. Client may include individuals, trusts, foundations and business entities. All of its clients are located outside the U.S. Virgin Islands."

Benefits were granted for a period of ten (10) years commencing and terminating as follows:

|  | PERCENTAGE | COMMENCEMENT | TERMINATION |
|---|---|---|---|
| Income Taxes | 81% | April 1, 2009 | March 31, 2014 |
| Gross Receipt Taxes | 90% | April 1, 2009 | March 31, 2014 |
| Excise Taxes (Raw Materials) | 90% | N/A | N/A |
| Excise Taxes (Equip., Mach.) | 90% | January 1, 2010 | December 31, 2014 |
| Real Property Tax | 90% | N/A | N/A |
| Customs Duties | 1% | N/A | N/A |
| Dividend Withholdings |  | April 1, 2009 | March 31, 2014 |
| Interest Withholdings |  | April 1, 2009 | March 31, 2014 |

By letter dated March 7, 2012 the Beneficiary through its legal counsel requested that the certificate of benefits be clarified to only reflect the activities in which they are engaged as of January 1, 2012. They specifically requested that the language of the certificate be amended to read as follows:

CONFIDENTIAL

2 | P a g e

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

*"FTC will conduct the operation of a Category IIA designated service business that provides financial and economic consulting to its clients which will include multinational business organizations."*

Under the terms of the Dodd-Frank Act, to the extent FTC was holding itself out as an investment advisor or engaged in providing investment advisory services they would be required to register and report on an ongoing basis to the Securities and Exchange Commission and / or the Virgin Islands Department of Banking and Insurance. Further stating that FTC is not currently engaged in the provision of investment advisory services, nor does it intend to engage in such activities going forward.

***Certificate amended effective January 1, 2012 to read:*** "The grant of benefits hereinafter described is for the Beneficiary or any successors approved by the Commission to conduct the operation of a Category IIA designated service business that provides financial and economic consulting to its clients which include multinational business organizations. All of its clients are located outside the U.S. Virgin Islands."

By letter dated April 4, 2012, FTC through its legal counsel Erika Kellerhals notified the EDC that they will no longer take benefits as of March 23, 2012. Additionally, they advised the EDC they would suspend its current extension certificate of benefits, effective March 23, 2012, reserving the right to extend the period of suspension should they determine that the economic climate is not sufficient to support their intended operations.

By letter dated June 27, 2012, the EDC advised FTC that on June 21, 2012 the Commission met to consider their request to seek suspension of its EDC benefits effective March 23, 2012. The Commission after careful consideration approved the following:

1. To grant a suspension of benefits effective March 23, 2012 to March 22, 2013.

2. To require FTC to provide proof of its compliance with severance pay within 30 days of the Board's decision.

3. To require FTC to provide notice to the EDC within 30 days of the expiration of the suspension of benefits on the business intent to (1) reactivate its business operations, (2) terminate its certificate or (3) extend its suspension of benefits.

4. To hold FTC responsible for non-compliance with the terms and conditions of its certificate of benefits for the period commencing January 1, 2007 to May 23, 2012.

5. To require FTC to provide preference in hiring to all employees laid off during the suspension period and provide proof to the EDC within ten (10) days upon rehiring staff.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    VI-JPM-000023094

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

6.  To require FTC to provide the name and contact information of its resident agent; name forwarding address and telephone numbers of the principals of the company.

7.  Upon reinstatement FTC must be in full compliance with requirements of its certificate, to include ten (10) full-time employees and appropriate benefits, as of the date suspension went into effect.

## INVESTMENT:

"The Beneficiary shall invest in this business in the United States Virgin Islands not less than the amount of One Hundred Thousand U.S. Dollars ($100,000), excluding inventory, in the benefited business commencing in 2009 and completed three (3) years thereafter."

## FINDINGS:

For the period April 1, 2009 through March 23, 2012, the Beneficiary invested a total of $84,829. This investment requirement was to be commenced on April 1, 2009 and completed by March 31, 2012, which would three (3) years after commencement of business, as required by the benefits certificate. As of March 23, 2012, the Beneficiary invested $15,171 short of the certificate's capital investment requirement.

## CAPITAL EXPENDITURES:

| YEAR | ELIGIBLE VI SUPPLIER | VI SUPPLIER | NON-VI SUPPLIER | TOTAL |
|---|---|---|---|---|
| 2009 | - | 10,455 | - | 10,455 |
| 2010 | 18,305 | 17,498 | 15,042 | 50,845 |
| 2011 | - | 13,362 | - | 13,362 |
| 2012[1] | - | 8,759 | 1,408 | 10,167 |
| TOTAL | $ 18,305 | $ 50,074 | $ 16,450 | $ 84,829 |

## FINDINGS:

From 2009 to March 23, 2012 a total of $84,829 was procured in capital expenditures. Of the expenditures 59% ($50,074) were procured from Virgin Islands Suppliers, 22% ($18,305) from Eligible Virgin Islands Suppliers, and the remaining 19% ($16,450) from Non-Virgin Island suppliers. All purchases were for machinery and equipment.

---

[1] Beneficiary's EDC Annual report reflected pro-rated (January 1, to March 23, 2012) amounts for procurement

4 | P a g e

CONFIDENTIAL



COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012



## CAPITAL EXPENDITURES
## 2009 - 2012

## GOODS AND SERVICES:

| YEAR | Eligible VI Supplier | VI Supplier | Non-VI Supplier | TOTAL |
|---|---|---|---|---|
| 2009 | 26,870 | 346,516 | 387,077 | 760,463 |
| 2010 | 61,774 | 335,028 | 700,882 | 1,097,684 |
| 2011 | 64,595 | 371,379 | 1,151,617 | 1,587,591 |
| 2012[2] | 2,545 | 116,054 | 24,911 | 143,510 |
| **Cumulative Totals** | **155,784** | **1,168,977** | **2,264,487** | **3,589,248** |

## FINDINGS:

The total expended for goods and services from 2009 through March 2012 was $3,589,248.
Purchases from Non-Virgin Islands suppliers totaled $2,264,487 (63%) of which the majority
was expended on seminars, education, and legal and accounting services; $1,119,727 (33%) was
procured from Virgin Islands suppliers of with the majority was expended on charitable
contributions, rent, legal and accounting services, utilities, and supplies; the remaining $155,784
(4%) was procured from Eligible suppliers of which the majority was expended on insurance,
supplies, and repairs and maintenance.

---

[2] Beneficiary's EDC Annual report reflected pro-rated (January 1, to March 23, 2012) amounts for procurement

CONFIDENTIAL

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                                    VI-JPM-000023096

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012



## LOCAL PROCUREMENT:

In accordance with Division 10 of the Economic Development Commission Rules and Regulations, the Beneficiary must comply with procurement procedures (§708-701 to 708-713).

**FINDINGS:**



CONFIDENTIAL

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

VI-JPM-000023097

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

From 2009 to March 2012, the Beneficiary's total expenditures were $3,674,077. 62% ($2,280,937) of the purchases were made from Non-Virgin Islands Suppliers of which the majority was expended on legal and accounting services, seminars and education, and machinery and equipment, 33% ($1,219,051) of the purchases were made from Virgin Island Suppliers, of which the majority was spent on rent, charitable contributions, legal and accounting services, utilities, supplies, and machinery and equipment, the remaining 5% ($174,089) of purchases were made from Eligible Virgin Islands Suppliers, of which the majority was expended on insurance, supplies, repairs and maintenance, and machinery and equipment.

In accordance with the EDC Rules and Regulations §708-709 the Beneficiary was required to provide proof of solicitation for quotes on a competitive basis.

For the period covered in this report, the Beneficiary did not have purchases which exceeded the requirement of EDC Rules and Regulations §708-709 and therefore was not required to provide proof of solicitation for competitive quotes.

## EMPLOYMENT:

"The Beneficiary shall employ no less than ten (10) persons on a full-time basis in the eligible activity of the benefited business commencing April 1, 2009 and continuing throughout the duration of the term of benefits. During the entire period of this grant of benefits at least eighty percent (80%) of all employees shall be "Residents of the U.S. Virgin Islands" as defined in Title 29, V.I. Code, §703(e) and provided that not less than twenty percent (20%) in the area of management, supervisory, and/or technical positions shall be filled by residents of the Virgin Islands, pursuant to Title 29, Chapter 12, §710(a)."

EDC Rules and Regulations §708-605 defines full-time employees or employment as "employment, on a permanent and continuous basis, for thirty-two (32) hours or more per week".

### FINDINGS:

| YEAR | TOTAL | FULL TIME | V.I. RES. | % V.I. Res. | MGMT. | 20% V.I. MGMT |
|------|-------|-----------|-----------|-------------|-------|---------------|
| 2009 | 11 | 10 | 10 | 90% | 5 | 83% |
| 2010 | 10 | 10 | 10 | 98% | 5 | 95% |
| 2011 | 10 | 10 | 10 | 100% | 5 | 100% |
| 2012[3] | 10 | 10 | 10 | 100% | 5 | 100% |

From January 1, 2009 to March 23, 2012, Financial Trust Company, Inc employed an average of ten (10) full-time employees, meeting the certificate's employment requirement. The Beneficiary also met the 80% residency and 20% management, supervisory, and/or technical requirements for the same period.

---

[3] Total number of employees for quarter ending March 31, 2012

CONFIDENTIAL

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                    VI-JPM-000023098

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

By letter dated April 4, 2012, the Beneficiary through its legal counsel stated that on March 12, 2012, Leon Casey – Head of Security and Loretta Morrell - Messenger were advised their positions with the company were terminated as of March 23, 2012. The letter also stated that these employees would receive a severance package to include: payment for vacation days accrued in 2012 and not used, three months' severance pay, a lump sum payment of five thousand dollars ($5,000) and life insurance premiums paid by the Beneficiary through December 31, 2012. The Beneficiary also advised the Department of Labor by Notice of Action of layoffs associated with the suspension of benefits.

In accordance with the EDC Rules and Regulations, Section 708-502 the Beneficiary maintained a payroll account at First Bank Virgin Islands from which local employees are paid. First Bank Virgin Islands is licensed and conducting business in the United States Virgin Islands.


## SPECIAL CONDITIONS:

THE FOLLOWING SPECIAL CONDITIONS SHALL APPLY:

1. The Beneficiary will contribute One Hundred Thousand U.S. Dollars ($100,000) or one percent (1%) of gross receipts tax exemption value, whichever is greater, annually to various Virgin Islands charities, youth sports organizations and clubs; and symposiums held in the Virgin Islands.

## CERTIFICATE REQUIREMENT:

| YEAR | BENEFICIARY'S GROSS RECEIPT Reported Per Tax Return | GROSS RECEIPT EXEMPTION | 1% GROSS RECEIPT EXEMPTION VALUE | CONTRIBUTION REQUIREMENT PER EDC CERTIFICATE |
|---|---|---|---|---|
| 2009 | 100,000 | 4,000 | 40.00 | 100,000 |
| 2010 | 100,000 | 4,000 | 40.00 | 100,000 |
| 2011[4] | 125,000 | 5,625 | 56.25 | 100,000 |
| 2012[5] | -0- | -0- | -0- | 100,000 |
| **TOTAL CERTIFICATE REQUIREMENT** | | | | $ 400,000 |

---

[4] Gross Receipt tax rate: 4.5% - May 2011 to June 30, 2013
[5] Beneficiary granted suspension of benefits effective March 23, 2012

8 | P a g e

CONFIDENTIAL

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

ACTUAL CONTRIBUTIONS: FINANCIAL TRUST CO., INC.

| YEAR | TOTAL CONTRIBUTIONS | VI CHARITY | YOUTH SPORTS ORGANIZATIONS & CLUBS | VI SYMPOSIUMS | INELIGIBLE CONTRIBUTIONS |
|------|--------------------|-----------|------------------------------------|---------------|--------------------------|
| 2009 | 39,580 | 36,575 | 2,000 | - | 1,005 |
| 2010 | 104,464 | 81,600 | 22,664 | - | 200 |
| 2011 | 149,275 | 131,175 | 12,100 | 1,000 | 5,000 |
| 2012 | 62,125[6] | 53,025 | 9,100 | - | |
| TOTAL | $ 355,444 | $ 302,375 | $ 45,864 | $ 1,000 | $ 6,205 |

The Beneficiary provided documentation for the period January 2009 to December 2012 showing total contributions of $355,444.

- In 2009, a total of $39,580 was donated to a youth organization and various charities. Of this amount, $36,575 was given to organizations such as Friends of the St. Thomas Public Libraries, The St. Thomas Reformed Church, Catholic Charities of the V.I., Antilles School, Ivanna Eudora Kean High School "IEKHS", the United Way of St. Thomas-St. John, Family Resource Center, and Lutheran Social Services of the V.I. And $2,000 was given to youth organization; Zero Tolerance Basketball Org. Inc.

- In 2010, a total of $104,264 was donated to various charities and youth organizations which included Virgin Islands Montessori School, the VI Police Department, Rwanda Project USVI, Inc., Community Foundation of the V.I., Friends of the St. Thomas Public Libraries, Beacon schools of the VI, Inc., Elrod Hendricks Charter, the Kingshill School, Humane Society of St. Thomas, the Department of Education, CAHS French Club, Antilles School, All Saints Cathedral School, V.I. Tennis Association, and the Family Resource Center, Inc.

  In 2011, a total of $149,275 was donated to a VI symposium, various charities, and youth organizations, which included CAHS French Club, IEKHS, Family Resource Center, Antilles School, Catholic Charities of the V.I. Inc., V.I. Tennis Association, the Junior Statesmen Foundation, and the Virgin Islands Department of Education.

---

[6] Contributions for the period January 1, to December 21, 2012

CONFIDENTIAL

9 | Page

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

- For the year 2012, the Beneficiary reported total contributions of $92,125 of which $49,250 were made prior to the suspension of benefits on March 23, 2012. Contributions were made to organizations which included Antilles School, Kids Cope, Inc, My Brothers Workshop, Alvin McBean East Little League, Humane Society of St. Thomas and the St. Thomas Baseball Explorers.

During the period covered in this report, Financial Trust Company, Inc. made donations totaling $6,205 to the St Thomas-St. John Chamber of Commerce. These donations were not counted toward the certificates' contribution requirement in accordance with the Internal Revenue Service code.

Noted are contributions totaling $6,825 made in 2009 from the J. Epstein Foundation to charities and youth organizations which included the V.I. Tennis Association, Amateur Basketball Association, and Lutheran Church of the Reformation. These contributions may have followed the contribution pattern of the previously expiring certificate which was modified and executed in 2010. The J. Epstein Foundation is a tax exempt entity which was established primarily for making charitable contributions to the Virgin Islands community. This fund was personally funded by Mr. J. Epstein, sole owner of Financial Trust Company Inc.

For the period 2009 to 2012, Financial Trust Company, Inc. and The J. Epstein Foundation donated a combined total of $362,269, a total shortfall of $37,731.

The Beneficiary did not meet the requirements of this special condition.

2. The Beneficiary will fund an academic scholarship program for students of Ivana Eudora Kean High School, "IEKHS" and Charlotte Amalie High School, "CAHS". The Beneficiary will fund the program with a Twenty Thousand U.S. Dollars ($20,000) contribution annually for a period of five (5) years. Each high school will receive Ten Thousand U.S. Dollars ($10,000) annually to be awarded to a graduating senior who intends to study and/or major in math or science at an accredited college or university, and the Beneficiary will also contribute twenty-two thousand five hundred U.S. Dollars ($22,500) annually to Workforce Development Fund established by the EDC and not less than Three Thousand U.S. Dollars ($3,000) annually to the Territorial Scholarship fund pursuant to title 29, VIC, §708(m).

   - In 2009, the Beneficiary provided no documentation to substantiate the requirements of this special condition.

   - In 2010, the Beneficiary provided documentation for two academic scholarships totaling $20,000 to CAHS and IEKHS. The amount of $10,000 was given to one student from each school. The Beneficiary also provided documentation substantiating contributions of $22,500 to the Workforce Development Fund and $3,000 to the Territorial Scholarship Fund.

10 | P a g e

CONFIDENTIAL



CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                          VI-JPM-000023101

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

- In 2011, the Beneficiary provided documentation for academic scholarships totaling $20,000: $10,000 was given to Gillisha Pacal and $10,000 to Diamond Chloe Ash. (The scholarship provided to Ms. Ash was paid in 2012 upon the student's written request). There is no documentation provided to identify the schools these students attended. Additionally, the Beneficiary provided documentation substantiating a contribution of $22,500 to the Workforce Development Fund and $3,000 to the Territorial Scholarship Fund.

- In 2012, the Beneficiary provided documentation for academic scholarships totaling $30,000 given directly to Embry-Riddle Aeronautical University, The University of Tampa and Wesleyan college after suspension of benefits. No documentation was provided for contributions made to the Workforce Development or the Territorial Scholarship Fund.

For the period 2009 up to March 23, 2012, the Beneficiary's contribution requirement was $182,000. They provided documentation for contributions totaling $91,000, a shortfall of $61.000.

| YEAR | CERTIFICATE REQUIREMENT | | | ACTUAL BENEFICIARY CONTRIBUTION | OVER /SHORT |
| | EDUCATIONAL SCHOLARSHIPS (CAHS & IEKHS) | WORKFORCE DEVELOPMENT FUND | TERRITORIAL SCHOLARSHIP FUND | | |
| --- | --- | --- | --- | --- | --- |
| 2009 | 20,000 | 22,500 | 3,000 | -0- | (45,500) |
| 2010 | 20,000 | 22,500 | 3,000 | 45,500 | - |
| 2011 | 20,000 | 22,500 | 3,000 | 45,500 | - |
| 2012 | 20,000 | 22,500 | 3,000 | 30,000[7] | (15,500) |
| TOTALS | $ 80,000 | $ 90,000 | $ 12,000 | $ 121,000 | ($61,000) |

The Beneficiary did not meet requirements of the special condition.

3. The Beneficiary will continue to provide its employees with one hundred percent (100%) employer paid health and dental insurance and will continue to permit employees to

[7] Beneficiary granted suspension of benefits March 23, 2012.

CONFIDENTIAL

11 | Page

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

purchase dependent coverage through the same provider with the employer paying one hundred percent (100%) of the cost.

- For the year 2009, the Beneficiary provided documentation showing medical and dental coverage offered to ten full-time employees and their dependents through United Healthcare Insurance Company. Also provided was documentation to show that the Beneficiary paid one hundred percent of the coverage cost.

United Healthcare Insurance Company is a registered with the Virgin Islands Lieutenant Governor's Office, Division of Banking and Insurance.

An attempt to gather information to additional information to substantiate compliance with this special condition was made by letter dated June 18, 2013. To date, the Beneficiary provided no additional evidence.

Unable to substantiate the Beneficiary met the requirements of this special condition.

4. The Beneficiary will continue to provide its employees with employer-paid life insurance in an amount equal to two times (2x) each employee's current base salary.

An attempt to gather information to substantiate compliance with this special condition was made by letter dated June 18, 2013. To date, the Beneficiary provided no evidence.

Unable to substantiate the Beneficiary met the requirements of this special condition.

5. The Beneficiary will continue to provide its full-time employees with a Simple IRA plan or similar retirement plan with employer matching one hundred percent (100%) of employee's elective deferral up to a limit of three percent (3%) of annual compensation.

The Beneficiary provided documentation for a SEP/IRA Plan established in 2001 with Merrill Lynch and provided to all full-time employees. They also provided documentation for "SIMPLE" an American Funds Savings Incentive Match Plan for Employees. It was incorporated with an Individual Retirement Agreement (IRA). The Simple IRA is offered to all employees receiving at least $5,000 in compensation.

The Beneficiary made a matching contribution equal to 100% of elective deferrals up to a limit of 3% per calendar year.

12 | Page

CONFIDENTIAL

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                              VI-JPM-000023103

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

- For the year 2009, the Beneficiary provided documentation showing nine full-time employees who participated in the Simple IRA Plan.

An attempt to gather information to additional information to substantiate compliance with this special condition was made by letter dated June 18, 2013. To date, the Beneficiary provided no additional evidence.

Unable to substantiate that the Beneficiary fully complied with the requirements of this special condition.

6. The Beneficiary will continue to provide its employees with two (2) weeks of paid vacation during the first calendar year of employment for employees that are hired prior to July and one (1) week paid vacation during the first calendar year of employment for employees hired after July 1, 2009, three (3) weeks paid vacation annually during the second (2nd) through the fifth (5th) years of employment and four (4) weeks paid vacation annually after five (5) years of employment. Employees will also receive two (2) paid personal days annually; along with holiday pay; five (5) personal emergency days annually; bereavement leave; jury duty; voting; and medical leave.

The Beneficiary provided the Employee Office Manual which states that:

- Employees hired prior to July 1st during the first calendar year of employment are eligible for two weeks of vacation, employees hired after July 1st are eligible for one week of vacation, after the first calendar year employees are eligible for three weeks vacation and four weeks' vacation after five years of service.

- Employees "are eligible for two (2) paid personal days each calendar year"; employees receive holiday pay for holidays that occur on their "regularly scheduled workdays when the office closes because of the holiday"; employees receive up to five (5) personal emergency days annually; bereavement leave of one workweek is provided in the event of the death of an immediate family member; employees are provided with time off for jury duty or subpoenaed testimony; employees are provided with time off for voting if the polls are not open at least four hours before or four hours after regularly scheduled work hours; employees are provided with full pay for up to 26 weeks under the Beneficiary's medical leave policy.

The Beneficiary met this requirement of this special condition.

CONFIDENTIAL

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    VI-JPM-000023104

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

7.  The Beneficiary will comply with the management training program as approved by the Economic Development Commission.

> The Beneficiary's extension application included a management training program which stated its policy is to fill all staffing needs and provide an environment geared to the development of staff at all levels. This program will encompass the utilization of in-house training and seminars, continuing education courses, reimbursement for higher education degree and cross-training geared to the professional and personal development of staff.

> - For 2009, the Beneficiary provided documentation to substantiate continuing accounting education offered to employees through SkillPath Seminars, Virgin Islands Society of CPA's, CPE Meeting Inc, Rockhurst University Continuing and National Tax Institute Conference.

> An attempt to gather information to substantiate compliance with this special condition was made by letter dated June 18, 2013. To date, the Beneficiary provided no evidence.

> Unable to substantiate that the Beneficiary fully complied with the requirements of this special condition.

8.  "The Beneficiary will offer tuition reimbursement for short and long-term coursework in subject areas directly related to an employee's current work."

> An attempt to gather information to substantiate compliance with this special condition was made by letter dated June 18, 2013. To date, the Beneficiary provided no evidence.

> Unable to substantiate that the Beneficiary fully complied with the requirements of this special condition.

9.  "In accordance with and subject to Virgin Islands law, Title 29 Virgin Islands Code Chapter 12, §708(h) and applicable rules and regulations of the EDC, with regard to the Eligible Supplier Program, the Beneficiary will purchase all goods and services from U.S. Virgin Islands entities duly licensed and in good standing under the laws of the Virgin Islands, whenever available, to the greatest extent possible."

14 | P a g e

CONFIDENTIAL

VI-JPM-000023105

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

- For the period 2009 to March 23, 2012, the Beneficiary made total purchases of $3,674,077, of which 38% was procured locally while 62% procured from non local suppliers. Based on the information provided by the Beneficiary, goods and services were purchased from US Virgin Islands entities whenever available to the greatest extent possible.

The Beneficiary therefore met the requirements of this special condition.

## REPORTING REQUIREMENTS:

| | |
|---|---|
| IDC Annual Report: | Current |
| Income Tax Return / Audited Financial Statements | Current |
| Lt. Governor's Annual Report: | Not Current |
| VIESA Report: | Current |
| Affidavit of EDC Beneficiary: | Current |
| Publication Notices | Current |

## FINDINGS:

In accordance with the EDC Rules and Regulations Section 716-6, the Beneficiary did not file the 2011 and 2012 Virgin Lieutenant Governor's Annual Reports with the Virgin Islands Economic Development Commission and therefore did not meet the reporting requirements.

## FINANCIAL ANALYSIS REVIEW:

Financial Trust Company, Inc operated with an average loss of $██████████ for the period 2009 to 2012.

15 | P a g e

CONFIDENTIAL

VI-JPM-000023106

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

| Years | Annual Net | Aggregate | % Change |
|---|---|---|---|
| 2009 | ( ██████ ) | | |
| 2010 | ( ██████ ) | ( █████ ) | (31.791%) |
| 2011 | ( █████ ) | ( █████ ) | (56.749%) |
| 2012 | ( █████ )[8] | ( █████ ) | (83.261%) |
| Avg. Ordinary Income | ($ █████ ) | ($ █████ ) | |

The Beneficiary's Cost Benefit Analysis for 2009 to 2012 reflects a ratio of 1:29.22. For every $100,000 in tax revenues forgone by the government during this time, the territory received approximately $2,920,000 in economic output across the local economy.

For every $100,000 in tax revenues foregone by the territory, $1,340,000 in total output was added to the Gross Territorial Product (GTP).

The Virgin Islands Economic Development Commission granted tax exemptions to the Beneficiary totaling █████ during 2009 to 2012. This analysis does not include the value of tax exemptions on the personal income of Mr. Jeffrey Epstein, the sole owner of Financial Trust Company, Inc.

**OTHER FINDINGS**:

On September 21, 2007, Mr. Jeffrey Epstein relinquished the title of Financial Trust's Director/President to Mr. Darren Indyke. Mr. Epstein then assumed the title of the company's Director/President, on January 1, 2010.

Financial Trust Company, Inc. is solely owned by Mr. Jeffrey Epstein.

---

[8] Reflects loss for year ended December 31, 2012.

16 | P a g e

CONFIDENTIAL

COMPLIANCE REPORT
Financial Trust Company, Inc.
As of March 23, 2012

## CONCLUSION

1. Received three years of a five year extension certificate.

2. Did not meet the investment requirement as of March 23, 2012.

3. Met the full-time employment requirement.

4. Met the residency and management requirement.

5. Complied with Special Condition six, and nine.

6. Did not comply with Special Condition one and two.

7. Unable to determine the Beneficiary's compliance with Special Conditions three, four, five, seven, and eight.

8. Complied with the requirements of the procurement process.

9. Did not comply with the reporting requirements of the EDC.


**Completed by**: Sandra Bess, Compliance Officer
**Reviewed by**: Stephanie J. Berry, Compliance Director
January 31, 2014


Jennifer Nugent-Hill
ACEO/Chief Operating Officer

17 | P a g e

CONFIDENTIAL