# EXHIBIT 3

Federal Financial Institutions • Examination Council •

# Bank Secrecy Act / Anti-Money Laundering Examination Manual

Federal Financial Institutions Examination Council:
Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, National Credit Union Administration, Office of the Comptroller of the Currency, and Office of Thrift Supervision

2006

EXHIBIT
Langford 8
Date: 5/3/23
MLG, CSR, RPR, CRR

# Suspicious Activity Reporting — Overview

**Objective.** *Assess the bank's policies, procedures, and processes, and overall compliance with statutory and regulatory requirements for monitoring, detecting, and reporting suspicious activities.*

Suspicious activity reporting forms the cornerstone of the BSA reporting system. It is critical to the United States' ability to utilize financial information to combat terrorism, terrorist financing, money laundering, and other financial crimes. Within this system, FinCEN and the federal banking agencies recognize that, as a practical matter, it is not possible for a bank to detect and report all potentially illicit transactions that flow through the bank. Examiners should focus on evaluating a bank's policies, procedures, and processes to identify and research suspicious activity. However, as part of the examination process, examiners should review individual Suspicious Activity Report (SAR) filing decisions to determine the effectiveness of the suspicious activity monitoring and reporting process. Above all, examiners and banks should recognize that the quality of SAR data is paramount to the effective implementation of the suspicious activity reporting system.

Banks, bank holding companies, and their subsidiaries are required by federal regulations[54] to file a SAR with respect to:

- Criminal violations involving insider abuse in any amount.

- Criminal violations aggregating $5,000 or more when a suspect can be identified.

- Criminal violations aggregating $25,000 or more regardless of a potential suspect.

- Transactions conducted or attempted by, at, or through the bank (or an affiliate) and aggregating $5,000 or more, if the bank or affiliate knows, suspects, or has reason to suspect that the transaction:

    - May involve potential money laundering or other illegal activity (e.g., terrorism financing).

    - Is designed to evade the BSA or its implementing regulations.[55]

    - Has no business or apparent lawful purpose or is not the type of transaction that the particular customer would normally be expected to engage in, and the bank

---

[54] See 12 CFR 208.62, 211.5(k), 211.24(f), and 225.4(f) (Board of Governors of the Federal Reserve System); 12 CFR 353 (Federal Deposit Insurance Corporation); 12 CFR 748 (National Credit Union Administration); 12 CFR 21.11 (Office of the Comptroller of the Currency); 12 CFR 563.180 (Office of Thrift Supervision) (does not apply to Savings and Loan Holding Companies); and 31 CFR 103.18 (FinCEN).

[55] Refer to Appendix G ("Structuring") for additional guidance.