# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS ) ) | Case Number 1:22-CV-10904 (JSR) |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| ) | |
| DEFENDANT ) | |
| _____) | |
| ) | |
| JPMORGAN CHASE BANK, N.A. ) | |
| ) | |
| THIRD-PARTY PLAINTIFF, ) | |
| ) | |
| V. ) | |
| ) | |
| JAMES EDWARD STALEY ) | |
| ) | |
| THIRD-PARTY DEFENDANT. ) | |
| _____) | |

## EXPERT OPINION REPORT OF JONATHAN J. RUSCH

1

**5.53**  It is important to note that the CTR and SAR filing requirements are independent of each other,

and that CTRs and SARs serve different, though related, purposes in the BSA/AML compliance process.

Both types of reports, when filed within the time limits set by BSA regulations, serve the purpose of

assisting U.S. government agencies to detect and prevent money laundering.[167] CTRs, however, provide

the federal government with information that allows it to monitor the overall flow of currency

transactions exceeding $10,000 in the financial system (including multiple currency transactions totaling

more than $10,000 during any one business day[168]).  CTRs must be filed within 15 days after the date of

the transaction.[169]  The filing of a CTR in itself carries no connotation that the individual conducting the

transaction has violated any law or regulation.

**5.54**  On the other hand, if an individual tries to evade the CTR filing requirement by structuring or

assisting in structuring currency transactions that exceed the $10,000 threshold, that conduct constitutes

a criminal violation of the BSA's anti-structuring provisions[170] that the bank at which the structuring

takes place is required to report on one or more SARs.  In other words, a bank is always required to file

a CTR on a same-day currency transaction exceeding $10,000, and may also have to file a SAR if it

knows, suspects, or has reason to suspect that the transaction is designed to avoid the CTR filing

requirement.  Because the CTR and SAR filing obligations are independent of each other, a bank cannot

claim that filing of a CTR on a currency transaction exceeding $10,000 constitutes full compliance with

BSA requirements if it should also have filed a SAR, or that filing of a SAR on one or more currency

transactions constitutes full compliance with BSA requirements if it should also have filed a CTR with

regard to each currency transaction exceeding $10,000.

---

[167]   Financial Crimes Enforcement Network, The Bank Secrecy Act, https://www.fincen.gov/resources/statutes-and-regulations/bank-secrecy-act.
[168]   *See* FFIEC 2006 MANUAL, *supra* note 38, at 76.
[169]   *Id*.
[170]   *See Ratzlaf v. United States*, 510 U.S. 135, 136-140 (1994) (construing 31 U.S.C. §5324(a)(3).

**2.** ███████████████████████████████████████████████████████

### a. Purpose and Value of SARs

**5.226** As described earlier, the purpose of SARs is to report known or suspected violations of law or suspicious activity that financial institutions observe.  SARs (and other BSA data) are of unquestioned value to federal, state, and local law enforcement and regulatory organizations.[512]  For more than two decades, the filing of SARs by multiple financial institutions has led to the initiation or development of significant criminal investigations by federal, state, and local enforcement agencies, and to the identification of emerging trends and patterns associated with financial and other crimes.[513]

**5.227**



---

[512]  *See, e.g.,* FinCEN, Year in Review for FY 2022,
https://www.fincen.gov/sites/default/files/shared/FinCEN_Infographic_Public_2023_April_21_FINAL.pdf, at 2.

[513]  *See* Financial Crimes Enforcement Network, Guidance on Preparing a Complete & Sufficient Suspicious Activity Report 1 (November 2003) (hereinafter SAR Guidance),
https://www.fincen.gov/sites/default/files/shared/sarnarrcompletguidfinal_112003.pdf.

[514]  General Accountability Office, BANK SECRECY ACT: Suspicious Activity Report Use Is Increasing, but FinCEN Needs to Further Develop and Document Its Form Revision Process, GAO-09-226 6 (February 2009),
https://www.gao.gov/assets/gao-09-226.pdf.

[515]  Maurice Clark, SAR Review Program: A National Perspective 2 (July 27, 2010),
https://www.ice.gov/doclib/aml/pdf/2010/clark.pdf.

been aware of the "safe harbor" provisions.[541]



541  *See Toader v. J.P. Morgan Chase Bank*, 482 Fed.Appx. 180 (7th Cir. 2012), available at Westlaw.com.
542  61 Fed. Reg. 4326, 4328 (1996).



543   *See* JPM-SDNYLIT-W-00025790; JPMorgan, Subject Client Review: Jeffrey E. Epstein 2, 3 (July 1, 2013), JPM-SDNYLIT-00029203.
544   JPM-SDNYLIT-00029201.
545   *See* FFIEC 2006 REPORT, *supra* note 38, at F-3.
546   *See* JPM-SDNYLIT-W-00025792.

- █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  ██████

- █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  ████████████████████████

- █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  █████████████████████████████████████████████████████

  ████████████████████████████████████████████████

**5.254** ████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

---

[547] *See* JPM-SDNYLIT-W-00025791.

### B.  Denouement

**6.18**  

## VII.    Relief

### A.  Fines, Damages, and Restitution

#### 1.  Fine

**7.1**  The first category of damages that may be awarded in this case is a fine, pursuant to Paragraph C of

the Request for Relief.  Because Count One charges JPMorgan with tortious conduct in violation of a

federal criminal offense, 18 U.S.C. §1591(a)(2), that fine and punitive damages may be calculated with

reference to the United States Sentencing Guidelines (Guidelines) – specifically, the Organizational

Sentencing Guidelines in Chapter Eight of the Guidelines.  Because JPMorgan's tortious conduct with

regard to Epstein extended from at least 2006 to 2021, I have used the 2021 edition of the Sentencing

Guidelines Manual (Manual) to suggest those calculations.[630]

---

[629]  UNITED STATES SENTENCING COMMISSION, GUIDELINES MANUAL §8B2.1 (a)(1)(2) 517 (Effective Compliance and Ethics Program) (2021), https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2021/GLMFull.pdf.
[630]  *See* i*d.*

may be furnished to me, including (without limitation) additional documents and data, the opinions of

other experts, and/or further analysis of the materials, data, facts, and analysis described above.

Date: June 16, 2023                      Respectfully submitted,

**JONATHAN J. RUSCH**

\* \* \*

193