# EXHIBIT 17

🇺🇸 An official website of the United States government
  Here's how you know



# 1-7.000 - CONFIDENTIALITY AND MEDIA CONTACTS POLICY

| | |
|---|---|
| 1-7.001 | Purpose |
| 1-7.100 | General Need for Confidentiality |
| 1-7.110 | Unathorized Disclosures of Classified Information |
| 1-7.120 | Whistleblower Protections |
| 1-7.200 | Designation of Media Representative |
| 1-7.210 | Reporting Media Contacts |
| 1-7.300 | Department of Justice Components |
| 1-7.310 | United States Attorneys |
| 1-7.400 | Disclosure of Information Concerning Ongoing Criminal, Civil, or Administrative Investigations |
| 1-7.410 | Comments on Requests for Investigations |
| 1-7.500 | Release of Information in Criminal, Civil, and Administrative Matters—Disclosable Information |
| 1-7.510 | Disclosure of Information Concerning Person's Prior Criminal Record |
| 1-7.600 | Release of Information in Criminal, Civil, and Administrative Matters—Non-Disclosure |
| 1-7.610 | Concerns of Prejudice |
| 1-7.700 | Guidance for Media Contacts |
| 1-7.710 | Assisting the News Media |
| 1-7.800 | Freedom of Information (FOIA) |
| 1-7.900 | Office of the Inspector General |

## 1-7.001 - Purpose

The Department of Justice (DOJ) Confidentiality and Media Contacts Policy (the Policy) applies to all DOJ personnel, including employees, contractors, detailees, and task force partners.

The Policy governs the protection and release of information that DOJ personnel obtain in the course of their work, and it balances four primary interests: (1) an individual's right to a fair trial or adjudicative proceeding; (2) an individual's interest in privacy; (3) the government's ability to administer justice and promote public safety; and (4) the right of the public to have access to information about the Department of Justice.

The Policy provides internal guidance only and does not create any rights enforceable in law or otherwise. DOJ components may promulgate more specific policies, consistent with and subject to this Policy.

 [updated April 2018]

## 1-7.100 – General Need for Confidentiality

Much of DOJ's work involves non-public, sensitive matters. Disseminating non-public, sensitive information about DOJ matters could violate federal laws, employee non-disclosure agreements, and individual privacy rights; put a witness or law enforcement officer in danger; jeopardize an investigation or case; prejudice the rights of a defendant; or unfairly damage the reputation of a person.

8/4/23, 9:24 AM
Case 1:22-cv-10904-JSR Document 270-17 Filed 08/07/23 Page 3 of 7
1-7.000 - Confidentiality and Media Contacts Policy | JM | Department of Justice

DOJ personnel should presume that non-public, sensitive information obtained in connection with work is protected from disclosure, except as needed to fulfill official duties of DOJ personnel, and as allowed by court order, statutory or regulatory prescription, or case law and rules governing criminal and civil discovery. Other than as necessary to fulfill DOJ official duties, disclosure of such information to anyone, including to family members, friends, or even colleagues, is prohibited and could lead to disciplinary action. Unauthorized disclosures of sensitive personal or proprietary information could lead to criminal prosecution or administrative action.

[updated April 2018]

### 1.7.110 – Unauthorized Disclosures of Classified Information

Only DOJ personnel with the appropriate security clearance and a specific need to know should have access to classified information. Those with access must take every precaution to ensure that such information is safeguarded.

It is against the law to disclose classified information to someone not authorized to receive it. Deliberate unauthorized disclosures of classified information, which can endanger national security and undermine DOJ's law enforcement and intelligence work, will be prosecuted to the fullest extent of the law. DOJ will also pursue all available administrative remedies, including revocation of a security clearance or disciplinary action up to termination of employment.

[updated April 2018]

### 1-7.120 - Whistleblower Protections

DOJ personnel may report to their management or to the Office of the Inspector General (OIG) any concerns they have with government policies or actions. It is illegal under 5 U.S.C. § 2302 for a Department employee to "take or fail to take, or to threaten to take or fail to take," a personnel action against a Department employee or applicant in reprisal for making a protected disclosure involving (1) any violation of any law, rule or regulation, (2) gross mismanagement, (3) a gross waste of funds, (4) an abuse of authority, or (5) a substantial danger to public health or safety, or for cooperating with or disclosing information to the OIG or the U.S. Office of Special Counsel.

Nothing in this Policy is intended to conflict with or limit whistleblower protections, such as those provided in 5 U.S.C. §§ 2302-2303 and applicable regulations. Rather, the provisions of this Policy "are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this [Policy] and are controlling." 5 U.S.C. § 2302(b)(13).

For more information on whistleblower rights and protections, see the Whistleblower Protection page on OIG's website at https://oig.justice.gov/hotline/whistleblower-protection.htm.

[updated April 2018]

### 1-7.200 - Designation of Media Representative

Each United States Attorney's Office and DOJ component field office shall designate at least one person to act as a point of contact on matters pertaining to the media. The DOJ Office of Public Affairs (OPA) shall designate a media point of contact for Main Justice components.

[updated April 2018]

### 1-7.210 - Reporting Media Contacts

DOJ personnel must report to their designated media representative any contact with a member of the media about a DOJ matter. DOJ components may, as they deem appropriate, exclude from this requirement the ministerial confirmation of matters of public record, such as the spelling of a charged defendant's name or the date of the next court hearing. If the contact concerns suspected classified or grand jury subject matter, DOJ personnel must immediately notify a supervisor.

[updated April 2018]

## 1-7.300 - Department of Justice Components

Public affairs officers at the headquarters level of DOJ components are responsible for coordinating news media contacts with the Director of OPA.

[updated April 2018]

## 1-7.310 - United States Attorneys

Each of the 93 United States Attorneys will exercise discretion and sound judgment, consistent with this Policy, as to matters affecting their own district, but must coordinate their news media contacts with OPA in cases that transcend their district or are of national importance. The United States Attorney has responsibility for all matters involving the local media.

[updated April 2018]

## 1-7.400 - Disclosure of Information Concerning Ongoing Criminal, Civil, or Administrative Investigations

A. Any communication by DOJ personnel with a member of the media relating to a pending investigation or case must be approved in advance by the appropriate United States Attorney or Assistant Attorney General, except in emergency circumstances. For administrative investigations not overseen by a U.S. Attorney or Assistant Attorney General, approval must be obtained from the Assistant Attorney General for Administration. Where the investigation is being handled by the Office of the Inspector General, approval must come from the Inspector General.

B. DOJ generally will not confirm the existence of or otherwise comment about ongoing investigations. Except as provided in subparagraph C of this section, DOJ personnel shall not respond to questions about the existence of an ongoing investigation or comment on its nature or progress before charges are publicly filed.

C. When the community needs to be reassured that the appropriate law enforcement agency is investigating a matter, or where release of information is necessary to protect the public safety, comments about or confirmation of an ongoing investigation may be necessary, subject to the approval requirement in subparagraph A.

[updated April 2018]

## 1-7.410 - Comments on Requests for Investigations

Individuals, groups, and organizations occasionally send letters requesting that a person or entity be investigated for violations of law. Sometimes, the requestor then publicizes the request.

Receipt of a request to open an investigation may be publicly acknowledged, but care should be taken to avoid implying that the referral will lead to an investigation. There is a distinction between reviewing a request and opening an investigation.

Any acknowledgment, which must be approved by the appropriate United States Attorney or Assistant Attorney General, should state that such requests are referred to the proper investigative agency for review, that all allegations are reviewed in light of the Principles of Federal Prosecution (see JM 9-27.000), and that DOJ ordinarily does not confirm or deny the existence of an investigation.

The same considerations apply if there is an investigation already underway.

[updated April 2018]

## 1-7.500 - Release of Information in Criminal, Civil, and Administrative Matters—Disclosable Information

Subject to limitations imposed by law or court rule or order, and consistent with the provisions of this Policy, DOJ personnel may make public the following information in any criminal case in which charges have been brought:

   A. The defendant's name, age, residence, employment, marital status, and similar background information;

   B. The substance of the charge, as contained in the complaint, indictment, information, or other public documents;

   C. The identity of the investigating or arresting agency and the length and scope of the investigation; and

   D. The circumstances immediately surrounding an arrest, including the time and place of arrest, resistance, pursuit, possession and use of weapons, and a description of physical items seized during the arrest.

   A news release issued before a finding of guilt should state that the charge is merely an accusation, and the defendant is presumed innocent until proven guilty.

   In civil and administrative cases, subject to limitations imposed by law or court rule or order, and consistent with the provisions of this Policy, DOJ personnel may release similar identification material regarding parties and the concerned government agency or program, along with a summary of the claim and an explanation of the government's interest.

   The public policy significance of a case may be discussed by the appropriate United States Attorney or Assistant Attorney General when doing so would further law enforcement goals.

[updated April 2018]

## 1-7.510 - Disclosure of Information Concerning Person's Prior Criminal Record

During an investigation or before trial, DOJ personnel generally may not provide to the media any information concerning a person's prior criminal record. When a prior conviction is an element of the current charge, such as in the case of a felon in possession of a firearm, DOJ personnel may confirm the identity of the defendant and the general nature of the prior charge if such information is part of the public record in the case.

[updated April 2018]

## 1-7.600 - Release of Information in Criminal,Civil, and Administrative Matters—Non-Disclosure

DOJ personnel shall not make any statement or disclose any information that reasonably could have a substantial likelihood of materially prejudicing an adjudicative proceeding.

[updated April 2018]

## 1-7.610 - Concerns of Prejudice

Because the release of certain types of information could prejudice an adjudicative proceeding, DOJ personnel should refrain from disclosing the following, except as appropriate in the proceeding or in an announcement after a finding of guilt:

   A. Observations about a defendant's or party's character;

   B. Statements, admissions, confessions, or alibis attributable to a defendant or party, or the refusal or failure of the accused to make a statement;

   C. Reference to investigative procedures, such as fingerprints, polygraph examinations, ballistic tests, or forensic services, including DNA testing, or to the refusal by the defendant to submit to such tests or examinations;

   D. Statements concerning the identity, testimony, or credibility of prospective witnesses;

   E. Statements concerning anticipated evidence or argument in the case; and

   F. Any opinion as to the defendant's guilt, or the possibility of a plea of guilty to the offense charged, or the possibility of a plea to a lesser offense.

   DOJ personnel should not encourage or assist news media in photographing or televising a person held in custody. DOJ personnel should not voluntarily disclose a photograph of a defendant unless it serves a law enforcement function or unless the photograph is already part of the public record in the case.

[updated April 2018]

## 1-7.700 - Guidance for Media Contacts

   A. Press conferences should be held only for significant newsworthy actions, or if an important law enforcement purpose would be served. Before holding a press conference or making comments on a pending investigation regarding another DOJ component, the U.S. Attorney or Assistant Attorney General shall coordinate any comments, including written statements, with the affected component.

   B. There are circumstances when media contact may be appropriate after indictment or other formal charge, but before conviction. In such cases, communications with the media should be limited to the information contained in publicly available material, such as an indictment or other public pleadings.

   C. DOJ personnel must avoid making public statements that violate DOJ guidelines, regulations, or legal requirements, including those imposed by case law, applicable bar policies, and local court rules.

   D. In juvenile proceedings, special rules apply and should be followed to ensure that the identity of a minor is not revealed. See JM 9-8.000, et al.

   E. In cases where the IRS has provided information to DOJ, care should be taken to comply with applicable statutory disclosure provisions, including 26 U.S.C. § 6103. When communicating with the media, DOJ personnel should attribute the immediate sourcing of information to the public record of the judicial proceeding. No information should be provided from IRS materials, even if those materials are located in DOJ files.

   F. In clemency matters, DOJ acts both as prosecutor and as advisor to the President. Any communications concerning clemency should be approved by OPA and the Deputy Attorney General to ensure that there is no infringement upon the President's prerogative in exercising his clemency powers.

[updated April 2018]

### 1-7.710 - Assisting the News Media

A. DOJ personnel shall not prevent lawful efforts by the news media to record or report about a matter, unless by reason of a court order. DOJ personnel may enforce access restrictions that apply to all persons, such as a crime scene perimeter.

B. In order to promote the aims of law enforcement, including the deterrence of criminal conduct and the enhancement of public confidence, DOJ personnel, with the prior approval of the appropriate United States Attorney or Assistant Attorney General, may assist the news media in recording or reporting on a law enforcement activity. The United States Attorney or Assistant Attorney General shall consider, among other things, whether such assistance would:
   1. Unreasonably endanger any individual;
   2. Prejudice the rights of any person; or
   3. Be otherwise proscribed by law.
C. In cases where a search warrant or arrest warrant is to be executed, no advance information will be provided to the news media without the express approval of the appropriate United States Attorney or Assistant Attorney General. This requirement also applies to operations in preparation for the execution of a warrant.

[updated April 2018]

### 1-7.800 - Freedom of Information (FOIA)

Nothing contained in this Policy is intended to control access to DOJ records under the Freedom of Information Act (FOIA).

[updated April 2018]

### 1-7.900 - Office of the Inspector General

A. Consistent with the independence of its operations under the Inspector General Act of 1978, OIG is exempt from the requirements of this Chapter regarding media contacts and approvals. OIG should, however, timely inform the Attorney General, or the Deputy Attorney General upon delegation, about any significant media issues in matters handled by OIG.

[updated April 2018]

‹ 1-6.000 - DOJ Personnel As Witnesses        up        1-8.000 - Congressional and White House Relations ›