# EXHIBIT 313

1          UNITED STATES DISTRICT COURT FOR THE

2               SOUTHERN DISTRICT OF NEW YORK

3            CASE NUMBER:  22-CV-10904-JSR

4                  ACTION FOR DAMAGES

5
   GOVERNMENT OF THE UNITED STATES      )
6  VIRGIN ISLANDS,                      )
                                        )
7                        Plaintiff,  )
                                        )
8  VS.                                  )
                                        )
9  JP MORGAN CHASE BANK, N.A.,          )
                                        )
10                       Defendant. )
                                        )
11 ------------------------------------

12

13

14

15          VIDEO RECORDED DEPOSITION OF

16                 VINCENT FRAZER

17            THURSDAY, JULY 13, 2023

18

19

20
   REPORTED BY:
21
   DENISE D. HARPER-FORDE
22 Certified Shorthand Reporter (CSR)
   Certified RealTime Reporter (CRR)
23 Certified LiveNote Reporter (CLR)
   Registered Professional Reporter (RPR)
24 Notary Public (FLORIDA)

25



```
 1   is our counterproposal."
 2            Do you see that?
 3        A.  Yes.
 4        Q.  Was it important from your
 5   perspective to try to reach some kind
 6   of agreement on a proposal with
 7   counsel for Mr. Epstein?
 8            ATTORNEY ACKERMAN:  Objection
 9   to form.
10            THE WITNESS:  It was no less
11   important as how -- consideration we
12   would give to any citizen that has an
13   interest in pending legislation that
14   we may be willing to hear from them.
15            (BY ATTORNEY NEIMAN):
16        Q.  Uh-huh.  So it's normal in
17   your practice when you're considering
18   criminal justice regulation to make
19   sure it's agreeable to the prospective
20   offenders that the legislation --
21        A.  We have had --
22        Q.  -- will regulate -- to the
23   prospective offenders that the
24   legislation will regulate?
25            ATTORNEY ACKERMAN:  Objection
```



1   to form.

2             THE WITNESS:  We have had --

3   I've had -- my experience, several

4   times, in maybe legislation that is

5   pending that we receive commends and

6   concerns from defense counsel, whether

7   it be private counsel or the Public

8   Defender's Office, and we give some

9   consideration to what they may be

10  requesting.

11            It doesn't mean we would agree

12  them and put what they want in it.

13  But if we feel that it does not

14  obstruct the objective and efficacy of

15  the legislation, we would engage in

16  that discussion.

17            (BY ATTORNEY NEIMAN):

18      Q.  So you're saying it would be

19  typical for you to share back and

20  forth drafts and see if you can reach

21  agreement with the offenders on

22  whether they like the legislation

23  you're proposing?

24            ATTORNEY ACKERMAN:  Objection

25  to form.



```
 1              THE WITNESS:  That's not what
 2   I said.
 3              (BY ATTORNEY NEIMAN):
 4        Q.  Okay.  Would you agree that
 5   that's what happened here?
 6        A.  No.
 7              ATTORNEY ACKERMAN:  Objection
 8   to form.
 9              (BY ATTORNEY NEIMAN):
10        Q.  There wasn't a back and forth
11   with counsel for the offender?
12              ATTORNEY ACKERMAN:  Objection
13   to form.
14              (BY ATTORNEY NEIMAN):
15        Q.  You can answer.
16        A.  I had discussions back and
17   forth with legal counsel.
18        Q.  For the offender?
19        A.  Maria -- Maria Hodge represent
20   a whole lot of different people.  When
21   I speak to Maria -- when I speak to
22   Maria Hodge in -- in this exchange on
23   this, I am extending a courtesy to a
24   member of the Virgin Islands bar in
25   trying to craft a legislation that
```



 1   affects the -- the whole Virgin

 2   Islands, everyone in the Virgin

 3   Islands.

 4            So that's who I'm negotiating

 5   with.  I'm not negotiating with

 6   Epstein.  I don't have anything with

 7   Epstein.  I wasn't -- I had the

 8   exchange and proposals with Attorney

 9   Hodge --

10        Q.  All right.

11        A.  -- who at the same time had, I

12   think from -- from what you show from

13   Exhibit 12 -- well, I'm sorry, one of

14   the exhibits, was having -- was

15   making -- submitting her proposal to

16   the legislature as well.  So the

17   passage of the law, I mean, it comes

18   from many different sources.

19        Q.  Yeah.  Did you think Ms. Hodge

20   was working for anybody other than

21   Mr. Epstein?

22        A.  I had an exchange with

23   Attorney Maria Hodge as a respected

24   member of the Virgin Islands bar.  And

25   regardless of who she's working for, I



1   will give her the same respect.

2        Q.   That's not what I asked you,

3   sir.

4        A.   Well, that's what I'm telling

5   you, that's how it is.

6        Q.   Did you --

7        A.   That's what -- but regardless

8   of who -- if Maria Hodge represents

9   someone who is a murderer --

10        Q.   Uh-huh.

11        A.   -- and there is a legislation

12   that is -- that is going through that

13   she has an interest that may have an

14   impact with her client, I will engage

15   in a discussion with her with regard

16   to the law, a proposed law, as a

17   courtesy and respect to her as a

18   respected member of the bar.

19        Q.   So I'm going to resist the

20   urge here.  I'll ask you a different

21   question.  Let me just make sure I

22   understand who you thought Ms. Hodge

23   represented in the time that you were

24   having this dialogue.  Am I correct

25   that you understood that Ms. Hodge

