# EXHIBIT 272
# FILED UNDER SEAL

| | |
|---|---|
| Date: | Monday, June 25 2012 02:53 PM |
| Subject: | Fwd: Bill 29-0239 |
| From: | Jeffrey Epstein <jeevacation@gmail.com> |
| To: | Cecile de Jongh |
| Attachments: | Proposed Amendment to Bill No. 29-0239.docx |

---------- Forwarded message ----------
From: **maria@**  <maria@
Date: Mon, Jun 25, 2012 at 4:45 PM
Subject: Fwd: Bill 29-0239
To: jeevacation@gmail.com

Sent from my HTC on the Now Network from Sprint!

----- Forwarded message -----
From: "Monica Carbon" <MCarbon@doj.vi.gov>
Date: Mon, Jun 25, 2012 10:41 am
Subject: Bill 29-0239
To: "Maria Hodge"

Good Morning Attorney Hodge:

Attached is our counterproposal.

*Monica Williams Carbon, Esq.*

Counsel to the Attorney General

Department of Justice

34-38 Kronprindsens Gade

GERS Building, 2nd Floor

St. Thomas, V.I. 00802

(340) 774-5666

From: Maria Hodge [mailto:

CONFIDENTIAL

ESTATE_JPM025221

**Sent:** Friday, June 22, 2012 5:28 PM
**To:** Wayne Anderson; Monica Carbon
**Subject:** Bill 29-0239

Friends:

As I discussed briefly with Attorney Anderson a few minutes ago, I had been trying to reach Attorney Carbon but was unaware she was at the Bar conference today. In fact, in a phone call I received from the AG today -- with very bad reception -- we had discussed communicating with Attorney Carbon about this, and that is what I tried to do. (You will find my voice messages waiting for you). Because I had reached the end of the work day and felt I had to communicate with Senator Russell, who had offered the original legislation, I sent him an email with comments and a draft of a possible compromise about 15 minutes ago.

However, I would still like to discuss this with your office and hope to agree on the legislation.

For many reasons, I believe the current version of the amendment as offered (which I had originally requested -- and the AG had originally approved) is both more practical and fairer than the revised version the news reports indicate the AG proposed at the hearing. The original amendment provides for a practical system for supervising travel without imposing punitive restrictions on frequent travelers or those who may face an emergency that makes days of prior notice impractical.

The proposal by the AG, as I understand it, would create many complications and problems that I don't believe were fully considered. It is just impractical to give prior notice for short trips, such as short trips (shopping, family visits, etc.) to Puerto Rico or the BVI. Moreover, there must be some way to allow people who travel frequently for work or other legitimate purposes, such as those working on ferry boats, airlines, cargo vessels, etc., to maintain their employment without impossible procedural hurdles, such as notice every time they go to work. Those people would apparently have to give written notice every day in order to keep their jobs under the version of the amendment I understand was offered by the DOJ at your hearing, and obviously that is not fair or workable. In the amendment as originally proposed, these issues are addressed by eliminating notice for such short trips. Even for longer trips, extended notice provisions, such as those proposed by the Department of Justice, unfairly interfere with the need to remain flexible to accommodate changing schedules and unforeseen circumstances, such as flight delays, mechanical problems, and changes in meeting times and locations, that frequently arise in the normal course. A 72 hour notice provision, for example, would require a three day delay if inclement weather or mechanical problems create only a one day delay for a flight as to which 72 hours notice was already provided. The current amendment addresses this issue by requiring only 24 hours notice, which provides the DOJ with advance notice of travel while not unduly interfering with a person's right and indeed need to travel.

There also should be an exemption for emergencies, as there is in the current amendment. If someone has to go to a doctor, hospital, or has some other urgent reason to go off island, surely we do not intend to have them waiting 48 or 72 hours for their written notice to be effective before they may go.

Here, I should mention again that this approach is consistent with the SORNA regulations, which expressly contemplate an exemption from onerous prior notice requirements in emergency situations and for people with jobs that involve regular travel, such as truck drivers, etc. In fact, I understand it was readily acknowledged at the hearing, that notice under the new law is not

CONFIDENTIAL

ESTATE_JPM025222

meant to be a penalty, and the amendment as proposed is consistent with that, whereas it seems the revision is in conflict with it, For all these reasons and others, the current amendment provides a practical means of balancing notice when needed and the reasonable travel needs of all persons.

However, if your department still insists that some revision must be made to accommodate a preference for more notice, I attach a revision you could consider that would impose reduced notice requirements for offenders who travel outside the US frequently for business or other legitimate purposes, and who provide reliable proof to the DOJ of that. For this group of frequent travelers, this amendment would still require 24 hours written notice for travel of more than 48 hours, but not for shorter trips.

I believe the current amendment as originally offered creates the best balance of the interests of all involved and avoids the complications that would be created with the changes suggested by the Department of Justice. If, however, you feel some increase in notice is necessary, I ask that you consider the attached alternative language, rather than the far more onerous and unworkable proposal described in reports of the meeting. If you have any questions about this, please let me know. You can call me on my cell at ▮▮▮▮▮▮ if you wish, since I will probably leave for the evening shortly. I look forward to talking to you and hopefully to agreeing on a resolution of these concerns.

Sincerely, Maria

--

Maria Tankenson Hodge

Hodge & Francois



--
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may

constitute inside information, and is intended only for the use of the addressee. It is the property of
Jeffrey Epstein
Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to jeevacation@gmail.com, and destroy this communication and all copies thereof, including all attachments. copyright -all rights reserved

CONFIDENTIAL

ESTATE_JPM025224