# EXHIBIT 59



EXHIBIT 66
WIT: _Staley_
DATE: 6-11-23
C. Campbell, RDR CRR CSR #13921

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement is made this 24th day of February, 2022 by and between ███████ a/k/ ███████ "laimant") and the Co-Executors of the Estate of Jeffrey E. Epstein (the "Epstein Estate," and, together with Claimant, the "Parties").

WHEREAS, Claimant asserts she is a victim of sexual abuse and sex trafficking by Jeffrey E. Epstein and seven (7) corporate entities: Nine East 71st Street Corporation, Financial Trust Company, Inc., NES, LLC, Maple, Inc., LSJ, LLC, HBRK Associates, Inc., and JEGE, Inc. (the "Corporate Entities");

WHEREAS, Claimant acknowledges that she has not proven any of her allegations against the Corporate Entities and has agreed to dismiss her claims against them with prejudice without receiving any compensation from any of the Corporate Entities;

WHEREAS, Claimant has accepted a settlement amount of Six Million Dollars ($6,000,000) to be paid solely by the Epstein Estate (the "Settlement Amount") in exchange for this General Release and Settlement Agreement; and

WHEREAS, Claimant waives and releases certain individuals and entities from any and all claims or causes of action arising from Mr. Epstein's conduct.

NOW THEREFORE, Claimant, for and on behalf of herself and her heirs, devisees, legatees, distributees, executors, administrators, trustees, personal representatives, successors and assigns, for and in consideration of the Settlement Amount, the adequacy and sufficiency of which are hereby acknowledged, hereby releases and forever discharges the Co-Executors of the Estate of Jeffrey E. Epstein, the Co-Trustees of The 1953 Trust, the Epstein Estate, the Corporate Entities, any entities owned or controlled in whole or part by the Epstein Estate (the "Epstein Entities") and their respective current and former principals, officers, directors, stockholders, managers, members, partners, limited partners, trustees, beneficiaries, administrators, agents, employees, attorneys, predecessors, successors, assigns and affiliates, and any entities or individuals who are or have ever been engaged by (whether as independent contractors or otherwise), employed by, worked in any capacity for, or provided any services to the Epstein Estate (jointly and severally, the "Releasees"), from any and all claims, demands, actions, causes of action, suits, debts, dues, sums of money, accounts, variances, trespasses, damages and judgments, whether sounding in equity, tort, common law, contract, statute, regulation or otherwise and whether now existing, hereafter existing or revived in the future whatsoever in law, admiralty, equity or otherwise, including without limitation any and all claims or causes of action that arise or may arise from or which otherwise concern acts of sexual abuse or sex trafficking by Mr. Epstein (the "Claims") which against the Releasees, Claimant ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of this General Release and Settlement Agreement.

This General Release and Settlement Agreement is a broad release of any and all Claims of Claimant against any and all Releasees, including without limitation any and all causes of action, lawsuits, claims, demands, damages and liability whatsoever, and also including without limitation to the extent of their respective liability for the same, any and all such claims against any and all

Releasees as co-conspirators or for contribution as to any other person or persons who may be determined to have been joint tortfeasors arising out of or in any way related to any and all known and unknown personal injuries, and also including without limitation any derivative claims for loss of consortium, under any federal, state or local law, without limitation. This General Release and Settlement Agreement is all-encompassing and is specifically made and given on the premise that any and all Claims by Claimant are hereby released and extinguished, whether said Claims arose in Florida, New Mexico, New York, the United States Virgin Islands, France or any other country, state, territory, possession or jurisdiction, or otherwise.

This General Release and Settlement Agreement extends to released Claims that Claimant does not know or suspect to exist in her favor, which, if known by Claimant, would have materially affected her decision to enter into this General Release and Settlement Agreement, and Claimant understands and agrees that she is releasing any and all such unknown or unsuspected Claims in Releasees' favor. Claimant acknowledges that she is familiar with Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Claimant expressly waives and relinquishes any right or benefit that Claimant has or may have under Section 1542 of the California Civil Code and under any other statute or legal principle with similar effect. In connection with such waiver and relinquishment, Claimant acknowledges that she is aware that, after executing this General Release and Settlement Agreement, Claimant or Claimant's attorneys or agents may discover released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this General Release and Settlement Agreement, but that it is Claimant's intent hereby to fully, finally and forever settle and release all of the Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed. In furtherance of this intent, this General Release and Settlement Agreement be, and remain in effect as, a full and complete release of the Claims notwithstanding the discovery or existence of any such additional or different Claims or facts.

Claimant represents and acknowledges that she is voluntarily and freely granting this General Release and Settlement Agreement in exchange for payment of the Settlement Amount, and that she is legally competent to execute and deliver this General Release and Settlement Agreement. Claimant further represents that she is represented by legal counsel and has received legal advice prior to entering into this General Release and Settlement Agreement and that she has been advised by said attorney regarding the terms and conditions of this General Release and Settlement Agreement, which she has completely read and fully understands, including that accepting the Settlement Amount and signing this General Release and Settlement Agreement is a full and final compromise, adjustment and resolution of any and all Claims that Claimant may now have or ever will have against Releasees.

2

CONFIDENTIAL

JDoe_JPMC_000957

Neither Claimant nor the Epstein Estate shall make any disclosure about the Settlement Amount except: (i) to the United States Virgin Islands Attorney General in order to request the lien release for the Settlement Amount; (ii) in compliance with a lawful order or process of a court of competent jurisdiction or governmental agency (provided that Claimant shall promptly inform the Epstein Estate so it may seek a protective order or other appropriate relief); (iii) as may otherwise be required by law or regulation; or (iv) to the Parties' attorneys, accountants, banking representatives or advisors who have a need to know and are informed of and agree to comply with the confidentiality of this General Release and Settlement Agreement.

Neither this General Release and Settlement Agreement nor anything contained herein shall be construed as a Party's or Releasee's admission of liability or wrongdoing. Nor shall this General Release and Settlement Agreement be admissible in any proceeding as evidence of a Party's or Releasee's liability or wrongdoing. However, this General Release and Settlement Agreement may be introduced in any proceeding concerning or arising from it, including as evidence of liability or wrongdoing on the part of a Party alleged to have breached the terms hereof.

While the Parties do not believe there is any reasonable interpretation that this General Release could be construed to release James ("Jes") Staley, Leon Black, or their respective entity affiliations, for clarity, this General Release specifically does not include Jes Staley, Leon Black, or any company or entity with which either is or was affiliated, as a Releasee or released party under this Agreement. All Parties expressly acknowledge, agree, and understand that any and all claims that Releasor has or may have against Jes Staley, Leon Black, or their respective affiliated companies or entities are expressly preserved.

Claimant represents and warrants that she has not assigned any Claims released pursuant to this General Release.

Within seven (7) days of full execution of this Release, the Co-Executors will request that the lien on certain Epstein Estate account(s) be lifted in order to pay the Settlement Amount pursuant to this General Release and Settlement Agreement.

Promptly following the lifting of the aforementioned lien, the Co-Executors will pay the Settlement Amount by wire transfer or ACH payment made via the following instructions:

**Edwards Pottinger LLC Trust Account**
**Iberia Bank**
**1201 South Andrews Ave., Fort Lauderdale, FL 33316**
**Bank Routing Number** ▮
**Bank Account Number:** ▮

Claimant waives any and all claims against the Co-Executors and all other Releasees arising out of or otherwise concerning the payment of the Settlement Amount in accordance with the foregoing instructions.

Within seven (7) days of full execution of this Release, Claimant will dismiss with prejudice any and all legal actions -- whether lawsuits, probate claims or otherwise -- that Claimant has filed against any of Releasees, with each party to bear her, his or its own costs and attorneys' fees.

3

   JDoe_JPMC_000958

This General Release and Settlement Agreement contains the Parties' entire understanding concerning the subject matter hereof. Any and all prior negotiations and/or term sheets or the like, made orally or in writing, are hereby integrated into this General Release and Settlement Agreement.

Any modification of the terms of this General Release and Settlement Agreement shall be effective only if made in a writing executed by all Parties.

Execution of this General Release and Settlement Agreement by PDF, copy, facsimile or otherwise is equivalent and with the full force and effect of an original.

**IN WITNESS WHEREOF**, Claimant has executed this General Release and Settlement Agreement on the date below her signature.

Date:   February 24, 2022

Reviewed and approved:

Type (or print) Name of Claimant

Attorney for Claimant:

Type (or print) Name of Attorney: Bradley J. Edwards

Signature:

4

CONFIDENTIAL

JDoe_JPMC_000959

IN WITNESS WHEREOF, the Co-Executors of the Estate of Jeffrey E. Epstein have executed this General Release and Settlement Agreement on the date below their respective signatures.


By: _____          By: _____
Darren K. Indyke, Co-Executor of the      Richard D. Kahn, Co-Executor of the
Estate of Jeffrey E. Epstein               Estate of Jeffrey E. Epstein

Date: 3/1/22                            Date: 2-25-2022

5

CONFIDENTIAL

JDoe_JPMC_000960