# EXHIBIT 60



## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement is made this 28th day of April, 2022 by and among ▅▅▅▅▅▅▅▅▅▅ ("Claimant") and the Co-Executors of the Estate of Jeffrey E. Epstein (the "Epstein ▅▅▅▅▅▅▅▅▅▅ together with Claimant, the "Parties").

**WHEREAS**, Claimant asserts she is a victim of sexual abuse and sex trafficking by Jeffrey E. Epstein;

**WHEREAS**, Claimant has accepted a settlement amount of Seven Million Four Hundred Thousand Dollars ($7,400,000) to be paid solely by the Epstein Estate (the "Settlement Amount") in exchange for this General Release and Settlement Agreement; and

**WHEREAS**, Claimant waives and releases certain individuals and entities from any and all claims or causes of action arising from Mr. Epstein's conduct.

**NOW THEREFORE**, Claimant, for and on behalf of herself and her heirs, devisees, legatees, distributees, executors, administrators, trustees, personal representatives, successors and assigns, for and in consideration of the Settlement Amount, the adequacy and sufficiency of which are hereby acknowledged, hereby releases and forever discharges the Co-Executors of the Estate of Jeffrey E. Epstein, in both their capacity as Co-Executors and individually, the Co-Trustees of The 1953 Trust, the Epstein Estate, any entities owned or controlled in whole or part by Jeffrey Epstein or the the Epstein Estate (the "Epstein Entities") and their respective current and former principals, officers, directors, stockholders, managers, members, partners, limited partners, trustees, beneficiaries, administrators, agents, employees, attorneys, predecessors, successors, assigns and affiliates, and any entities or individuals who are or have ever been engaged by (whether as independent contractors or otherwise), employed by, or worked in any capacity for Jeffrey E. Epstein and/or the Epstein Estate (jointly and severally, the "Releasees"), from any and all claims, demands, actions, causes of action, suits, debts, dues, sums of money, accounts, variances, trespasses, damages and judgments, whether sounding in equity, tort, common law, contract, statute, regulation or otherwise and whether now existing, hereafter existing or revived in the future whatsoever in law, admiralty, equity or otherwise, including without limitation any and all claims or causes of action that arise or may arise from or which otherwise concern acts of sexual abuse or sex trafficking by Mr. Epstein (the "Claims") which against the Releasees, Claimant ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of this General Release and Settlement Agreement.

This General Release and Settlement Agreement is a broad release of any and all Claims of Claimant against any and all Releasees, including without limitation any and all causes of action, lawsuits, claims, demands, damages and liability whatsoever, and also including without limitation to the extent of their respective liability for the same, any and all such claims against any and all Releasees as co-conspirators or for contribution as to any other person or persons who may be determined to have been joint tortfeasors arising out of or in any way related to any and all known and unknown personal injuries, and also including without limitation any derivative claims for loss of consortium, under any federal, state or local law, without limitation. This General Release and Settlement Agreement is all-encompassing and is specifically made and given on the premise that

any and all Claims by Claimant against Releasees are hereby released and extinguished, whether said Claims arose in Florida, New Mexico, New York, the United States Virgin Islands, France or any other country, state, territory, possession or jurisdiction, or otherwise.

This General Release and Settlement Agreement extends to released Claims that Claimant does not know or suspect to exist in her favor, which, if known by Claimant, would have materially affected her decision to enter into this General Release and Settlement Agreement, and Claimant understands and agrees that she is releasing any and all such unknown or unsuspected Claims in Releasees' favor. Claimant acknowledges that she is familiar with Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Claimant expressly waives and relinquishes any right or benefit that Claimant has or may have under Section 1542 of the California Civil Code and under any other statute or legal principle with similar effect. In connection with such waiver and relinquishment, Claimant acknowledges that she is aware that, after executing this General Release and Settlement Agreement, Claimant or Claimant's attorneys or agents may discover released Claims or facts in addition to, or different from, those which they now know or believe to exist with respect to the subject matter of this General Release and Settlement Agreement, but that it is Claimant's intent hereby to fully, finally and forever settle and release all of the Claims, whether known or unknown, suspected or unsuspected, which now exist, may exist, or heretofore may have existed. In furtherance of this intent, this General Release and Settlement Agreement be, and remain in effect as, a full and complete release of the Claims notwithstanding the discovery or existence of any such additional or different Claims or facts.

Claimant represents and acknowledges that she is voluntarily and freely granting this General Release and Settlement Agreement in exchange for payment of the Settlement Amount, and that she is legally competent to execute and deliver this General Release and Settlement Agreement. Claimant further represents that she is represented by legal counsel and has received legal advice prior to entering into this General Release and Settlement Agreement and that she has been advised by said attorney regarding the terms and conditions of this General Release and Settlement Agreement, which she has completely read and fully understands, including that accepting the Settlement Amount and signing this General Release and Settlement Agreement is a full and final compromise, adjustment and resolution of any and all Claims that Claimant may now have or ever will have against Releasees.

Neither Claimant nor the Epstein Estate shall make any disclosure of this General Release and Settlement Agreement or any correspondence precedent to this General Release and Settlement Agreement, or provide an original or copy of all or any portion hereof to anyone else, except: (i) to the United States Virgin Islands Attorney General in order to request the lien release

CONFIDENTIAL

JDoe_DBAG_009964

for the Settlement Amount; (ii) in compliance with a lawful order or process of a court of competent jurisdiction or governmental agency (provided that Claimant shall promptly inform the Epstein Estate so it may seek a protective order or other appropriate relief); (iii) as may otherwise be required by law or regulation; (iv) to Claimant's attorneys, accountants, banking representatives or advisors who have a need to know and are informed of and agree to comply with the confidentiality of this General Release and Settlement Agreement; (v) with the written consent of the other party; or (vi) to the extent that, in the opinion of counsel, disclosure is required to enforce this General Release and Settlement Agreement or in response or rebuttal to a previous breach by the other party. Should Claimant or the Epstein Estate breach these provisions of this paragraph, such a breach shall not entitle the Epstein Estate to rescission or termination of this General Release and Settlement Agreement or any provision hereof. The remedy for breach of this section by either party shall be a claim by the non-breaching party for injunctive relief to prohibit any threatened or future breach and/or a claim for actual damages proven to have been caused by the disclosure

Neither this General Release and Settlement Agreement nor anything contained herein shall be construed as a Party's or Releasee's admission of liability or wrongdoing. Nor shall this General Release and Settlement Agreement be admissible in any proceeding as evidence of a Party's or Releasee's liability or wrongdoing. However, this General Release and Settlement Agreement may be introduced in any proceeding concerning or arising from it, including as evidence of liability or wrongdoing on the part of a Party alleged to have breached the terms hereof.

While the Parties do not believe there is any reasonable interpretation that this General Release could be construed to release James ("Jes") Staley, Leon Black, or their respective entity affiliations, for clarity, this General Release and Settlement Agreement specifically does not include Jes Staley, Leon Black, or any company or entity which either is or was beneficially owned or controlled by Jes Staley or Leon Black, as a Releasee or released party under this General Release and Settlement Agreement. All Parties expressly acknowledge, agree, and understand that any and all claims that Claimant has or may have against Jes Staley, Leon Black, or any company or entity beneficially owned or controlled by Jess Staley or Leon Black, are expressly preserved

Claimant represents and warrants that she has not assigned any Claims released pursuant to this General Release and Settlement Agreement.

Within seven (7) days of full execution of this General Release and Settlement Agreement, the Co-Executors will request that the lien on certain Epstein Estate account(s) and/or assets be lifted in order to pay the Settlement Amount pursuant to this General Release and Settlement Agreement.

Within fifteen (15) days of the lifting of the aforementioned lien, the Epstein Estate will pay the Settlement Amount by wire transfer or ACH payment using the following instructions:

3

CONFIDENTIAL

JDoe_DBAG_009965

Edwards Pottinger LLC Trust Account
Iberia Bank
1201 South Andrews Ave., Fort Lauderdale, FL 33316
Bank Routing Number: ███
Bank Account Number: ███

Claimant waives any and all claims against the Co-Executors and all other Releasees arising out of or otherwise concerning the payment of the Settlement Amount in accordance with the foregoing instructions.

This General Release and Settlement Agreement contains the Parties' entire understanding concerning the subject matter hereof. Any and all prior negotiations and/or term sheets or the like, made orally or in writing, are hereby integrated into this General Release and Settlement Agreement.

Any modification of the terms of this General Release and Settlement Agreement shall be effective only if made in a writing executed by all Parties.

Execution of this General Release and Settlement Agreement by PDF, copy, facsimile or otherwise is equivalent and with the full force and effect of an original.

**IN WITNESS WHEREOF**, Claimant has executed this General Release and Settlement Agreement on the date below her signature.

Date: _____

STATE OF ███ )
              ) ss.
COUNTY OF ███ )

The foregoing instrument was acknowledged before me this 20th day of April, 2022, by ███ who is personally known to me or who has produced State ID Card as identification and who did/did not take an oath.

NOTARY PUBLIC

ROBERT C REINHARD
My Commission Expires Jan. 31, 2024

Printed Name: Robert C. Reinhard
Commission Expires: 01/31/2024

4

CONFIDENTIAL                                           JDoe_DBAG_009966

REVIEWED AND APPROVED:

EDWARDS POTTINGER
425 N. Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301

_____
Bradley J. Edwards
*Counsel for Claiman[REDACTED]*

**IN WITNESS WHEREOF**, the Co-Executors of the Estate of Jeffrey E. Epstein have executed this General Release and Settlement Agreement on the date below their respective signatures.

By: _____  By: _____
Darren K. Indyke, Co-Executor of the      Richard D. Kahn, Co-Executor of the
Estate of Jeffrey E. Epstein              Estate of Jeffrey E. Epstein
Date: 5/3/2022                            Date: _____

CONFIDENTIAL                                                        JDoe_DBAG_009967