

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**David I. Ackerman**
*Licensed in DC, NJ, NY*
direct: 202-849-4962
dackerman@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

March 12, 2024

**BY ECF**

Hon. Jed S. Rakoff
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

  Re: *Gov't of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, Case No. 1:22-cv-10904-JSR (S.D.N.Y.) – Opposition to New York Times Motion to Unseal

Dear Judge Rakoff:

I write on behalf of the Government of the Virgin Islands in opposition to the New York Times' Motion to Unseal Deposition Testimony.

The Government of the Virgin Islands is committed to protecting the rights of victims of human trafficking and other crimes. Survivors should be encouraged to come forward to report their crimes, and, as Virgin Islands law provides, "have a right to be treated with dignity and compassion." 34 V.I.C. § 203(a) (the "Victim's and Witness' Bill of Rights").

In this litigation, the Court permitted victims to proceed anonymously and entered a Protective Order that protected not only Defendant JPMorgan's financial information, but also "any information of a personal or intimate nature regarding any individual." Dkt. 15 at ¶ 2(e). Disclosure of this highly sensitive information punishes a victim who came forward to pursue claims on behalf of a class of trafficking victims and may deter victims from coming forward on behalf of themselves and others in the future.  The Virgin Islands thus joins the arguments presented by the Jane Doe Plaintiffs. Dkt. 353.

The Government writes separately, however, to address the New York Times' incorrect argument that "the public interest in disclosure is compelling" because "the government is a litigant." Dkt. 352 at 3. The documents the New York Times seeks to unseal relate solely to testimony of a Jane Doe plaintiff that was taken in the companion victims case and contain the victim's own re-telling of painful events involving private individuals.

The Government's identity as a litigant in this action has no bearing whatsoever on the request to unseal. The documents will not in any way, shape or form enable the public "to learn of, monitor, and respond to the actions of their representatives and their representative institutions." *U.S. v. Erie County,*



Hon Jed S. Rakoff
Re: Opposition to New York Times Motion to Unseal
March 12, 2024
Page 2

*N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014). The documents at issue in *Erie* were "compliance reports . . . measur[ing] Erie County's progress in improving the conditions of its prisons." *Id.* at 236. In contrast, the New York Times seeks to unseal excerpts from the deposition of a victim of sexual assault concerning her own tragic experiences. The rationale for disclosure in the *Erie* decision does not apply here.

The Court should not unseal the exhibits for all the reasons set forth in the Does' letter. But it certainly should not unseal the exhibits based upon the New York Times' incorrect assertion that such documents concern activities by government officials. They do not.

                                                                        Respectfully submitted,

                                                                        /s/ *David I. Ackerman*

                                                                        David I. Ackerman

cc:       Counsel of record (via ECF)