UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS | ) ) ) | Case Number: 22-cv-10904 |
| PLAINTIFF, | ) ) ) | **ACTION FOR DAMAGES** <br> <u>JURY TRIAL DEMANDED</u> |
| V. | ) ) | |
| JP MORGAN CHASE BANK, N.A. | ) ) | |
| DEFENDANT. | ) | |

## **PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without

        limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b.   previously nondisclosed confidential reporting to law enforcement agencies;

c.   previously nondisclosed material relating to ownership or control of any non-public company;

d.   previously nondisclosed business plans, product development information, or marketing plans;

e.   any information of a personal or intimate nature regarding any individual;

f.   any information maintained by JPMorgan Chase Bank, N.A. or its affiliates that is required to be kept confidential pursuant to the Bank Secrecy Act, 31 U.S.C. §§ 5311 to 5336, or its implementing regulations ("BSA") but for which the appropriate regulatory authority has authorized disclosure, including but not limited to the fact that no BSA information exists, ("BSA-Protected Information")[1] and any information that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations

---

[1] BSA-Protected Information maintained by other financial institutions are not within the scope of this Order and remain subject to the standard confidentiality requirements of the BSA and its implementing regulations.

2

concerning potential suspicious activity ("SAR-Related Information"), is not permitted to be produced unless authorized by the appropriate regulatory authority ("SAR-Protected Information");

g. any information that is confidential supervisory information ("CSI") of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency unless authorized by the appropriate regulatory authority ("CSI-Protected Information"); or

h. any other category of information hereinafter given confidential status by the Court.

3

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. For the avoidance of doubt, nothing herein is intended to prevent a party from designating the entirety of a given document as "Confidential" if the party reasonably believes the entire document falls within one or more of the categories in paragraph 2, above. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. If a party has disclosed such designated portion[s] of Discovery Material to anyone other than the individuals set forth in paragraph 5 below, that party shall make reasonable efforts to promptly retrieve such Discovery Material, and inform any recipient of the terms of the Order.

5. With the exception of the qualifications pertaining to BSA-Protected

Information, SAR-Protected Information and/or CSI-Protected Information in paragraph 6, no person subject to this Order other than the producing person shall disclose any of the Discovery Material, designated by the producing person as Confidential excluding any material containing BSA-Protected Information, SAR-Protected Information and/or CSI-Protected Information to any other person whomsoever, except to:

    a.    the parties to this action;

    b.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action (including but not limited to professional jury or trial consultants, mock jurors, and persons or entities providing litigation support services – such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or

                retrieving data in any form or medium – and their employees and subcontractors), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f.      any mediator or other dispute-resolution personnel, or any employee thereof, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto;

      g.     insurers, reinsurers, insurance adjusters, and/or third party administrators of insurance policies that do or may provide insurance coverage applicable to this action;

      h.     stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action; and

      i.      the Court and its support personnel.

6.    No person subject to this Order shall disclose any BSA-Protected Information, SAR-Protected Information, and/or CSI-Protected Information to any other person whomsoever, except to the following persons, consistent with any authorization received from the appropriate regulatory authority:

      a.     the Government of the U.S. Virgin Islands and its counsel and JPMorgan Chase and its counsel, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      b.     any witness employed or formerly employed by JPMorgan Chase who counsel for the Government of the U.S. Virgin Islands or

6

        JPMorgan Chase in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  c.    any person retained by the Government of the U.S. Virgin Islands or JPMorgan Chase to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  d.    stenographers engaged to transcribe depositions conducted in this action and videographers engaged to record depositions conducted in this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit hereto; and

  e.    the Court and its support personnel.

7.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been

8

designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, including any privilege or immunity from production associated with BSA, SAR-Related Information, and/or CSI ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or such other applicable protection with respect to the Inadvertently Disclosed Information and its subject matter. For avoidance of doubt, outside of authorization from an appropriate regulatory authority, the disclosure of BSA, SAR-Related Information and/or CSI shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or such other applicable protection with respect to such information.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. As with any information redacted or withheld, the receiving party may

move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. For the avoidance of doubt, counsel of record in this action shall be permitted to keep copies of filings and work product that incorporates any Confidential Discovery Material, so long as counsel continues to treat such Confidential Discovery Material in accordance with this Order.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Linda Singer
**LINDA SINGER**
Admitted *Pro Hac Vice*
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Tel: (202) 232-5504
lsinger@motleyrice.com

Dated: January 9, 2023

/s/ Boyd Johnson
**WILMER CUTLER PICKERING**
   **HALE AND DORR LLP**
Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

Dated: January 9, 2023

**SO ORDERED**.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
1-10-23

11