UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

GOVERNMENT OF THE UNITED  :
STATES VIRGIN ISLANDS,    :
                Plaintiff,  :
                              :
     -against-         :
                              :
JP MORGAN CHASE BANK, N.A.,  :
                              :  Case No. 22-cv-10904 (JSR)
                Defendant.  :
                              :
----------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE AND DISCLOSE THE FILINGS TO THE LITIGANTS AND COUNSEL IN THE RELATED ACTION OF DOE V. USVI, ET AL, 23-CV-10301-AS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................................3

UNDERLYING FACTS........................................................................................................................3

ARGUMENT..........................................................................................................................................5

PROPOSED INTERVENORS ARE ENTITLED TO ACCESS TO THE CONFIDENTIAL
FILINGS PURSUANT TO THE PROTECTIVE ORDER. ............................................................5

  A. Proposed Intervenors May Intervene. ......................................................................5

  B. The Doe Plaintiffs Here Have The Same Interests As The Doe Plaintiffs In The Action Before This Court And Should Not Be Prevented From Using Discovery In This Case To Prosecute Their Claims In Their Recent Action............6

  C. Plaintiffs Do Not Seek To Disturb The Protective Order As The USVI Was A Party To The Within Action And Many Defendants In The Proposed Intervenors Case Or Nonparty Witnesses In The Within Matter. .............................7

CONCLUSION ......................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT & T Corp. v. Sprint Corp.*,
   407 F.3d 560 (2d Cir. 2005) ................................................................................................... 3
*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
   146 F.3d 1042 (D.C. Cir. 1998) .............................................................................................. 3
*NML Capital, Ltd. v. Republic of Arg.*,
   No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 173780 (D. Nev. Dec. 12, 2014) ............. 3

**Rules**

Fed. R. Civ. P. 24(b)(2) .................................................................................................................. 3
Rule 24(b) ...................................................................................................................................... 3

## PRELIMINARY STATEMENT

Proposed Intervenors seek an Order granting them access to the unredacted filings in this action to the parties and their counsel in accordance with the same Protective Order entered in this action. A copy of the Proposed Protective Order is submitted as *Exhibit A*.

Proposed Intervenors are Plaintiffs, proceeding anonymously, in the action *Doe v. USVI, et al.*, Case Number 23–CV–10301 (S.D.N.Y.) ("the *Doe* action"). By the Class Action Complaint in the *Doe* action, Proposed Intervenors seek damages from the Defendants for their conspiracy with Jeffrey Epstein and others and facilitation of the sex trafficking venture that was the subjection of this action. Proposed Intervenors were victims of that enterprise. Of note, the USVI is a Defendant in the *Doe* action and was the Plaintiff in this action.

## UNDERLYING FACTS

The Protective Order in this action permitted the parties to deem confidential "any information of a personal or intimate nature regarding any individual." The same Protective Order was entered in two other actions: *Doe v. Deutsche Bank Aktiengesellschaft*, 22-cv-10018-JSR, Document 41; *Doe 1 v. JP Morgan Chase & Co.*, 22-cv-10019-JSR Document 35. All three actions were consolidated before this Court for pretrial purposes. *Exhibit B*, Order in Doe 1 v. JP Morgan Chase & Co., 22-cv-10904-JSR, Document 5.

The Protective Order's broad and vague language resulted in the parties shielding the vast majority of discovery from public disclosure. Proposed Intervenors are now hamstrung by their ability to prosecute their claims against Defendants in the *Doe* action, including the USVI.

Indeed, those Defendants are capitalizing on the lack of available evidence in the public domain, as Plaintiffs have been served with Proposed Intervenors have been served with four motions to dismiss in the *Doe* action. There, the USVI and several other Defendants have insisted upon dismissal without the benefit of even jurisdictional discovery. *Doe v. USVI, et al.*, Case Number 23–CV–10301, Documents **31**, **68**, **72**, & **78**.

The USVI, which benefitted from the Protective Order in this action, is using it as both a sword and a shield. When it served the USVI's interest to consent to confidentiality, it did so in order to prosecute claims, ostensibly on behalf of the victims of the sex trafficking venture. In the *Doe* action, the USVI is now using it as a shield, by moving to dismiss on grounds including a failure to plead with specificity. It is the height of hypocrisy for the USVI to use the Protective Order to prevent the victims that gave the USVI standing to sue JP Morgan and others from accessing evidence supporting their claims. Even a cursory review of the redactions on the docket reveals that the redactions pertained to the privacy of many of the Defendants in this action -- the government officials who benefited from the sex trafficking scheme.

It would also rub salt in the wounds of the real victims of the sex trafficking scheme -- Proposed Intervenors – to bar them from the evidence needed to prosecute their claims against the other conspirators in the scheme.

The right to anonymity of the Doe Plaintiffs in the consolidated actions before this Court would not be impacted by the grant of this relief. For example, one of the Plaintiffs in that case, Doe 1, opposed the New York Times recent application to unseal the entirety of the file for public view, but that position is not incompatible with Proposed Intervenors' position in this case -- to maintain the confidentiality of the documents by limiting disclosure to the parties and their counsel in *Doe v. USVI*.

Plaintiffs have a unique and urgent need to review these documents. They are entitled to access.

# ARGUMENT

## PROPOSED INTERVENORS ARE ENTITLED TO ACCESS TO THE CONFIDENTIAL FILINGS PURSUANT TO THE PROTECTIVE ORDER.

### A. Proposed Intervenors May Intervene.

Under Rule 24(b)(2), "[o]n timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2) (cleaned up). Permissive intervention is permitted where, as here, a member of the public seeks intervention to modify a Protective Order and inspect court documents. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order."); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases and stating, "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.").

Here, Proposed Intervenors are seeking access to all records in this action in order to prosecute their claims against Defendants in their action, subject to the same Protective Order that remains in effect in this case. To balance against the privacy interests of the parties in this action, Proposed Intervenors ask that disclosure be limited to litigants and their counsel in the *Doe* action only.

The motion is timely. "When a member of the public moves to intervene to unseal judicial records, the motion to intervene is timely as long as the documents remain under seal because sealing places the public's interest in open access in controversy." *NML Capital, Ltd. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 173780, at *11 (D. Nev. Dec. 12, 2014). Here, the action was resolved with the settlement so there are no ongoing or unknown concerns that may bar intervention in disclosure.

Given this tailored request, there is no proper basis to deny Proposed Intervenors access.

### B. The Doe Plaintiffs Here Have The Same Interests As The Doe Plaintiffs In The Action Before This Court And Should Not Be Prevented From Using Discovery In This Case To Prosecute Their Claims In Their Recent Action.

Recently, the New York Times moved for an unsealing of the entire action before this Court. In opposition, Doe 1 argued that victims of sexual crimes are entitled to anonymity:

> As the victim of rampant, horrific sexual abuse that has changed the course of her life, Jane Doe 1 is entitled to the protection of her identity despite the presumption of public access. See, e.g., Kemp v. Noeth, No. 20-CV-9121 (RA)(SN), 2021 WL 1512712, at *2 (S.D.N.Y. Apr. 15, 2021) ("the privacy interest the Court must consider here—the identity of a sexual assault victim— is an important and recognized basis to limit public access to the documents in question"); Murphy v. Warden of Attica Corr. Facility, No. 20CV3076PAEJLC, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) ("Although a presumption in favor of public access exists, the basis for sealing the records at issue—protecting the identity of the sexual assault victim—provides a compelling Case 1:22-cv-10904-JSR Document 353 Filed 03/12/24 Page 2 of 5 3 reason to limit such access. Indeed, it is common for courts in this District to grant requests for sealing orders to protect a sexual assault victim's identity."); Giuffre v. Dershowitz, No. 15 CIV. 7433 (LAP), 2020 WL 5439623, at *2 (S.D.N.Y. Sept. 9, 2020) (finding that "the gravity of the privacy interests" of Epstein victims weighed heavily against public disclosure); Scott v. Graham, No. 16CV2372KPFJLC, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) ("Here, there is a compelling reason to limit the general public's access to the documents filed in this case: safeguarding the identity of a rape victim."); Kavanaugh v. Zwilling, 997 F. Supp. 2d 241, 256 (S.D.N.Y. 2014) (sealing records of decisions "as the decisions contain sensitive and personal information about the sexual abuse of minor"). 22-cv-10904-JSR, Document 353.

Proposed Intervenors agree that they are entitled to such anonymity. However, Proposed Intervenors' motion will not disturb the privacy of other victims, because they seek to maintain the confidentiality of the discovery and filings in this case in order to facilitate the prosecution against others who facilitated Epstein's crimes.

Proposed Intervenors are seeking essentially a *de facto* consolidation of their case with this case. As this Court will recall, this Court consolidated the within action with other actions brought by women who were victims, just as Proposed Intervenors were, of the sex trafficking venture. This Court therefore ordered:

> Barring any objection from plaintiff Government of the United States Virgin Islands, which must be made by joint telephone call to Chambers no later than

5:00 PM on January 4, 2023, this case is hereby consolidated for all pretrial purposes with *Doe v. Deutsche Bank*, 22- cv-10018 and *Doe v. JP Morgan Chase & Co.,* 22-cv-10019. . . . *Exhibit B*, [22-cv-10904-JSR, Document 5](22-cv-10904-JSR, Document 5).

### C. Plaintiffs Do Not Seek To Disturb The Protective Order As The USVI Was A Party To The Within Action And Many Defendants In The Proposed Intervenors Case Or Nonparty Witnesses In The Within Matter.

The USVI is in possession of all of the filings in this case and so can hardly oppose an order which places Proposed Intervenors on the same footing as them. Further, the remaining Defendants in the Proposed Intervenors' case were nonparty witnesses in this action. They have received the benefits of confidentiality and would continue to do so in this case.

## CONCLUSION

The privacy interests implicated by the Protective Order are not harmed or threatened by this application. This action arises out of the same events and is based on the actions of the same parties and nonparties with the exception of the witnesses from the banking industry who may be nonparties in this action. Notwithstanding, if the Protective Order is continued but expanded to apply to the parties in the *Doe v. USVI* action, the victims of the horrible crimes will be permitted to seek redress using hard-won discovery from the earlier actions.

Dated: April 3, 2024
New York, New York

Respectfully submitted,

**MERSON LAW PLLC**

By: /s/ Jordan Merson
Jordan Merson, Esq.
950 Third Avenue, 18th Floor
New York, NY 10022
Telephone: (212) 603-9100
Fax: (347)- 441-4171
JMerson@MersonLaw.Com
*Counsel for Proposed Intervenors*