## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>Defendant/Third-Party Plaintiff.<br>_____<br><br>JPMORGAN CHASE BANK, N.A.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JAMES EDWARD STALEY<br><br>Third-Party Defendant.<br>_____ | Case Number: 1:22-cv-10904-JSR |

**THE GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS'**
**OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE**

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................ 2

    I.    PROPOSED INTERVENORS MAY NOT INTERVENE IN ORDER TO CIRCUMVENT DISCOVERY IN THEIR COLLATERAL LITIGATION ................... 2

    II.    PROPOSED INTERVENORS HAVE NO RIGHT OF ACCESS TO DOCUMENTS NOT FILED ON THE PUBLIC DOCKET ................................................................. 3

    III.    PROPOSED INTERVENORS HAVE NO RIGHT OF ACCESS TO NON-PUBLIC MATERIALS OF THE ECONOMIC DEVELOPMENT COMMISSION .................... 4

CONCLUSION .................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Cases**

*AT&T Corp. v. Sprint Corp.*,
    407 F.3d 560 (2d Cir. 2005) ............................................................................................... 2, 3

*Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*,
    No. 13-CV-6397(KAM)(ST), 2019 WL 4805041 (E.D.N.Y. Sept. 30, 2019) ......................... 3

*S.E.C. v. TheStreet.com*,
    273 F.3d 222 (2d Cir. 2001) .................................................................................................. 4

*U.S. v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) .................................................................................................. 3

**Statutes**

3 V.I.C. § 881(g)(4) ...................................................................................................................... 5

3 V.I.C. § 881(g)(8) ...................................................................................................................... 5

Proposed Intervenors have asserted claims against the Government of the U.S. Virgin Islands and other individuals in a separate litigation, claiming that the Government and those other defendants participated in Epstein's scheme. *See Doe v. Gov't of the U.S. Virgin Islands*, No. 1:23-cv-10301-AS (S.D.N.Y.). Their claims are factually and legally baseless. Thus, Proposed Intervenors seek this Court's permission to access unfiled deposition transcripts and unspecified "sealed USVI emails and documents" in order to conduct a fishing expedition to salvage their meritless claims.

Discovery is not open in the Proposed Intervenors' separate action against the Government. On May 8, 2023, after all defendants in that case moved to dismiss their claims (largely on jurisdictional and substantive grounds), the Proposed Intervenors successfully sought leave to file a Second Amended Complaint. Motions to dismiss in that action are now due to be filed on June 3, 2024 and Judge Subramanian rescheduled any hearing on those motions to July 31, 2024. Importantly, in the same order granting the Proposed Intervenors' motion to amend their complaint, Judge Subramanian <u>denied</u> the Proposed Intervenors' request for jurisdictional discovery as premature. *See* Exh. A, attached hereto. Thus, the Proposed Intervenors may not serve discovery, jurisdictional or otherwise, in the action they filed.

The Court should not permit the Proposed Intervenors to circumvent Judge Subramanian's order and the discovery process as set forth in the Federal Rules of Civil Procedure by obtaining nonpublic discovery adduced in this action. As shown below, the Proposed Intervenors' arguments ignore binding precedent and claim rights of public access where none exist. Proposed Intervenors (represented by different counsel than represented the Does in this action) chose to file suit in a separate action. To the extent that action proceeds forward and discovery opens, they may seek discoverable information. But no rule or authority authorizes their attempt to obtain collateral

discovery by accessing nonpublic, unfiled deposition testimony and other documents properly shielded from public view. The Court should deny their Motion in its entirety.

## ARGUMENT

The Proposed Intervenors assert they seek "access to *all records* in this action in order to prosecute their claims against [the Government and other defendants] in" the Proposed Intervenors' separate action pending before Judge Subramanian. (Mot. at 3 (emphasis added).) Their argument fails on multiple levels. *First*, Second Circuit precedent (not addressed in their motion) confirms that intervention is not appropriate where a litigant seeks to obtain discovery to which it is not entitled in its separate litigation. *Second*, even if intervention were appropriate, the Proposed Intervenors have no right of access to discovery materials that were not filed on the public docket. *Third*, the few filed materials that the Government has not shared with the Proposed Intervenors are subject to statutory restrictions on disclosure.

## I. PROPOSED INTERVENORS MAY NOT INTERVENE IN ORDER TO CIRCUMVENT DISCOVERY IN THEIR COLLATERAL LITIGATION

Proposed Intervenors fail to address binding authority from the Second Circuit confirming they have no right to intervene where, as here, they are not entitled to discovery in their separate litigation brought against the Government. Although Proposed Intervenors cite *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560 (2d Cir. 2005), for the proposition that "permissive intervention is the proper method for a nonparty to seek a modification of a protective order,"[1] they fail to address the ultimate holding of that decision, which denied intervention in near identical circumstances. In *AT&T*, the Second Circuit confirmed the long-standing rule in this Circuit that "[o]nce a court enters a protective order and the parties rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling

---

[1] Motion at 3 (citing *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)).

2

need.'" 407 F.3d at 562 (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). The Second Circuit found there was no "extraordinary circumstance or compelling need" where the motion to intervene "appear[ed] to be an attempt to circumvent the close of discovery" in the proposed intervenor's separate action. *Id; see also Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*, No. 13-CV-6397(KAM)(ST), 2019 WL 4805041, at *3 (E.D.N.Y. Sept. 30, 2019) (denying motion to intervene to "seek access to deposition transcripts" because "obtain[ing] *additional* discovery in a collateral matter" did not "present[… a] compelling reason to disturb" a "resolved and closed action.") (emphasis in original).

Proposed Intervenors make no attempt to address this standard or distinguish the *AT&T* holding. They make no argument (nor could they) that the Protective Order was "improvidently granted." At most, they contend that obtaining complete transcripts of depositions that never appeared on the docket in this litigation is necessary "in order to prosecute their claims against" the Government. (Mot. at 3.)  However, on May 9, Judge Subramanian denied Proposed Intervenors' motion seeking jurisdictional discovery as premature. *See* Exh. A. Granting access to deposition transcripts in this matter and, as Proposed Intervenors request, permitting sharing with counsel who haven't even appeared in this action, would "circumvent" limitations on discovery in the suit against the Government, and therefore is impermissible. *AT&T*, 407 F.3d at 562.

## II. PROPOSED INTERVENORS HAVE NO RIGHT OF ACCESS TO DOCUMENTS NOT FILED ON THE PUBLIC DOCKET

There is no presumption of public access to "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery." *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Indeed, with respect to such documents, the Second Circuit has confirmed that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonable relied" because, among other

3

reasons, "[i]f protective orders were easily modified, … parties would be less forthcoming in giving testimony and less willing to settle their disputes." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). Thus, there exists a "strong presumption against public disclosure of pretrial discovery materials" subject to a protective order. *Id.* at 234.

Proposed Intervenors ignore this line of authority entirely, even though the Government has cited it to their counsel repeatedly in communications prior to their submission. Although they claim that the Proposed Intervenors "are entitled to access the documents requested from counsel for the USVI,"[2] they cite no authority from this circuit supporting such access (except *AT&T*, which, as noted above, confirms the opposite). Because they identify no right to access non-filed documents, the argument that the Government is using the protective order "as a shield" to avoid discovery is a non sequitur. In order for the Government to employ a "shield," Proposed Intervenors must demonstrate some right of access to the documents. They have no such right and the mere fact that they have initiated litigation against the Government does not somehow overcome the Second Circuit authority their surface-level analysis ignores.

### III. PROPOSED INTERVENORS HAVE NO RIGHT OF ACCESS TO NON-PUBLIC MATERIALS OF THE ECONOMIC DEVELOPMENT COMMISSION

Even if Proposed Intervenors were entitled to intervene to obtain access to filed materials, they have received all to which they would otherwise be entitled. Prior to their motion, the Government agreed to provide Proposed Intervenors with copies of several public documents filed under seal shortly before the case settled that were never unsealed. But the Government objected to providing copies of a select set of filed documents, largely consisting of non-public documents reflecting confidential deliberations and negotiations of the Virgin Islands Economic Development Commission in connection with the granting of tax benefits.

---

[2] Motion at 5.

Proposed Intervenors offer only the conclusory argument that the materials do not fall within the governing Virgin Islands statute. But even a cursory reading of the applicable provision demonstrates its applicability. Title 3, Section 881 of the Virgin Islands Code enumerates the documents that do and do not constitute public records. With respect to materials relating to economic benefits, the statute provides: "The following public records shall be kept confidential, unless otherwise ordered by a court . . . 8. Information regarding negotiations with a prospective beneficiary for investment incentive benefits." 3 V.I.C. § 881(g)(8). Each of the records of the Economic Development Commission relate to "negotiations with a prospective beneficiary." The hearing transcript cited is a meeting the Commission held in executive session in order to discuss a pending application for benefits. Similarly, the internal memorandum and application both constitute "information regarding negotiations with a prospective beneficiary," as they constitute materials created or prepared in connection with the decision to grant or deny such benefits.[3] Thus, Proposed Intervenors are not entitled to access these non-public materials.

## CONCLUSION

For the foregoing reasons, the Government of the U.S. Virgin Islands respectfully requests that the Court deny Proposed Intervenors' Motion to Intervene.

Dated: May 13, 2024                                   Respectfully submitted,

                                                        **IAN S.A. CLEMENT, ESQ.**
                                                        ACTING ATTORNEY GENERAL

                                            By: */s/ Venetia Harvey Velázquez*
                                                  Venetia H. Velázquez, Esq.
                                                  Chief, Civil Division

---

[3] The email chain from the files of the Department of Justice, which Proposed Intervenors do not separately address in their Motion, is protected from disclosure pursuant to 3 V.I.C. § 881(g)(4), as it constitutes work product of the Department "related to litigation or claim made … against a public body."

        Virgin Islands Department of Justice
        6151 Estate La Reine
        Kingshill, USVI 00850
        Tel: (340) 773-0295
        Email: venetia.velazquez@doj.vi.gov

        */s/ David I. Ackerman*
        Linda Singer (*pro hac vice*)
        David I. Ackerman
        MOTLEY RICE LLC
        401 9th Street NW, Suite 630
        Washington, DC  20004
        (202) 232-5504
        Email: lsinger@motleyrice.com
        Email: dackerman@motleyrice.com