UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GOVERNMENT OF THE UNITED STATES VIRGIN
ISLANDS,

               **22-cv-10904-JSR**

     Plaintiff,

  -against-

J.P. MORGAN CHASE BANK, N.A.,

     Defendant.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PROPOSED INTERVENORS'
MOTION TO INTERVENE AND DISCLOSE CERTAIN FILINGS TO THE LITIGANTS
AND COUNSEL IN THE RELATED ACTION OF DOE V. USVI, ET AL, 23-CV-10301-AS**

**MERSON LAW PLLC**
950 Third Avenue, 18th Floor
New York, NY  10022
Telephone: (212) 603-9100
Fax: (347)- 441-4171
JMerson@MersonLaw.Com
*Counsel for Proposed Intervenors*

**TABLE OF CONTENTS**

TABLE OF CONTENTS .............................................................................................. i

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 3

    A.       Proposed Intervenors' Motion Requested A Narrow List Of Documents From The USVI, Not All Unredacted Filings.................................................................. 3

    B.       The USVI Entered Into The Protective Order As *Parens Patriae* Of, *Inter Alia*, Proposed Intervenors.  Thus, Proposed Intervenors Are Not Seeking A True Modification Of A Protective Order, But Access To Documents That The USVI Possesses By Virtue Of Its *De Facto* Representation Of Proposed Intervenors. ....................................................... 4

    C.       The USVI Is Barred From Arguing That The Blanket Protective Order Was Relied Upon By Parties And Nonparties In Testimony, Having Taken The Opposite Position In Related Litigation. ................................................................................ 5

    D.       Plaintiffs Are Not Attempting To Circumvent Judge Subramanian's Order. Rather, They Are Attempting To Defeat The USVI's Contentions, In The Related Action, That Proposed Intervenors Lack Detailed Factual Allegations To Support Their Claims... 6

    E.       The USVI's Reliance On The VI Code Is A Red Harring Because The EDC Documents Would Be Produced Pursuant To The Protective Order................................. 8

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

19 CIV 3377(LAP),
   2021 WL 6052116 [SDNY Dec. 21, 2021] .................................................................... 8

*AT & T Corp. v Sprint Corp.,*
   407 F3d 560 [2d Cir 2005] ............................................................................................ 7

*Doe 1 v Deutsche Bank,*
   671 F Supp 3d 387 [S.D.N.Y. 2023] ............................................................................. 5

In re EPDM Antitrust Litig.,
   255 F.R.D. 308 (D. Conn. 2009) ................................................................................... 6

*In re Onteora Assoc.,*
   2011 WL 4790888 [Bankr N.D.N.Y. 2011] .................................................................. 5

*Lacewell v Off. of Comptroller of Currency,*
   999 F3d 130 [2d Cir 2021] ............................................................................................ 4

Nielsen C. (U.S.), LLC v. Success Systems, Inc.,
   112 F. Supp. 3d 83 (S.D.N.Y. 2015) ............................................................................ 6

*Table Bluff Rsrv. (Wiyot Tribe) v. Philip Morris, Inc.,*
   256 F.3d 879 (9th Cir. 2001) ........................................................................................ 4

**Statutes**

3 VIC 881(g)(4) and (8) ...................................................................................................... 9
3 VIC 881(g)(8) ................................................................................................................... 8
29 VIC 717 ........................................................................................................................... 8

**Other Authorities**

Margaret H. Lemos, *Aggregate Litigation Goes Public: Representative Suits by State Attorneys
   General,* 126 Harv. L. Rev. 486, 493, 498, 524 (2012) ............................................... 5

**PRELIMINARY STATEMENT**

Proposed Intervenors respectfully submit this Reply Memorandum of Law in further support of their request for an Order granting them access to the unredacted filings in this action to the parties and their counsel in accordance with the same Protective Order entered in this action. This reply is also submitted in response to the USVI's opposition.

Notably, the *Doe* Plaintiffs, J.P. Morgan, and Jess Staley do not oppose Proposed Intervenors' motion. It is therefore ironic that only the USVI opposes the motion, because the USVI appeared in this action as *parens patriae* of the Proposed Intervenors. If any party should have consented to disclosure to Proposed Intervenors, it should have been the USVI because it secured disclosure as the *de facto* representative of Proposed Intervenors. The USVI's sole resistance to disclosure belies the truth of Proposed Intervenors' claims

The USVI concedes, by its silence, that the application is timely and that Proposed Intervenors' claims arise out of the same transaction or circumstances that formed the basis for the within action.

It should be noted that, while the USVI represents and agreed to provide certain documents to Proposed Intervenors, same have yet to be provided.[1]

**ARGUMENT**

**A. Proposed Intervenors' Motion Requested A Narrow List Of Documents From The USVI, Not All Unredacted Filings.**

USVI, in an attempt to defeat the motion, mischaracterizes Proposed Intervenors' request. At pages 5-6 of Proposed Intervenors' Memorandum of Law, they requested that the USVI provide the deposition transcripts of the following witnesses:

Vincent Frazer; Stacey Plaskett; Cecile De Jongh; Kenneth Mapp; John De Jongh; Albert Bryan; Denise George; Margarita Benjamin; Sandra Bess; and Inais Borque.

---

[1] USVI's Memo of Law at 4.

3

Proposed Intervenors also requested unredacted versions of the following five documents:

(1) Modification Application for Economic Development for IGY-AYH ST. Thomas Holdings d/b/a American Yacht Harbor dated March 5, 2018, Ex. 87, numberVI-JPM-000006467; (2) USVI Economic Development Commission hearing transcript, dated June 17, 2009, in its entirety, Ex. 245, numberVI-JPM000021920; (3) Internal Memo of the USVI Economic Development Commission, generated in connection with consideration of an application for economic benefits, Ex. 259, numberVI-JPM000061108; (4) email chain from the files of the VI Department of Justice, Ex. 283, numberVI-JPM000087959; and (5) earlier email on the same chain at Ex. 304, numberVI-JPM000087870.

This list of documents was arrived at during the meet and confer.

Thus, Proposed Intervenors have endeavored, successfully, to narrow the pool of documents to those necessary to oppose the USVI's contentions -- that Plaintiff's lacks sufficient factual allegations to support their claims -- in the related litigation. They are not seeking all records in the action.[2]

**B. The USVI Entered Into The Protective Order As *Parens Patriae* Of, *Inter Alia*, Proposed Intervenors. Thus, Proposed Intervenors Are Not Seeking A True Modification Of A Protective Order, But Access To Documents That The USVI Possesses By Virtue Of Its *De Facto* Representation Of Proposed Intervenors.**

The USVI cannot credibly distance itself from Proposed Intervenors in order to contrive a basis for denying this motion following reasons:

First, in this lawsuit, the USVI cited its role as *parens patriae* "on behalf of [its] residents and *visitors*" for the injuries they suffered in the sex trafficking ring. S.D.N.Y. CM/ECF Complaint at para.82. *Lacewell v Off. of Comptroller of Currency*, 999 F3d 130, 142 [2d Cir 2021] ("*Table Bluff Rsrv. (Wiyot Tribe) v. Philip Morris, Inc.*, 256 F.3d 879, 885 (9th Cir. 2001) (holding that "[the sovereign] still must allege injury in fact to the citizens they purport to represent as

---

[2] *See also* Plaintiff's Memo of Law at 3 ("Here, Proposed Intervenors are seeking access to USVI witness deposition transcripts and sealed USVI emails and documents in order to prosecute their claims against Defendants in their action, subject to the same Protective Order that remains in effect in this case").

*parens patriae*").  Proposed Intervenors are those visitors who became victims. *Doe 1 v Deutsche Bank AG.*, 671 F Supp 3d 387, 402-03 [S.D.N.Y. 2023].  They are akin to USVI's clients, which is a factor that distinguishes this case from the USVI's other supporting authority. *See* Margaret H. Lemos, *Aggregate Litigation Goes Public: Representative Suits by State Attorneys General,* 126 Harv. L. Rev. 486, 493, 498, 524 (2012) ("[P]arens patriae and other public actions … share much in common with damages class actions.… Like class actions, representative suits by state attorneys general adjudicate the rights of individuals who play no direct role in the conduct of the case").

Second, Proposed Intervenors have agreed to abide by the same Protective Order behind which *only* the USVI seeks to hide.  So, it is incorrect for the USVI to contend that Proposed Intervenors seek to modify the Protective Order.[3]  How could the Protective Order be modified if it was entered into on behalf of an entity representing the victims and those victims are seeking access to the same documents?

**C.   The USVI Is Barred From Arguing That The Blanket Protective Order Was Relied Upon By Parties And Nonparties In Testimony, Having Taken The Opposite Position In Related Litigation.**

The USVI contends that "it is 'presumptively unfair for courts to modify protective orders'" because parties would be less forthcoming in giving testimony and less willing to settle their disputes.[4]  The USVI is barred, under the judicial estoppel doctrine, from taking this position. *In re Onteora Assoc.*, 09-63107, 2011 WL 4790888, at *5 [Bankr N.D.N.Y. 2011] (judicial estoppel precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed) (cleaned up).

---

[3] USVI's Memo of Law at 3-4.
[4] Proposed Intervenors' Memo of Law at 3-4.

The USVI moved to intervene in a similar case involving the Epstein sex trafficking scheme, in *Guiffre v. Maxwell*, and took the opposite position. There, the USVI argued that a blanket Protective Order does not offer parties the same right to privacy expectations, in complete contradiction to their statements here. In *Guiffre*, the USVI's sought to obtain documents sealed by a blanket protective order to aid the USVI in suing Epstein and his co-conspirators. There, the USVI argued that parties to a broad protective order did not have a basis for relying on them:

> First, the existing Protective Order (ECF No. 62) is a blanket Protective Order, not a targeted order making findings with respect to particular documents or testimony. Courts in this Circuit, including this Court, have held that litigating parties have lesser reliance interests in blanket Protective Orders than in more targeted orders. See, e.g., In re EPDM Antitrust Litig., 255 F.R.D. 308, 319 (D. Conn. 2009) ("When considering a motion to modify, it is relevant whether the order is a blanket Protective Order, covering all documents and testimony produced in a lawsuit, or whether it is specially focused on protective certain documents or certain deponents for a particular reason. A blanket Protective Order is more likely to be subject to modification than a more specific, targeted order because it is more difficult to show a party reasonably relied on a blanket order in producing documents or submitting to a deposition."); Nielsen C. (U.S.), LLC v. Success Systems, Inc., 112 F. Supp. 3d 83, 120 (S.D.N.Y. 2015) ("A broad Protective Order is less likely to elicit reliance 'because it is more difficult to show a party reasonably relied on a blanket order in producing documents or submitting to a deposition.'") (quoting In re EPDM, 255 F.R.D. at 319). Since the Protective Order does not address specific deposition testimony or exhibit documents, the parties do not have demonstrated reliance interests in applying the Order to this testimony or these documents. 15-CV-07433, Memo of Law in Support, ECF 1111 at 12.

Here, the USVI is barred from arguing that the parties to the broad Protective Order in this case were entitled to reasonably rely on the Protective Order. Indeed, the Protective Order in this case could not have been much broader than it is.

### D. Plaintiffs Are Not Attempting To Circumvent Judge Subramanian's Order. Rather, They Are Attempting To Defeat The USVI's Contentions, In The Related Action, That Proposed Intervenors Lack Detailed Factual Allegations To Support Their Claims.

USVI misrepresents Judge Subramanian's Order, when it contends that proposed intervenors are seeking to circumvent Judge Subramanian's Order by seeking to intervene and

secure discovery in this action.[5]  Judge Subramanian's Order granted Proposed Intervenors leave to file an amended pleading and denied all motions to dismiss the first amended complaint as moot. By that order, the court held that plaintiff's "may renew any request for discovery in opposition to Defendant's motion to dismiss." ECF 98.

In this regard, the USVI misapprehends Proposed Intervenors' supporting case law, in particular *AT & T Corp. v Sprint Corp.*, 407 F3d 560, 562 [2d Cir 2005].  In the first place, Proposed Intervenors had cited this authority for the proposition that "[P]ermissive intervention is the proper method for a nonparty to seek a modification of a Protective Order."[6]  Moreover, the case is distinguishable from this one.  In *AT&T Corp.*, the proposed intervenor had no relationship to the federal action.  He had commenced a state court class action and, after discovery in that case had closed, attempted to secure discovery in the federal action which had been exchanged pursuant to a Protective Order.  The Second Circuit denied the request because doing so would "circumvent the close of discovery" in the Proposed Intervenors action.

That is not the case at bar.  Discovery has not closed in this case as in *AT&T Corp.*  It has not even begun.  The fact that Judge Subramanian has determined that jurisdictional discovery is premature is therefore irrelevant to whether proposed intervenors are entitled to disclosure in this case.

The USVI's actions have necessitated this motion. In *Does v. USVI*, they wag their finger at Proposed Intervenors, asserting that the pleading's factual allegations are inadequate and claims are not actionable (regardless of this Court's finding that those allegations were actionable here, when this Court denied the USVI's motion to strike JP Morgan's affirmative defenses of in pari

---

[5] USVI's Memo of Law at 1.
[6] Proposed Intervenors' Memo of Law at 3.

delicto and unclean hands by the USVI).

As stated above and in Plaintiff's motion papers, the USVI cannot have it both ways. "[A] protective order such as this should not be used . . . as both a sword and a shield." *Giuffre v Dershowitz*, 19 CIV 3377(LAP), 2021 WL 6052116, at *2 [SDNY Dec. 21, 2021]. The same conclusion applies here. As the proverbial Fox in charge of the henhouse, the USVI has abused the Protective Order. This Court should not condone the USVI's singular resistance to providing documents that the USVI secured or provided in its role as *parens patriae* of proposed intervenors. This constitutes an abuse of the Protective Order.

### E.   The USVI's Reliance On The VI Code Is A Red Harring Because The EDC Documents Would Be Produced Pursuant To The Protective Order.

With respect to the EDC documents identified at Section A, *supra*, the USVI has incorrectly objected to their disclosure pursuant to V.I.C. 881(g)(8). The argument is misplaced.

First, the USVI obviously discloses these documents in this case pursuant to the Protective Order and Proposed Intervenors are seeking disclosure under the same terms and conditions. Thus, whether the Virgin Islands Code applies to shield these documents from disclosure is a red herring because those documents were not shielded from disclosure pursuant to the Protective Order. Indeed, J.P. Morgan relied upon these documents in moving for summary judgment against the USVI on its affirmative defenses that the USVI had unclean hands and pursuant to the in pari delicto defense.

Second, the USVI's contention that the EDC *public* hearing transcript (VI-JPM000021920) must be kept confidential under 3 VIC 881(g)(8) is utterly meritless. According to V.I. Code tit. 29, § 717, public hearings on EDC applications are precisely that -- public. At those public hearings, "a verbatim transcript shall be taken" and "all interested parties, including members of the public, shall have an opportunity to appear and testify." Counsel's assertion that the entire

transcript was held in executive session is unsupported by an affidavit confirming same, or even a privilege log. The same is true of the USVI's contention that the other requested records fall within the scope of 3 VIC 881(g)(4) and (8); there is no evidence, or even a privilege log, confirming counsel's assertions.

Third, the USVI is blatantly using the Protective Order as a basis for defeating opposed intervenors' claims. In their action, Proposed Intervenors have alleged, inter alia, that USVI officials approved EDC benefits to Epstein when he was not qualified to receive them given his sex offender status. The USVI has levied arguments that are inconsistent with their position before this Court namely that: (1) the EDC is not the USVI Government "having legal existence and personality separate and apart from the Government of the Virgin Islands" and (2) "there is no allegation that the EDC… did anything but follow statutory requirements in granting certain tax benefits to Epstein's businesses."

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Proposed Intervenors respectfully request that this Court grant the limited discovery requested pursuant to an identical Protective Order, as previously entered in this action, together with such other and further relief as this Court deems just and proper.

Dated: May 20, 2024

New York, New York

Respectfully submitted,

**MERSON LAW PLLC**

By: ___/s/ Jordan Merson_____
Jordan Merson, Esq.
950 Third Avenue, 18th Floor
New York, NY  10022
Telephone: (212) 603-9100
Fax: (347)- 441-4171
JMerson@MersonLaw.Com
*Counsel for Proposed Intervenors*