UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS,<br><br>Plaintiff,<br><br>-v-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | 22-cv-10904 (JSR)<br><br><u>MEMORANDUM ORDER</u> |

JED S. RAKOFF, U.S.D.J.:

In 2022, a class of victims of Jeffrey Epstein's sex trafficking venture sued JPMorgan Chase Bank, N.A. alleging that the bank had knowingly facilitated Epstein's illicit activity. In 2023, that case was settled for $290 million. Meanwhile, the Government of the United States Virgin Islands had brought the above-captioned action against the bank, alleging that the Virgin Islands and its citizens had also been impacted by the bank's activities. This case was then settled for $75 million and on October 18, 2023, the case was closed. *See* Dkts. 347-348. Nonetheless, a group of alleged Epstein victims who have commenced a separate action against the Virgin Islands have now filed a motion in this closed case seeking to intervene for the purpose of obtaining access to certain filings, deposition transcripts, and other discovery materials in this closed case. *See* Dkt. 363. Specifically, they seek access to deposition transcripts of 10 witnesses, as well

as access to documents pertaining to the Government of the U.S. Virgin Islands Economic Development Commission ("EDC") and U.S. Virgin Islands Department of Justice. Dkt. 363-1 at 9. For the reasons set forth, this Court hereby denies the motion to intervene.

## I. Factual and Procedural Background

While the above-captioned case was pending, the Court entered a Protective Order, allowing parties to classify as confidential, among other things, "any information of a personal or intimate nature regarding any individual." Dkt. 15 ¶ 2. Among documents shielded from public view were deposition transcripts of witnesses and victims of Epstein's scheme, who understandably sought privacy. The Protective Order also states that it "shall survive the termination of the litigation." *Id.* ¶ 17.

Proposed intervenors are the plaintiffs proceeding anonymously in a separate action pending in this District before Judge Subramanian, *Doe v. USVI, et al.*, 23-cv-10301-AS (S.D.N.Y.) (the "*Doe* action"). In that action, the plaintiffs (here, the proposed intervenors) seek damages from the Virgin Islands for that government's own alleged facilitation of Jeffrey Epstein's sex trafficking activities. The Virgin Islands filed a motion to dismiss in that action based on lack of jurisdiction, improper venue, and failure to state a claim. *See* Dkt. 364-1 at 2. Plaintiffs in that action then moved for leave to amend, which Judge Subramanian granted. *Id.* The plaintiffs in that action also requested leave to take jurisdictional discovery, which Judge Subramanian denied as premature. *Id.*

Notwithstanding the latter order, the plaintiffs in that case then filed on April 4, 2024 the instant motion to intervene in the above-captioned action, seeking to gain access to certain non-public, confidential discovery materials from this action that are covered by the Protective Order. *See* Dkt. 359. The following day, the Court issued a minute entry indicating that this first motion to intervene was "filed in violation of the Court's Individual Rules" because the parties did not first call Chambers to obtain permission make this filing, and so the motion would "be disregarded as procedurally improper." April 5, 2024 Minute Entry.

On April 17, 2024, proposed intervenors and the parties in the above-captioned case jointly called chambers to discuss the intervenors' request. During that telephonic conference, counsel for the proposed intervenors represented to the Court that -- contrary to the Virgin Islands' contention -- proposed intervenors only sought disclosure of documents filed on the public docket. 365 at 4-5. The parties then indicated they might be able to resolve this matter without judicial intervention, but the Court set a briefing schedule in case they could not. As part of subsequent meet-and-confer efforts, the Virgin Islands apparently provided proposed intervenors with many of the documents that had been filed on the public docket in this case, but the Virgin Islands refused to provide five documents pertaining to the EDC and Virgin Islands Department of Justice on the grounds that their publication was restricted by statute. *See* Dkt. 363-1 at 9; Dkt.

Accordingly, on April 29, 2024, proposed intervenors re-filed their motion to intervene. *See* Dkt. 363. Proposed intervenors now seek an order requiring the disclosure of the five aforementioned documents. Further, contrary to their representations to the Court during the April 17 conference, proposed intervenors now also demand the disclosure of 10 deposition transcripts from this case that were never filed publicly on the docket. *See* Dkt. 363-1 at 9; Dkt. 365 at 4-5. Proposed intervenors claim that their prior commitment to seek only publicly filed documents was "based on a misapprehension of the [Virgin Islands'] disclosures on the docket." Dkt. 363-1 at 5.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 24(b)(2), "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). When reviewing a litigant's request for permissive intervention, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

The Second Circuit has suggested that "permissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293-94 (2d Cir. 1979)). However, a district court should not modify a protective order "absent a showing of improvidence in the

grant of [the] protection order or some extraordinary circumstance or compelling need." *Martindell*, 594 F.2d at 296.

Moreover, the Second Circuit has long held that there is "a strong presumption against the modification of a protective order." *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). This is so because, if protective orders were not enforced, witnesses relying upon such orders would be disincentivized to give full testimony and the prospective utility of such orders would be undermined. *See id.* at 231; *Martindell*, 594 F.2d at 295.

**III. Discussion**

A party seeking to intervene in an action under Rule 24(b)(2) generally must show both that the prospective intervenor has a cognizable interest that can only be protected through intervention and also that such intervention will not prejudice the parties in the underlying action. *See R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Final judgment has already been entered in this case, and the only interest proposed intervenors identify here is obtaining access to certain documents either filed under seal or created during discovery that are covered by the protective order entered in this case.

As a noted, "permissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT&T Corp.*, 407 F.3d at 562 (citing *Martindell*, 594 F.2d at 293-94). However, for this ground to justify intervention, a party must show both that the proposed intervenor has some right to modify the protective order and

that the proposed intervenor has a legal entitlement to the documents sought. As explained below, proposed intervenors have failed to show either that they have a legal basis for modifying the Protective Order or that they have any entitlement to the documents they seek.

**A. Proposed intervenors Have Not Shown They Are Entitled to Intervene to Modify the Protective Order.**

As already noted, a court will not modify a protective order "absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need." *Martindell*, 594 F.2d at 296. This is because "a witness should be entitled to rely upon the enforceability of a protective order against any third parties." *Id.* This is particularly true where, as here, the claims in the underlying case involve sensitive accusations of sexual assault and abuse, the victims of which have an especially acute privacy interest in maintaining their anonymity. *See, e.g.*, *Murphy v. Warden of Attica Corr. Facility*, 2020 U.S. Dist. LEXIS 219303 (S.D.N.Y. Nov. 23, 2020).

Here, proposed intervenors have not shown that the Protective Order was improvidently granted, and the only reason they have identified for modifying the Protective Order is the need to obtain discovery to pursue their ongoing claims against USVI in a separate case. But in *AT&T Corp. v. Sprint Corp.*, the Second Circuit has squarely held that there is no "extraordinary circumstance or compelling need" where the motion to intervene "appears to be an attempt to circumvent the close of discovery" in a separate action.

407 F.3d at 562. And yet, that is effectively what proposed intervenors attempt to do here. Judge Subramanian has denied their request for jurisdictional discovery in the *Doe* action while USVI's motion to dismiss that case is pending, and their attempt to intervene in this case is in essence a thinly veiled attempt to circumvent that ruling. Thus, binding Second Circuit precedent forecloses proposed intervenors' sole ground for intervention.

In their reply, proposed intervenors try to distinguish *AT&T* on two grounds, neither of which the Court finds persuasive.

*First*, proposed intervenors deny that they are trying to circumvent the close of discovery, as was the case in *AT&T Corp*. Dkt. 365 at 6. It is true that discovery has not opened in the *Doe* action, but that is beside the point. What is significant is that discovery in the *Doe* action has not opened, notwithstanding a request for jurisdictional discovery, because Judge Subramanian denied that request. The rationale behind the rule announced in *AT&T* is that a party may not circumvent restrictions in discovery in one case by seeking to intervene in another case against the same party. *See* 407 F.3d at 562 ("If the limitation on discovery in the collateral litigation would be substantially subverted by allowing discovery material under a protective order, the court should be inclined to deny modification."). This rule applies with equal force whether discovery has closed or simply been denied.

*Second*, proposed intervenors attempt to distinguish their case from *AT&T* on the ground that the Virgin Islands sued *parens patriae*.

*See* Dkt. 365 at 4-5. Proposed intervenors cite no relevant authority to support the claim that this should matter, and the law is, in fact, to the contrary. The above-captioned case is not a class action and the Virgin Islands represent proposed intervenors, if at all, only indirectly by bring claims on behalf of citizens of the Virgin Islands in the government's quasi-sovereign capacity.[1] In the class action context, an absent class member's interests are far more directly implicated than a victim on whose behalf a state sues *parens patriae*. *See Pennsylvania v. New Jersey*, 426 U.S. 660, 665 (1976) ("[A] State has standing to sue only when its sovereign or quasi-sovereign interests are implicated and it is not merely litigating as a volunteer the personal claims of its citizens" (cleaned up)); *Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988) ("[T]he Attorney General represents the whole people and a public interest, and not mere individuals and private rights." (internal quotation marks omitted)).

Moreover, even in the class action context, absent class members have no right to intervene in a class action where they have not shown that doing so is necessary to protect their interests. *See, e.g.*, *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605 (W.D.N.Y. 2011); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 490-91 (S.D.N.Y. 1998). Neither may proposed intervenors intervene here absent such a showing. *See* Wright & Miller, Federal Practice &

---

[1] The documents proposed intervenors seek were not filed in the related class action against JPMorgan, *Jane Doe 1 et al. v. JPMorgan Chase Bank, N.A.*, 22-cv-10019 (S.D.N.Y).

Procedure § 1799 (3d ed.) (stating that Rule 23's and Rule 24's intervention standards "should be construed so that the rules are applied harmoniously"). The fact the Virgin Islands in some abstract sense arguably represented proposed intervenors in this case says nothing about whether they have satisfied the intervention standard, nor does it change the fundamental fact that the sole interest they have identified -- circumventing discovery limitations in another case -- is not cognizable.[2]

**B. Proposed Intervenors Have No Right of Access to Discovery Materials that Were Not Filed on the Public Docket.**

Even if (contrary to fact) permissive intervention were warranted, proposed intervenors have no right of access here to discovery materials that were not filed on the public docket. There is no presumption of public access to "[d]ocuments . . . such as those passed between the parties in discovery." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). To the contrary, the Second Circuit has confirmed that there exists a "strong presumption against public disclosure of pretrial discovery materials" subject to a protective order. *TheStreet.com*, 273 F.3d at 234 (citing *Martindell*, 594 F.2d at

---

2 Proposed intervenors' vague suggestion that they are not really seeking a modification of the Protective Order because the Virgin Islands in some sense represented them in this case, *see* Dkt. 365 at 4, is nonsensical. By its terms, the Protective Order permits disclosure only to "the parties to this action" and certain related individuals, *see* Protective Order (Dkt. 15) ¶ 5, and proposed intervenors plainly do not fall within this definition. Were it otherwise, every member of the Virgin Islands public would have access to every confidential document in this case, a result that was obviously not intended.

296). "If protective orders were easily modified, . . . parties would be less forthcoming in giving testimony and less willing to settle their disputes." *Martindell*, 594 F.2d at 229.

The first set of materials that proposed intervenors seek is the complete, unredacted copies of 14 deposition transcripts from this case. Proposed intervenors seek these transcripts, despite representing to the Court, in seeking permission to file this motion, that they only intended to seek disclosure of materials filed publicly on the docket. Proposed intervenors now claim their prior representation was based on a "misapprehension" of what had been filed, but they offer literally no explanation of why they have any right to these unfiled deposition transcripts. Because they have no right of access to un-filed discovery materials, even were the request to intervene granted, the request to obtain these materials would be denied.

**C. Proposed Intervenors Cannot Access Documents that Are Statutorily Protected by 3 V.I.C. § 881(g).**

The only materials that proposed intervenors seek that were filed publicly and that have not already been given to them by the Virgin Islands are unredacted versions of materials from the EDC and the Virgin Islands Department of Justice. Dkt. 361-1 at 6. While a presumptive public right of access does attach to these materials, the Virgin Islands objects that Title 3, Section 881(g) of the Virgin Islands Code statutorily restricts disclosure of these documents. That statute provides that certain categories of "public records shall be
kept confidential, unless otherwise ordered by a court." 3 V.I.C. § 881(g). Proposed intervenors offer no meritorious argument as to why, assuming this statute is applicable, the statute would not shield the documents from disclosure. Proposed intervenors argue the statute is inapplicable because the documents were produced to JPMorgan pursuant to the Protective Order, but that is beside the point because JPMorgan was a party to the case entitled to the documents through the discovery process, whereas proposed intervenors have no such entitlement.[3] Proposed intervenors also argue the documents they seek do not fall within the statute's scope, but as explained below, the Court finds the statute is plainly applicable.

With respect to materials relating to the EDC, the statute protects "[i]nformation regarding negotiations with a prospective beneficiary for investment incentive benefits." 3 V.I.C. § 881(g)(8). The Court has reviewed the three exhibits of which the proposed intervenors have requested unredacted copies and finds them all covered by this statute. Exhibits 87 and 259 concern a request to the EDC by an Epstein-owned entity for an extension of certain tax benefits in exchange for certain investment activity. *See* Dkt. 256-17; Dkt. 259-52. Exhibit 245 is the transcript of an EDC meeting, which was held in executive session, discussing a similar request for the extension of tax benefits made by a different Epstein-owned entity. Dkt. 259-41. These records relate to "negotiations with a prospective

---

[3] Proposed intervenors make no argument that the common law or First Amendment right of public access overrides the disclosure restrictions in this statute. Accordingly, the Court deems this argument waived and does not consider the question.

beneficiary for investment incentive benefits" under 3 V.I.C. § 881(g)(8), and thus are protected from disclosure.

With respect to the email chain from the files of the Virgin Islands Department of Justice, the statute protects "[r]ecords which represent and constitute the work product of an attorney, which are related to litigation or claim made by or against a public body." 3 V.I.C. § 881(g)(4). The Court has reviewed the email chains -- exhibit 283 and exhibit 304 -- that proposed intervenors request. Dkts. 260-15, 260-35. The email chains, which are substantially similar, reflect discussions among Virgin Islands Department of Justice attorneys regarding ongoing oversight of a registered sex offender and fit comfortably within the materials protected by Section 881(g)(4). The proposed intervenors are thus not entitled to access these non-public materials.

**IV. Conclusion**

For the foregoing reasons, the Court denies proposed intervenors' motion to intervene and for modification of the Protective Order.

SO ORDERED.

New York, NY
June 28, 2024

JED S. RAKOFF, U.S.D.J.