**MotleyRice** LLC
ATTORNEYS AT LAW

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504  **f.** 202.232.5513

**Linda Singer**
*Licensed in DC, NY*
direct: 202.386.9626
lsinger@motleyrice.com

September 3, 2025

**VIA EMAIL**
The Honorable Jed S. Rakoff, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007

      Re:    <u>**Government of the United States Virgin Islands v. JPMorgan Chase Bank, N.A., No. 22-cv-10904-JSR**</u>

Dear Judge Rakoff,

I write as counsel for the Government of the United States Virgin Islands ("USVI"), Plaintiff in the above-referenced matter, pursuant to Your Honor's request for a response from the parties in the above captioned matter to the letter-motion of third-party The New York Times ("NYT") to unseal exhibits USVI filed in support of its Motion for Summary Judgment (Dkt. #217). The USVI responds to the NYT's request as follows.

The Court addressed the standards for unsealing summary judgment exhibits in a related action in ruling on the NYT's prior request for this relief in a companion case. *See Jane Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387 (S.D.N.Y. 2024) ("*Doe v. JPMC*"). There, the Court held that exhibits filed in support of a summary judgment motion that a court does not rule on due to settlement retain their status as judicial documents relevant to performance of the judicial function and useful in the judicial process, *id.* at 393-94, and are subject to the public's First Amendment right of access to court proceedings, *id.* at 395-97. This same analysis should apply to the NYT's request here for access to the USVI's summary judgment exhibits.

In *Doe v. JPMC*, the Court further recognized that where the public's First Amendment right of access applies, continued sealing of judicial documents "can only be justified with 'specific, on-the-record-findings that sealing is necessary to preserve higher values and is narrowly tailored to achieve that aim.'" *Id.* at 397 (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006)). Among the higher values or countervailing factors that may overcome the public's First Amendment right of access and support continued sealing of judicial documents are "the privacy interests of those resisting disclosure" and "the danger of impairing law enforcement or judicial efficiency[.]" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

MT. PLEASANT, SC | MORGANTOWN, WV | CHARLESTON, WV | PROVIDENCE, RI | WASHINGTON, DC | CHERRY HILL, NJ
PHILADELPHIA, PA | HARTFORD, CT | NEW ORLEANS, LA | KANSAS CITY, MO | NEW YORK, NY



LSinger to Judge Rakoff
September 3, 2025
Re: USVI Response to NYT Unsealing Request
Page 2

Under the foregoing First Amendment framework, the USVI submits that the Court should rule on the NYT's request for unsealing as follows.

I.     **Exhibits Containing Information Personally Identifying Sexual Assault Survivors—Seal or Redact**

USVI filed this civil action to protect its residents against the harms of criminal sex-trafficking. *See* Opinion and Order on Motions to Dismiss (Dkt. #75) at 18. Among the privacy interests that this Court and others have rightly held to be sufficient to overcome the public's First Amendment right of access is that of survivors of sexual assault in protecting their identity from public view. *Doe v. JPMC*, 742 F. Supp. 3d at 397 ("Protecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents."). A sexual assault survivor's privacy interest may justify either maintaining complete sealing or else redacting identifying information if this would leave for public viewing "sufficient relevant material so as not to be misleading." *Id.* at 399.

Based on this standard, USVI submits that the following Exhibits to its Declaration of Mimi Liu, Esq. (Dkt. #225, 227, 230, 232-236) in Support of its Motion for Summary Judgment are pervaded by information identifying survivors of sexual assault and **should remain sealed in their entirety or to the full extent to which they currently are sealed**:

- <u>Exhibits</u> 10, 11, 12, 13, 14, 15, 22, 23, 24, 25, 26, 27, 39, 41, 46, 61, 63, 64, 65, 67, 68, 69, 73, 97, 118, 143, 144, 145, 149, 150, 154, 156, 160, 161, 166, and 206.

Based on the same standard, USVI submits that the following exhibits **should be redacted to the extent they contain information identifying survivors of sexual assault, but may otherwise be unsealed because they contain sufficient non-identifying relevant information**:

- <u>Exhibits</u> 9, 85, 93, 98, 112, 121, 124, 155, 167, 168, 184, 185, 186, 187, 203, 235, 236, 238, 241, 256, 261, 265, 266, 267, 269, 270, 271, 272, 275, 300, 301, and 303.

II.     **Exhibits That May Contain Confidential Supervisory Information Subject to Stipulated Amendment to Protective Order (Dkt. #89) or Confidential Settlement-Related Information—Sealing to Be Addressed by Defendant and/or Third Parties in Interest**

Also among the higher values or countervailing factors that may overcome the public's First Amendment right of access and support continued sealing of judicial documents is the danger of impairing law enforcement. *Lugosch*, 435 F.3d at 120. In recognition of this interest, the parties

LSinger to Judge Rakoff
September 3, 2025
Re: USVI Response to NYT Unsealing Request
Page 3

agreed to and the Court entered a Stipulated Amendment to Protective Order (Dkt. #89) under which the United States Office of the Comptroller of the Currency ("OCC") authorized JPMC to produce in discovery what OCC considered to be Confidential Supervisory Information ("CSI") subject to certain conditions. One of these conditions is that the parties agreed that they "shall not challenge a designation of information as "CONFIDENTIAL" pursuant to the Stipulated Amendment. Dkt. #89 at 2, ¶ 1.

In light of this agreement, USVI identifies the following exhibits as involving designations under the Stipulated Amendment on which **USVI takes no position on whether the exhibits are properly sealed and leaves it to Defendant JPMC or any relevant federal law enforcement authority to justify continued sealing**:

- Exhibits 2, 3, 4, 50, 51, 52, 55, 78, 80, 81, 87, 158, 159, and 252.

A private party's interest in maintaining confidentiality of information related to settlement of a disputed matter also may overcome the public's First Amendment right of access to judicial documents. *E.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004). The USVI identifies the following exhibit as containing private settlement information, and leaves it to possible third parties in interest to justify continued sealing:

- Exhibit 8.

### III.   All Other USVI Motion for Summary Judgment Exhibits Should Be Unsealed.

For all remaining Exhibits to the Declaration of Mimi Liu, Esq. in Support of USVI's Motion for Summary Judgment that are not specifically listed above, although the USVI cannot speak for third parties that designated the documents, the USVI is not aware of any countervailing privacy or law enforcement interest that would overcome the public's First Amendment right of access. USVI thus submits that **all of its remaining summary judgment exhibits not specifically listed above should be unsealed in their entirety**.

Plaintiff the Government of the United States Virgin Islands thanks the Court for its attention to this submission.

Respectfully submitted,

Linda Singer