WILMERHALE

September 3, 2025

**Christopher J. Bouchoux**

+1 212 230 8823 (t)
+1 212 230 8888 (f)
christopher.bouchoux@wilmerhale.com

**By Email**

Hon. Jed S. Rakoff
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007
RakoffNYSDChambers@nysd.uscourts.gov

      Re: *Government of the U.S. Virgin Islands v. JPMorgan Chase Bank N.A.*, 22-cv-10904

Dear Judge Rakoff:

      As requested by the Court, we write on behalf of our client JPMorgan Chase Bank, N.A. ("JPMC") in response to the August 14, 2025 letter from Matthew Goldstein of the New York Times seeking to unseal certain documents filed in this case. The documents that Mr. Goldstein appears to be seeking—"financial documents" that reflect "records documenting the flow of money into Epstein's accounts"—are the account statements of Jeffrey Epstein or Epstein-controlled entities from prior to JPMC terminating him as a client in 2013.

      Plaintiff Government of the U.S. Virgin Islands ("USVI") did not file any such account statements under seal or on the public docket. Instead, USVI filed indices that identified particular Epstein account statements by Bates number. *See* ECF Nos. 238-32 (Ex. 57); 238-33 (Ex. 58); 238-34 (Ex. 59); 238-35 (Ex. 60); 241-22 (Ex. 152); 241-23 (Ex. 153).[1] USVI included indices as exhibits instead of the account statements because the statements "are voluminous (thousands of pages)." *See* Declaration of Mimi Liu in Support of Government of the United States Virgin Islands Motion for Partial Summary Judgment, ECF No. 237 at 8.

      While JPMC would not object to the Court ordering that Mr. Goldstein have access to the account statements identified by Bates range in USVI's exhibits, the statements themselves are not currently on the docket or under seal. In addition, the statements were produced in the litigation subject to the Protective Order. *See* ECF Nos. 15, 64, 89. As such, the statements were not redacted by JPMC when they were produced to USVI. The names and identities of potential

---

[1] JPMC notes for the Court that while Mr. Goldstein's letter stated that the 303 exhibits in support of USVI's motion for partial summary judgment were "sealed in their entirety" and thus he could not "specify particular exhibits" to unseal, a significant number of USVI's exhibits were filed on the public docket, with or without redactions, and are already available. *See generally* ECF Nos. 237-245.

WILMERHALE

September 3, 2025
Page 2

Epstein victims are therefore not redacted in the produced versions of the account statements. To the extent the Court orders that Mr. Goldstein be provided with the account statements, those names would need to be redacted to protect the identities of the potential victims. *See* Opinion and Order, *Jane Doe 1 v. JPMorgan Chase Bank, N.A.*, 1:22-cv-10019-JSR, ECF No. 295 at 22 (requiring "redactions to preserve the anonymity" of victims in response to prior unsealing order in related case). If the Court orders such redactions, JPMC respectfully submits that Mr. Goldstein should pay the associated fees and costs.


Respectfully submitted,

Christopher J. Bouchoux

CB:zy