

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

September 10, 2025

**VIA EMAIL**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    Govt. of USVI v. JPMorgan (22-cv-10904-JSR)

Dear Judge Rakoff:

I write on behalf of The New York Times Company and reporter Matthew Goldstein (jointly, "The Times") in response to the letter submissions made by the Plaintiff and the Defendant (Dkt. Nos. 371 and 372). The parties' submissions address the request made by Mr. Goldstein (Dkt. No. 370) that the Court order the public release of "financial records" that were included in the plaintiff's summary judgment papers and pertain to accounts created or controlled by Jeffrey Epstein. As shown by their submissions, the parties consent to the release of a large number of documents, subject to certain redactions.

Mr. Goldstein's letter (Dkt. No. 370) broadly requested "financial records" documenting the flow of money into accounts controlled or created by Jeffrey Epstein and the flow of money out of those same accounts. The Court's order of August 19, 2025, sent by email, gave the parties an opportunity to state their positions on The Times's request for the unsealing of the materials referenced in Mr. Goldstein's letter.

In response, Defendant J.P. Morgan Chase ("JPM") asked that "account statements" submitted by Plaintiff U.S. Virgin Islands ("USVI") be redacted to protect the identities of Epstein victims but otherwise did not object to the release of the materials requested by Mr. Goldstein. *See* Dkt. No. 372.

USVI took a more nuanced position, objecting to the release of certain documents, agreeing to the release of others with redactions, and taking no position on another set of documents. *See* Dkt. No. 371. As USVI noted, all the documents are subject to the presumptive First Amendment right of access and must be made public unless the party advocating sealing has met the standard set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006).

**Disclosable Exhibits Identified in USVI's Submission.** We respectfully direct the Court to Section I of the September 3, 2025 letter of USVI. *See* Dkt. No. 371. In the third paragraph of that section, USVI identifies 32 exhibits that it believes should be disclosed under the First Amendment right of public access, subject to redactions to protect survivors of sexual assault. To the extent these documents are account statements, JPM and USVI agree that they should be released with the redactions proposed. The Times agrees as well.

To the extent the documents on the list are financial records other than account statements, USVI states that they must be disclosed under *Lugosch*, subject again to redaction of victim identities. JPM takes no position on the release of financial records other than account statements and provides no basis for the continued sealing of other financial records under *Lugosch*. Accordingly, these documents should also be disclosed subject to identification redaction.

**Exhibits Containing Confidential Supervisory Information ("CSI").** As for other financial records that were exhibits, USVI (in Section II) lists 14 exhibits that contain CSI. USVI takes no position on whether their release is required by the First Amendment. *See* Dkt. No. 371. JPM has lodged no objection and provided no basis for their continued sealing under the First Amendment standard. *See* Dkt. No.

372. Because neither party has demonstrated that these materials may be withheld consistent with the First Amendment, the materials identified in Section II of the USVI letter should also be disclosed.

**Other Summary Judgment Exhibits.** In Section III of its submission, USVI argues that all Exhibits not otherwise addressed in its submission should be released. The Times concedes that Mr. Goldstein's letter did not request such unsealing (beyond financial documents). As a result, JPM did not have an opportunity to state a position. The Times concedes that the release of these materials is not before the Court at this time but respectfully requests that the Court acknowledge that The Times retains the right to seek them through a further motion if it so chooses.

**Payment for Review and Redaction**. Little needs to be said about JPM's strange proposal that a private citizen, Mr. Goldstein, foot the bill so JPM can comply with its constitutional obligations as a party to a judicial proceeding. Judicial documents are to be filed publicly unless a party demonstrates that sealing is permitted under the First Amendment standard (or, in some instances, federal common law). *See generally Lugosch*, 435 F.3d 110. When a party fails to abide by its constitutional obligations and has its records filed under seal, that party is properly required by the Court to remedy the failure. The cost of that remedial step rests with the party that chose to ignore the law, not with the public that was deprived of its rights.

We thank the Court for its attention to this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw