# WILMERHALE

September 18, 2025

**By Email**

Christopher J. Bouchoux

+1 212 230 8823 (t)
+1 212 230 8888 (f)
christopher.bouchoux@wilmerhale.com

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Government of the U.S. Virgin Islands v. JPMorgan Chase Bank N.A.*, 22-cv-10904

Dear Judge Rakoff:

We write on behalf of JPMorgan Chase Bank, N.A. ("JPMC") to address certain issues raised in the September 10, 2025 letter submitted on behalf of The New York Times Company and reporter Matthew Goldstein (together, the "Times"), which seeks to unseal Epstein-related "financial documents" filed as exhibits in support of the Government of the U.S. Virgin Island's ("USVI") July 24, 2023 motion for summary judgment.

Given the number of exhibits discussed below, to aid the Court's review, JPMC includes, at Appendix A, a chart summarizing its position on the exhibits identified by the Times.

## 1. Confidential Bank Secrecy Act Materials

The Times seeks to unseal 14 exhibits described as Confidential Supervisory Information by USVI in its letter of September 3, 2025.[1] Eleven of the exhibits contain information that is statutorily protected from disclosure under the Bank Secrecy Act and its implementing regulations (the "BSA" and such materials "BSA Materials").[2] Based on the statutory protections afforded these BSA Materials and the regulations administered by FinCEN and the OCC to implement those statutory protections, as explained below, the government should be afforded the opportunity to address the potential unsealing of these materials.

As the Court is aware, FinCEN and the OCC have implemented regulations to effect the BSA's strict statutory confidentiality regime regarding BSA Materials. The BSA provides a

---

[1] ECF No. 371, Section II.

[2] 31 U.S.C. § 5318(g)(2)(A)(i); 12 C.F.R. § 21.11(k)(i) (OCC implementing regulation); 31 C.F.R. § 1020.320(e)(1)(i) (FinCEN implementing regulation). The BSA-protected exhibits are Exhibits 2, 3, 50, 51, 52, 78, 80, 81, 87, 158, 159. Exhibit 4 is not subject to BSA protection and is a financial document, so it should be unsealed subject to redactions for victim information. Exhibits 55 and 252 also are not subject to BSA protection, but are not financial documents, so they are not subject to the Times' request and should remain sealed.

![WilmerHale]

framework for banks to submit information to the government that is "highly useful in criminal, tax, or regulatory investigations," and matters concerning national security.[3] BSA filing obligations were established in recognition of the importance of the information banks provide to public safety and to law enforcement.[4] Applicable regulations reflect the view that the effectiveness of the regime established by the BSA and the protection of privacy interests of participants in the banking system require confidentiality and that disclosure can compromise the national security of the United States and current or potential future law enforcement actions.[5]

In recognition of these dynamics, relevant regulatory agencies have emphasized the importance of maintaining the confidentiality of BSA information,[6] and courts routinely enforce confidentiality requirements, denying disclosure where parties have sought BSA Materials.[7]

In this case, limited disclosure of BSA Materials to the parties was authorized subject to strict confidentiality restrictions, such as requiring that the BSA Materials be subject to the Protective Order.[8] Broader disclosure has not been authorized pursuant to the applicable statutory confidentiality scheme. Unsealing the exhibits in this case could undermine the carefully considered statutory framework put in place by Congress and developed over decades by courts and regulatory authorities.[9]

## 2. Thirty-Two Additional Exhibits

JPMC also writes to confirm the other exhibits that the Times seeks to unseal.

---

[3] 31 U.S.C. § 5311(1)(a).

[4] *See, e.g.*, Kenneth A. Blanco, NYU Law Program on Corporate Compliance and Enforcement: Prepared Remarks (June 12, 2019), https://www.fincen.gov/news/speeches/prepared-remarks-fincen-director-blanco-nyu-law-program-corporate-compliance-and.

[5] 32 U.S.C. § 5318(g)(2)(A)(i); 12 C.F.R. § 21.11(k)(1)(i); 31 C.F.R. § 1020.320(e)(1)(i).

[6] *See* Advisory FIN2012-A002, SAR Confidentiality Reminder for Internal and External Counsel of Financial Institutions, Financial Crimes Enforcement Network (March 2, 2012), https://www.fincen.gov/system/files/advisory/FIN-2012-A002.pdf; 12 C.F.R. § 21.11(k)(1)(i) ("[a]ny national bank, … that is subpoenaed or otherwise requested to disclose" BSA Materials "shall decline to produce" those materials "and shall notify" FinCEN and the OCC).

[7] *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014) ("The statutory privilege afforded to [BSA Materials] cannot be waived."); *Weil v. Long Island Sav. Bank*, 195 F. Supp. 2d 383, 389–90 (E.D.N.Y. 2001) (holding disclosure of BSA Materials "even in the context of discovery in a civil lawsuit," is prohibited and "not subject to waiver").

[8] ECF Nos. 15, 64, 89.

[9] One of the 14 exhibits identified by USVI, Exhibit 4, is not subject to BSA protection and is a financial document; it should be unsealed subject to redactions for victim information. The remaining two exhibits, Exhibits 55 and 252, are also not subject to BSA protection, but are not financial documents, so they are not subject to the Times' request.

**WILMERHALE**

*First*, JPMC in its September 3, 2025 letter, confirmed that it understood the Times' request for "financial documents" to encompass Epstein and Epstein-entity account statements incorporated into USVI's summary judgment exhibits.[10] JPMC continues not to object to the Times receiving those materials, with redactions for victim information.

*Second*, the Times identified 32 other exhibits, which were included in Section I paragraph three of the USVI's letter,[11] as potentially subject to unsealing. The Times stated that "[t]o the extent [those exhibits] are financial records other than account statements …. these documents should also be disclosed subject to identification redaction."[12] Of these 32 exhibits, the following nine exhibits are financial documents: Exhibits 85, 112, 124, 155, 167, 168, 185, 241, and 301. JPMC does not object to their unsealing, with victim information redacted.

*Third*, the remaining 23 exhibits identified by the Times are not financial documents. The Times confirmed that Mr. Goldstein "did not request" unsealing "beyond financial documents."[13] Thus, they are "not before the Court."[14] JPMC does not understand the Times to be seeking to unseal other exhibits based on the September 10th letter.

These non-financial documents are non-responsive to the Times' request in that they simply do not relate to Epstein's finances, and certain of them infringe on the privacy interests of individuals, who had no association with, or relationship to, Epstein, including those entitled to heightened privacy protections. For those exhibits, even if they were requested by the Times—and they were not—they should continue to be sealed as it is "necessary to preserve higher values" such as an individual's "privacy interests." *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) (holding an individual's privacy interest in the nondisclosure of sensitive personal information "outweigh[ed] the public right to access").[15] If the Court is nevertheless inclined to unseal any of these documents, we respectfully request to be heard beforehand.

Respectfully submitted,

Christopher J. Bouchoux

---

[10] See ECF No. 372 (identifying Exhibits 57, 58, 59, 60, 152, 153).

[11] *See* ECF No. 371, Section I.

[12] Times Ltr. at 2.

[13] Times Ltr. at 3.

[14] Times Ltr. at 3.

[15] JPMC will provide the exhibit numbers requiring heightened privacy protections, if useful to the Court.

**Appendix A**

| Ex. | JPMC Position |
|---|---|
| **New York Times Request to Unseal Exhibits from USVI Motion for Summary Judgment (ECF No. 370)** | |
| 2 | Remain Sealed: BSA |
| 3 | Remain Sealed: BSA |
| 4 | Unseal subject to victim redactions |
| 9 | No further action: not a financial document; redacted version on public docket |
| 50 | Remain Sealed: BSA |
| 51 | Remain Sealed: BSA |
| 52 | Remain Sealed: BSA |
| 55 | Remain Sealed: Not a Financial Document |
| 57 | Unseal subject to victim redactions |
| 58 | Unseal subject to victim redactions |
| 59 | Unseal subject to victim redactions |
| 60 | Unseal subject to victim redactions |
| 78 | Remain Sealed: BSA |
| 80 | Remain Sealed: BSA |
| 81 | Remain Sealed: BSA |
| 85 | Unseal subject to victim redactions |
| 87 | Remain Sealed: BSA |
| 93 | No further action: not a financial document; redacted version on public docket |
| 98 | No further action: not a financial document; redacted version on public docket |
| 112 | Unseal subject to victim redactions |
| 121 | No further action: not a financial document; redacted version on public docket |

| **New York Times Request to Unseal Exhibits from USVI Motion for Summary Judgment (ECF No. 370)** ||
| Ex. | JPMC Position |
|---|---|
| 124 | Unseal subject to victim redactions |
| 152 | Unseal subject to victim redactions |
| 153 | Unseal subject to victim redactions |
| 155 | Unseal subject to victim redactions |
| 158 | Remain Sealed: BSA |
| 159 | Remain Sealed: BSA |
| 167 | Already fully available on public docket |
| 168 | Unseal subject to victim redactions |
| 184 | Remain Sealed: Not a Financial Document |
| 185 | Unseal subject to victim redactions |
| 186 | Remain Sealed: Not a Financial Document |
| 187 | Remain Sealed: Not a Financial Document |
| 203 | Remain Sealed: Not a Financial Document |
| 235 | Remain Sealed: Not a Financial Document |
| 236 | Remain Sealed: Not a Financial Document |
| 238 | Remain Sealed: Not a Financial Document |
| 241 | Unseal subject to victim redactions |
| 252 | Remain Sealed: Not a Financial Document |
| 256 | No further action: not a financial document; redacted version on public docket |
| 261 | Remain Sealed: Not a Financial Document |
| 265 | Remain Sealed: Not a Financial Document |
| 266 | Remain Sealed: Not a Financial Document |

| **New York Times Request to Unseal Exhibits from USVI Motion for Summary Judgment (ECF No. 370)** ||
|---|---|
| Ex. | JPMC Position |
| 267 | Remain Sealed: Not a Financial Document |
| 269 | Remain Sealed: Not a Financial Document |
| 270 | Remain Sealed: Not a Financial Document |
| 271 | Remain Sealed: Not a Financial Document |
| 272 | No further action: not a financial document; redacted version on public docket |
| 275 | Remain Sealed: Not a Financial Document |
| 300 | Remain Sealed: Not a Financial Document |
| 301 | Unseal subject to victim redactions |
| 303 | Remain Sealed: Not a Financial Document |