

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

September 25, 2025

**VIA ECF**

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    Govt. of USVI v. JPMorgan (22-cv-10904-JSR)

Dear Judge Rakoff:

I write on behalf of The New York Times Company and reporter Matthew Goldstein (jointly, "The Times") in response to the letter submitted by JPM Chase Bank, NA ("JPM") on September 18, 2025 concerning the unsealing of summary judgment exhibits (Dkt. 374).

JPM agrees that certain documents should be released with redaction of victim identifications: Exhibits 4, 85, 112, 124, 155, 167, 168, 185, 241, and 301. *See* Dkt. 374, fn. 2 and p. 3.[1] It argues, however, that the remaining documents at issue are not subject to release either because of the Bank Secrecy Act ("BSA") and the parties' confidentiality agreement or because they are not financial records that fall within the scope of The Times's request (Dkt. No. 370). Both arguments fail.

**Bank Secrecy Act Documents**. JPM may well be right that certain documents are confidential in the hands of banks as a result of the BSA. But that is the beginning of the inquiry, not the end of it, when assessing whether the First Amendment requires that they be disclosed once they become judicial documents as part of a dispositive motion.

---

[1] The Government of the U.S. Virgin Islands has now added another exhibit (Exhibit 142) to the list of exhibits that should be released subject to redaction. *See* Dkt. No. 375.

As the Supreme Court held in *Press-Enterprise v. Superior Court,* 464 U.S. 501, 509 (1984), a presumption of access attached to judicial proceedings and documents under the First Amendment. "[T]he presumption may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510. That constitutional analysis applies to documents submitted with a summary judgment motion. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006).

The fact that the BSA may apply to a document does not *ipso facto* satisfy the *Press-Enterprise* standard. In fact, the BSA, by its terms, requires confidentiality only for a narrow set of statutorily defined entities and persons and is not a general prohibition on disclosure in all circumstances. *Silverman v. Citibank*, 22-cv-5211, 2023 U.S. Dist. LEXIS 175251 at *8 (S.D.N.Y Sept. 23, 2023). Here, the parties entered into a confidentiality agreement to shield the BSA-related documents, presumably because the statute on its face did not require it. But parties cannot set aside the public's presumptive right of access by agreement. *Id.* at *4 ("bargained-for confidentiality agreements between the parties do not overcome the presumption of public access to judicial documents"). A party must establish that the presumption of access to judicial documents is overcome even when the BSA or other bank secrecy regulation may keep the document confidential in other circumstances and even if the parties jointly agree that the document should be secret. It is *Press-Enterprise* and *Lugosch* that determine whether these bank records are public court documents.

JPM has failed to make any showing that the privacy interests it asserts overcome the presumption of access. There is no showing of narrow tailoring and no showing that the sealing is "essential to preserve higher values." JPM's general platitudes about "privacy interests" are insufficient as a matter of law. *See In re Search Warrants Executed on April 28, 2021*, No. 21-MC-425, 2023 US Dist LEXIS 186778 at *8 (S.D.N.Y. Oct. 2, 2023) (generalized privacy interests insufficient to overcome right of access); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 170 (S.D.N.Y. 2018) (same). In arguing that the BSA protects these

documents, JPM confuses the law governing disclosure of documents sought or exchanged in discovery with a separate body of law: the law governing access to judicial documents. *See* Dkt. 374 at n.7. The cases cited by JPM in footnote 7 deal solely with discovery, not with the right of access to court records. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014); *Weil v. Long Island Sav. Bank*, 195 F. Supp. 2d 383, 389-90 (E.D.N.Y. 2001). There is no presumption of public access to discovery materials. *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). But judicial documents—the documents at issue here—are subject to the constitutional and common law right of access under the standards set forth in *Lugosch*.

**Other Financial Records.** JPM unilaterally declares Exhibits 55 and 252 and 23 other exhibits as non-financial records and therefore outside the request made by The Times. *See* Dkt. 374 at p. 3 & n.2. Not only is the declaration unilateral; it is standard-free. JPM does not tell the Court what definition of financial record it used in making its determinations. But the Government of the U.S. Virgin Islands, responding to the same request and looking at the same documents, concludes the documents are in fact financial records. *See* Dkt. 371. Having not seen the documents, The Times is not in a position to weigh in on the issue. Accordingly, we respectfully request that the Court review the 25 exhibits and determine whether they fall within the broad definition of financial records sought by The Times as set forth in Mr. Goldstein's letter (Dkt. 370).

We thank the Court for its attention to this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw