WILMERHALE

October 10, 2025

**Christopher J. Bouchoux**

+1 212 230 8823 (t)
+1 212 230 8888 (f)
christopher.bouchoux@wilmerhale.com

**VIA EMAIL**

Hon. Jed S. Rakoff
U.S. District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Gov. of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, 22-cv-10904 (S.D.N.Y.)

Dear Judge Rakoff:

      We write on behalf of JPMorgan Chase Bank, N.A. ("JPMC") to address the September 30, 2025 letter submitted on behalf of Dow Jones & Company, Inc. ("Dow Jones"), requesting access to almost all of the exhibits that were filed under seal or with redactions by the Government of the U.S. Virgin Islands ("USVI") in connection with its partial motion for summary judgment. Dow Jones' request is broad, and maintains redactions for only "names of victims or their personal identifying information."[1] Even so, JPMC does not object to the lion's share of Dow Jones' request. It opposes only the portion of the request that implicates protected interests of third parties or materials shielded from disclosure by the Bank Secrecy Act and its implementing regulations (the "BSA" and such materials "BSA Materials").

      As an initial matter, JPMC agrees with Dow Jones that the fact that at least some of the Exhibits may have a presumption of public access under the common law or First Amendment "does not end the inquiry." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).[2] Second Circuit precedent is clear that documents and information, even if judicial documents, should remain sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). These higher values include protecting "law enforcement interests," *see United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025), and the "privacy interests of innocent third parties," *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("*Amodeo II*"). For several of the documents at issue, continued sealing is appropriate to serve these higher interests.

      To aid the Court's review, JPMC includes, at Appendix A, a chart stating its position on each exhibit for which JPMC understands Dow Jones seeks unsealing (the "Exhibits").[3]

---

[1]     Dow Jones Sept. 30 Ltr. at 2.
[2]     *See* Dow Jones Sept. 30 Ltr. at 1-2.
[3]     *See* Dow Jones Sept. 30 Ltr. at 5-11 (identifying specific exhibits to which unsealing is sought). Thirteen Exhibits were produced not by JPMC or the USVI but non-parties to the litigation. JPMC takes no position on the unsealing of these documents except that, to the extent they are unsealed, unsealing should comply with Federal Rule of Civil Procedure 5.2 and protect

WilmerHale

October 10, 2025
Page 2

### I.    <u>Privacy Interests of Third Parties</u>

JPMC objects to the unsealing or further unredacting of 17 exhibits that contain personal and financial information related to JPMC customers or other third parties that are irrelevant to Jeffrey Epstein and the claims and defenses in the litigation. The Second Circuit directs that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050-51 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990)). Indeed, Dow Jones' own authority recognizes "[t]he need to protect the privacy of [] third parties is a compelling one" that overrides the public interest in disclosure. *See United States v. King*, 2012 WL 2196674, at *3 (S.D.N.Y. June 15, 2012) (allowing redactions to protect privacy interests of defendant's daughter and parents).[4]

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Doe 1 v. JPMorgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) (quoting *Amodeo II*, 71 F.3d at 1051). "[F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access." *Amodeo II*, 71 F.3d at 1044). The court must also consider the relevance of such information to the matter before it. *See Lugosch*, 435 F.3d at 121 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.") (quoting *Amodeo II*, 71 F.3d at 1050); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) ("The importance of the material to the adjudication, the damage disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed."). Indeed, sealing is appropriate for information that is "truly tangential" to the matter before the court. *King*, 2012 WL 2196674, at *3.

JPMC's requests for continued sealing to protect the interests of other non-victim third parties are not based on formulaic claims of privacy or concerns about adverse publicity.[5] They are narrowly tailored to private personal information of third parties with no connection to Epstein or the issues litigated in the litigation, apart from the coincidence of being part of multi-subject

---

victim information and personal identifying information, including, but not limited to, home addresses, cell phone numbers or personal email addresses.

[4]    The USVI identified 36 exhibits pervaded by information identifying survivors of sexual assault, which it argued should remained sealed. Dow Jones is taking the same position, and JPMC agrees that these 36 exhibits should remain sealed in their entirety. *See* Dow Jones Sept. 30 Ltr. at 2. Nor does JPMC object to redactions for the names of victims or their personal identifying information in any Exhibits, whether already identified by USVI, The New York Times, Dow Jones or not previously identified; all victim identifying information should be redacted before unsealing. *See Doe 1 v. JPMorgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024).

[5]    *See* Dow Jones Sept. 30 Ltr. at 3.

WILMERHALE

October 10, 2025
Page 3

documents in which something elsewhere in the document was relevant to the litigation. The documents that fall within this category include:

- **Exhibit 93**, has redactions to a spreadsheet identifying JPMC clients to be discussed at a JPMC risk-review meeting. All information related to Epstein is unredacted.

- **Exhibit 98**, has redactions for a discussion of a JPMC client unrelated to Epstein and the litigation. All information related to Epstein is unredacted.

- **Exhibit 130**, has redactions for a reference to the sexual orientation of a third-party with no relation to the issues in the litigation. All information related to Epstein is unredacted.

- **Exhibit 133**, has redactions to only an email sender's name and email address. The sender was not a JPMC employee and had no role in the litigation. **Exhibit 123**, discusses Exhibit 133, and includes similar limited redactions for the identity of an individual who was not a JPMC employee and had no role in the litigation.

- **Exhibit 168**, has redactions related to JPMC clients and potential clients, including their current holdings, investment strategies, and specific investments. All information related to Epstein and contemplated transactions with a tie to Epstein are unredacted.

- **Exhibit 173**, has redactions for victim information and an email address for an individual who was not a JPMC employee and had no role in the litigation.

- **Exhibit 185**, has redactions for discussions of financial information on JPMC clients unrelated to Epstein and the litigation. All information related to Epstein is unredacted.

- **Exhibit 256**, has redactions for discussion of JPMC clients unrelated to Epstein. The discussion related to Epstein is unredacted.

- **Exhibit 269**, which is currently sealed, is an email between a JPMC employee and a third party, who is irrelevant to the litigation, discussing the third party's personal financial information. The email includes a single reference to an "Epstein," but the focus of the communication is on the third party's financial situation.

- **Exhibit 301**, has redactions for discussion of various JPMC client investment holdings and strategies. Only that discussion, which is unrelated to Epstein, is redacted and information related to Epstein is unredacted.

- **Exhibits 302, 303**, which are currently sealed, include a picture with third parties irrelevant to the litigation in the background. The third parties have significant privacy interests that far outweigh a presumption of public access. To the extent the Court is inclined to unseal

any portion of the cover email accompanying Exhibit 302, it should, at minimum, leave all versions of the picture sealed and redact any description of it.[6]

- **Exhibits 85, 167, 203**, and **228**, which are currently sealed, include personal and financial information on numerous JPMC clients or potential clients unrelated to Epstein and the litigation. If unsealed, these documents should be redacted to protect the privacy interests of those third parties. JPMC can provide proposed redactions to the Court, if helpful.

The private third-party information referenced above had no relevance to this litigation and should not be subject to a presumption of public access. But even if the happenstance of this information being included within a document that contains other information related to Epstein (which is already public) is viewed as creating some level of presumed public access, that presumption is easily overcome by these unrelated third parties' privacy interests. *See, e.g., Securities & Exchange Commission v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (approving redactions for personal familial and financial information of non-parties as "implicat[ing] privacy interests that overcome the presumption of public access"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (approving redactions for "identities of the parties' and affected third-parties' customers, as well as information concerning their trading strategies, objectives and transactions" and "customer names, account numbers, and pricing information"); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (presumption of access overcome and redactions allowed for "specific financial figures and customer information," that were "not relevant to the parties' legal dispute" and "implicate[d] legitimate privacy interests"); *King*, 2012 WL 2196674, at *3 (holding that redaction of information was "warranted" where it did "not affect" legal issues and there was "no public interest in any public airing.").

### II. Confidential Bank Secrecy Act Materials

Dow Jones also seeks to unseal any Exhibit that contains information statutorily protected from disclosure under the BSA. This includes the exhibits specifically identified by The New York Times's request for similar documents,[7] as well as any other BSA-protected exhibits.[8]

The BSA Materials should remain sealed or redacted. This includes the exhibits identified in JPMC's September 18, 2025 letter (Exhibits 2, 3, 50, 51, 52, 78, 80, 81, 87, 158, 159),[9] and eight additional BSA-protected exhibits that were not at issue in The New York Times's request (Exhibits 9, 27, 36, 56, 71, 82, 99, 274). As explained more fully in JPMC's September 18, 2025

---

[6] Exhibit 175 at line 251 has a description of the picture. While JPMC does not object to unsealing Exhibit 175, the text at line 251 should be redacted for the reasons described.
[7] *See* ECF No. 373 at 2-3.
[8] *See* Dow Jones Sept. 30 Ltr. at 2-3.
[9] ECF No. 374 at 1 n.2.

WilmerHale

October 10, 2025
Page 5

letter, the confidentiality regime for BSA Materials serves to protect the national security of the United States and current or potential future law enforcement actions. *See* 31 U.S.C. § 5311(1)(a). Unsealing these materials would undermine those "higher values." Where possible, JPMC has already addressed the public's right of access for these Exhibits by narrowly redacting them so that non-BSA Materials contained in those documents can be accessed by the public. For seven of the new Exhibits in Dow Jones' request, redacted versions are already available on the public docket. The only exception is Exhibit 27, which is sealed, and should remain so, because of pervasive BSA Materials throughout the document.

JPMC also notes that while FinCEN and the OCC authorized the production of these BSA Materials, they did so only in reliance that the materials would be protected under the Court's Protective Order, which expressly limited access "consistent with any authorization received from the appropriate regulatory authority."[10] Therefore, those governmental entities should be afforded the opportunity to address this issue before the Court unseals any BSA Materials.

Finally, Dow Jones suggests that because of press coverage related to this litigation, denial of continued sealing and redactions would be appropriate.[11] Not so. JPMC endeavored to narrowly tailor the materials under seal and redacted in the litigation, as explained above. To the extent that there is press coverage related to the Exhibits and the materials therein, that does not undermine the statutory protections of the BSA or the core privacy interests of third parties. *See Lugosch*, 435 F.3d at 124 ("Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand.").

Respectfully submitted,

/s/ Christopher J. Bouchoux

Christopher J. Bouchoux

---

[10] *See, e.g.*, ECF No. 48-01 ¶ 6; *see also* ECF No. 89 (amendment to Protective Order providing similar limitations in distribution to Confidential Supervisory Information pursuant to regulatory authorization from OCC).

[11] Dow Jones Sept. 30 Ltr. at 3-4.

**APPENDIX A: Exhibits Dow Jones Seeks to Unseal**

| Exhibit | Status | JPMC Position |
|---|---|---|
| 2 | Filed Under Seal | Remain Sealed: BSA |
| 3 | Filed Under Seal | Remain Sealed: BSA |
| 4 | Filed Under Seal | Unseal[1] |
| 5 | Filed Under Seal | Unseal |
| 9 | Redacted | Maintain Redactions Currently on Public Docket: BSA & Victim Information |
| 17 | Redacted | Non-Party Document[2] |
| 27 | Filed Under Seal | Remain Sealed: BSA |
| 30 | Filed Under Seal | Unseal |
| 31 | Redacted | Unseal |
| 34 | Filed Under Seal | Unseal |
| 36 | Redacted | Maintain Redactions Currently on Public Docket: BSA |
| 37 | Redacted | Unseal |
| 43 | Redacted | Unseal |
| 45 | Filed Under Seal | Unseal |
| 50 | Filed Under Seal | Remain Sealed: BSA |
| 51 | Filed Under Seal | Remain Sealed: BSA |
| 52 | Filed Under Seal | Remain Sealed: BSA |
| 54 | Filed Under Seal | Unseal |

---

[1] JPMC's position is that for any document subject to unsealing/unredacting there still must be redactions to protect victim information, all personal identifying information, including, but not limited to, home addresses, cell phone numbers or personal email addresses, and to comply with Federal Rule of Civil Procedure 5.2.

[2] JPMC takes no position on the unsealing of documents produced by non-parties except that, to the extent they are unsealed, unsealing should comply with Federal Rule of Civil Procedure 5.2 and protect victim information and personal identifying information, including, but not limited to, home addresses, cell phone numbers or personal email addresses.

| Exhibit | Status | JPMC Position |
|---|---|---|
| 55 | Filed Under Seal | Unseal[3] |
| 56 | Redacted | Maintain Redactions Currently on Public Docket: BSA & Victim Information |
| 57 | Public | Unseal |
| 58 | Public | Unseal |
| 59 | Public | Unseal |
| 60 | Public | Unseal |
| 71 | Redacted | Maintain Redactions Currently on Public Docket: BSA |
| 75 | Filed Under Seal | Unseal |
| 77 | Redacted | Unseal |
| 78 | Filed Under Seal | Remain Sealed: BSA |
| 80 | Filed Under Seal | Remain Sealed: BSA |
| 81 | Filed Under Seal | Remain Sealed: BSA |
| 82 | Redacted | Maintain Redactions Currently on Public Docket: BSA |
| 85 | Filed Under Seal | Unseal Subject to Redactions for Private Information of Irrelevant Third Parties[4] |
| 86 | Filed Under Seal | Unseal |
| 87 | Filed Under Seal | Remain Sealed: BSA |
| 88 | Filed Under Seal | Unseal |
| 89 | Filed Under Seal | Unseal |
| 90 | Redacted | Unseal |
| 91 | Redacted | Unseal |
| 92 | Redacted | Unseal |
| 93 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |

---

[3]    Exhibit 55 was initially designated as BSA Material, but, upon further review, this document is not statutorily protected from disclosure under the BSA and can be unsealed, subject to redaction of the confidentiality designation in the bottom left corners of the document.

[4]    JPMC can provide proposed redactions for this document to the Court, if helpful.

| Exhibit | Status | JPMC Position |
|---|---|---|
| 95 | Redacted | Unseal |
| 98 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 99 | Redacted | Maintain Redactions Currently on Public Docket: BSA |
| 103 | Filed Under Seal | Unseal |
| 105 | Filed Under Seal | Unseal |
| 106 | Redacted | Unseal |
| 108 | Filed Under Seal | Unseal |
| 109 | Filed Under Seal | Unseal |
| 112 | Redacted | Unseal |
| 121 | Redacted | Unseal |
| 123 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 124 | Redacted | Unseal |
| 125 | Filed Under Seal | Unseal |
| 128 | Filed Under Seal | Unseal |
| 129 | Filed Under Seal | Unseal |
| 130 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 131 | Filed Under Seal | Unseal |
| 133 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 137 | Redacted | Unseal |
| 142 | Redacted | Non-Party Document |

A-3

| Exhibit | Status | JPMC Position |
|---|---|---|
| 146 | Filed Under Seal | Unseal |
| 151 | Filed Under Seal | Unseal |
| 152 | Index of account statements | Unseal |
| 153 | Index of account statements | Unseal |
| 155 | Filed Under Seal | Unseal |
| 158 | Filed Under Seal | Remain Sealed: BSA |
| 159 | Filed Under Seal | Remain Sealed: BSA |
| 162 | Redacted | Unseal |
| 164 | Redacted | Unseal |
| 167 | Filed Under Seal | Unseal Subject to Redactions for Private Information of Irrelevant Third Parties[5] |
| 168 | Filed Under Seal | Maintain Redactions Currently on Public Docket: Victim Information & Private Information of Irrelevant Third Parties |
| 170 | Filed Under Seal | Unseal |
| 173 | Redacted | Maintain Redactions Currently on Public Docket: Victim Information & Private Information of Irrelevant Third Parties |
| 174 | Filed Under Seal | Unseal |
| 175 | Filed Under Seal | Unseal Subject to Redaction of Text at Line 251: Private Information of Irrelevant Third Parties |
| 177 | Filed Under Seal | Unseal |

---

[5] JPMC can provide proposed redactions for this document to the Court, if helpful.

| Exhibit | Status | JPMC Position |
|---|---|---|
| 178 | Filed Under Seal | Unseal |
| 179 | Filed Under Seal | Unseal |
| 180 | Filed Under Seal | Unseal |
| 181 | Redacted | Non-Party Document |
| 182 | Filed Under Seal | Unseal |
| 184 | Filed Under Seal | Unseal |
| 185 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 186 | Filed Under Seal | Unseal |
| 187 | Filed Under Seal | Unseal |
| 188 | Filed Under Seal | Non-Party Document |
| 189 | Filed Under Seal | Non-Party Document |
| 190 | Redacted | Unseal |
| 191 | Filed Under Seal | Unseal |
| 192 | Filed Under Seal | Unseal |
| 193 | Filed Under Seal | Unseal |
| 194 | Filed Under Seal | Unseal |
| 195 | Filed Under Seal | Unseal |
| 197 | Filed Under Seal | Unseal |
| 198 | Filed Under Seal | Unseal |
| 199 | Filed Under Seal | Unseal |
| 200 | Filed Under Seal | Unseal |
| 201 | Filed Under Seal | Unseal |

| Exhibit | Status | JPMC Position |
|---|---|---|
| 202 | Filed Under Seal | Unseal |
| 203 | Filed Under Seal | Unseal Subject to Redactions for Private Information of Irrelevant Third Parties[6] |
| 204 | Filed Under Seal | Unseal |
| 205 | Filed Under Seal | Unseal |
| 208 | Filed Under Seal | Unseal |
| 210 | Filed Under Seal | Unseal |
| 211 | Filed Under Seal | Unseal |
| 212 | Redacted | Unseal |
| 213 | Redacted | Unseal |
| 214 | Filed Under Seal | Unseal |
| 215 | Filed Under Seal | Unseal |
| 216 | Filed Under Seal | Unseal |
| 217 | Filed Under Seal | Non-Party Document |
| 218 | Filed Under Seal | Non-Party Document |
| 219 | Redacted | Unseal |
| 220 | Filed Under Seal | Unseal |
| 221 | Filed Under Seal | Unseal |
| 222 | Filed Under Seal | Unseal |
| 223 | Filed Under Seal | Unseal |
| 224 | Filed Under Seal | Unseal |
| 228 | Filed Under Seal | Unseal Subject to Redactions for Private Information of Irrelevant Third Parties[7] |

---

[6]  JPMC can provide proposed redactions for this document to the Court, if helpful.
[7]  JPMC can provide proposed redactions for this document to the Court, if helpful.

| Exhibit | Status | JPMC Position |
|---|---|---|
| 229 | Filed Under Seal | Unseal |
| 230 | Filed Under Seal | Unseal |
| 231 | Filed Under Seal | Unseal |
| 232 | Filed Under Seal | Unseal |
| 233 | Filed Under Seal | Unseal |
| 235 | Filed Under Seal | Unseal |
| 236 | Filed Under Seal | Unseal |
| 237 | Filed Under Seal | Unseal |
| 238 | Filed Under Seal | Unseal |
| 239 | Redacted | Non-Party Document |
| 240 | Filed Under Seal | Unseal |
| 241 | Redacted | Unseal |
| 244 | Filed Under Seal | Unseal |
| 245 | Filed Under Seal | Unseal |
| 246 | Filed Under Seal | Unseal |
| 249 | Filed Under Seal | Unseal |
| 251 | Filed Under Seal | Unseal |
| 252 | Filed Under Seal | Unseal[8] |
| 256 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 257 | Redacted | Unseal |
| 258 | Redacted | Unseal |

---

[8] The document excerpted at Exhibit 252 was designated as including BSA Material, but, upon further review, this excerpt is not statutorily protected from disclosure under the BSA and can be unsealed, subject to redaction of the confidentiality designation on the top left corner of the first page.

| Exhibit | Status | JPMC Position |
|---|---|---|
| 259 | Filed Under Seal | Unseal |
| 261 | Filed Under Seal | Unseal |
| 262 | Filed Under Seal | Unseal |
| 263 | Filed Under Seal | Unseal |
| 264 | Filed Under Seal | Non-Party Document |
| 265 | Filed Under Seal | Unseal |
| 266 | Filed Under Seal | Unseal |
| 267 | Filed Under Seal | Non-Party Document |
| 268 | Filed Under Seal | Non-Party Document |
| 269 | Filed Under Seal | Remain Sealed: Private Information of Irrelevant Third Parties |
| 270 | Filed Under Seal | Unseal |
| 271 | Filed Under Seal | Unseal |
| 272 | Redacted | Unseal |
| 274 | Redacted | Maintain Redactions Currently on Public Docket: BSA & Victim Information |
| 275 | Filed Under Seal | Unseal |
| 276 | Filed Under Seal | Unseal |
| 293 | Filed Under Seal | Non-Party Document |
| 300 | Filed Under Seal | Non-Party Document |
| 301 | Redacted | Maintain Redactions Currently on Public Docket: Private Information of Irrelevant Third Parties |
| 302 | Filed Under Seal | Remain Sealed: Private Information of Irrelevant Third Parties |

A-8

| Exhibit | Status | JPMC Position |
|---|---|---|
| 303 | Filed Under Seal | Remain Sealed: Private Information of Irrelevant Third Parties |