# KLARIS

September 30, 2025

<u>VIA EMAIL</u>

Hon. Jed S. Rakoff
United States District Court
500 Pearl Street
New York, NY 10007

Re:  <u>Government of the U.S. Virgin Islands v. JPMorgan Chase Bank N.A., 22-cv-10904</u>

Your Honor:

I write on behalf of non-party Dow Jones & Company, Inc., publisher of The Wall Street Journal ("Dow Jones"), to respectfully request access to various exhibits that were filed under seal by the Plaintiff in connection with its partial motion for summary judgment. The exhibits in question are listed in the chart annexed to this letter. While some of the exhibits are financial records subject to the pending unsealing motion from the New York Times (Docket No. 370), which Dow Jones joins in its entirety, Dow Jones also seeks to unseal other exhibits that are not financial records and are not at issue in the Times' motion. As set forth below, the press and the public have a First Amendment and common law right of access to the exhibits, and the parties have not made and cannot make the showing required to overcome this right of access.[1]

**The Constitutional and Common Law Right of Access**

As the Court is aware, "the First Amendment guarantees a qualified right of access [] to civil trials and to their related proceedings and records." <u>New York Civil Liberties Union v. New York City Transit Auth.</u>, 684 F.3d 286, 298 (2d Cir. 2012). The Constitutional presumption of access "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>Press Enterprise Co. v. Superior Court of California</u>, 464 U.S. 501, 510 (1984).  Separate from the First Amendment presumption of access, "[t]he existence of [a] common law right to inspect and copy judicial records is beyond dispute." <u>Application of Nat'l Broad. Co., Inc.</u>, 635 F.2d 945, 949 (2d Cir. 1980); <u>see also</u> <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).  A document filed with a court that is "relevant to the performance of the judicial function and useful in the judicial process" is a "judicial document" to which the common law presumption of access attaches.  <u>Lugosch</u>, 435 F.3d at 119 (citation omitted).

The Exhibits here are unquestionably judicial documents subject to both the common law and First Amendment presumption of access. "[I]t is well-settled that documents submitted to a

---

[1] The press has standing to enforce the public right of access. <u>Globe Newspaper Co. v. Superior Court,</u> 457 U.S. 596, 609 n.25 (1982) ("representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion'") (citation omitted).

**KLARIS**

court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quotation marks omitted). The fact that the case was settled before the summary judgment motion was decided does not change the analysis. Giuffre v. Maxwell, 146 F.4th 165, 175 (2d Cir. 2025) ("a judicial document determination is properly made by evaluating the relevant materials at the time of their filing with the court. Where materials pertain to a motion, the subsequent mooting of the motion is irrelevant to that determination"); Doe 1 v. JP Morgan Chase Bank, N.A., 742 F. Supp. 3d 387, 394 (S.D.N.Y. 2024) ("the fact that a summary judgment motion is never ruled on prior to settlement does not affect the judicial document status of exhibits filed in connection therewith.") Accordingly, the strong presumption of access applies here, and the burden is on the party seeking continued sealing to make the required showing to overcome that presumption.

**The Exhibits at Issue**

Of the 303 exhibits submitted by the Government of the U.S. Virgin Islands ("USVI") in support of its Motion for Summary Judgment, 183 were filed either entirely under seal or in redacted form. See Docket 237 (summary chart of exhibits). The Times' pending motion seeks to unseal any of those exhibits that constitute "financial records." Doc. 370, 373. Dow Jones joins that motion for the same reasons fully articulated by the Times, and requests that it be afforded simultaneous access to the exhibits in question if they are unsealed.[2] Dow Jones does not seek to unseal the 36 Exhibits that USVI asserts should remain sealed in their entirety because they "are pervaded by information identifying survivors of sexual assault," Doc. 371 at p. 2. Dow Jones also does not object to the redaction of the names of victims or their personal identifying information from the additional 32 exhibits that USVI agrees should be unsealed subject to such redactions. Id.

In addition to the financial records at issue in the Times' request, Dow Jones also seeks to unseal all other currently sealed or redacted exhibits.[3] Because the descriptions of those exhibits on the docket are minimal to nonexistent, Dow Jones does not know the exhibits' precise contents. The exhibits that do include brief descriptions consist of documents such as flight manifests (e.g., Exs. 22-26), emails (e.g, Exs. 45, 47, 66, 70, 90, 118, 142), deposition excerpts

---

[2] JP Morgan Chase Bank ("JPM") has identified a total of 20 Exhibits that it concedes constitute "financial records" while asserting that certain other documents are not financial records. Docket No. 372. However, as the Times correctly points out in its reply letter, JPM has articulated no standard for determining what is or is not a financial record. Docket No. 376 at 3.

[3] As shown on the attached chart, in response to the Times' motion, USVI has taken the position that all of the exhibits to the summary judgment motion should be unsealed other than the exhibits referenced above containing victim information and 15 additional exhibits as to which it takes no position. Docket No. 371. JP Morgan ("JPM") has not opined on the non-financial exhibits other than to note that they are not at issue in the Times' motion and to ask for an opportunity to be heard before any non-financial records are unsealed. Docket No. 372.

**KLARIS**

(e.g., Exs. 34, 36, 77, 99), previously published newspaper articles (e.g, Exs. 42, 43), a probable cause affidavit (Ex. 41), and due diligence reports (e.g., Exs. 31, 68, 275).

Dow Jones also does not know the asserted grounds for sealing as to any of the non-financial exhibits except where USVI has identified personal information about survivors as an issue.  To the extent that any party may assert that some of the exhibits contain sensitive personal or financial information concerning anyone other than Jeffrey Epstein's victims, Dow Jones makes the following observations.  First, while Dow Jones recognizes the privacy interest of victims and survivors and does not seek to unseal such identifying information, the interest of other non-victim third parties in protecting personal or financial information carries less weight, and such interests must be specifically articulated to justify continued sealing.  See United States v. King, 2012 WL 2196674 at *2 (S.D.N.Y. June 15, 2012) ("a formulaic recitation of [a privacy] interest will not suffice to justify sealing") (citation omitted); see also Joy v. North, 692 F.2d 880, 894 (2d Cir. 1982) ("a naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal"). Moreover, courts consistently find that "[g]eneralized concern[s] of adverse publicity" are not sufficient to overcome the presumption of access. Bernsten v. O'Reilly, 307 F.Supp.3d 161, 169 (S.D.N.Y. 2018) (citation omitted).

In addition, to the extent that JPM might argue that any of the sealed exhibits implicate its own financial or business concerns, those concerns are not sufficient to overcome the strong presumption of public access given that it is a publicly traded company and the documents in question relate to matters of great concern to its shareholders and the public at large.  Joy, 692 F.2d at 894 (rejecting sealing where "Citytrust is a publicly owned company and this litigation directly concerns management's obligations to shareholders"); United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that "financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public" and citing Joy as case where "the involvement of a publicly owned company and management's relationship to the public shareholders weighed in favor of unsealing a special litigation committee's report").

Moreover, even if truly sensitive financial information sufficient to constitute the requisite "overriding interest" justifying closure were present, redaction rather than complete sealing would be the appropriate remedy.  United States v. Mullins, 2023 WL 3159418, at *3 (S.D.N.Y. April 26, 2023) (rejecting request to seal search warrant materials in their entirety where "disclosure of the Sealed Materials with appropriately tailored redactions strikes the proper balance between the strong presumption of public access [] and the compelling countervailing interests [in protecting law enforcement techniques and privacy]"); United States v. Schulte, 2024 WL 1526151, at *8 (S.D.N.Y. Apr. 9, 2024) (rejecting argument that complete sealing of transcripts was narrowly tailored to protect national security and ordering disclosure of transcripts with appropriate redactions).

Finally, to the extent that any of the sealed documents involve matters that have already been publicly disclosed, there is no justification for sealing submissions that refer to the same

# KLARIS

information. Grossberg v. Fox Corp., 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (courts "routinely deny sealing requests where ... the information to be sealed is already publicly available); Charlemagne v. Educ. All., Inc., 2022 WL 1421480, at *2 (S.D.N.Y. May 5, 2022) (denying redaction request as "futile" where information was already public). Here, The Wall Street Journal and others have already reported extensively on this case and on JPM's relationship with Epstein generally. See, e.g., "JPMorgan's Ties to Jeffrey Epstein Were Deeper Than the Bank Has Acknowledged" (Wall Street Journal, April 21, 2023), available at https://www.wsj.com/finance/jpmorgan-jeffrey-epstein-525febe3?st=MUgDtx&reflink=desktopwebshare_permalink ; "Internal JPMorgan Report Provides New Details on Bank's Ties to Jeffrey Epstein" (Wall Street Journal, June 19, 2023), available at https://www.wsj.com/finance/internal-jpmorgan-report-provides-new-details-on-banks-ties-to-jeffrey-epstein-fb089131?st=wrLPNa&reflink=desktopwebshare_permalink; and "JPMorgan Internally Flagged Epstein's Large Withdrawals Years Before His 2008 Conviction, Lawsuit Alleges" (Wall Street Journal, April 12, 2023), available at https://www.wsj.com/articles/jpmorgan-flagged-epsteins-large-withdrawals-years-before-his-2008-conviction-lawsuit-alleges-a69ce636?st=EskmtD&reflink=desktopwebshare_permalink. To the extent any of the sealed materials involve the same information, sealing would be futile and is therefore unjustified. E.g., Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 14 (1986) ("Press-Enterprise II") (preliminary hearing in criminal case could be closed "only if specific findings are made demonstrating that [] there is a substantial probability . . . that closure would prevent" the harm at issue).

      Accordingly, in light of the strong presumption of openness that attaches to the documents in question and the lack of any apparent overriding interest in keeping them secret, Dow Jones respectfully requests that the exhibits be unsealed, subject only to whatever narrowly tailored redactions the Court finds essential to preserve victim privacy or other higher values.

Sincerely,

Matthew A. Leish

cc:   Counsel of record (via email)

| **EXHIBITS AS TO WHICH UNSEALING IS SOUGHT** |||| 
|---|---|---|---|
| Ex. | Status | USVI Position | JPM Position |
| 2 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 3 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 4 | Filed Under Seal | May contain confidential OCC supervisory information | Unseal subject to victim redactions |
| 5 | Filed Under Seal | Should be unsealed | |
| 9 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 17 | Redacted | Should be unsealed | |
| 30 | Filed Under Seal | Should be unsealed | |
| 31 | Redacted | Should be unsealed | |
| 34 | Filed Under Seal | Should be unsealed | |
| 36 | Redacted | Should be unsealed | |
| 37 | Redacted | Should be unsealed | |
| 43 | Redacted | Should be unsealed | |
| 45 | Filed Under Seal | Should be unsealed | |
| 50 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 51 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 52 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 54 | Filed Under Seal | Should be unsealed | |
| 55 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: Not a Financial Document |
| 56 | Redacted | Should be unsealed | |
| 57 | Index of account statements | Should be unsealed | Unseal underlying statements subject to victim redactions |
| 58 | Index of account statements | Should be unsealed | Unseal underlying statement subject to victim redactions |

| | | | |
|---|---|---|---|
| 59 | Index of account statements | Should be unsealed | Unseal underlying statements subject to victim redactions |
| 60 | Index of account statements | Should be unsealed | Unseal underlying statements subject to victim redactions |
| 71 | Redacted | Should be unsealed | |
| 75 | Filed Under Seal | Should be unsealed | |
| 77 | Redacted | Should be unsealed | |
| 78 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 80 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 81 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 82 | Redacted | Should be unsealed | |
| 85 | Filed Under Seal | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 86 | Filed Under Seal | Should be unsealed | |
| 87 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 88 | Filed Under Seal | Should be unsealed | |
| 89 | Filed Under Seal | Should be unsealed | |
| 90 | Redacted | Should be unsealed | |
| 91 | Redacted | Should be unsealed | |
| 92 | Redacted | Should be unsealed | |
| 93 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 95 | Redacted | Should be unsealed | |
| 98 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 99 | Redacted | Should be unsealed | |
| 103 | Filed Under Seal | Should be unsealed | |
| 105 | Filed Under Seal | Should be unsealed | |
| 106 | Redacted | Should be unsealed | |

| 108 | Filed Under Seal | Should be unsealed | |
|---|---|---|---|
| 109 | Filed Under Seal | Should be unsealed | |
| 112 | Redacted | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 121 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 123 | Redacted | Should be unsealed | |
| 124 | Redacted | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 125 | Filed Under Seal | Should be unsealed | |
| 128 | Filed Under Seal | Should be unsealed | |
| 129 | Filed Under Seal | Should be unsealed | |
| 130 | Redacted | Should be unsealed | |
| 131 | Filed Under Seal | Should be unsealed | |
| 133 | Redacted | Should be unsealed | |
| 137 | Redacted | Should be unsealed | |
| 142 | Redacted | Redact survivors but otherwise unseal | |
| 146 | Filed Under Seal | Should be unsealed | |
| 151 | Filed Under Seal | Should be unsealed | |
| 152 | Index of account statements | Should be unsealed | Unseal underlying statements subject to victim redactions |
| 153 | Index of account statements | Should be unsealed | Unseal underlying statements subject to victim redactions |
| 155 | Filed Under Seal | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 158 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 159 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: BSA |
| 162 | Redacted | Should be unsealed | |
| 164 | Redacted | Should be unsealed | |
| 167 | Filed Under Seal | Redact survivors but otherwise unseal | Already fully available on public docket |

| | | | |
|---|---|---|---|
| 168 | Filed Under Seal | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 170 | Filed Under Seal | Should be unsealed | |
| 173 | Redacted | Should be unsealed | |
| 174 | Filed Under Seal | Should be unsealed | |
| 175 | Filed Under Seal | Should be unsealed | |
| 177 | Filed Under Seal | Should be unsealed | |
| 178 | Filed Under Seal | Should be unsealed | |
| 179 | Filed Under Seal | Should be unsealed | |
| 180 | Filed Under Seal | Should be unsealed | |
| 181 | Redacted | Should be unsealed | |
| 182 | Filed Under Seal | Should be unsealed | |
| 184 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 185 | Redacted | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 186 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 187 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 188 | Filed Under Seal | Should be unsealed | |
| 189 | Filed Under Seal | Should be unsealed | |
| 190 | Redacted | Should be unsealed | |
| 191 | Filed Under Seal | Should be unsealed | |
| 192 | Filed Under Seal | Should be unsealed | |
| 193 | Filed Under Seal | Should be unsealed | |
| 194 | Filed Under Seal | Should be unsealed | |
| 195 | Filed Under Seal | Should be unsealed | |
| 197 | Filed Under Seal | Should be unsealed | |
| 198 | Filed Under Seal | Should be unsealed | |
| 199 | Filed Under Seal | Should be unsealed | |
| 200 | Filed Under Seal | Should be unsealed | |
| 201 | Filed Under Seal | Should be unsealed | |
| 202 | Filed Under Seal | Should be unsealed | |

| | | | |
|---|---|---|---|
| 203 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 204 | Filed Under Seal | Should be unsealed | |
| 205 | Filed Under Seal | Should be unsealed | |
| 208 | Filed Under Seal | Should be unsealed | |
| 210 | Filed Under Seal | Should be unsealed | |
| 211 | Filed Under Seal | Should be unsealed | |
| 212 | Redacted | Should be unsealed | |
| 213 | Redacted | Should be unsealed | |
| 214 | Filed Under Seal | Should be unsealed | |
| 215 | Filed Under Seal | Should be unsealed | |
| 216 | Filed Under Seal | Should be unsealed | |
| 217 | Filed Under Seal | Should be unsealed | |
| 218 | Filed Under Seal | Should be unsealed | |
| 219 | Redacted | Should be unsealed | |
| 220 | Filed Under Seal | Should be unsealed | |
| 221 | Filed Under Seal | Should be unsealed | |
| 222 | Filed Under Seal | Should be unsealed | |
| 223 | Filed Under Seal | Should be unsealed | |
| 224 | Filed Under Seal | Should be unsealed | |
| 228 | Filed Under Seal | Should be unsealed | |
| 229 | Filed Under Seal | Should be unsealed | |
| 230 | Filed Under Seal | Should be unsealed | |
| 231 | Filed Under Seal | Should be unsealed | |
| 232 | Filed Under Seal | Should be unsealed | |
| 233 | Filed Under Seal | Should be unsealed | |
| 235 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 236 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 237 | Filed Under Seal | Should be unsealed | |
| 238 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |

| | | | |
|---|---|---|---|
| 239 | Redacted | Should be unsealed | |
| 240 | Filed Under Seal | Should be unsealed | |
| 241 | Redacted | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 244 | Filed Under Seal | Should be unsealed | |
| 245 | Filed Under Seal | Should be unsealed | |
| 246 | Filed Under Seal | Should be unsealed | |
| 249 | Filed Under Seal | Should be unsealed | |
| 251 | Filed Under Seal | Should be unsealed | |
| 252 | Filed Under Seal | May contain confidential OCC supervisory information | Remain Sealed: Not a Financial Document |
| 256 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 257 | Redacted | Should be unsealed | |
| 258 | Redacted | Should be unsealed | |
| 259 | Filed Under Seal | Should be unsealed | |
| 261 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 262 | Filed Under Seal | Should be unsealed | |
| 263 | Filed Under Seal | Should be unsealed | |
| 264 | Filed Under Seal | Should be unsealed | |
| 265 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 266 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 267 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 268 | Filed Under Seal | Should be unsealed | |
| 269 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 270 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 271 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |

| | | | |
|---|---|---|---|
| 272 | Redacted | Redact survivors but otherwise unseal | No further action: not a financial document; redacted version on public docket |
| 274 | Redacted | Should be unsealed | |
| 275 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 276 | Filed Under Seal | Should be unsealed | |
| 293 | Filed Under Seal | Should be unsealed | |
| 300 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |
| 301 | Redacted | Redact survivors but otherwise unseal | Unseal subject to victim redactions |
| 302 | Filed Under Seal | Should be unsealed | |
| 303 | Filed Under Seal | Redact survivors but otherwise unseal | Remain Sealed: Not a Financial Document |