# KLARIS

October 17, 2025

VIA EMAIL

Hon. Jed S. Rakoff
United States District Court
500 Pearl Street
New York, NY 10007

    Re:  Government of the U.S. Virgin Islands v. JPMorgan Chase Bank N.A., 22-cv-10904

Your Honor:

    I write on behalf of Dow Jones in further support of its request for access to various sealed or redacted summary judgment exhibits. Neither USVI nor JPM opposes unsealing as to the vast majority of exhibits at issue. In fact, other than "affirming its non-position with regard to documents that may contain confidential supervisory information . . . or confidential settlement-related information," USVI agrees that all of the remaining exhibits other than those listed in its prior letters (Dockets 371 and 375) should be unsealed. See USVI 10/9/25 Letter. And JPM "does not object to the lion's share of Dow Jones' request." See JPM 10/10/25 Letter.

    JPM does, however, ask the Court to maintain some degree of redaction or sealing as to 18 exhibits on privacy grounds[1], and it asks the Court to maintain the existing sealing or redactions as to an additional 19 exhibits on the ground that they are allegedly protected from disclosure under the Bank Secrecy Act. We address each of those points in turn.

**Privacy Interests**

    JPM is correct that protecting the privacy interests of innocent third parties may, in appropriately narrow circumstances where the required findings are made, be a sufficiently compelling interest to overcome the presumption of access. However, JPM's suggestion that such information "should not be subject to a presumption of access" at all if it has "no relevance to this litigation" (JPM Letter at 4) badly misstates the law. The presumption of access applies to all documents submitted in support of a summary judgment motion. Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019). The question is whether an interest sufficiently compelling to overcome the presumption has been shown, not whether the presumption exists in the first place.

    JPM cites Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) for the proposition that "[w]here testimony or documents play only a negligible role in a performance of Article III duties, the weight of the presumption [of access] is low . . ." JPM Letter at 2. But the language quoted by JPM relates to the question of what types of motion are entitled to the greatest presumption of access, not what particular documents or portions of documents. Lugosch, 435 F.2d at 121. The "relevance" test JPM seeks to apply was rejected in Lugosch, see

---

[1] While JPM states that it seeks to maintain sealing or redaction of 17 exhibits on privacy grounds, the list that follows contains 18 exhibits including the exhibit referenced in footnote 6.

161 Water Street, Suite 904            1            matthew.leish@klarislaw.com
New York, NY 10038                                                           Phone +1 917-952-2891

# KLARIS

435 F.3d at 122-23 (assuming that summary judgment filings comply with Rule 56 and applying highest presumption of access to them under the First Amendment and common law, whether motion is granted or denied, and regardless of "the extent to which they were relied upon in resolving the motion"), a position that the Second Circuit recently reaffirmed in Giuffre v. Maxwell, 146 F.4th 165, 176-80 (2d Cir. 2025). As the Lugosch court went on to hold, "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons.*" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 123 (2d Cir. 2006) (emphasis in original), quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982).

Dow Jones does not disagree that information such as the email address of a third party, or the sexual orientation of someone with no connection to Epstein, may be redacted. But in the case of the Exhibits that are fully sealed or very heavily redacted (for example, Exhibits 168 and 256), Dow Jones cannot evaluate the propriety of the request for continued secrecy. Accordingly, the Court should assess the remaining privacy-related redaction and sealing requests in light of the governing law and principles set forth above and in Dow Jones's initial letter.

**Bank Secrecy Act**

JPM asserts that 19 exhibits should remain sealed or redacted because they contain "information statutorily protected from disclosure under the BSA." JPM Letter at 4. JPM makes no new arguments in support of this position, relying instead on the points it made in its September 18, 2025 letter (Docket No. 374) responding to the Times' separate motion to unseal. The Times has already pointed out the flaws in JPM's arguments in its September 26, 2025 response (Docket No. 376) and Dow Jones adopts the Times' position on this point.

JPM also asserts that "while FinCEN and the OCC authorized the production of these BSA Materials, they did so only in reliance that the materials would be protected under the Court's Protective Order." JPM Letter at 5. But any such reliance was misplaced, since "a party may not fully rely on a sealing order that is, on its face, 'temporary or limited,' or otherwise conditional." In re Sept. 11 Litig., 723 F. Supp. 2d 526, 531 (S.D.N.Y. 2010) (citation omitted). Here, the protective order expressly states that "the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial" and that "the Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceedings that may result in an order and/or decision by the Court." Docket No. 15 at ¶10. Accordingly, any reliance on the order by FinCEN or OCC does not justify continued sealing. See S.E.C. v. TheStreet.Com, 273 F.3d 222, 231 (2d Cir. 2001) ("protective orders that are on their face temporary or limited may not justify reliance by the parties. Indeed, in such circumstances reliance may be unreasonable.")

Sincerely,

Matthew A. Leish

cc:   Counsel of record (via email)