# FILED UNDER SEAL

# EXHIBIT 81

# Suspicious Activity Report

**1**

July 2003
Previous editions will not be accepted after December 31, 2003

**ALWAYS COMPLETE ENTIRE REPORT**
(see instructions)

| | | |
|---|---|---|
| FRB: | FR 2230 | OMB No. 7100-0212 |
| FDIC: | 6710/06 | OMB No. 3064-0077 |
| OCC: | 8010-9,8010-1 | OMB No. 1557-0180 |
| OTS: | 1601 | OMB No. 1550-0003 |
| NCUA: | 2362 | OMB No. 3133-0094 |
| TREASURY: | TD F 90-22.47 | OMB No. 1506-0001 |

1   Check box below only if correcting a prior report.
☐ Corrects Prior Report (see instruction #3 under "How to Make a Report")

## Part I   Reporting Financial Institution Information

2 Name of Financial Institution
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

3 EIN
████650

4 Address of Financial Institution
**1111 POLARIS PARKWAY**

5   Primary Federal Regulator
a ☐ Federal Reserve   d ☑ OCC
b ☐ FDIC   e ☐ OTS
c ☐ NCUA

6 City
**COLUMBUS**

7 State
O | H

8 Zip Code
4 | 3 | 2 | 4 | 0 | — | | | |

9   Address of Branch Office(s) where activity occurred   ☐ Multiple Branches (include information in narrative, Part V)
**260 Madison Ave**

10 City
**New York**

11 State
N | Y

12 Zip Code
1 | 0 | 0 | 1 | 6 | — | 2 | 4 | 0 | 1

13 If institution closed, date closed
___/___/___
MM   DD   YYYY

14 Account number(s) affected, if any
a ████0438
b _____

Closed?
☐ Yes ☑ No
☐ Yes ☐ No

c _____
d _____

Closed?
☐ Yes ☐ No
☐ Yes ☐ No

## Part II   Suspect Information   ☐ Suspect Information Unavailable

15 Last Name or Name of Entity
**EPSTEIN**

16 First Name
**JEFFERY**

17 Middle
E.

18 Address
**NEW YORK STRATEGY GROUP LLC**

19 SSN, EIN or TIN
████3348

20 City
**NEW YORK**

21 State
N | Y

22 Zip Code
1 | 0 | 0 | 2 | 2 | — | | | |

23 Country

24 Phone Number - Residence (include area code)
( 212 )   7509790

25 Phone Number - Work (include area code)
(    )

26 Occupation/Type of Business
**MONEY MANAGER**

27 Date of Birth
████ / **1953**
MM   DD   YYYY

28 Admission/Confession?
a ☐ Yes   b ☑ No

29 Forms of Identification for Suspect:
a ☑ Driver's License/State ID   b ☐ Passport   c ☐ Alien Registration   d ☐ Other _____
Number ████████   Issuing Authority **USVI**

30 Relationship to Financial Institution:
a ☐ Accountant   d ☐ Attorney   g ☑ Customer   j ☐ Officer
b ☐ Agent   e ☐ Borrower   h ☐ Director   k ☐ Shareholder
c ☐ Appraiser   f ☐ Broker   i ☐ Employee   l ☐ Other

31 Is the relationship an insider relationship?   a ☐ Yes   b ☑ No
If Yes specify:   c ☐ Still employed at financial institution   e ☐ Terminated
d ☐ Suspended   f ☐ Resigned

32 Date of Suspension, Termination, Resignation
___/___/___
MM   DD   YYYY

Catalog No. 22285L


EXHIBIT
McCleery
13

Contains Suspicious Activity Report Material
Attorneys' Eyes Only - Confidential

JPM-SDNYLIT-W-00021932

| Suspicious Activity Report | | 1 |
|---|---|---|
| **July 2003**<br>Previous editions will not be accepted after December 31, 2003 | FRB: FR 2230<br>FDIC: 6710/06<br>OCC: 8010-9,8010-1<br>OTS: 1601<br>NCUA: 2362<br>TREASURY: TD F 90-22.47 | OMB No. 7100-0212<br>OMB No. 3064-0077<br>OMB No. 1557-0180<br>OMB No. 1550-0003<br>OMB No. 3133-0094<br>OMB No. 1506-0001 |
| **ALWAYS COMPLETE ENTIRE REPORT**<br>(see instructions) | | |

1 Check box below only if correcting a prior report.
☐ Corrects Prior Report (see instruction #3 under "How to Make a Report")

## Part I — Reporting Financial Institution Information

2 Name of Financial Institution

3 EIN

4 Address of Financial Institution

5 Primary Federal Regulator
a ☐ Federal Reserve    d ☐ OCC
b ☐ FDIC    e ☐ OTS
c ☐ NCUA

6 City

7 State    8 Zip Code

9 Address of Branch Office(s) where activity occurred    ☐ Multiple Branches (include information in narrative, Part V)

10 City

11 State    12 Zip Code

13 If institution closed, date closed
___ / ___ / ____
MM    DD    YYYY

14 Account number(s) affected, if any    Closed?
a _____    ☐ Yes ☐ No
b _____    ☐ Yes ☐ No
c _____    Closed? ☐ Yes ☐ No
d _____    ☐ Yes ☐ No

## Part II — Suspect Information    ☐ Suspect Information Unavailable

15 Last Name or Name of Entity
**BELLER**

16 First Name
**HARRY**

17 Middle

18 Address

19 SSN, EIN or TIN
▮▮▮▮0727

20 City

21 State    22 Zip Code

23 Country

24 Phone Number - Residence (include area code)
(    )

25 Phone Number - Work (include area code)
(    )

26 Occupation/Type of Business

27 Date of Birth
___ / ___ / **1958**
MM    DD    YYYY

28 Admission/Confession?
a ☐ Yes    b ☑ No

29 Forms of Identification for Suspect:
a ☑ Driver's License/State ID    b ☐ Passport    c ☐ Alien Registration    d ☐ Other _____
Number ▮▮▮▮▮▮    Issuing Authority **NY**

30 Relationship to Financial Institution:
a ☐ Accountant    d ☐ Attorney    g ☐ Customer    j ☐ Officer
b ☐ Agent    e ☐ Borrower    h ☐ Director    k ☐ Shareholder
c ☐ Appraiser    f ☐ Broker    i ☐ Employee    l ☑ Other **Power of Attorney on account**

31 Is the relationship an insider relationship?    a ☐ Yes    b ☑ No
If Yes specify: c ☐ Still employed at financial institution    e ☐ Terminated
d ☐ Suspended    f ☐ Resigned

32 Date of Suspension, Termination, Resignation
___ / ___ / ____
MM    DD    YYYY

Catalog No. 22285L

Contains Suspicious Activity Report Material
Attorneys' Eyes Only - Confidential

| Part III | Suspicious Activity Information | 2 |
|---|---|---|

**33** Date or date range of suspicious activity
From **01** / **18** / **2007**  To **06** / **16** / **2008**
MM  DD  YYYY      MM  DD  YYYY

**34** Total dollar amount involved in known or suspicious activity
$ **800,000.00**

**35** Summary characterization of suspicious activity:

a ☑ Bank Secrecy Act/Structuring/
   Money Laundering
b ☐ Bribery/Gratuity
c ☐ Check Fraud
d ☐ Check Kiting
e ☐ Commercial Loan Fraud

f ☐ Computer Intrusion
g ☐ Consumer Loan Fraud
h ☐ Counterfeit Check
i ☐ Counterfeit Credit/Debit Card
j ☐ Counterfeit Instrument (other)
k ☐ Credit Card Fraud

l ☐ Debit Card Fraud
m ☐ Defalcation/Embezzlement
n ☐ False Statement
o ☐ Misuse of Position or Self Dealing
p ☐ Mortgage Loan Fraud
q ☐ Mysterious Disappearance
r ☐ Wire Transfer Fraud
t ☐ Terrorist Financing
u ☐ Identity Theft

s ☐ Other _____
(type of activity)

**36** Amount of loss prior to recovery (if applicable)
$ **0.00**

**37** Dollar amount of recovery (if applicable)
$ **0.00**

**38** Has the suspicious activity had a material impact on, or otherwise affected, the financial soundness of the institution?
a ☐ Yes   b ☑ No

**39** Has the institution's bonding company been notified?
a ☐ Yes   b ☑ No

**40** Has any law enforcement agency already been advised by telephone, written communication, or otherwise?

a ☐ DEA
b ☐ FBI
c ☐ IRS

d ☐ Postal Inspection
e ☐ Secret Service
f ☐ U.S. Customs

g ☐ Other Federal
h ☐ State
i ☐ Local

j ☐ Agency Name (for g, h or i) _____

**41** Name of person(s) contacted at Law Enforcement Agency

**42** Phone Number (include area code)
( )

**43** Name of person(s) contacted at Law Enforcement Agency

**44** Phone Number (include area code)
( )

| Part IV | Contact for Assistance |
|---|---|

**45** Last Name
**BARNES**

**46** First Name
**JANICE**

**47** Middle
**R.**

**48** Title/Occupation
**COMPLIANCE OFFICER**

**49** Phone Number (include area code)
( **813** ) **4325266**

**50** Date Prepared
**08** / **15** / **2008**
MM  DD  YYYY

**51** Agency (if not filed by financial institution)

Contains Suspicious Activity Report Material
Attorneys' Eyes Only - Confidential

| Part V | Suspicious Activity Information Explanation/Description | 3 |

**Explanation/description of known or suspected violation of law or suspicious activity.**

This section of the report is **critical**. The care with which it is written may make the difference in whether or not the described conduct and its possible criminal nature are clearly understood. Provide below a chronological and **complete** account of the possible violation of law, including what is unusual, irregular or suspicious about the transaction, using the following checklist as you prepare your account. **If necessary, continue the narrative on a duplicate of this page.**

a   **Describe** supporting documentation and retain for 5 years.
b   **Explain** who benefited, financially or otherwise, from the transaction, how much, and how.
c   **Retain** any confession, admission, or explanation of the transaction provided by the suspect and indicate to whom and when it was given.
d   **Retain** any confession, admission, or explanation of the transaction provided by any other person and indicate to whom and when it was given.
e   **Retain** any evidence of cover-up or evidence of an attempt to deceive federal or state examiners or others.

f   **Indicate** where the possible violation took place (e.g., main office, branch, other).
g   **Indicate** whether the possible violation is an isolated incident or relates to other transactions.
h   **Indicate** whether there is any related litigation; if so, specify.
i   **Recommend** any further investigation that might assist law enforcement authorities.
j   **Indicate** whether any information has been excluded from this report; if so, why?
k   If you are correcting a previously filed report, describe the changes that are being made.

For Bank Secrecy Act/Structuring/Money Laundering reports, include the following additional information:

l   **Indicate** whether currency and/or monetary instruments were involved. If so, provide the amount and/or description of the instrument (for example, bank draft, letter of credit, domestic or international money order, stocks, bonds, traveler's checks, wire transfers sent or received, cash, etc.).
m   **Indicate** any account number that may be involved or affected.

Tips on SAR Form preparation and filing are available in the SAR Activity Review at www.fincen.gov/pub_reports.html

Supporting documentation associated with this report (SAR #122780) includes, but may not be limited to, documents maintained or identified in case file #197601 and can be retrieved upon request. Upon the appropriate and validated request of a regulator or law enforcement agency, supporting documentation will be provided. SAR #122780 : Case 08 197601 JEFFREY E EPSTEIN

REFERRAL SOURCE:
Private Bank Line of Business Risk Group

REFERRAL SUMMARY:
Customer, Jeffrey E. Epstein cashed an unusual amount of $40,000 checks between January 2007 and June 2008 and later pleaded guilty to felony solicitation of prostitution on June 30, 2008.

KYC INFORMATION:
Occupation: Money Manager
Jeffrey Epstein heads a company that advises private clients with $1billion or more in assets.

Account #█████0438

REVIEW SUMMARY:
Activity in a JPMorgan Chase Bank demand deposit account in the name of Jeffrey E. Epstein included numerous $40,000 checks cashed. The transactions were deemed unusual due to the volume and frequency of cash withdrawals (20 for a total of $800,000 from January 2007 through June 2008).

All transactions were conducted by the Power of Attorney on the account, Harry Beller.
Harry Beller, DOB █████1958 SSN:█████0727, NYS Drivers License #███████
Address: 12 Golar Drive, Monsey, NY 10952

Paperwork Reduction Act Notice: The purpose of this form is to provide an effective and consistent means for financial institutions to notify appropriate law enforcement agencies of known or suspected criminal conduct or suspicious activities that take place at or were perpetrated against financial institutions. This report is required by law, pursuant to authority contained in the following statutes. Board of Governors of the Federal Reserve System: 12 U.S.C. 324, 334, 611a, 1844(b) and (c), 3105(c) (2) and 3106(a). Federal Deposit Insurance Corporation: 12 U.S.C. 93a, 1818, 1881-84, 3401-22. Office of the Comptroller of the Currency: 12 U.S.C. 93a, 1818, 1881-64, 3401-22. Office of Thrift Supervision: 12 U.S.C. 1463 and 1464. National Credit Union Administration: 12 U.S.C. 1766(a), 1786(q). Financial Crimes Enforcement Network: 31 U.S.C. 5318(g). Information collected on this report is confidential (5 U.S.C. 552(b)(7) and 552a(k)(2), and 31 U.S.C. 5318(g)). The Federal financial institutions' regulatory agencies and the U.S. Departments of Justice and Treasury may use and share the information. Public reporting and recordkeeping burden for this information collection is estimated to average 30 minutes per response, and includes time to gather and maintain data in the required report, review the instructions, and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing the burden, to the Office of Management and Budget, Paperwork Reduction Project, Washington, DC 20503 and, depending on your primary Federal regulatory agency, to Secretary, Board of Governors of the Federal Reserve System, Washington, DC 20551; or Assistant Executive Secretary, Federal Deposit Insurance Corporation, Washington, DC 20429; or Legislative and Regulatory Analysis Division, Office of the Comptroller of the Currency, Washington, DC 20219; or Office of Thrift Supervision, Enforcement Office, Washington, DC 20552; or National Credit Union Administration, 1775 Duke Street, Alexandria, VA 22314; or Office of the Director, Financial Crimes Enforcement Network, Department of the Treasury, P.O. Box 39, Vienna, VA 22183. The agencies may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

| Part V | Suspicious Activity Information Explanation/Description | 3 |
|---|---|---|

**Explanation/description of known or suspected violation of law or suspicious activity.**

This section of the report is **critical**. The care with which it is written may make the difference in whether or not the described conduct and its possible criminal nature are clearly understood. Provide below a chronological and **complete** account of the possible violation of law, including what is unusual, irregular or suspicious about the transaction, using the following checklist as you prepare your account. **If necessary, continue the narrative on a duplicate of this page.**

a   **Describe** supporting documentation and retain for 5 years.
b   **Explain** who benefited, financially or otherwise, from the transaction, how much, and how.
c   **Retain** any confession, admission, or explanation of the transaction provided by the suspect and indicate to whom and when it was given.
d   **Retain** any confession, admission, or explanation of the transaction provided by any other person and indicate to whom and when it was given.
e   **Retain** any evidence of cover-up or evidence of an attempt to deceive federal or state examiners or others.

f   **Indicate** where the possible violation took place (e.g., main office, branch, other).
g   **Indicate** whether the possible violation is an isolated incident or relates to other transactions.
h   **Indicate** whether there is any related litigation; if so, specify.
i   **Recommend** any further investigation that might assist law enforcement authorities.
j   **Indicate** whether any information has been excluded from this report; if so, why?
k   If you are correcting a previously filed report, describe the changes that are being made.

For Bank Secrecy Act/Structuring/Money Laundering reports, include the following additional information:

l   **Indicate** whether currency and/or monetary instruments were involved. If so, provide the amount and/or description of the instrument (for example, bank draft, letter of credit, domestic or international money order, stocks, bonds, traveler's checks, wire transfers sent or received, cash, etc.).
m   **Indicate** any account number that may be involved or affected.

Tips on SAR Form preparation and filing are available in the SAR Activity Review at www.fincen.gov/pub_reports.html

The following shows the dates and amounts of checks cashed.

06/16/08 - $40,000.00
05/21/08 - $40,000.00)
04/24/08 - $40,000.00
04/01/08 - $40,000.00
03/05/08 - $40,000.00
02/13/08 - $40,000.00
01/07/08 - $40,000.00
12/14/07 - $40,000.00
11/07/07 - $40,000.00
10/24/07 - $40,000.00
09/19/07 - $40,000.00
09/04/07 - $40,000.00
08/02/07 - $40,000.00
07/10/07 - $40,000.00
06/11/07 - $40,000.00
05/02/07 - $40,000.00
04/05/07 - $40,000.00
03/01/07 - $40,000.00
02/20/07 - $40,000.00
01/18/07 - $40,000.00
TOTAL = $800,000

Paperwork Reduction Act Notice: The purpose of this form is to provide an effective and consistent means for financial institutions to notify appropriate law enforcement agencies of known or suspected criminal conduct or suspicious activities that take place at or were perpetrated against financial institutions. This report is required by law, pursuant to authority contained in the following statutes. Board of Governors of the Federal Reserve System: 12 U.S.C. 324, 334, 611a, 1844(b) and (c), 3105(c) (2) and 3106(a). Federal Deposit Insurance Corporation: 12 U.S.C. 93a, 1818, 1881-84, 3401-22. Office of the Comptroller of the Currency: 12 U.S.C. 93a, 1818, 1881-84, 3401-22. Office of Thrift Supervision: 12 U.S.C. 1463 and 1464. National Credit Union Administration: 12 U.S.C. 1766(a), 1786(q). Financial Crimes Enforcement Network: 31 U.S.C. 5318(g). Information collected on this report is confidential (5 U.S.C. 552(b)(7) and 552a(k)(2), and 31 U.S.C. 5318(g)). The Federal financial institutions' regulatory agencies and the U.S. Departments of Justice and Treasury may use and share the information. Public reporting and recordkeeping burden for this information collection is estimated to average 30 minutes per response, and includes time to gather and maintain data in the required report, review the instructions, and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing the burden, to the Office of Management and Budget, Paperwork Reduction Project, Washington, DC 20503 and, depending on your primary Federal regulatory agency, to Secretary, Board of Governors of the Federal Reserve System, Washington, DC 20551; or Assistant Executive Secretary, Federal Deposit Insurance Corporation, Washington, DC 20429; or Legislative and Regulatory Analysis Division, Office of the Comptroller of the Currency, Washington, DC 20219; or Office of Thrift Supervision, Enforcement Office, Washington, DC 20552; or National Credit Union Administration, 1775 Duke Street, Alexandria, VA 22314; or Office of the Director, Financial Crimes Enforcement Network, Department of the Treasury, P.O. Box 39, Vienna, VA 22183. The agencies may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.

Contains Suspicious Activity Report Material
Attorneys' Eyes Only - Confidential

| Part V | Suspicious Activity Information Explanation/Description | 3 |

**Explanation/description of known or suspected violation of law or suspicious activity.**

This section of the report is **critical**. The care with which it is written may make the difference in whether or not the described conduct and its possible criminal nature are clearly understood. Provide below a chronological and **complete** account of the possible violation of law, including what is unusual, irregular or suspicious about the transaction, using the following checklist as you prepare your account. **If necessary, continue the narrative on a duplicate of this page.**

a   **Describe** supporting documentation and retain for 5 years.
b   **Explain** who benefited, financially or otherwise, from the transaction, how much, and how.
c   **Retain** any confession, admission, or explanation of the transaction provided by the suspect and indicate to whom and when it was given.
d   **Retain** any confession, admission, or explanation of the transaction provided by any other person and indicate to whom and when it was given.
e   **Retain** any evidence of cover-up or evidence of an attempt to deceive federal or state examiners or others.

f   **Indicate** where the possible violation took place (e.g., main office, branch, other).
g   **Indicate** whether the possible violation is an isolated incident or relates to other transactions.
h   **Indicate** whether there is any related litigation; if so, specify.
i   **Recommend** any further investigation that might assist law enforcement authorities.
j   **Indicate** whether any information has been excluded from this report; if so, why?
k   If you are correcting a previously filed report, describe the changes that are being made.

For Bank Secrecy Act/Structuring/Money Laundering reports, include the following additional information:
l   **Indicate** whether currency and/or monetary instruments were involved. If so, provide the amount and/or description of the instrument (for example, bank draft, letter of credit, domestic or international money order, stocks, bonds, traveler's checks, wire transfers sent or received, cash, etc.).
m   **Indicate** any account number that may be involved or affected.

Tips on SAR Form preparation and filing are available in the SAR Activity Review at www.fincen.gov/pub_reports.html

An overall review of account ▮▮▮▮0438 reflect check deposits from individuals, funds transfers to related JPMC accounts and wire debits to businesses involved in the building and construction industry. The customer is in the process of building a new estate on his private island.

DETERMINATION:

A suspicious pattern of check cashing occurred in the customer's account over a period of 18 months followed by the customer's guilty plea of soliciting prostitution. Out of an abundance of caution, JPMorgan Chase is filing this SAR to report our relationship with the customer.

ADDITIONAL ACCOUNTS:

Jeffrey Epstein is the sole signer on all accounts
Checking - #▮▮▮0663
Omni Trust Checking - #▮▮▮1001
Commercial Loan - #▮▮▮1843
Letter of Credit - #▮▮▮0438
Credit Card - #▮▮▮1356

Paperwork Reduction Act Notice: The purpose of this form is to provide an effective and consistent means for financial institutions to notify appropriate law enforcement agencies of known or suspected criminal conduct or suspicious activities that take place at or were perpetrated against financial institutions. This report is required by law, pursuant to authority contained in the following statutes. Board of Governors of the Federal Reserve System: 12 U.S.C. 324, 334, 611a, 1844(b) and (c), 3105(c)(2) and 3106(a). Federal Deposit Insurance Corporation: 12 U.S.C. 93a, 1818, 1881-84, 3401-22. Office of the Comptroller of the Currency: 12 U.S.C. 93a, 1818, 1881-84, 3401-22. Office of Thrift Supervision: 12 U.S.C. 1463 and 1464. National Credit Union Administration: 12 U.S.C. 1766(a), 1786(c). Financial Crimes Enforcement Network: 31 U.S.C. 5318(g). Information collected on this report is confidential (5 U.S.C. 552(b)(7) and 552a(k)(2), and 31 U.S.C. 5318(g)). The Federal financial institutions' regulatory agencies and the U.S. Departments of Justice and Treasury may use and share the information. Public reporting and recordkeeping burden for this information collection is estimated to average 30 minutes per response, and includes time to gather and maintain data in the required report, review the instructions, and complete the information collection. Send comments regarding this burden estimate, including suggestions for reducing the burden, to the Office of Management and Budget, Paperwork Reduction Project, Washington, DC 20503 and, depending on your primary Federal regulatory agency, to Secretary, Board of Governors of the Federal Reserve System, Washington, DC 20551; or Assistant Executive Secretary, Federal Deposit Insurance Corporation, Washington, DC 20429; or Legislative and Regulatory Analysis Division, Office of the Comptroller of the Currency, Washington, DC 20219; or Office of Thrift Supervision, Enforcement Office, Washington, DC 20552; or National Credit Union Administration, 1775 Duke Street, Alexandria, VA 23314; or Office of the Director, Financial Crimes Enforcement Network, Department of the Treasury, P.O. Box 39, Vienna, VA 22183. The agencies may not conduct or sponsor, and an organization (or a person) is not required to respond to, a collection of information unless it displays a currently valid OMB control number.