# FILED UNDER SEAL

# EXHIBIT 222

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all others similarly situated, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A. | ) ) |
| Defendant/Third-Party Plaintiff. | ) ) ) |

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | ) ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JAMES EDWARD STALEY | ) ) |
| Third-Party Defendant. | ) ) ) |

| | |
|---|---|
| Government of the U.S. Virgin Islands, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )  Case No. 22-cv-10019-JSR |
| JPMORGAN CHASE BANK, N.A. | ) ) |
| Defendant/Third-Party Plaintiff. | ) ) ) |

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | ) ) |
| Third-Party Plaintiff, | ) ) ) |
| v. | ) ) ) |
| JAMES EDWARD STALEY | ) ) |
| Third-Party Defendant. | ) ) ) |

CONFIDENTIAL

## JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO THIRD-PARTY DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 33.3(a) of the Local Rules of the United States District Court for the Southern District of New York, Defendant and Third-Party Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") raises the following objections and provides the following responses to the Third-Party Defendant's First Set of Interrogatories, based on information reasonably available to JPMC at this time without prejudice to JPMC's right to revise, supplement, or amend these objections and responses in accordance with Rules 26 and 33.

## PRELIMINARY STATEMENT

These objections and responses are made solely for the purposes of the above-captioned cases.  Each of JPMC's objections and responses to Third-Party Defendant's Interrogatories is based on information and documents presently available to JPMC after reasonable inquiry. Discovery is ongoing and JPMC specifically reserves the right to amend or supplement these objections and responses as necessary, including in the event further information and documents are discovered or produced by JPMC after discovery has been completed.  In addition, JPMC's objections and responses are given without prejudice to its rights to introduce at trial evidence of any subsequently discovered or unintentionally omitted facts or documents.

To the extent that JPMC responds to a specific interrogatory below, JPMC does not admit to Third-Party Defendant's characterization of any documents, facts, theories, or conclusions. Any response by JPMC concerning requested documents does not constitute a representation that any such documents exist or are in the possession, custody, or control of JPMC.  JPMC's

CONFIDENTIAL

| |
|---|
| Justin Nelson (Managing Director, Asset Management) |
| Juliet Pullis (former Project Manager, Investment Bank) |
| Jonathan Schwartz (former General Counsel, Investment Bank) |
| Rosa da Silva (former Executive Assistant to James Staley) |
| Brent Taylor (former Global General Counsel, Asset Management) |
| Lisa Waters (Managing Director, Asset & Wealth Management) |

**INTERROGATORY NO. 5:**

Identify, by year, all of your officers, directors, employees, and agents who communicated with James Staley about Jeffrey Epstein between 2014 and the present, and as to each, state whether any such communications occurred other than via emails produced in this matter.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to and specifically incorporating its foregoing General Objections and Objections to Instructions, JPMC objects to Interrogatory No. 5 to the extent that it seeks information beyond "names of witnesses . . . , the computation of each category of damage alleged, [or] the existence, custodian, location and general description of relevant documents"—including the year and manner of communications—as outside the permissible scope of Local Civil Rule 33.3(a). JPMC further objects to Interrogatory No. 5 to the extent it seeks information about communications which included Third-Party Defendant and thus is equally available to Third-Party Defendant as to JPMC. JPMC also objects to Interrogatory No. 5 to the extent that it seeks information that is not "relevant to any party's claim or defense" and therefore the request necessarily is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). JPMC also objects to Interrogatory No. 5 because it seeks information which can be determined by

CONFIDENTIAL

11

examining the documents that have already been produced in this litigation and made available to Third-Party Defendant such that Third-Party Defendant may locate and identify them as readily as JPMC. Fed. R. Civ. P. 33(d).  JPMC does not admit to Third Party Defendant's characterization of any facts, theories, or conclusions as it relates to Interrogatory No. 5.

Subject to and without waiving its objections, and subject to a reasonable and diligent investigation, JPMC states that Justin Nelson communicated with James Staley about Jeffrey Epstein between 2014 and the present.

## INTERROGATORY NO. 6:

Identify, by year, all of your officers, directors, employees, and agents who communicated with Jamie Dimon about Jeffrey Epstein between 2000 and 2018, and as to each, state whether any such communications occurred other than via emails produced in this matter.

## RESPONSE TO INTERROGATORY NO. 6:

In addition to and specifically incorporating its foregoing General Objections and Objections to Instructions, JPMC objects to Interrogatory No. 6 to the extent that it seeks information beyond "names of witnesses . . . , the computation of each category of damage alleged, [or] the existence, custodian, location and general description of relevant documents"— including the year and manner of communications—as outside the permissible scope of Local Civil Rule 33.3(a).  JPMC also objects to Interrogatory No. 6 to the extent that it seeks information that is not "relevant to any party's claim or defense" and therefore the request necessarily is not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  JPMC does not admit to Third Party Defendant's characterization of any facts, theories, or conclusions as it relates to Interrogatory No. 6.

CONFIDENTIAL

Date: May 22, 2023

Respectfully submitted,
By: /s/ *John J. Butts*

Boyd M. Johnson III
Robert L. Boone
Hillary Chutter-Ames
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
(f) (212) 230-8888
boyd.johnson@wilmerhale.com
robert.boone@wilmerhale.com
hillary.chutter-ames@wilmerhale.com

Felicia H. Ellsworth
John J. Butts
60 State Street
Boston, MA 02109
(t) (617) 526-6687
(f) (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant*

CONFIDENTIAL

## VERIFICATION OF INTERROGATORY ANSWERS

I, Annette C. Rizzi, am Managing Director, Associate General Counsel of JPMorgan Chase Bank, N.A. I believe, based on reasonable inquiry and review of business records, that the foregoing answers to Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 15, 16, 17, 19, 20, and 22 are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

DATED:     May 18, 2023
          New York, NY

By: _____
       Annette C. Rizzi

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, the foregoing document, entitled "JPMorgan Chase Bank, N.A.'s Responses and Objections to Third-Party Defendant's First Set of Interrogatories," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the third-party defendant in the above-entitled action by electronic mail.

DATED:      May 22, 2023
             New York, NY


            By: */s/ Thomas Oates*

CONFIDENTIAL